Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 694-1200
Facsimile:   (213) 694-1234

Richard Kamprath (*admitted pro hac vice*)
rkamprath@mckoolsmith.com
Alexandra Easley (*admitted pro hac vice*)
aeasley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone:   (214) 978-4000
Facsimile:   (214) 978-4044

Hannah Mirzoeff (*admitted pro hac vice*)
hmirzoeff@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone:   (212) 402-9400
Facsimile:   (212) 402-9444

Joshua W. Budwin (*admitted pro hac vice*)
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone:   (512) 692-8700
Facsimile:   (512) 692-8744

Kevin Burgess (*admitted pro hac vice*)
kburgess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone:   (903) 923-9000
Facsimile:   (903) 923-9099

McKool Smith, P.C.
Los Angeles, CA

Nancy Olson (SBN 260303)
nolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Attorneys for Plaintiffs*

*InterDigital, Inc., InterDigital VC Holdings, Inc.,*
*InterDigital Madison Patent Holdings, SAS, and*
*InterDigital CE Patent Holdings, SAS*

RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
NICHOLAS J. WHILT (S.B. #247738)
nwhilt@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone:  +1 213 430 6000
Facsimile:   +1 213 430 6407

*Attorneys for Defendants The Walt Disney Company,*
*Disney Media and Entertainment Distribution LLC,*
*Disney DTC LLC, Disney Streaming Services LLC,*
*Disney Entertainment & Sports LLC,*
*Disney Platform Distribution, Inc., BAMTech LLC,*
*Hulu, LLC, and ESPN, Inc.*

McKool Smith, P.C.
Los Angeles, CA

McKool Smith, P.C.
Los Angeles, CA

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

INTERDIGITAL, INC.; INTERDIGITAL VC HOLDINGS, INC.; INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS,

Plaintiffs,

v.

THE WALT DISNEY COMPANY; DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC; DISNEY DTC LLC; DISNEY STREAMING SERVICES LLC; DISNEY ENTERTAINMENT & SPORTS LLC; DISNEY PLATFORM DISTRIBUTION, INC.; BAMTECH, LLC; HULU, LLC; AND ESPN, INC.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 2:25-cv-00895-WLH-BFM**

**SCHEDULING CONFERENCE**
Date: May 9, 2025
Time: 1:00 PM
Courtroom: 9B

**JOINT RULE 26(F) REPORT**

**Original Complaint:**
February 2, 2025

**Responsive Pleading:**
March 31, 2025

**Trial (Proposed):**
*InterDigital*: August 17, 2026

*Defendants*: February 8, 2027

Pursuant to Fed. R. Civ. P. 26(f) and 16(b), Local Rule 26-1, and the Court's April 9, 2025 Order Setting Scheduling Conference (Dkt. 45), Plaintiffs InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS (collectively, "Plaintiffs" or "InterDigital"), and Defendants The Walt Disney Company; Disney Media and Entertainment Distribution LLC; Disney DTC LLC; Disney Streaming Services LLC; Disney Entertainment & Sports LLC; Disney Platform Distribution, Inc.; BAMTech, LLC; Hulu, LLC; and ESPN, Inc. (collectively, "Disney" or "Defendants") submit this Joint Rule 26(f) Report. Counsel conferred pursuant to Rule 26(f) and the Court's Standing Order via video conference on April 18, 2025, and continued to confer over email thereafter.

1.    **Statement of the Case**

*InterDigital's Statement*

InterDigital is one of the most successful and innovative research and development companies of the last half century, both domestically and globally. As a dynamic and groundbreaking engineering company, for more than fifty years InterDigital has been at the forefront of developing foundational video, wireless communication, and other digital technologies. InterDigital brought this case to address Disney's persistent and pervasive infringement of at least the following issued United States Patents: U.S. Patent No. 8,406,301 ("the '301 Patent"); U.S. Patent No. 10,805,610 ("the '610 Patent"); U.S. Patent No. 11,381,818 ("the '818 Patent"); U.S. Patent No. 9,185,268 ("the '268 Patent"); and U.S. Patent No. 8,085,297 ("the '297 Patent") (collectively, the "Asserted Patents").

