RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
NICHOLAS J. WHILT (S.B. #247738)
nwhilt@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone:  213-430-6000
Facsimile:   213-430-6407

*Attorneys for Defendants The Walt Disney
Company, Disney Media and Entertainment
Distribution LLC, Disney DTC LLC, Disney
Streaming Services LLC, Disney Entertainment &
Sports LLC, Disney Platform Distribution, Inc.,
BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION AT LOS ANGELES**

| | |
|---|---|
| INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC.,<br><br>Defendants and Counterclaim-Plaintiffs. | Case No. 2:25-cv-895-WLH-BFM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS**<br><br>Judge: Hon. Wesley L. Hsu<br>Magistrate: Hon. Brianna F. Mircheff<br>Hearing: May 30, 2025 at 1:30 pm |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION ........................................................................................... 1

LEGAL STANDARD ...................................................................................... 3

ARGUMENT.................................................................................................. 4

   I.    Plaintiff Fails to Meet, or Even Properly Frame, Its Motion
       Under the F.R.C.P. 12(b)(6) Standard. .................................................. 5

   II.   Defendants Allege Facts Sufficient to Support an Inference That
      the Asserted Claims Are RAND-Encumbered. ................................... 7

       A.    Defendants Allege That Thomson and Plaintiff Have
            Committed to License Any Patent Required to Implement
            the H.264 and/or H.265 Standards on RAND Terms................ 7

       B.    Defendants Allege That Plaintiff's Patents Are RAND-
            Encumbered Because Thomson Expressly Committed to
            License Specific Patents on RAND Terms. ........................... 11

   III.  Defendants Have Sufficiently Pled a Breach of Contract Claim........ 13

   IV.  Plaintiff Fails to Address Defendants' Other Counterclaims. ............ 16

   V.    This Court Should Grant Defendants Leave to Amend If the
       Allegations Are Found to Be Insufficient. ........................................ 18

CONCLUSION............................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

## <u>CASES</u>

*Adda Games v. United States*,
2008 WL 11338344 (C.D. Cal. July 28, 2008) ...............................................4, 5

*Appling v. Wachovia Mortg., FSB*,
745 F. Supp. 2d 961 (N.D. Cal. 2010)....................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................passim

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................3

*Buddhaful Designs, LLC v. Mitchell*,
2015 WL 4131068 (C.D. Cal. July 8, 2015) ......................................................4, 5

*Butler v. Cnty. of Los Angeles*,
617 F. Supp. 2d 994 (C.D. Cal. 2009)..............................................................4, 5, 6

*Certain Video Capable Elec. Devices*,
Inv. No. 337-TA-1379 (Jan. 29, 2025)................................................................10

*DaVinci Aircraft, Inc. v. United States*,
926 F.3d 1117 (9th Cir. 2019)....................................................................passim

*Graham-Sult v. Clainos*,
756 F.3d 724 (9th Cir. 2014) ...............................................................................17

*Griggs v. Pace Am. Grp., Inc.*,
170 F.3d 877 (9th Cir. 1999) ...............................................................................18

*Hitek Software, LLC v. Sunrise Broad. of N.Y., Inc.*,
2013 WL 12137879 (C.D. Cal. Feb. 21, 2013) .....................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) .............................................................................................18

*Mooney v. Fife*,
118 F.4th 1081 (9th Cir. 2024)......................................................................13, 16

*Morongo Band of Mission Indians v. Rose*,
893 F.2d 1074 (9th Cir. 1990)..............................................................................18

*Nokia Techs. OY v. HP, Inc.*,
2024 WL 1885683 (D. Del. Apr. 29, 2024) .........................................11, 15, 16

## TABLE OF AUTHORITIES (continued)

**Page(s)**

*Owens v. Kaiser Found. Health Plan, Inc.*,
   244 F.3d 708 (9th Cir. 2001) ........................................................................ 18, 19

*Soo Park v. Thompson*,
   851 F.3d 910 (9th Cir. 2017) ................................................................................ 4

*TCL Commc'ns Tech. v. Telefonaktenbologet LM Ericsson*,
   2014 WL 12588293 (C.D. Cal. Sept. 30, 2014) .......................................... 15, 16

*Threshold Enters. Ltd. v. Lifeforce Digit. Inc.*,
   730 F. Supp. 3d 940 (N.D. Cal. 2024) ............................................... 4, 6, 12

*u-blox AG v. InterDigital*,
   3:23-cv-0002 (S.D. Cal. Aug. 8, 2023) ............................................................ 16

*Wacker v. Hammerking Prods. Inc.*,
   608 F. Supp. 3d 947 (C.D. Cal. 2022) ............................................................. 17

*Williams v. Cnty. of Alameda*,
   26 F. Supp. 3d 925 (N.D. Cal. 2014) ................................................................ 4

*Zenith Elecs., LLC v. Sceptre, Inc.*,
   2015 WL 12765633 (C.D. Cal. Feb. 5, 2015) ................................................. 15

**RULES**

Fed. R. Civ. P. 12(b)(6) .................................................................................... 3, 5

Fed. R. Civ. P. 12(c) ............................................................................................. 2

Fed. R. Civ. P. 15(a) ........................................................................................... 18

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

## INTRODUCTION

Plaintiff ostensibly moves to dismiss four of Defendants' Counterclaims.[1] But despite its label, Plaintiff's Motion to Dismiss ("Motion") neither addresses the F.R.C.P. 12(b)(6) standard nor analyzes its factors. Instead, it imports "facts" found nowhere in the pleadings and jumps ahead to asking the Court to construe those "facts" in its favor and make a final decision on the merits now. In short, Plaintiff asks the Court to dismiss Defendants' breach of contract and other related counterclaims by ruling on the pleadings that Plaintiff has not breached its RAND obligations. The Court cannot properly be asked to make a decision on such a substantive, fact-dependent question at the pleadings stage.

