Richard Kamprath (*admitted pro hac vice*)
rkamprath@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Nancy Olson (SBN 260303)
nolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Additional Counsel listed in signature block
Attorneys for Plaintiffs InterDigital, Inc., et al.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION LOS ANGELES

| | |
|---|---|
| INTERDIGITAL, INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS,<br><br>    Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC.,<br><br>    Defendants. | Case No. 2:25-cv-00895-WLH-BFM<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**<br><br>Judge: Hon. Wesley L. Hsu<br>Hearing: May 30, 2025, 1:30 pm<br>Courtroom: 9B |

# **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT........................................................................................................3

    A. Disney Fails to Plead Essentiality, Dooming Its Counterclaims. ..............3

    B. Disney's Product-Related Allegations Also Fail to State a Claim. ...........7

    C. All of Disney's RAND-Based Counterclaims Fail Because There Is No Enforceable RAND Contract. .........................................................9

    D. Amendment Would be Futile Because Disney Cannot Change the Language of the Claims or the Language of the Standards. .......................9

III. CONCLUSION .................................................................................................12

# TABLE OF AUTHORITIES

**CASES** Page(s)

*Akrabian v. Veripro*,
  2024 WL 5466644 (C.D. Cal. Dec. 3, 2024)..............................................................11

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021).......................................................................................7

*Certain Video Capable Elec. Devices*,
  Inv. No. 337-TA-1379 (Jan. 29, 2025).......................................................................10

*Crouch v. Ruby Corp.*,
  639 F. Supp. 3d 1065 (S.D. Cal. 2022) .....................................................................11

*Edelmania Prods., LLC v. Jordan Serv.*,
  2023 WL 424238 (C.D. Cal. Jan. 26, 2023).................................................................4

*Koninklijke KPN N.V. v. Sierra Wireless, Inc.*,
  2020 WL 1891454 (D. Del. Apr. 16, 2020) .................................................................6

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
  540 F.3d 1049 (9th Cir. 2008) .....................................................................................5

*Mooney v. Fife*,
  118 F.4th 1081 (9th Cir. 2024).....................................................................................7

*Nokia Techs. OY v. HP, Inc.*,
  2024 WL 1885683 (D. Del. Apr. 29, 2024) .................................................................5

*Residence Mut. Ins. Co. v. Travelers Indem. Co. of Connecticut*,
  26 F. Supp. 3d 965 (C.D. Cal. 2014).........................................................................11

*TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*,
  2014 WL 12588293 (C.D. Cal. Sept. 30, 2014)...........................................................5

*u-blox AG, et al. v. InterDigital Inc., et al.*,
  No. 3:23-cv-0002, (S.D. Cal. 2023) .........................................................................6, 8

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) .......................................................................................4

*Vinson v. Asset Mgmt. Specialists, Inc.*,
   2015 WL 13914966 (C.D. Cal. Sept. 17, 2015) .................................................. 9, 10

*Zenith Elecs., LLC v. Sceptre, Inc.*,
   2015 WL 12765633 (C.D. Cal. Feb. 5, 2015) ......................................................... 5

**OTHER AUTHORITIES**

David Edward Cooper et al., *Survey of Mobile Cellular 5G Essentiality Rate*
   (Mar. 2021), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3771397 .......... 4

Federal Rule of Evidence 201 ................................................................................... 11

McKool Smith, P.C.
Los Angeles, CA

## I. INTRODUCTION

Disney's breach of RAND contract counterclaims, Dkt. 42 ¶¶ 61-88 ("Counterclaims"), fail on the pleadings. Pleading breach of contract requires "the existence of a contract between Defendants and Plaintiff[s]." Disney's Opposition, Dkt. 56 ("Opp.") at 13. There is no contract between Disney and InterDigital.

Instead, Disney claims to be an intended third-party beneficiary of InterDigital's RAND contract with the ITU. Counterclaims ¶¶ 56, 62. As explained in InterDigital's Motion to Dismiss, Dkt. 54-1 ("MTD"), Disney must plead two key allegations to plausibly allege that a RAND contract exists and that it is entitled to enforce that contract as an intended third-party beneficiary. First, Disney must plead that the Asserted Claims of the Encoding Patents are "essential" to the H.264/H.265 video decoding standards (as defined). MTD at 2-3. Second, Disney must plead that the accused products implement those standards. *See id*. Disney alleges neither.

