RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
NICHOLAS J. WHILT (S.B. #247738)
nwhilt@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

*Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION AT LOS ANGELES**

| | |
|---|---|
| INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS, <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC., <br><br> Defendants and Counterclaim-Plaintiffs. | Case No. 2:25-cv-895-WLH-BFM <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' EVIDENTIARY OBJECTION** <br><br> Judge: Hon. Wesley L. Hsu <br> Magistrate: Hon. Brianna F. Mircheff <br> Hearing: May 30, 2025 at 1:30 pm |

Last Friday evening, just before the Veteran's Day holiday weekend, InterDigital filed an Evidentiary Objection to Defendants' Reply in Support of their Motion for a Preliminary Injunction. InterDigital claims it is objecting to "new" evidence and arguments in Defendants' Reply, but conspicuously fails to identify any new evidence or arguments. In reality, InterDigital's "Evidentiary Objection" is a transparent attempt to submit an improper sur-reply filled with new arguments and a new declaration by a technical expert. Such a submission clearly violates Local Rule 7-10 because the Court did not authorize InterDigital to submit a sur-reply. InterDigital never sought leave of Court to submit such a sur-reply and it did not even meet and confer or notify Defendants in advance of filing its brief. The Court should strike InterDigital's Evidentiary Objection for that reason alone.

The Court should also strike InterDigital's Evidentiary Objection because it is substantively inaccurate and mischaracterizes Defendants' Reply. InterDigital argues that Defendants' Reply included new arguments about the scope of the Compression Standards and Brazilian patents. *See* Dkt. 72 at 1. That allegation is wrong. Defendants' Reply directly addressed and responded to InterDigital's core argument that the encoding technology encompassed by the Brazilian patents is not essential to the Compression Standards (*see* Dkt. 57 at 7-8).

In reality, it is InterDigital that is seeking to submit entirely new arguments and evidence. The Court need look no further than InterDigital's attempt to submit entirely new expert opinions and new arguments regarding the alleged scope of the Compression Standards. In its Evidentiary Objection, InterDigital is arguing for the first time that the *compression techniques* explicitly specified and required by the standards are actually "optional." But these features are "optional" only in the sense that using the Compression Standards to perform any compression of video whatsoever is technically "optional." Following InterDigital's new arguments and logic, nothing in the Compression Standards would ever be essential because

1 | Defendants have the "option" of just not using any of the compression techniques
2 | in the standards.
3 |   In short, InterDigital's Evidentiary Objection is an improper attempt to allow
4 | InterDigital to have the last (incorrect) word about the scope of the Compression
5 | Standards and to inject new arguments shortly before the hearing. Engaging in self-
6 | help and submitting a sur-reply styled as an Evidentiary Objection less than a week
7 | before the hearing is unduly prejudicial. The Court should strike InterDigital's
8 | objection and disregard InterDigital's new and improper arguments.

## ARGUMENT

InterDigital's Evidentiary Objection should be dismissed because it is a disguised sur-reply filed in violation of Local Rule 7-10. InterDigital's Evidentiary Objection also completely lacks merit because the Supplemental Declaration of Ketan Mayer-Patel merely responds to InterDigital's Opposition arguments with additional discussion regarding the sections of the Compression Standards InterDigital already cited. Nevertheless, if this Court chooses to consider InterDigital's new arguments, Defendants should be allowed to respond to those arguments.

### I. InterDigital's Evidentiary Objection is Baseless and Its Sur-Reply is Improper

It is clear that InterDigital improperly seeks "to file a surreply not to respond to any arguments improperly raised for the first time in reply, but to attempt to get the last word." *Afifeh v. Ahmadabadi*, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022). Indeed, it blatantly did so without leave from the Court in violation of this Court's rules. The only justification for this is a footnote that states that InterDigital would move for leave if the Court prefers to consider the sur-reply that InterDigital has *already* submitted. *See* Dkt. 72 at n.1. The Court should strike InterDigital's Evidentiary Objection for this procedural violation alone.