In July of 2022, InterDigital reached out to Disney to request that the parties discuss licensing InterDigital's patented technologies. Disney is not authorized to use InterDigital's patents and thus this Action is necessary to put an end to Disney's infringing conduct. Today, Defendants continue their widespread infringement of the Asserted Patents by using the claimed technology that enables the efficiency and

McKool Smith, P.C.
Los Angeles, CA

1

efficacy of Defendants' video streaming business. The streaming services that collectively infringe the Asserted Patents are Disney+, Hulu, Hulu Live (sometimes referred to as Hulu + Live TV), and ESPN+ (collectively, the "Accused Instrumentalities"). Additional details regarding InterDigital's infringement claims and requested relief can be found in InterDigital's Complaint, which was filed on February 2, 2023 (Dkt. 1).

On March 31, 2025, Disney filed its Answer, Affirmative Defenses, and Counterclaims (Dkt. 42). Disney asserts fifteen affirmative defenses, including non-infringement, invalidity, equitable doctrines, failure to state a claim, prosecution history estoppel, ensnarement, limitation on damages, failure to mark, no injunction, lack of standing, no attorney fees, license and exhaustion, extraterritoriality, FRAND damages limitation, and no willful infringement. Disney also brought twenty-three counterclaims, seeking declarations that Disney does not infringe the Asserted Patents and that the Asserted Patents are invalid, as well as asserting breach of contract and other related contractual counterclaims, alleging that InterDigital breached its contractual obligation to offer a license on a worldwide, non-discriminatory basis and on reasonable terms and conditions ("RAND"). Lastly, Disney asserts exhaustion and both implied and express license counterclaims, alleging that InterDigital's license agreements with third-party entities exhausted InterDigital's patent rights and granted an implied/express license to Disney. None of these counterclaims and defenses have merit. InterDigital plans to file a motion to dismiss Disney's breach of RAND and related counterclaims for failure to state a claim.

**Defendants' Statement**

Defendants contend that InterDigital knowingly breached its contractual obligation to offer on RAND terms a license to patents related to two video coding standards, H.264 and H.265, developed by the ITU, ISO, IEC, and their members and affiliates. Specifically, InterDigital has refused to offer Disney a license to its

McKool Smith, P.C.
Los Angeles, CA

patent portfolio on RAND terms, despite Disney's longstanding willingness to license those patents on such terms, and has instead chosen to launch a global-litigation attack against Disney, seeking injunctions in multiple jurisdictions around the world.

Defendants additionally contend, among other defenses, that: (1) the patents-in-suit are invalid under 35 U.S.C. §§ 101 *et seq.*, including sections 101, 102, 103, 112, 115, 116, 119, 132, 251, 256, and/or 282; (2) Defendants do not infringe InterDigital's patents either directly or indirectly, literally or under the doctrine of equivalents; (3) InterDigital's patent rights are exhausted; (4) Defendants are expressly or impliedly licensed to the patents; and (5) InterDigital is not entitled to any damages.

## 2.    Subject Matter Jurisdiction

The parties agree that this is an action for alleged patent infringement arising under federal law, specifically the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). The parties agree that this Court has subject matter jurisdiction over the properly pleaded Counterclaims under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action and supplemental subject matter jurisdiction over the contract and contract-related claims pursuant to 28 U.S.C. § 1367.

## 3.    Legal Issues

The parties anticipate that the key legal issues include the proper claim construction for the asserted claims of the Asserted Patents, infringement of the Asserted Patents, validity of the Asserted Patents, enforceability of the Asserted Patents, damages and/or any other remedies for any acts of infringement, and any other matters that the parties have or may plead, including Disney's counterclaims

McKool Smith, P.C.
Los Angeles, CA

3

for breach of RAND, license, and implied license. The parties are not presently aware of any unusual substantive, procedural, or evidentiary issues.