Plaintiff's Motion is premised on its argument that it is not obligated to offer reasonable and non-discriminatory ("RAND") licenses to Defendants for any of the patents it has asserted in this and related foreign litigation because none of the patents at issue are "essential" to the implementation of the relevant technological standards. This argument fails for at least two reasons.

***First***, Plaintiff's infringement allegations are fundamentally inconsistent with the Motion's purported grounds for dismissal. In the relevant complaints, and as alleged in Defendants' Counterclaims, Plaintiff relies solely on the at-issue technological standards for its patent infringement claims against Defendants. *See, e.g.*, Dkt. 1-2 (Plaintiff relying solely on the H.264 standard for its assertion of the '301 Patent); Dkt. 1-4 (Plaintiff relying solely on the H.265 standard for its assertion of the '610 Patent); Dkt. 1-6 (Plaintiff relying solely on the H.265 standard for its assertion of the '818 Patent); Dkt. 42, Counterclaim ¶¶ 49, 52. However, in the

---

[1] "Plaintiff" refers to InterDigital Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS, and "Defendants" refers to The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech, LLC, Hulu, LLC, and ESPN, Inc.

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

Motion, Plaintiff argues that its patents do not actually cover the standards at all. *See, e.g.*, Motion at 9 ("All of the asserted claims of the Encoding Patents are not covered by the H.264 or H.265 standards."). These two positions cannot be reconciled with each other. Plaintiff cannot both rely solely on the technological standards to allege infringement and at the same time argue its patents are not "covered" by the same standards.[2]

Defendants' Counterclaims allege that InterDigital and the prior owner of the patents committed to license any patents they owned that are essential to the relevant standards on RAND terms. Defendants also allege that because Plaintiff relies solely on the technological standards to allege infringement, Plaintiff has asserted several patents effectively as required by these standards. Defendants therefore alleged that those patents are subject to Plaintiff's RAND licensing obligations.

Here, Defendants' factual allegations—that the asserted patents cover aspects of the relevant standards under Plaintiff's own infringement theory—must be accepted as true at the pleadings stage, which is more than sufficient to support a plausible breach of contract counterclaim. But even setting aside the fact that Plaintiff's argument contradicts its very own complaint, this is ultimately not a dispute that can be resolved through a F.R.C.P. 12(b)(6) motion.

**Second**, Plaintiff's Motion fails to address one of the theories advanced in Defendants' Counterclaims—that the prior owner of the asserted patents explicitly identified them to the standard setting organizations as patents offered for licensing on RAND terms. For example, although the '301 Patent covers only encoding technology, its prior owner declared it as essential to the relevant standards and

---

[2] If Plaintiff now argues that the '301, '601, and '818 Patents "are not covered by the H.264 or H.265 standards," then it has failed to plead sufficient facts to support claims of patent infringement for these patents since Plaintiff's infringement allegations are based **only** on the relevant standards. *See* Dkt. 1-2, 1-4, and 1-6. Thus, if Plaintiff insists on maintaining the position advanced in its Motion, the Court should dismiss Plaintiff's claims of patent infringement under Rule 12(c).

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

committed to offering it for RAND licensing. As such, this allegation does not depend on whether these expressly-declared patents are deemed "essential" to the standards.[3] Thus, Defendants' factual allegations—which must be accepted as true at the pleadings stage—are sufficient to support a reasonable inference that several of the asserted patents are subject to a RAND license requirement and that Plaintiff breached its contractual obligations by refusing to offer RAND licenses for these patents to Defendants.

When Defendants' factual allegations are accepted as true and read in the light most favorable to Defendants' Counterclaims—as is required at the motion to dismiss stage—each of Defendants' Counterclaims should easily survive because Plaintiff has proffered no argument about the insufficiency of those pleadings. In the alternative, should the Court disagree, Defendants should be granted leave to amend their pleadings, as Ninth Circuit precedents liberally allow.

## LEGAL STANDARD

When reviewing a motion to dismiss under F.R.C.P. 12(b)(6), the court "accept[s] as true all facts alleged in the complaint and construe[s] them in the light most favorable" to the pleading party. *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). A complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and thereby survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[3] As alleged in Defendants' Counterclaims, the asserted patents that are subject to explicit RAND commitments include at least the '301, '610, and '818 Patents asserted in the U.S., Brazilian patents PI0305519.1 and PI0318825.6, and European patents EP2465265 and EP2449782. Dkt. 42, Counterclaims ¶¶ 44-47, 51, 54.

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

Dismissal is permitted only if "it appears beyond doubt that the [counterclaimant] can prove no set of facts in support of his claim which would entitle him to relief." *DaVinci Aircraft*, 926 F.3d at 1122. As such, "[i]f there are two alternative explanations, one advanced by [the responding party] and the other advanced by [the pleading party], both of which are plausible, [the pleading party's] complaint survives." *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).