As to the first requirement, Disney does not plead that the Asserted Claims of the Encoding Patents are essential: it refuses to "concede essentiality." Instead, Disney tries to save its counterclaims by arguing that the declarations InterDigital's predecessor submitted to the ITU, together with InterDigital's infringement allegations, are sufficient for it to plausibly allege essentiality. Disney is wrong.

Listing patents on a declaration—without more—cannot state a claim that the declared patents are essential. By its terms, the Common Patent Policy applies only to patent claims that are *both* declared and are *also* "essential" as defined by the Policy. This means that while any patent can be declared to the ITU, a declared patent is subject to a contractual RAND commitment only if it is also essential-in-fact. Though Disney pleads the declaration requirement, it does not plead the essentiality requirement.

Disney's attempt to rely on InterDigital's infringement allegations to establish essentiality also fails. Those allegations do not assert that any Asserted Claim of the Encoding Patents is essential—in fact, they state that encoding is *not* covered by the

standards. That the allegations cite and refer to the standards does not establish that InterDigital contends that the asserted encoding-only claims are somehow essential to decoding-only standards. To InterDigital's knowledge at this early stage of the case, the encoding process Disney uses is proprietary and InterDigital is unaware of public evidence describing that process. So, to date, InterDigital relies on indirect evidence: (1) the output of the encoders (the videos) and (2) the decoding standards to *infer* how Disney's non-public (and non-standardized) encoders are likely to work. While this indirect evidence amply supports a good faith belief of infringement at this stage of the case, it does not show that the encoding-only patent claims at issue are essential to the decoding-only standards. Stated differently, InterDigital has not asserted, and will not assert, that any Asserted Claim is essential—because they are not. Because neither Disney nor InterDigital alleges that the encoding-only patent claims are essential to the decoding-only standards, Disney has not plausibly pleaded the "essentiality" requirement.

As to the second requirement that the accused products implement those standards, Disney fails to plead that it makes any products that implement the alleged-to-be essential patent claims. Under the Common Patent Policy, only parties who make a product that implements the video-decoding standards can allege they are an intended third-party beneficiary. But Disney does not plead that its accused encoders implement the decoding-only standards—Disney says only that it "invests" in those standards. So, even if a RAND commitment were to exist here (and it does not), Disney has not pleaded facts that would allow it to enforce that commitment as a third-party beneficiary.

Finally, any amendment to the counterclaims would be futile. No set of facts exists that could make the video-decoding standards cover Disney's video encoding products accused of infringement. Nor is there any amendment that would convert the patent claim language at-issue from covering encoding (not in the standards) to covering decoding (covered by the standards). MTD at 16. That the various

deficiencies in Disney's breach of RAND counterclaims, as pleaded, are incurable is further evidenced by Disney's entirely inconsistent admissions to the Brazilian Court—fatal admissions that it asks this Court to ignore. While considering those statements is not necessary to resolve the MTD, the Court can and should take notice of what Disney represented in Brazil.

In sum, Disney's argument in its Opposition cannot cure the uncurable: Disney's counterclaims fail to state a claim, and no amendment can save them. They should be dismissed with prejudice.

## II.  ARGUMENT

### A.  Disney Fails to Plead Essentiality, Dooming Its Counterclaims.

The ITU Common Patent Policy is a contract. Under its express terms, only patent claims that are both (1) declared under the Policy, and (2) are also shown to be "essential" (as defined) to an ITU Recommendation can be RAND encumbered. MTD at 4-7 (explaining the ITU contract); Dkt. 54-7 at 42 (explaining the ITU declaration process); Dkt. 54-8 at 44 (listing the requirements for the ITU RAND contract). If either condition is unmet, then there is no RAND contract for Disney to enforce.

As explained in the MTD, Disney chose to plead its allegations "without conceding essentiality." *See* MTD at 12; Counterclaims ¶ 49 ("***Without conceding that the '301, '610, or '818 Patents are essential to the H.264 or H.265 standards*** . . . InterDigital is contractually obligated to offer to license at least the patents it or its predecessors identified to the ITU.") (emphasis added); Counterclaims ¶ 52 (same); Counterclaims ¶ 55 (same). Accepting Disney's pleadings as true, there are no "essential" patent claims, so there can be no RAND commitment to enforce.

Disney admits in its Opposition that it did not plead that there are any "essential" patent claims. Opp. at 12, 15. Instead, Disney contends that its claims can proceed despite its purposeful omission because: (1) the Asserted Claims of the Encoding Patents were included on a declaration form; and (2) InterDigital's infringement allegations cite the H.264 and H.265 standards. Opp. at 7, 12. Neither

argument is sufficient to state a claim for breach of RAND.