2

1       But, in any case, "evidence submitted with a reply brief is not new evidence
2  when it is submitted to rebut arguments raised in the opposition brief." *Applied*
3  *Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16,
4  2020). And where, as here, "a reply neither 'presents new arguments nor new
5  evidence,' surreply is improper." *Farmer v. Barkbox, Inc.*, 2023 WL 3149278, at *1
6  (C.D. Cal. Apr. 11, 2023) (quoting *Afifeh*, 2022 WL 3016147, at *1). Thus, because
7  the Supplemental Declaration of Ketan Mayer-Patel merely rebuts the arguments in
8  InterDigital's Opposition, any sur-reply is improper.
9       Specifically, the core of InterDigital's Opposition is its argument that
10 encoding claims are never within the scope of the Compression Standards—an
11 argument that relied heavily on mischaracterizations of the Compression Standards
12 and the materials submitted in the Brazilian Action. *See, e.g.*, Dkt. 57 at 7-8. As this
13 Court and others have repeatedly recognized, Defendants are allowed to rebut
14 InterDigital's arguments and its "selected recitation of facts." *See Terrell v. Contra*
15 *Costa County*, 232 Fed. Appx. 626, 629 n.2 (9th Cir. Apr. 16, 2007) (Unpub.
16 Disp.) (concluding that evidence adduced in reply was not new where "[t]he Reply
17 Brief addressed the same set of facts supplied in Terrell's opposition to the motion
18 but provides the full context to Terrell's selected recitation of facts")*; Chloe SAS v.*
19 *Sawabeh Info. Servs. Co.*, 2015 WL 12734005, at *2 (C.D. Cal. June 3, 2015)
20 (holding "the facts are not 'new,' as they simply provide additional context in
21 response to defendants' account" of the events of the case); *Jordan v. Terhune*,
22 2009 WL 276764, at *3 (E.D. Cal. Feb. 5, 2009) ("Defendants' reply does not
23 present new arguments nor new evidence; they simply note the problems with
24 plaintiff's evidentiary support. The surreply is improper"). Moreover, the
25 Supplemental Mayer-Patel Declaration merely expands upon the technical
26 arguments Defendants included in their Motion. *See* Dkt. 50-1 at 6, 10-11.
27     InterDigital's only argument in favor of its evidentiary objection and sur-
28 reply seems to be that Defendants should have been prescient enough to respond to

3

InterDigital's Opposition arguments in their Motion. This is obviously an unreasonable expectation, even putting aside practical considerations like word limits.

Accordingly, this Court should not exclude the Supplemental Mayer-Patel Declaration and additionally should not allow InterDigital's improper attempt to submit a sur-reply under the guise of an evidentiary objection.

## II. If the Court Considers InterDigital's Improper Sur-Reply, Defendants Should Be Permitted to Respond to InterDigital's New Arguments

In contrast to Defendants' Reply, InterDigital's proposed sur-reply *does* present entirely new arguments and evidence that allegedly "optional" encoder functionalities "can be omitted completely from an encoder and a bitstream can still comply with H.264 or H.265" and so are not essential to the Compression Standards. Dkt. 72-1 at 1. This is a new argument that mischaracterizes the Compression Standards, as demonstrated by the language of the standards themselves as well as the proposal for weighted-prediction submitted to the ITU by the inventor of the Brazilian Patents. InterDigital ignores the content of the Compression Standards and argues that both (1) inter prediction and (2) a part of inter prediction called weighted prediction are "optional." *See* Dkt. 72-1 at 7-15. In short, InterDigital is arguing that anything and everything within the Compression Standards can be "optional," including both video encoders and decoders. Such a result is clearly inconsistent with the purpose of InterDigital's RAND obligations and the industry's adoption of the Compression Standards over two decades ago. Accordingly, to the extent the Court is willing to consider InterDigital's sur-reply and accompanying Declaration of Ian Richardson, the Court should allow Defendants to respond to these new arguments. Defendants' proposed Sur-Sur-Reply is attached as Exhibit A.

# CONCLUSION

For the reasons described above, the Court should decline to exclude the Supplemental Mayer-Patel Declaration and should refuse to consider InterDigital's sur-reply.

DATED: May 27, 2025               Respectfully submitted,

                                  By:  */s/ Ryan K. Yagura*
                                          Ryan K. Yagura

                                  RYAN K. YAGURA
                                  NICHOLAS J. WHILT
                                  XIN-YI ZHOU
                                  O'MELVENY & MYERS LLP

                                  *Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.*