### 4.    **Parties, Evidence, Etc.**

*Key Documents Identified by InterDigital*

InterDigital identifies the following categories of key documents in this case:

- The file histories for the Asserted Patents;
- Documents related to inventorship and/or assignment of the Asserted Patents;
- Documents related to the conception and reduction to practice of the Asserted Patents;
- Documents describing, evidencing and/or suggesting implementation, practice, use, or disclosure of the inventions claimed in the Asserted Patents;
- Documents related to licensing negotiations between the parties;
- Documents related to Disney's knowledge of the Asserted Patents;
- Documents related to industry licensing practices, including the parties' licensing practices and InterDigital's licensing efforts;
- Documents related to video coding technologies, including AVC and HEVC;
- Documents related to Disney's market position;
- Documents related to Disney's infringement of the Asserted Patents;
- Documents related to Disney's use of content delivery networks;
- Documents related to the validity of the Asserted Patents, including secondary considerations of non-obviousness;
- Documents related to the Accused Instrumentalities;
- Documents related to the damages InterDigital has suffered;

McKool Smith, P.C.
Los Angeles, CA

- Documents related to the valuation and/or analysis of the Asserted Patents; and

- Documents related to any of Disney's counterclaims or affirmative defenses that remain live at the time discovery is taken (*e.g.*, alleged breach of RAND, license, implied license, etc.).

***Key Documents Identified by Disney***

Without conceding that all of InterDigital's categories are proper sources of discovery, in addition to the documents InterDigital identifies, Defendants identify that additional key documents for the main issues in the case may include:

- Documents sufficient to show the operation of the Accused Instrumentalities;

- Documents constituting or related to any license agreement, settlement agreement, or covenant not to sue for rights in the patents-in-suit, related patents, and/or any of InterDigital's patents declared essential to the H.264 or H.265 standards;

- Documents related to InterDigital's past and current corporate organization and structure;

- Documents related to prior art relating to the subject matter claimed in the patents-in-suit (including prior art systems) and state of the art;

- Documents related to InterDigital's commitments to the ITU, ISO, IEC, and their members and affiliates, including commitments made by InterDigital's predecessor-in-interest, Thomson Licensing;

- Documents related to InterDigital's breach of its commitments to the ITU, ISO, IEC, and their members and affiliates, including commitments made by InterDigital's predecessor-in-interest, Thomson Licensing;

- Documents related to Defendants' exhaustion defense;

- Document related to Defendants' licensing defenses; and

McKool Smith, P.C.
Los Angeles, CA

- Any other documents related to Defendants' affirmative defenses or counterclaims.

***InterDigital's Percipient Witnesses, Subsidiaries, Parents, and Affiliates***

InterDigital anticipates that percipient witnesses in this case may include (i) the named inventors of the Asserted Patents; and (ii) one or more InterDigital corporate representatives and/or employees. InterDigital previously filed its Certification and Notice of Interested Parties pursuant to Local Rule 7.1-1 (Dkt. 4), disclosing that InterDigital, Inc. does not have a parent corporation. As of February 6, 2025, the date of InterDigital, Inc.'s Form 10-K for the fiscal year ended December 31, 2024, InterDigital Inc.'s subsidiaries are: DRNC Holdings, Inc.; InterDigital Administrative Solutions, Inc.; InterDigital Belgium, LLC; InterDigital Canada Ltee.; InterDigital Capital, Inc.; InterDigital CE Intermediate, SAS; InterDigital CE Patent Holdings, SAS; InterDigital Charitable Foundation, Inc.; InterDigital Communications, Inc.; InterDigital Europe, Ltd.; InterDigital Finland Oy; InterDigital Germany GmbH; InterDigital Holdings, Inc.; InterDigital Madison Patent Holdings, SAS; InterDigital Patent Holdings, Inc.; InterDigital Technologies (Beijing) co., Ltd.; InterDigital VC Holdings, Inc.; InterDigital Wireless, Inc.; NexStar Capital, LLC; NexStar Partners GP, L.P.; NexStar Partners, L.P.; and NexStar Strategic Investments, LLC.

InterDigital VC Holdings, Inc. is a wholly-owned subsidiary of InterDigital, Inc.

InterDigital Madison Patent Holdings, SAS is a wholly-owned subsidiary of InterDigital, Inc.

InterDigital CE Patent Holdings, SAS is a wholly-owned subsidiary of InterDigital, Inc.