"In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence." *Butler v. Cnty. of Los Angeles*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2009); *Adda Games v. United States*, 2008 WL 11338344, at *3 (C.D. Cal. July 28, 2008) (same); *Buddhaful Designs, LLC v. Mitchell*, 2015 WL 4131068, at *2 (C.D. Cal. July 8, 2015) (same). There is a "general rule forbidding consideration of extrinsic evidence on a 12(b)(6) motion." *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 967 (N.D. Cal. 2010).[4] Thus, the pleading party's factual allegations must be accepted as true—a motion to dismiss is not the proper vehicle to adjudicate factual disputes since "the Court cannot resolve disputed issues of fact when deciding such a motion." *Threshold Enters. Ltd. v. Lifeforce Digit. Inc.*, 730 F. Supp. 3d 940, 945 & n.1 (N.D. Cal. 2024).

## ARGUMENT

Plaintiff fails to address the proper standard for a F.R.C.P. 12(b)(6) motion. In addition, Plaintiff's Motion ignores the actual theories set forth in Defendants'

---

[4] The Court should not convert Plaintiff's motion to dismiss to a motion for summary judgment because this case is in its very early stages. *See, e.g.*, *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014) (declining to convert motion because "the evidence submitted by Defendants is more appropriately considered after the parties have had an adequate opportunity to fully develop the factual record"); *Hitek Software, LLC v. Sunrise Broad. of N.Y., Inc.*, 2013 WL 12137879, at *3 (C.D. Cal. Feb. 21, 2013) (declining to convert motion because a "motion for summary judgment is only proper once both parties have had sufficient time to conduct discovery").

Counterclaims, imports facts not found anywhere in the pleadings, and despite stating that it seeks to dismiss four of Defendants' Counterclaims, omits **any** discussion of three of them.

If this Court properly disregards Plaintiff's extrinsic evidence and direct factual disputes—as it must do under black letter law—it should find that Plaintiff has failed to present any viable argument to dismiss Defendants' Counterclaims.

## I.     Plaintiff Fails to Meet, or Even Properly Frame, Its Motion Under the F.R.C.P. 12(b)(6) Standard.

Plaintiff's Motion seeks to sidestep the relevant framework for a motion under F.R.C.P. 12(b)(6). Instead, Plaintiff improperly introduces facts from extrinsic evidence (outside of the pleadings) and then relies on those extrinsic facts in an attempt to raise factual disputes on the merits of Defendants' breach of contract counterclaim. Such arguments are impermissible in a motion to dismiss. *See Butler*, 617 F. Supp. 2d at 999; *Adda Games*, 2008 WL 11338344, at *3; *Mitchell*, 2015 WL 4131068, at *2. Because they comprise nearly the entirety of Plaintiff's arguments, that is sufficient basis for Plaintiff's Motion to be denied in full.

On a motion to dismiss, Plaintiff is limited to the four corners of the pleadings and to presenting arguments about whether the pleadings' factual allegations are insufficient to support a plausible inference for relief. *See id*. It is improper to raise factual disputes based on extrinsic evidence beyond the pleadings—but Plaintiff does just that. It introduces a host of facts and documents found nowhere in Defendants' pleadings: for example, Plaintiff cites a 2003 paper authored by a third party (Motion at II.B); Defendants' answer in separate proceedings between the parties in Brazil (the "Brazilian Answer," Motion, Ex. 3); and facts from unrelated, out-of-jurisdiction cases involving different patents and different technology, including a preliminary decision issued by the International Trade Commission (the "ITC case") and another

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
                                                                                    NO. 2:25-CV-895-WLH-BFM

1  lawsuit against Plaintiff in a different forum ("*u-blox*"). *See* Motion at 8-10, 13, 15.[5]

2       Relying on alleged facts from these extrinsic sources, Plaintiff attempts to raise

3  a factual dispute that its obligations to license patents on RAND terms is limited to

4  patent claims "essential" to only the "decoding" aspects of the H.264 and H.265

5  standards. *See id*. But Plaintiff's extrinsic evidence cannot undo its predecessor-in-

6  interest's commitment to offer RAND licensing for specific patents, including

7  patents that are not limited to "decoding," as Defendants have alleged in this case.

8  *See, e.g.*, Dkt. 42, Counterclaim ¶¶ 44-47, 51, 54. This extrinsic evidence also does

9  not prove that no encoding patents can ever be subject to RAND requirements. Thus,

10  none of this extrinsic evidence—even if considered—defeats the breach of contract

11  allegations as alleged in counterclaims.

12       More importantly, none of these extrinsic facts or documents are proper

13  support for a F.R.C.P. 12(b)(6) motion and thus the inferences and arguments

14  Plaintiff draws from them must be disregarded at this stage of the litigation. *See*

15  *Butler*, 617 F. Supp. 2d at 999 (in addressing a motion to dismiss, "the Court must

16  limit its review to the four corners of the operative complaint, and may not consider

17  facts presented in briefs or extrinsic evidence"). If the Court strips away the improper

18  extrinsic evidence and factual disputes that Plaintiff introduces in its Motion, Plaintiff

19  is left with virtually nothing that moves the needle for purposes of a F.R.C.P. 12(b)(6)

20  motion, and the Motion should be squarely denied on that basis. *Threshold Enters.*,

21  730 F. Supp. 3d at 945.

22

23  [5] Because Plaintiff's Motion presents improper extrinsic facts, Defendants will not

24  engage with disputing their applicability at the pleadings stage. However, Defendants
    will briefly contextualize its statements in the Brazilian Answer to clarify Plaintiff's

25  misrepresentation. As explained *infra* in Section II.A, Defendants there were pointing

26  out the inconsistencies and doublespeak in ***Plaintiff's*** own arguments—in the

27  Brazilian case, Plaintiff attempted to both rely on the technological standards to prove
    patent infringement and to simultaneously argue that the same patents do not cover

28  the standards, as it attempts to do here.