***First***, Disney's suggestion that a RAND commitment can apply "*based solely on* [InterDigital's predecessor's] express identification of those patents to the ITU, *independent of whether they are deemed essential*," is wrong. *See* Opp. at 12 (emphasis added). The plain language of the declarations[1] and the contract governing Disney's counterclaims limits the RAND encumbrance to patent claims "***solely*** to the extent that any such claims ***are essential***" as defined in the Common Patent Policy. Dkt. 57-26 at 941.

A declared patent claim that is not *also* "essential" is not RAND encumbered. In other words, a company could declare a T-Shirt patent to a technical standard (as some have), but that patent is not RAND encumbered if it is not also shown to be essential.[2] That InterDigital's predecessor declared the Encoding Patents, including the '301 Patent (which contains only encoding claims), does not—absent a pleading of essentiality in-fact that Disney does not make—state a claim that the patent claims at-issue are essential. *See also* Dkt. 57-17 at 261 (Disney admitting that "many patents that are not really essential are declared as such (the phenomenon called *overdeclaration*), since there is no inspection of the merits of the declaration of essentiality").

---

[1] The Court should consider the declarations as documents incorporated by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). The incorporation by reference doctrine applies equally to documents referenced in counterclaims. *See Edelmania Prods., LLC v. Jordan Serv.*, 2023 WL 424238, at *1 (C.D. Cal. Jan. 26, 2023).

[2] Broad declaration practices are encouraged by many standards development organizations. This means that many declared patents may not actually be essential. *See, e.g.*, David Edward Cooper et al., *Survey of Mobile Cellular 5G Essentiality Rate* (Mar. 2021), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3771397 (finding that, in the context of 5G patents, only about 8% of declared patents are actually essential); *see also* Dkt. 57-17 at 260.

1  Only if a patent claim is *both* declared *and* essential is it RAND encumbered. Disney knows this—elsewhere in its Counterclaims and its Opposition, it concedes that the declarations show no more than InterDigital's agreement that "it would offer to license on RAND terms any patent(s) and patent application(s) **essential** to implementing the H.265 standard." *See* Opp. at 8. Disney cannot ignore the plain text of the contract at issue and rely instead on erroneous allegations of law—and certainly not ones it knows are wrong—to maintain its counterclaims. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064-65 (9th Cir. 2008) (explaining that courts do not "indulge unwarranted inferences" or "[c]onclusory allegations of law" to save a complaint from dismissal).

Faced with this failure of its claims as pleaded, Disney tries to rely on *TCL*, *Nokia*, and *Zenith*. These cases provide Disney no refuge. In all three, the patent owner *both* declared the patent claims at issue *and* also contended that the asserted patents were actually "essential" (as defined by the policies at-issue). Because the patent owner in those cases did not dispute "essentiality," and in fact alleged that the claims at-issue were "essential," the claims in those cases were able to survive a motion to dismiss. *See TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*, 2014 WL 12588293, at *4 (C.D. Cal. Sept. 30, 2014) (allowing claim to proceed because TCL sufficiently alleged that Ericsson "represented to ETSI and to TCL that these patents *are standard essential*") (emphasis added); *Nokia Techs. OY v. HP, Inc.*, 2024 WL 1885683, at *1-2 (D. Del. Apr. 29, 2024) (noting that "H.264 and H.265 [are] **video-*decoding* standards**" and allowing claim to proceed because of "Nokia's assertions in the Complaint that the Asserted Patents *are essential*, along with Nokia's representations to HP that its patents *were essential*") (emphasis added); *Zenith Elecs., LLC v. Sceptre, Inc.*, 2015 WL 12765633, at *4 (C.D. Cal. Feb. 5, 2015) (allowing claim to proceed given that, "as Plaintiffs [the patent owner] allege," the patents in suit are "essential").