***Defendants' Percipient Witnesses, Subsidiaries, Parents, and Affiliates***

Defendants anticipate that they may offer testimony from Defendants' employees regarding the operation of the accused instrumentalities and other

relevant aspects of Defendants' streaming operations, from one or more technical and economic expert witnesses, and from third party witnesses associated with prior art publications and systems. Defendants also anticipate that they may obtain deposition testimony from InterDigital employees, the inventors of the patents-in-suit, witnesses associated with prior art publications and/or systems, and witnesses associated with any relevant declarations made to the ITU/IEC/ISO. Defendants also intend to offer testimony on the subjects listed below in 9(b).

TWDC is a publicly held company. No other publicly held company owns 10% or more of TWDC's stock.

DMED is an indirectly wholly owned subsidiary of TWDC. No other publicly held company owns 10% or more of DMED's stock.

DDTC is an indirectly wholly owned subsidiary of TWDC, a publicly held company. No other publicly held company owns 10% or more of DDTC's stock.

DSS is an indirectly wholly owned subsidiary of TWDC, a publicly held company. No other publicly held company owns 10% or more of DSS's stock.

DES is an indirectly wholly owned subsidiary of TWDC, a publicly held company. No other publicly held company owns 10% or more of DES's stock.

DPD is an indirectly wholly owned subsidiary of TWDC, a publicly held company. No other publicly held company owns 10% or more of DPD's stock.

BAMTech is an indirect subsidiary of TWDC, a publicly held company that indirectly owns 80% of BAMTech, and Hearst Brazil, Inc., a subsidiary of The Hearst Corporation that owns the remaining 20% of BAMTech. No other publicly held company owns 10% or more of BAMTech's stock.

Hulu is an indirect subsidiary of TWDC, a publicly held company that indirectly owns 66.67% of Hulu, and Comcast Hulu Holdings, LLC, a subsidiary of Comcast Corporation, a publicly traded company that owns the remaining 33.33% of Hulu. No other publicly held company owns 10% or more of Hulu's stock.

ESPN is an indirect subsidiary of TWDC, a publicly held company that indirectly owns 80% of ESPN, and Hearst Brazil, Inc., a subsidiary of The Hearst Corporation that owns the remaining 20% of ESPN. No other publicly held company owns 10% or more of ESPN's stock.

## 5. **Damages**

***InterDigital's Statement***

Through discovery and with the assistance of one or more expert witnesses, InterDigital will provide its computation of damages in accordance with its proposals in the schedule set forth in **Exhibit A** (Scheduling Worksheet). At the very least, InterDigital is entitled to a reasonable royalty adequate to compensate it for Disney's pervasive infringement, with pre-judgment and post-judgment interest, under 35 U.S.C. § 284, and attorneys' fees pursuant to 35 U.S.C. § 285.

***Defendants' Statement***

Defendants deny that InterDigital is entitled to any damages. However, Defendants are entitled to damages with pre-judgment and post-judgment interest as compensation for InterDigital's breach of contract, breach of its duty of good faith, and promissory estoppel. Additionally, Defendants believe that this case is "exceptional" within the meaning of 35 U.S.C. § 285 and expect to seek its attorneys' fees and costs at the appropriate time.

## 6. **Insurance**

The parties are not aware of any insurance coverage issues in this case.

## 7. **Motions**

### a) **Procedural Motions**

The parties do not at this time anticipate filing any motions seeking to add other parties or claims, motions to transfer venue, or motions for leave to file amended pleadings.

### b) **Dispositive Motions**

McKool Smith, P.C.
Los Angeles, CA

At the appropriate time, InterDigital may file a dispositive or partially dispositive motion on infringement, validity, or any other issue that it becomes aware of, potentially including, but not limited to any of Disney's affirmative defenses of counterclaims that remain live at that time (*e.g.*, alleged breach of RAND, license, implied license, etc.).

Defendants expect to file dispositive or partially dispositive motions, including motions seeking judgments of patent ineligibility, invalidity, and non-infringement, as well as unenforceability, as appropriate depending on discovery. Defendants may also file for summary judgment on their counterclaims or on additional issues depending on the discovery obtained, rulings that occur during the case, or other case developments.

## 8. **Manual for Complex Litigation**

The parties agree that this is not a complex case requiring any of the procedures of the Manual for Complex Litigation.

## 9. **Discovery**

### a) **Status of Discovery**

The parties conducted a Rule 26(f) conference on April 18, 2025, which was attended by counsel for InterDigital and Disney.