## II.    Defendants Allege Facts Sufficient to Support an Inference That the Asserted Claims Are RAND-Encumbered.

Defendants' Counterclaims include specific factual allegations that the patents Plaintiff asserts against the H.264 and H.265 standards in both this Court and in a foreign jurisdiction are subject to Plaintiff's commitments to license these patents on RAND terms. *See, e.g.*, Dkt. 42, Counterclaim ¶¶ 44-56. For purposes of a motion to dismiss, these factual allegations must be accepted as true. *See, e.g.*, *DaVinci Aircraft*, 926 F.3d at 1122; *Iqbal*, 556 U.S. at 664.

Defendants' Counterclaims allege facts supporting two separate theories for why Plaintiff's patents are RAND-encumbered: (1) Plaintiff and its predecessor-in-interest, Thomson Licensing ("Thomson"), submitted declarations agreeing to offer to license on RAND terms any patents and/or patent applications required to implement the H.264 and/or H.265 standards—which, based on Plaintiff's own infringement allegations, include the '301, '610, and '818 Patents asserted in this Action and other patents asserted in courts in Europe and Brazil; and (2) Thomson expressly declared to the standard-setting organizations that it would license specific patents, including patents solely directed to "encoding," on RAND terms. *See, e.g.*, Dkt. 42, Counterclaim ¶¶ 47, 51, 54, 56. Plaintiff fails to meaningfully rebut either of these theories, to the extent it addresses them at all.

### A.    Defendants Allege That Thomson and Plaintiff Have Committed to License Any Patent Required to Implement the H.264 and/or H.265 Standards on RAND Terms.

Defendants' Counterclaims allege that Plaintiff is required to license on RAND terms any of its patents that are required by the H.264 and H.265 standards. *See, e.g.*, Dkt. 42, Counterclaim ¶ 62. This includes the '301, '610, and '818 Patents asserted in this Action, as Plaintiff asserts that these patents are required to implement the standards.

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

***First***, Defendants specifically allege that Plaintiff's predecessor-in-interest committed to license on RAND terms "any patent(s) and patent application(s) essential to implementing" the H.264 or H.265 standards. *See, e.g.*, *id.* Counterclaim ¶¶ 44-46, 51, 54. Defendants also allege (and Plaintiff admits) that Plaintiff is bound by its predecessor-in-interest's declarations. *See, e.g.*, *id.*, Counterclaim ¶¶ 47, 51, 54, 56 ("As the assignee of Thomson Licensing's patents, InterDigital is also bound by the commitments Thomson Licensing made to offer to license on RAND terms[.]").[6] Moreover, Defendants allege that Plaintiff itself subsequently expressly agreed it would offer to license on RAND terms any patent and patent application required by the H.265 standard. *See id.* Counterclaim ¶ 48 ("InterDigital also openly and publicly submitted Declaration Forms to the ITU, ISO, and/or IEC. On behalf of InterDigital Video Technologies, Inc., Bradley Ditty, Vice President, Patents, signed a 'Patent Statement and Licensing Declaration for ITU-T or ITU-R Recommendation | ISO or IEC Deliverable' on August 24, 2020. Upon information and belief, InterDigital submitted this application to the ITU, ISO, and/or IEC. In this Declaration Form, InterDigital agreed it would offer to license on RAND terms any patent(s) and patent application(s) essential to implementing the H.265 standard.").

***Second***, Defendants allege that Plaintiff's infringement allegations for several U.S. and foreign patents actually assert that those patents are required by the standard because its allegations are based solely on Defendants' implementation of the H.264 and/or H.265 standards. *See, e.g.*, Dkt. 42, Counterclaim ¶ 49 ("InterDigital's infringement allegations regarding the asserted '301, '610, and '818 Patents rest entirely on implementing the H.264 and H.265 standards such that, according to

---

[6] Plaintiff admits in its Motion that it is bound by the contents of Thomson's declarations. *See* Mot. at 6 n.8 ("Thompson [sic] Licensing, the prior assignee of InterDigital's Asserted Patents, submitted Declaration forms to the ITU indicating its willingness to license on RAND terms" and "[a]s the transferee of the asserted patents, InterDigital is bound by Thompson [sic] Licensing's Declaration[.]").

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

InterDigital's infringement allegations, implementing the standards requires use of at least the asserted '301, '610 and '818 Patents"), ¶ 52 ("InterDigital's infringement allegations regarding the Brazilian Patents rest entirely on implementing the H.264 and H.265 standards such that, according to InterDigital's infringement allegations, implementing the standards requires use of at least the asserted Brazilian Patents").

Plaintiff does not refute these allegations in its Motion because it cannot.  In fact, Plaintiff's infringement claim charts cite nothing ***but*** the relevant standards. *See, e.g.*, Dkt. 1-2, 1-4, and 1-6. Thus, Plaintiff's reliance on the applicable standards to allege infringement supports at least a plausible inference that the asserted patents are required to implement those standards. In other words, if Plaintiff asserts that Defendants infringe Plaintiff's patents based on Defendants' use of the H.264 and/or H.265 standards alone, then those patents must be required by the standard.  Plaintiff is obligated to license any patent required by the standards on RAND terms. *See, e.g.*, *id.* ¶ 49. Nothing more is necessary at the pleadings stage.