Unlike this trio of cases, InterDigital has never represented to Disney (or

anyone) that the Asserted Claims are "essential." The reason is clear: the encoding-only claims at-issue *cannot* be essential to the decoding-only H.264 and H.265 standards. With no party asserting essentiality, Disney has not pleaded facts allowing it to establish that any RAND commitment exists for it to enforce—nor could it. *See, e.g.*, *u-blox AG, et al. v. InterDigital Inc., et al.*, No. 3:23-cv-0002, Dkt. 49 at 2, Dkt. 50 at 29 (S.D. Cal. 2023) (dismissing F/RAND based counterclaims where pleadings did not allege any patent was essential and no product implemented the standard and the patents); *Koninklijke KPN N.V. v. Sierra Wireless, Inc.*, 2020 WL 1891454, at *2 (D. Del. Apr. 16, 2020) ("The threshold question underpinning [Defendant's] counterclaims is whether the [patent-in-suit] is standard-essential. Both of the purported contracts into which [Plaintiff] entered, with ETSI and TIA, do not bind [Plaintiff] if [the patent-in-suit] is not essential. If there is no contract, then there is nothing for [Plaintiff] to breach. . . .").

**Second**, Disney argues its counterclaims can proceed despite its failure to plead essentiality because InterDigital's infringement allegations reference the H.264 and H.265 standards. Disney claims that "if Plaintiff asserts that Defendants infringe Plaintiff's patents based on Defendants' use of the H.264 and/or H.265 standards alone, then those patents must be required by the standard." Opp. at 9. This is a logical fallacy and a strawman—InterDigital has not asserted (and will not assert) that Disney infringes the encoding-only patent claims at-issue based on any use of the decoding-only H.264 and H.265 standards.

Disney ignores that InterDigital's infringement allegations lead off by recognizing that encoding—which is what the Asserted Claims cover—is "[a] process *not specified* in this Specification." Dkt. 1-4 at 2; Dkt. 1-6 at 2; *see also* Dkt. 1-2 at 2 (citing the H. 264 Recommendation); Dkt. 54-4 at 10 (H.265 Recommendation); Dkt. 54-3 at 5 (H.264 Recommendation). In other words, the allegations begin by stating the Asserted Claims *cannot* be essential to the H.264 and/or H.265 standards. Rather, InterDigital alleges Defendants directly infringe the Asserted Patents by selling

Accused Instrumentalities "that <u>en</u>code video with technology covered by the Asserted Patents." Dkt. 1 ¶¶ 450-458 (emphasis added).

Disney faults InterDigital for referencing the video standards at all, but this argument rings hollow. Disney's encoding process is non-public, non-standardized, and proprietary—it is specified by Disney's source code and other technical documents not yet available to InterDigital. In the absence of public information describing how Disney's encoding process works, InterDigital's infringement allegations rely on the encoded videos (i.e., the output of Disney's propriety encoding processes) together with reference to the decoding standards to *infer* how Disney's non-public (and non-standardized) encoders are likely to work. While this indirect evidence is more than sufficient to support a good faith belief of infringement at this stage of the case, it does not show that InterDigital contends that Disney's accused encoding process is essential to the decoding-only standards. It also does not show that InterDigital contends Disney's encoders somehow "use" the standardized decoding process.[3]

Because there is no pleading of essentiality, no RAND commitment exists here. And where no facts are pleaded to establish a contractual commitment, Disney cannot plead performance under that contract (second element), InterDigital's breach thereof (third element), or resulting damages (fourth element). *Accord* Opp. at 13 (citing *Mooney v. Fife*, 118 F.4th 1081, 1099 (9th Cir. 2024)).

**B.  Disney's Product-Related Allegations Also Fail to State a Claim.**

Even if a RAND commitment existed as to the Asserted Claims of the Encoding Patents (it does not), Disney must also plead that the accused encoder products

---

[3] Disney also distorts the burden to allege infringement at the pleading stage. *See, e.g.*, *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("A plaintiff is not required to plead infringement on an element-by-element basis."). Once Disney provides its encoding source code in discovery, and other non-public documents describing how its encoders work, InterDigital will update its infringement contentions to focus particularly on the encoding source code.

7

P's Reply ISO Mtn. to Dismiss                                    Case No. 2:25-cv-00895-WLH-BFM

implement the H.264 or H.265 decoding standards to state a claim that Disney is an intended third-party beneficiary who can enforce InterDigital's RAND contract with the ITU. MTD at 14. Disney did not plead this, creating an independent ground that requires dismissal of its counterclaims.

Disney argues that its counterclaims "specifically allege that its [accused] products support the standards at issue." Opp. at 14. The counterclaims cited by Disney only allege that:

- "The H.264 and H.265 standards are the most popular methods of coding video content," Counterclaims ¶ 31;
- Disney has invested "millions of dollars in products and services" that support these standards, *id.*; and
- Disney has "expended substantial resources in research, development, and marketing of products and services designed to be compatible" with the standards. Counterclaims ¶ 56.