### b) **Discovery Plan**

*Initial Disclosures Under Rule 26(a)*

The parties agree that the Initial Disclosures should be exchanged on May 7, 2025, as set forth the Court's Standing Order on Patent Cases.

*Subjects on Which Discovery May Be Needed*

InterDigital anticipates seeking discovery on the following topics:

- The file histories for the Asserted Patents;
- Documents and/or testimony related to inventorship and/or assignment of the Asserted Patents;

McKool Smith, P.C.
Los Angeles, CA

McKool Smith, P.C.
Los Angeles, CA

- Documents and/or testimony related to the conception and reduction to practice of the Asserted Patents;

- Documents and/or testimony describing, evidencing and/or suggesting implementation, practice, use, or disclosure of the inventions claimed in the Asserted Patents;

- Documents and/or testimony related to licensing negotiations between the parties;

- Documents and/or testimony related to Disney's knowledge of the Asserted Patents;

- Documents and/or testimony related to industry licensing practices, including the parties' licensing practices and InterDigital's licensing efforts;

- Documents and/or testimony related to video coding technologies, including AVC and HEVC;

- Documents and/or testimony related to Disney's market position;

- Documents and/or testimony related to Disney's infringement of the Asserted Patents;

- Documents and/or testimony related to Disney's use of content delivery networks;

- Documents and/or testimony related to the validity of the Asserted Patents, including secondary considerations of non-obviousness;

- Documents and/or testimony related to the Accused Instrumentalities;

- Documents and/or testimony related to the damages InterDigital has suffered;

- Defendants' financial information related to the accused features and products;

- Documents and/or testimony related to the valuation and/or analysis of the Asserted Patents; and

McKool Smith, P.C.
Los Angeles, CA

- Documents and/or testimony related to any of Disney's affirmative defenses or counterclaims that remain live at the time discovery is conducted (*e.g.*, alleged breach of RAND, license, implied license, etc.).

Disney anticipates seeking discovery on the following topics:

Without conceding that all of InterDigital's categories are proper sources of discovery, in addition to the topics InterDigital identifies, Defendants identify that additional topics may include:

- Documents and/or testimony sufficient to show the operation of the accused instrumentalities;
- Documents and/or testimony constituting or related to any license agreement, settlement agreement, or covenant not to sue for rights in the patents-in-suit, related patents, and/or any of InterDigital's patents declared essential to the H.264 or H.265 standards;
- Documents and/or testimony related to InterDigital's past and current corporate organization and structure;
- Documents and/or testimony related to prior art relating to the subject matter claimed in the patents-in-suit (including prior art systems) and state of the art;
- Documents and/or testimony related to InterDigital's commitments to the ITU, ISO, IEC, and their members and affiliates, including commitments made by InterDigital's predecessor-in-interest, Thomson Licensing;
- Documents and/or testimony related to InterDigital's breach of its commitments to the ITU, ISO, IEC, and their members and affiliates, including commitments made by InterDigital's predecessor-in-interest, Thomson Licensing;
- Documents and/or testimony related to Defendants' exhaustion defense;
- Document and/or testimony related to Defendants' licensing defenses; and

- Any other documents and/or testimony related to Defendants' affirmative defenses or counterclaims.

***Discovery Limitations***

- Document Requests: The parties agree there are no limitations on the number of document requests that can be served by the parties, subject to the general scope and limits of discovery in Rule 26(b)(1).

- Requests for Admission: The parties agree there are no limits on requests for admission to authenticate documents.

    - *InterDigital's Position*: InterDigital may serve 50 total requests for admission on Defendants. Defendants may serve 50 total requests for admission on InterDigital. These limitations are modifiable by agreement or for good cause shown. InterDigital believes 50 requests are necessary because of the seven different Defendants and the three different accused instrumentalities (*i.e.*, Disney+, Hulu, and ESPN+), as well as the number of pleaded claims and defenses, including, for example, the breach of RAND, license, and implied license counterclaims raised by Disney.

    - *Defendants' Position*: The parties may each serve 25 total requests for admissions to the other. These limitations are modifiable by agreement or for good cause shown.

- Interrogatories: The parties agree that InterDigital may serve 25 total interrogatories on Defendants, and Defendants may serve 25 total interrogatories on InterDigital. These limitations are modifiable by agreement or for good cause shown.