***Third***, Plaintiff's argument that none of its asserted patents are required by the standards is premised on a factually incorrect assertion: that the H.264 and H.265 standards cover no aspect of video *encoding*. As an initial matter, this is not an inference that can be drawn from the factual allegations presented in Defendants' Counterclaims. Plaintiff is raising a factual dispute regarding the scope of the technological standards that depends on technical analysis, expert testimony, and contract interpretation.

Plaintiff improperly relies on an opinion from an ITC investigation involving unrelated patents to argue that video encoding claims are never encompassed by the relevant standards. *See* Mot. at 13. However, Plaintiff misleadingly truncates the quote from that opinion, claiming that "RAND issues … are not relevant to encoding claims." The full quote is actually: "RAND issues, therefore, are not relevant to encoding claims 1, 10, 21, 29, and 48 of the '808 patent or the asserted claims of the '134 patent"—a holding limited to the specific patent claims at issue in that

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

investigation. *See Certain Video Capable Elec. Devices*, Inv. No. 337-TA-1379, at
*102 (Jan. 29, 2025) (Initial Determination addressing the specific asserted claims in
that proceeding). Plaintiff's mischaracterized citation should be disregarded. The
scope of the H.264 and H.265 standards is also not a proper issue for the Court to
adjudicate at the pleadings stage.[7]

Moreover, Plaintiff's argument that video encoding claims are never
encompassed by the relevant standards defies logic. Thomson, the prior owner of the
asserted patents, specifically committed "to license the '301 Patent on RAND terms"
in a declaration submitted on June 19, 2014. *See* Dkt. 42, Counterclaim ¶ 44. The
'301 Patent is titled "Adaptive Weighting of Reference Pictures in Video ***Encoding***"
and includes claims that focus exclusively on video ***encoding***. *See* Dkt. 1-1 at Cover
and Columns 9-11 (emphasis added). Plaintiff's argument that it is only obligated to
offer RAND licenses for ***decoding*** patent claims, and not ***encoding*** patent claims, is
therefore inconsistent with Thomson's declaration to the ITU.

***Fourth***, Plaintiff's arguments regarding Defendants' alleged "admissions" in
the Brazilian proceeding are based on an unauthenticated, machine-translated excerpt
of Defendants' filings in the Brazilian litigation. *See* Mot. at 12, Ex. 3. Not only is
this improper extrinsic evidence, it is also a mischaracterization of Defendants'
position. The paragraph Plaintiff cites actually explains that Defendants are
characterizing ***Plaintiff's*** position: "Here, ***INTERDIGITAL contradicts itself in its***
***claims***. As it acknowledges, the H.264 and H.265 standards refer to
DECODING …." Mot. Ex. 3 ¶ 3. Plaintiff cherry-picks language from its machine
translation in an attempt to cast Defendants' arguments in the Brazil proceeding as

---

[7] The International Trade Commission decision Plaintiff cites is not relevant here. It
is a preliminary decision from an administrative agency that addresses different
patents from different parties that do not involve explicit declarations, as is the case
here. *See* Mot. at 12-13; *see generally Certain Video Capable Elec. Devices*, Inv. No.
337-TA-1379 (Jan. 29, 2025).

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

an admission. It is not. Rather, proper context shows Defendants were arguing that because ***Plaintiff*** took the position that the H.264 and H.265 standards cover only decoding, it cannot prove infringement of Defendants' encoding processes by using only the standards.

Defendants' factual allegations must be accepted as true at this stage of the case. *See, e.g.*, *DaVinci Aircraft*, 926 F.3d at 1122; *Iqbal*, 556 U.S. at 664. The only question at issue on a motion to dismiss is whether Defendants have sufficiently pled plausible facts. And, as even the cases Plaintiff cites hold, they have. *See Nokia Techs. OY v. HP, Inc.*, 2024 WL 1885683, at *2 (D. Del. Apr. 29, 2024) (holding that a party plausibly pled essentiality by pointing to plaintiff's own statements that the asserted patents may be essential). As in *Nokia*, Defendants here have properly relied on Plaintiff's and its predecessor-in-interest's representations about the asserted patents (*i.e.*, the infringement allegations and the declarations to the ITU) to plead essentiality. Accordingly, the Court should deny the Motion as to Defendants' breach of RAND counterclaims.

**B.    Defendants Allege That Plaintiff's Patents Are RAND-Encumbered Because Thomson Expressly Committed to License Specific Patents on RAND Terms.**

Defendants' Counterclaims additionally allege that Plaintiff is contractually required to offer RAND licenses for all patents that its predecessor-in-interest expressly committed to license on RAND terms. *See, e.g.*, Dkt. 42, Counterclaim ¶¶ 44-47, 51, 54. Specifically, Defendants allege that "through its statements, conduct, and/or relationship with Thomson Licensing, InterDigital has express or implied contractual commitments with the ITU, ISO, and/or IEC and their respective members, affiliates, and/or intended third-party beneficiaries, including Disney, to … offer to license on RAND terms the '301, '610, and '818 Patents asserted in this Action [and] the Brazilian Patents…." *Id.*, Counterclaim ¶ 62. This factual allegation—when accepted as true—is sufficient to support a reasonable inference

that the asserted patents are subject to RAND licensing obligations based solely on Thomson's express identification of those patents to the ITU, independent of whether they are deemed essential to the H.264 and H.265 standards.