Even taking these allegations as true, investments of "millions of dollars" in "research" related to a "popular" (decoding-only) standard is not synonymous with a pleading that Disney implements the decoding standards in the encoding products accused of infringement. Under the Common Patent Policy, only third parties who make a product that implements the video-decoding standards can sufficiently allege that they are a third-party beneficiary. Because Disney does not plead this, its RAND-based counterclaims fail.

The court's decision *in u-blox AG, et al. v. InterDigital Inc., et al.*, No. 3:23-cv-0002, Dkt. 49, 50 (S.D. Cal. 2023), is instructive. There, u-blox—like Disney here—alleged that it was an intended third-party beneficiary to InterDigital's FRAND contract with ETSI (another standard organization). It further asserted—again like Disney—that this commitment was breached when InterDigital failed to offer a license on FRAND terms. MTD at 15. U-blox, like Disney, failed to plead that it made or sold a product that implemented the standard at-issue and that InterDigital's patents

were "essential" under the controlling definition of essentiality. *Id.* The court granted InterDigital's motion to dismiss based on u-blox's deficient pleadings. *Id.* at 16.[4]

### C. All of Disney's RAND-Based Counterclaims Fail Because There Is No Enforceable RAND Contract.

Disney argues that InterDigital failed to "substantively address" any of the other counterclaims that InterDigital moved to dismiss, including Disney's counterclaims for promissory estoppel, breach of duty of good faith, and request for declaratory judgement. Opp. at 16-17. But all four of the counterclaims at-issue in the MTD require there to be a RAND commitment that Disney can enforce as a third-party beneficiary. Thus, they rise and fall together.[5]

### D. Amendment Would be Futile Because Disney Cannot Change the Language of the Claims or the Language of the Standards.

Any amendment to Disney's counterclaims would be futile because there can be no RAND obligation for the Asserted Claims. MTD at 16. The claims themselves recite only encoding, but encoding is not specified by the relevant standards, which—by their plain language—cover only decoding, so no encoding patent claim can be "essential" or RAND encumbered. MTD at 7-9; Dkt. 54-3 at 5; Dkt. 54-4 at 9-10.

In its Opposition, Disney argues—without specifying what the "additional facts" are—that it "should be permitted to amend [its] Counterclaims to add additional facts relating to RAND commitments submitted to the standard-setting organizations." Opp. at 19. But amendment is futile where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

---

[4] Disney fails to distinguish *u-blox*, apart from stating that it involved "a different standard setting organization and different technology." Opp. at 16.

[5] *See* Counterclaims ¶¶ 69-75 (alleging promissory estoppel based on the ITU declarations and InterDigital's alleged RAND commitments); Counterclaims ¶¶ 77-81 (alleging breach of duty of good faith based on the ITU declarations and alleged RAND-encumbered patents); Counterclaims ¶¶ 83-88 (alleging request for declaratory judgment that InterDigital has not complied with its obligations to license the alleged RAND-encumbered patents).

defense." *Vinson v. Asset Mgmt. Specialists, Inc.*, 2015 WL 13914966, at *2 (C.D. Cal. Sept. 17, 2015). That is certainly the case here: There can be no RAND obligation for the asserted <u>en</u>coding-only claims, regardless of what additional facts Disney might inject into its counterclaims.

The determination in *Certain Video Capable Elec. Devices*, Inv. No. 337-TA-1379, at *102 (Jan. 29, 2025), is instructive. It analyzed the same ITU contract, the same alleged RAND obligations, and similar encoding-only claim language that is at-issue here. The ITC ALJ held that a party cannot allege breach of RAND under the ITU's Common Patent Policy for encoder patent claims because encoding-only patent claims are not covered by the H.264 or H.265 standards (which cover only <u>de</u>coding). MTD at 13.

Disney tries to limit the ITC's holding to "the specific patent claims at issue in that investigation." Opp. at 9-10. Yet, Disney ignores that the ITC relied on the similar encoding-only patent claim language, together with the plain language of the ITU Common Patent Policy, in making its determination. *See id.* at *103 (citing the H.264 standard for the proposition that an "encoding process is 'not specified' in the standard"). The ruling's reasoning cannot be cabined in the way Disney contends.