- The parties agree that discovery will not include e-mail collections, absent a showing of good cause.

- <u>Depositions</u>: The parties agree that each deposition of an individual witness, regardless of the time actually spent, will count as a minimum of 4 hours. The deposition of any expert witness testifying in his capacity as an expert shall be limited to seven (7) hours per expert report or disclosure.

  - *InterDigital's Position*: InterDigital shall be permitted 100 hours of non-expert deposition time, including depositions of witnesses deposed under Fed. R. Civ. P. 30(b)(6). Defendants shall be permitted a total of 100 hours of non-expert deposition time, including depositions of witnesses deposed under Fed. R. Civ. P. 30(b)(6). These limitations are modifiable by agreement or for good cause shown. InterDigital believes 100 hours of non-expert deposition time is necessary because of the seven different Defendants and the three different accused instrumentalities (*i.e.*, Disney+, Hulu, and ESPN+), as well as the number of pleaded claims and defenses, including, for example, the breach of RAND, license, and implied license counterclaims raised by Disney.

  - *Defendants' Position*: Each party shall be permitted 70 hours of non-expert deposition time, including depositions of witnesses deposed under Fed. R. Civ. P. 30(b)(6). Defendants believe that 70 hours of non-expert deposition time is consistent with Fed. R. Civ. P. 30(b)(6), which limits parties to 10 non-expert depositions of 7 hours each. These limitations are modifiable by agreement or for good cause shown.

### c) Patent-Specific Contention Deadlines

The parties agree to a three-week extension to the deadline for Defendants' Invalidity Contentions.

### d) Discovery Cut-off

McKool Smith, P.C.
Los Angeles, CA

*InterDigital's Position*: InterDigital proposes that the fact discovery should be cut off on April 13, 2026.

*Defendants' Position*: Defendants propose that fact discovery should be cut off on August 24, 2026.

### e)    Expert Discovery

*InterDigital's Position*: InterDigital proposes that reports from any expert required to provide a report under Rule 26(a)(2) will be due from each party with respect to issues for which that party bears the burden of proof on or before April 27, 2026. Rebuttal reports will be due on or before May 11, 2026. All expert discovery and depositions will be completed on or before May 25, 2026.

*Defendants' Position*: Defendants propose that reports from any expert required to provide a report under Rule 26(a)(2) will be due from each party with respect to issues for which that party bears the burden of proof on or before September 14, 2026. Rebuttal reports will be due on or before October 5, 2026. All expert discovery and depositions will be completed on or before October 26, 2026.

### f)    Settlement Conference/Alternative Dispute Resolution (ADR)

The parties are in receipt of the Court's Notice to Parties of Court-Directed ADR Program (Dkt. 7). The parties agree to engage in private mediation.

### g)    Trial

#### i.    Trial Date

*InterDigital's Position:* InterDigital believes that this case can go to trial on August 17, 2026. Based on the Court's schedule framework and the dates proposed by InterDigital in the attached Scheduling Worksheet, the parties will have sufficient time to conduct fact and expert discovery and be prepared for trial. A trial date of August 17, 2026 is also based on scheduling orders entered in recent patent cases before Judge Hsu. *See Diode Dynamics L.L.C. v. 5DLight Inc.*, No. 5:23-cv-02238 (C.D. Cal. 2023), Dkt. 30; *Dongguan Ingleby v. Aaron Chien*, No. 2:24-cv-05409 (C.D. Cal. 2024), Dkt. 46.

McKool Smith, P.C.
Los Angeles, CA

14

*Defendants' Position*: Defendants believe a trial date of February 8, 2027 is appropriate and will provide the parties sufficient time to conduct fact and expert discovery and prepare for trial. Due to the number of asserted patents, various counterclaims, and unique issues in this case, Defendants believe this case warrants a longer case schedule than Plaintiffs propose, as is consistent with other scheduling orders that have been issued in this District for similarly complex cases. *See, e.g.*, *Ceiva Opco, LLC v. Amazon*, Case 2:22-cv-02709-AB-MAA, Dkt. 40 (setting a March 26, 2024 trial date for a four patent case filed on April 22, 2022).