Moreover, to support this factual allegation, Defendants allege background facts relating to multiple declarations that expressly identified either the asserted patents or their associated patent applications. *See id.*, Counterclaim ¶¶ 44-46, 51, 54. For example, Defendants' Counterclaims allege that Thomson signed and submitted a "Patent Statement and Licensing Declaration" on June 19, 2014, in which "Thomson Licensing agreed to license the '301 Patent on RAND terms." *Id.*, Counterclaim ¶ 44. As laid out above, Plaintiff is bound by its predecessor-in-interest's declarations. *See, e.g., id.*, Counterclaim ¶¶ 47, 51, 54, 56. And Defendants make parallel allegations regarding other domestic and foreign patents. *See id.*, Counterclaim ¶¶ 44-46, 51, 54. These factual allegations, taken as true—as is required at the pleadings stage—are sufficient to support an inference that Plaintiff has a contractual obligation to offer licenses for the '301 Patent and other specifically declared patents on RAND terms based on Thomson's commitments to the standard-setting organizations. *See, e.g., DaVinci Aircraft*, 926 F.3d at 1122; *Iqbal*, 556 U.S. at 664.

To the extent Plaintiff disputes these factual allegations or intends to proffer contradictory evidence, such a factual dispute cannot serve as a proper ground to dismiss Defendants' Counterclaims at the pleadings stage. *See Threshold Enters.*, 730 F. Supp. 3d at 945 ("the Court cannot resolve disputed issues of fact when deciding" a F.R.C.P. 12(b)(6) motion). Rather, when all inferences are drawn in Defendants' favor, Defendants' factual allegation that Thomson expressly committed to offering to license asserted patents on RAND terms is sufficient to support a reasonable inference that Plaintiff's asserted patents are RAND-encumbered by way of its predecessor's binding contractual commitments—regardless of their essentiality.

### III.    Defendants Have Sufficiently Pled a Breach of Contract Claim.

Defendants' Counterclaims sufficiently allege all required elements of a breach of contract claim: (1) the existence of a contract between Defendants and Plaintiff, (2) Defendants' performance, (3) Plaintiff's breach, and (4) resulting damages to Defendants. *Mooney v. Fife*, 118 F.4th 1081, 1099 (9th Cir. 2024). For example:

1) Defendants allege the existence of a contract by pleading that "InterDigital has had contractual obligations to offer to license on RAND terms the '301, '610, and '818 Patents asserted in this Action, the Brazilian Patents…and any patents and patent applications essential to implementing the H.264 and H.265 standards." Dkt. 42, Counterclaim ¶ 56; *see also id.*, Counterclaim ¶ 62.

2) Defendants allege facts supporting its own performance, including that "[d]espite InterDigital's conduct being plainly inconsistent with InterDigital's contractual obligations to license its patents on RAND terms, Defendants have attempted to continue negotiating." *Id.*, Counterclaim ¶ 59. Defendants also allege that "[e]very party producing products or delivering services that support H.264 and H.265 standards, including Disney, is an intended third-party beneficiary of InterDigital's contractual commitments," thus establishing Defendants' performance (by adopting the H.264 or H.265 standards in its products and supporting use of those standards in other parties'), thereby entitling it to a contractual relationship and benefits. *Id.*, Counterclaim ¶ 63.

3) Defendants allege facts showing Plaintiff's breach, pleading that "[i]n willful disregard of its commitments to the ITU, ISO, IEC, their affiliates and members, and intended third-party beneficiaries, including Disney, InterDigital has refused to offer Disney a license on RAND terms to its patents, including the '301, '610, and '818 Patents, [and] the Brazilian Patents." *Id.*, Counterclaim ¶¶ 57-58; *see also id.*, Counterclaim ¶¶ 60, 64.

4) Defendants allege facts supporting that it has suffered damages as a result of Plaintiff's breach, pleading that "[a]s a result of InterDigital's breach, Disney has been injured in its business or property. InterDigital's refusal to offer a license to Disney on RAND terms and conditions has deprived Disney of its right to such a license, which has caused Disney to incur unnecessary costs and unwarranted harm." *Id.*, Counterclaim ¶¶ 65-66.

Defendants have properly alleged facts that, when viewed in the light most favorable to Defendants, are more than sufficient to support each element of a breach of contract claim. *See, e.g.*, *DaVinci Aircraft*, 926 F.3d at 1122; *Iqbal*, 556 U.S. at 664. Plaintiff does not challenge any element of a contract claim. Instead, Plaintiff attempts to impose additional requirements not required to plead a breach of contract claim. *See* Mot. at 14-15.

***First***, Plaintiff's argument that Defendants failed to allege its implementation of the relevant standards falls flat. Defendants' Counterclaims specifically allege that its products support the standards at issue. For example, the Counterclaims allege that "the H.264 and H.265 standards are the most popular methods of coding video content" and that "Disney has invested millions of dollars in products and services that support the H.264 and H.265 standards." Dkt. 42, Counterclaim ¶ 31. Moreover, Defendants allege that "[i]n reasonable reliance upon InterDigital's contractual commitments to license its patents on RAND terms, market participants like Disney expended substantial resources in research, development, and marketing of products and services designed to be compatible with video coding technologies, like the H.264 and H.265 standards." *Id.*, Counterclaim ¶ 56. Plaintiff takes issue with Defendants' wording and insists that Defendants must state they "implement" the standards. *See* Mot. at 14. This argument, untethered to any element of a breach of contract claim, places form over substance. Plaintiff cannot explain how Defendants' statement that its "products and services [are] designed to be compatible with" the relevant standards differs in substance to the implementation of the same standards.