Any amendment would also be futile because Disney knows that <u>en</u>coding claims, like the Asserted Claims, cannot be "essential" under the ITU's Common Patent Policy for the decoding-only standards. In the Brazilian Action—which Disney has put at-issue here through its counterclaims and its motion for a preliminary antisuit injunction—Disney unambiguously concedes that video encoding claims are ***not*** covered by the H.264 or H.265 standards. *See* Dkt. 57-17 at 222 ("[T]he H.264 and H.265 standards refer to DECODING, not encoding. This means that the standards do not require the use of any specific encoding method, and video encoders have the flexibility to implement different encoding methods.").

Although Disney bemoans the lack of "proper context" for its statements in the Brazilian Action, Opp. at 11, the quotes from Disney—and its *three* expert

declarations—speak for themselves. *See* Ex. 8 (Zatt Decl.) at 90 (Disney's expert admitting that Disney only creates bitstreams compatible with the standards but offering no opinion that the encoding process is standardized); Ex. 9 (Bermudez Decl.) at 195 (Disney's expert admitting "there are no standards for the encoding process"); Ex. 10 (Novo Decl.) at 308 ("[T]here is no mandatory standardization for the encoding stage within the ITU-T H.264 and ITU-T H.265 specifications.").

Hoping to shirk its inconsistent statements, Disney incorrectly says the Court cannot consider them. First, Disney references and relies on the Brazilian Action in its counterclaims. *See, e.g.*, Counterclaims ¶¶ 50-52, 56, 57, 62. Second, pursuant to Federal Rule of Evidence 201, the Court can and should take judicial notice of Disney's Answer in the Brazilian Action, which was attached in full to InterDigital's Response to Disney's Motion for a Preliminary Injunction (Dkt. 57).[6] Disney's Answer to the Brazilian Action is also a matter of public record in a related proceeding and is not subject to reasonable dispute, meeting the requirements for judicial notice. *See Residence Mut. Ins. Co. v. Travelers Indem. Co. of Connecticut*, 26 F. Supp. 3d 965, 970 (C.D. Cal. 2014); *see also Crouch v. Ruby Corp.*, 639 F. Supp. 3d 1065, 1073 (S.D. Cal. 2022). And while InterDigital's motion should be granted regardless of whether the Court considers these statements, consideration of them is important to safeguard against Disney's gamesmanship. *Akrabian v. Veripro Sols.*, 2024 WL 5466644, at *3 (C.D. Cal. Dec. 3, 2024) ("Taking judicial notice of extrinsic documents can safeguard against possible gamesmanship by a plaintiff who strategically omits relevant documents.").

---

[6] Disney argues that its admissions were based on "an unauthenticated, machine-translated excerpt" of its filings (Opp. at 10), but InterDigital subsequently provided certified translations of the same document. *See* Dkt. 57-17.

## III. CONCLUSION

The Court should grant Plaintiffs' Motion to Dismiss Disney's Counterclaims.

DATED: May 16, 2025

Respectfully submitted,

By: */s/ Richard Kamprath*
Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:  (213) 694-1200
Facsimile:   (213) 694-1234

Richard Kamprath (*admitted pro hac vice*)
rkamprath@McKoolSmith.com
Alexandra F. Easley (*admitted pro hac vice*)
aeasley@mckoolsmith.com
R. Arden Seavers (*admitted pro hac vice*)
aseavers@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone:  (214) 978-4000
Facsimile:   (214) 978-4044

Joshua W. Budwin (*admitted pro hac vice*)
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone:  (512) 692-8700
Facsimile:   (512) 692-8744

Kevin L. Burgess (*admitted pro hac vice*)
kburgess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile:   (903) 923-9099

1
2   Hannah E. Mirzoeff (*admitted pro hac vice*)
    hmirzoeff@mcmoolsmith.com
3   **MCKOOL SMITH, P.C.**
    1301 Avenue of the Americas, 32nd Floor
4   New York, New York 10019
5   Telephone:  (212) 402-9400
    Facsimile:   (212) 402-9444
6
7   Nancy Olson (SBN 260303)
    nolson@olsonstein.com
8   David Stein (SBN 198256)
    dstein@olsonstein.com
9
10  **OLSON STEIN LLP**
    240 Nice Lane, #301
11  Newport Beach, CA 92663
    Telephone: (310) 916-7433
12
13  *Attorneys for Plaintiffs, Interdigital, Inc., Interdigital VC Holdings, Inc., Interdigital Madison Patent Holdings, SAS, and Interdigital CE Patent Holdings, SAS.*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McKool Smith, P.C.
Los Angeles, CA

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,671 words, which complies with the word limit set by court order dated February 6, 2025.

Dated: May 16, 2025                          /s/ Richard Kamprath
                                              Richard Kamprath