The cases InterDigital cites to justify its aggressive proposed case schedule are inapposite, as each of those cases involved only one asserted patent. *See generally Diode Dynamics L.L.C. v. 5DLight Inc.*, No. 5:23-cv-02238 (C.D. Cal. 2023); *Dongguan Ingleby v. Aaron Chien*, No. 2:24-cv-05409 (C.D. Cal. 2024). Here, InterDigital has asserted five unrelated patents against Defendants. Moreover, courts in this District have set longer case schedules even for one- or two-patent cases—including Judge Kronstadt, who has adopted a similar patent standing order to Judge Hsu. *See Intex Recreation Corp. et al v. Bestway USA Inc.*, LA CV16-03300 JAK (Ex), Dkt. 47 (setting an April 10, 2018 trial date for a two patent case filed on May 13, 206); *see also MZ Audio Sciences v. Sony Group Corp.*, Case 2:22-cv-00866-AB-PD, Dkt. 71 (setting a February 13, 2024 trial date for a one patent case filed on February 8, 2022).

### ii.   Trial Estimate

*InterDigital's Position*: Given the number of Asserted Patents and the complex issues involved, InterDigital presently expects that trial will take 5-7 court days. InterDigital has asserted patent infringement of five different patents, across three different technologies. In addition, Disney has asserted fifteen affirmative defenses and twenty-three counterclaims.

*Defendants' Position*: Defendants presently expect that trial will take up to 10 court days due to the nature and variety of issues in the case. First, InterDigital has

accused Defendants of infringing five different patents, three of which implicate standard-essentiality considerations and RAND-related issues. Second, InterDigital has accused four different streaming platforms: Disney+, Hulu, Hulu Live, and ESPN+ of infringing these patents. And third, Defendants have asserted fifteen affirmative defenses and twenty-three counterclaims, including breach of RAND obligations, invalidity defenses, and exhaustion defenses.

### iii.    Jury or Court Trial

The parties agree trial will be by jury.

### iv.    Consent to Trial Before a Magistrate Judge

The parties do not agree to try the case before a magistrate judge.

### v.    Lead Trial Counsel

For InterDigital, Richard Kamprath will serve as lead trial counsel and at least Alan Block, Alexandra Easley, Hannah Mirzoeff, Joshua Budwin, Kevin Burgess, Nancy Olson, and David Stein will try the case.

For Defendants, Ryan Yagura will serve as lead trial counsel and at least Nicholas Whilt, Xin-Yi (Vincent) Zhou, Miao Liu, Sara Pahlavan, Abigail Grace McFee, and James Donegan will try the case.

### h) Independent Expert or Master

The parties do not believe that the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53, or an independent scientific expert.

### i)    Other Issues

- Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that produces documents, information, or other material it reasonably believes are protected under

McKool Smith, P.C.
Los Angeles, CA

the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

- The parties consent to electronic service under Fed. R. Civ. P. 5(b)(2)(E).
- The parties agree to use their best efforts to negotiate a joint proposal addressing electronically-stored information.
- The parties agree that privileged communications created on or after February 2, 2025 (*i.e.*, the date of the filing of the above-captioned action) need not be included on any privilege log, absent agreement of the parties or showing of good cause.

The parties are not at this time aware of any other issues that should be presented to the Court.

Dated: April 25, 2025

Respectfully submitted,

*/s/ Richard Kamprath*
Alan P. Block (CA Bar No. 143783)
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Richard A. Kamprath (*admitted pro hac vice*)
rkamprath@mckoolsmith.com
Alexandra Easley (*admitted pro hac vice*)
aeasley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Hannah Mirzoeff (*admitted pro hac vice*)
hmirzoeff@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Joshua W. Budwin (*admitted pro hac vice*)
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

McKool Smith, P.C.
Los Angeles, CA

Kevin Burgess (*admitted pro hac vice*)
kburgess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Nancy Olson (SBN #260303)
nolson@olsonstein.com
David Stein (SBN #198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Attorneys for Plaintiffs InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS*

*/s/ Ryan K. Yagura*

RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
NICHOLAS J. WHILT (S.B. #247738)
nwhilt@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone:  +1 213 430 6000
Facsimile:   +1 213 430 6407

*Attorneys for Defendants*

McKool Smith, P.C.
Los Angeles, CA