Furthermore, Plaintiff's argument contradicts its own Complaint, in which Plaintiff attempts to establish Defendants' infringement by only using the relevant standards. Defendants' Counterclaims allege that Plaintiff filed "this Action and foreign proceedings which seek to enjoin Disney's ***alleged implementation of H.264 and H.265 technologies***." Dkt. 42, Counterclaim ¶ 64 (emphasis added). Plaintiff cannot fault Defendants for not alleging that their products implement the relevant standards while at the same time relying on the same allegation in the Complaint.

***Second***, there is no requirement for Defendants to concede patent infringement to plead a breach of RAND claim. In a patent infringement case like this, Defendants are not required to concede that any of Plaintiff's patents actually cover the relevant standards in order to plead breach of RAND obligations. *See, e.g.*, *TCL Commc'ns Tech. v. Telefonaktenbologet LM Ericsson*, 2014 WL 12588293, at *4 (C.D. Cal. Sept. 30, 2014); *Nokia Techs.*, 2024 WL 1885683, at *2 ("Nokia's argument that HP must elect between pleading that the Asserted Patents are essential (under its counterclaims) or that the Asserted Patents are non-essential (under its infringement defenses) is flawed. HP 'may state as many separate claims or defenses as it has, regardless of consistency.'"); *Zenith Elecs., LLC v. Sceptre, Inc.*, 2015 WL 12765633, at *3-4 (C.D. Cal. Feb. 5, 2015) (denying motion to dismiss breach of contract claim where defendant alleged that the patents were "purportedly" or "allegedly" essential, establishing a defense challenging the essentiality of the patents-in-suit while maintaining its breach claim). Defendants can properly rely on Plaintiff's own infringement allegations.

For example, in *TCL Communications Technology*, the court found that a party can "put forth the argument that [the patents at issue] are not standard essential while reserving the right to pay the FRAND rate should the Court ultimately determine otherwise." 2014 WL 12588293, at *4. The court expressly rejected the patent owner's argument that an accused infringer must "first concede[] that [the patent owner] does in fact own patents that are essential to the [applicable] standards" before

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

asserting a RAND claim. *Id.* The same logic applies here—if Plaintiff ultimately establishes that its patents cover the relevant standards, then it must be bound by its RAND obligations. Moreover, as explained above, the question of standard essentiality is not dispositive for all patents in this case because Thomson specifically committed to license several asserted patents on RAND terms independent of their essentiality. *See* Dkt. 42, Counterclaim ¶¶ 44-47, 51, 54.

**Third**, Plaintiff's reliance on *u-blox* to argue that Defendants were required to plead that (1) the patents are essential and (2) Defendants sold a product that fully conformed to the relevant standards is inapposite. *See* Mot. at 12, 15-16; *see also u-blox AG v. InterDigital*, 3:23-cv-0002, Dkt. 49 (S.D. Cal. Aug. 8, 2023). First, as laid out above, Defendants specifically pled that Plaintiff has asserted the patents as being required by the relevant standards. *See, e.g.*, Dkt. 42, Counterclaim ¶¶ 41, 42, 49, 52, 55; *see also Nokia Techs.*, 2024 WL 1885683, at *2. Second, Defendants specifically alleged that "the H.264 and H.265 standards are the most popular methods of coding video content" and that "Disney has invested millions of dollars in products and services that support the H.264 and H.265 standards." Dkt. 42, Counterclaim ¶ 31. Moreover, even though *u-blox* involved a different standard setting organization and different technology, Plaintiff's Complaint contradicts its proposed reading of that case by citing the standards as the only basis for its infringement allegations. Thus, Plaintiff's reliance on *u-blox* is inapt.

Because Defendants have sufficiently pled every element of a breach of contract claim, and Plaintiff's grab bag of arguments does nothing to challenge the sufficiency of those pleadings, the Court should deny the Motion and allow Defendants' breach of contract claim to proceed. *See Mooney*, 118 F.4th at 1099; *Iqbal*, 556 U.S. at 678.

## IV. Plaintiff Fails to Address Defendants' Other Counterclaims.

Adding to the growing list of defects in its Motion, Plaintiff fails to substantively address any of Defendants' second, third, or fourth counterclaims.

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

1   Motion at 1:1-12 (seeking to dismiss Counterclaims at ¶¶ 61-88). But beyond a

2   passing reference, those claims receive no attention at all, let alone analysis of why

3   Defendants have not sufficiently pled them. *See id.* at 2:10-11 ("Disney filed

4   counterclaims or, among other things, breach of contract …"). It is axiomatic that

5   this passing reference is insufficient to warrant a dismissal of Defendants' other

6   counterclaims.

7      Namely, separate from its breach of contract claims, Defendants also pled

8   claims for promissory estoppel, breach of duty of good faith, and a request for

9   declaratory judgment. Dkt. 42, Counterclaim ¶¶ 68-88. For example, Defendants'

10  claim for promissory estoppel is based on Thomson's explicit declarations containing

11  "clear and definite promises" to "offer to license on RAND terms the '301, '610, and

12  '818 Patents asserted in this Action, the Brazilian Patents, … and other patents and

13  applications essential to implementing the H.264 and H.265 standards" *Id.*,

14  Counterclaim ¶ 69. As explained above, it is premised on (1) Thomson's explicit

15  promises to license specifically identified patents on RAND terms, and (2) both

16  Thomson's and Plaintiff's general promises to license on RAND terms any patent

17  required to implement the standards. Thus, by alleging that Thomson and/or Plaintiff

18  promised to license the asserted patents on RAND terms, Defendants have pled

19  sufficient facts establishing that they were entitled to rely on those binding promises.

20     Plaintiff does nothing to address this counterclaim for promissory estoppel,

21  nor the third and fourth claims for breach of duty of good faith and declaratory

22  judgment. Defendants have sufficiently pled all elements of these claims. *See, e.g.*,

23  *Graham-Sult v. Clainos*, 756 F.3d 724, 749 (9th Cir. 2014) ("four elements comprise

24  a promissory estoppel claim: (1) a promise, (2) reasonable and (3) foreseeable

25  reliance by the promisee, and (4) injury to the promisee"); *Wacker v. Hammerking

26  Prods. Inc.*, 608 F. Supp. 3d 947, 965 (C.D. Cal. 2022) (a breach of the covenant of

27  good faith and fair dealing claim requires "(1) the plaintiff and the defendant entered

28  into a contract; (2) the plaintiff did all or substantially all of the things that the

17   DEFS.' OPP. TO PLS.' MOTION TO DISMISS
     NO. 2:25-CV-895-WLH-BFM

1    contract required …; (3) all conditions required for the defendant's performance had

2    occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the

3    benefits of the contract; and (5) the defendant's conduct harmed the plaintiff'")

4    (citation omitted); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)

5    (declaratory judgment requires a "substantial controversy, between parties having

6    adverse legal interests, of sufficient immediacy and reality to warrant" relief)

7    (citation omitted). Indeed, Plaintiff makes no argument as to why Defendants'

8    allegations may be deficient, nor does it identify any element of these claims as

9    missing. To the extent Plaintiff argues that these claims are not properly pled for the

10   same reasons as the breach of contract claim, its argument fails for the same reasons

11   discussed above. Thus, Defendants' pleadings are not challenged and should survive.

12   **V.    This Court Should Grant Defendants Leave to Amend If the Allegations**

13   **        Are Found to Be Insufficient.**

14        In the event that the Court finds that Defendants' Counterclaims are

15   insufficient under F.R.C.P. 12(b)(6), Defendants should be granted leave to amend

16   its allegations, as is liberally allowed. Amendment of pleadings is a principle

17   enshrined in F.R.C.P. 15(a), which directs that for amendments before trial, "[t]he

18   court should freely give leave when justice so requires." The Ninth Circuit has "stated

19   that 'this policy is to be applied with extreme liberality'" and that inferences should

20   be drawn "in favor of granting the motion" unless there is the presence of "bad faith,

21   undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser*

22   *Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citing *Morongo Band*

23   *of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), and *Griggs v. Pace*

24   *Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). As this case was filed fewer than

25   three months ago, there is no undue delay or risk of potential prejudice.

26        Plaintiff's arguments that any amendment would be futile are, once again,

27   premised on the Court adjudicating the substance of the parties' breach of contract

28   dispute in its favor. According to Plaintiff's logic, any amendment would be futile

18    DEFS.' OPP. TO PLS.' MOTION TO DISMISS
      NO. 2:25-CV-895-WLH-BFM

1   because no RAND obligation can ever attach to any of the asserted patents or, for

2   that matter, any patent that relates to video encoding technology. This cannot possibly

3   be true because Plaintiff's predecessor-in-interest expressly committed to granting

4   RAND licenses for several asserted patents, including, for example, the '301 Patent

5   on "Adaptive Weighting of Reference Pictures in Video Encoding," as alleged in

6   Defendants' Counterclaims. *See, e.g.*, Dkt. 42, Counterclaim ¶ 44. But if the facts

7   alleged in the Counterclaims are not sufficiently clear, Defendants should be

8   permitted to amend their Counterclaims to add additional facts relating to the RAND

9   commitments submitted to the standard-setting organizations. *See, e.g.*, Dkt. 50-7 at

10  2-3 (Thomson's RAND declaration for the '301 Patent). Thus, if necessary,

11  Defendants should be granted leave to amend their pleadings to add additional factual

12  allegations to support their claims, as there is no bad faith, undue delay, prejudice, or

13  futility. *Owens*, 244 F.3d at 712.

## CONCLUSION

15      For the foregoing reasons, Defendants respectfully request that the Court deny

16  Plaintiff's motion to dismiss. In the alternative, Defendants request leave to amend

17  their pleadings.

18

19

20

21

22

23

24

25

26

27

28

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM

DATED:  May 9, 2025                    Respectfully submitted,


                                       By:   */s/ Ryan K. Yagura*
                                                 Ryan K. Yagura

                                       RYAN K. YAGURA
                                       NICHOLAS J. WHILT
                                       XIN-YI ZHOU
                                       O'MELVENY & MYERS LLP

                                       *Attorneys for Defendants The Walt Disney
                                       Company, Disney Media and
                                       Entertainment Distribution LLC, Disney
                                       DTC LLC, Disney Streaming Services LLC,
                                       Disney Entertainment & Sports LLC,
                                       Disney Platform Distribution, Inc.,
                                       BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
                                       NO. 2:25-CV-895-WLH-BFM

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,090 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 9, 2025                    */s/ Ryan K. Yagura*
                                      Ryan K. Yagura

DEFS.' OPP. TO PLS.' MOTION TO DISMISS
NO. 2:25-CV-895-WLH-BFM