Richard A. Kamprath (*admitted pro hac vice*)
rkamprath@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone:   (214) 978-4000
Facsimile:    (214) 978-4044

Nancy Olson (SBN 260303)
nolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Additional Counsel for Plaintiffs listed in signature block
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| INTERDIGITAL, INC., *et al.*,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>THE WALT DISNEY COMPANY, *et al.*,<br><br>Defendants and Counterclaim-Plaintiffs. | **Case No. 2:25-cv-00895-WLH-BFM**<br><br>**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

McKool Smith, P.C.
Los Angeles, CA

McKool Smith, P.C.
Los Angeles, CA

Plaintiffs InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS (collectively, "Plaintiffs" or "InterDigital"), hereby file this Answer to Defendants The Walt Disney Company; Disney Media and Entertainment Distribution LLC; Disney DTC LLC; Disney Streaming Services LLC; Disney Entertainment & Sports LLC; Disney Platform Distribution, Inc.; BAMTech, LLC; Hulu, LLC; and ESPN, Inc. (collectively, "Disney" or "Defendants") Counterclaims, Dkt. 42 ("Counterclaims"). InterDigital denies the allegations and characterizations in Disney's Counterclaims unless expressly admitted in the following paragraphs.[1]

1.    Paragraph 1 contains a statement for which no response is required. To the extent that a response is required, InterDigital denies the allegations contained in Paragraph 1.

2.    InterDigital denies the allegations contained in Paragraph 2.

3.    Paragraph 3 contains a statement for which no response is required. To the extent that a response is required, InterDigital denies the allegations contained in Paragraph 3.

4.    Paragraph 4 contains a statement for which no response is required. To the extent that a response is required, InterDigital denies the allegations contained in Paragraph 4.

## PARTIES

5.    InterDigital admits that Counterclaim-Plaintiff The Walt Disney Company has identified itself as a Delaware corporation with its principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

6.    InterDigital admits that Counterclaim-Plaintiff Disney Media and Entertainment Distribution LLC has identified itself as a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank,

---

[1] To the extent any section header in Disney's Counterclaims is construed as a factual allegation, InterDigital denies any and all such allegations.

California 91521.

7.      InterDigital admits that Counterclaim-Plaintiff Disney DTC LLC has identified itself as a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

8.      InterDigital admits that Counterclaim-Plaintiff Disney Streaming Services LLC has identified itself as a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

9.      InterDigital admits that Counterclaim-Plaintiff Disney Entertainment & Sports LLC has identified itself as a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

10.     InterDigital admits that Counterclaim-Plaintiff Disney Platform Distribution, Inc. has identified itself as a Delaware corporation with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

11.     InterDigital admits that Counterclaim-Plaintiff BAMTech, LLC has identified itself as a Delaware limited liability company with a principal place of business at 1211 Avenue of the Americas, New York, New York 10036.

12.     InterDigital admits that Counterclaim-Plaintiff Hulu, LLC has identified itself as a Delaware limited liability company with a principal place of business at 2500 Broadway, Santa Monica, California 90404.

13.     InterDigital admits that Counterclaim-Plaintiff ESPN, Inc. has identified itself as a Delaware corporation with a principal place of business at ESPN Plaza, Bristol, Connecticut 06010.

14.     InterDigital admits that Counterclaim-Defendant InterDigital, Inc. is a Pennsylvania corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, Delaware 19809.

15.     InterDigital admits that Counterclaim-Defendant InterDigital VC Holdings, Inc. is a Delaware corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, Delaware 19809.

P's Ans. to D's Counterclaims                    Case No. 2:25-cv-00895-WLH-BFM

16.     InterDigital admits that Counterclaim-Defendant InterDigital Madison Patent Holdings, SAS is a French société par actions simplifiée (simplified joint stock company) with its principal place of business at 3 Rue du Colonel Moll, Paris, France 75017.

17.     InterDigital admits that Counterclaim-Defendant InterDigital CE Patent Holdings, SAS is a French société par actions simplifiée (simplified joint stock company) with its principal place of business at 3 Rue du Colonel Moll, Paris, France 75017.

## JURISDICTION AND VENUE

18.     InterDigital admits that Disney has filed declaratory judgment Counterclaims. InterDigital further admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. InterDigital denies any remaining allegations contained in Paragraph 18.

19.     InterDigital admits that Disney has filed contract and contract-related Counterclaims. InterDigital admits that this Court has subject matter jurisdiction over any such claims pursuant to 28 U.S.C. § 1367. InterDigital denies any remaining allegations contained in Paragraph 19.

20.     InterDigital admits that personal jurisdiction is proper over InterDigital for purposes of these Counterclaims only, and only by virtue of the fact that Disney alleges these Counterclaims in response to InterDigital's Complaint in this case. InterDigital otherwise denies any remaining allegations contained in Paragraph 20.

21.     InterDigital admits that venue is proper in this Court for purposes of this action only, and only by virtue of the fact that InterDigital filed the original Complaint in this case. InterDigital further admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. InterDigital otherwise denies any remaining allegations contained in Paragraph 21.

1  # FACTUAL BACKGROUND

2  ## [Alleged] Industry Technical Standards

3  22.     Paragraph 22 contains a statement for which no response is required. To

4  the extent a response is required, InterDigital denies the remaining allegations as

5  phrased in the aforementioned paragraph.

6  23.     Paragraph 23 contains a statement for which no response is required. To

7  the extent a response is required, InterDigital denies the remaining allegations as

8  phrased in the aforementioned paragraph.

9  24.     Paragraph 24 contains a statement for which no response is required. To

10  the extent a response is required, InterDigital denies the remaining allegations as

11  phrased in the aforementioned paragraph.

12  ## The [Alleged] H.264 and H.265 Standards

13  25.     InterDigital denies the allegations contained in Paragraph 25.

14  26.     InterDigital admits the allegations contained in Paragraph 26.

15  27.     InterDigital admits the allegations contained in Paragraph 27.

16  28.     InterDigital was unable to verify the accuracy of the quoted language in

17  Paragraph 28, because the link cited does not provide the source material, and, on that

18  basis, InterDigital denies the allegations contained in Paragraph 28.

19  29.     InterDigital admits that the prior assignee of U.S. Patent No. 8,406,301

20  ("the '301 Patent"), U.S. Patent No. 10,805,610 ("the '610 Patent"); U.S. Patent No.

21  11,381,818 ("the '818 Patent"), and U.S. Patent No. 8,085,297 ("the '297 Patent") was

22  Thomson Licensing. InterDigital further admits that the prior assignee of U.S. Patent

23  No. 9,185,268 ("the '268 Patent") was Thomson Licensing DTV (collectively, the

24  "Asserted Patents"). InterDigital admits that Thomson Licensing was a member of the

25  ITU and participated in the "early development of the standard that would become

26  H.264." InterDigital denies any remaining allegations contained in Paragraph 29.

27  30.     The first three sentences of Paragraph 30 contain a statement for which

28  no response is required. To the extent a response is required, InterDigital denies such

McKool Smith, P.C.
Los Angeles, CA

allegations. As to the fourth sentence of Paragraph 30, InterDigital lacks information regarding the alleged participation of "Thomson Licensing . . . in the JCTVC's efforts to develop the H.265 standard" and on that basis denies those allegations.

31.    InterDigital admits that "[t]he H.264 and H.265 standards are [among] the most popular methods of coding video content." InterDigital lacks sufficient knowledge or information on which to form a belief as to the remaining allegations of Paragraph 31 and, on that basis, denies them.

### The [Alleged] Common Patent Policy and Guidelines

32.    InterDigital admits that the Guidelines for Implementation of the Common Patent Policy for ITU-T/ITU-R/ISO/IEC Revision 1, effective April 23, 2012 (the "2012 Guidelines") state "[t]he Guidelines for Implementation of the Common Patent Policy for ITU-T/ITU-R/ISO/IEC are intended to clarify and facilitate implementation of the Patent Policy." InterDigital further admits that the Guidelines for Implementation of the Common Patent Policy for ITU-T/ITU-R/ISO/IEC Revision 2, effective June 26, 2015 ("2015 Guidelines") state "[i]n doing so, greater efficiency in standards development is possible and potential patent rights problems can be avoided." InterDigital denies all remaining allegations contained in Paragraph 32.

33.    InterDigital admits that the 2012 Guidelines at Annex 1 and the 2015 Guidelines at Annex 1 state that recommendations and deliverables "ensure compatibility of technologies and systems on a worldwide basis . . . which is in the common interests of all those participating." InterDigital further admits that the 2012 Guidelines at Annex 1 and the 2015 Guidelines at Annex 1 state that "a patent embodied fully or partly . . . must be accessible to everybody without undue constraints. To meet this requirement in general is the sole objective of the code of practice." InterDigital denies all remaining allegations contained in Paragraph 33.

34.    InterDigital admits that the 2012 Guidelines at Annex 1 and the 2015 Guidelines at Annex 1 state "any party participating in the work of ITU, ISO or IEC should, from the outset, draw the attention of the Director of ITU-TSB, the Director of

1    ITU-BR, or the offices of the CEOs of ISO or IEC, respectively, to any known patent

2    or to any known pending patent application." InterDigital further admits that the 2012

3    Guidelines at Annex 1 and the 2015 Guidelines at Annex 1 state "information as

4    referred to in paragraph 1 has been disclosed, three different situations may arise: (2.1)

5    The patent holder is willing to negotiate licences free of charge with other parties on a

6    non-discriminatory basis on reasonable terms and conditions . . . . (2.2) The patent

7    holder is willing to negotiate licences with other parties on a non-discriminatory basis

8    on reasonable terms and conditions . . . . (2.3) The patent holder is not willing to comply

9    with the provisions of either paragraph (2.1) or paragraph (2.2); in such case, the

10   Recommendation | Deliverable shall not include provisions depending on the patent."

11   InterDigital denies all remaining allegations contained in Paragraph 34.

12       35.    InterDigital admits that the 2012 Guidelines at Annex 1 and the 2015

13   Guidelines at Annex 1 state "[w]hatever case applies (2.1, 2.2 or 2.3), the patent holder

14   has to provide a written statement to be filed at ITU-TSB, ITU-BR or the offices of the

15   CEOs of ISO or IEC, respectively, using the appropriate 'Patent Statement and

16   Licensing Declaration' Form. This statement must not include additional provisions,

17   conditions, or any other exclusion clauses in excess of what is provided for each case

18   in the corresponding boxes of the form." InterDigital denies all remaining allegations

19   contained in Paragraph 35.

20       36.    InterDigital admits that the 2012 Guidelines at 2 and the 2015 Guidelines

21   at 2 state "any party not participating in Technical Bodies may draw the attention of the

22   Organizations to any known Patent, either their own and/or of any third-party."

23   InterDigital admits that the 2012 Guidelines at 3 and the 2015 Guidelines at 3 state

24   "[t]he Patent Policy and these Guidelines also apply to any Patent disclosed or drawn

25   to the attention of the Organizations subsequent to the approval of a Recommendation

26   | Deliverable." InterDigital denies all remaining allegations contained in Paragraph 36.

27       37.    InterDigital admits that the 2012 Guidelines at 3 and the 2015 Guidelines

28   at 3 state "[t]he Declaration Form gives Patent Holders the means of making a licensing

declaration relative to rights in Patents required for implementation of a specific Recommendation | Deliverable. Specifically, by submitting this Declaration Form the submitting party declares its willingness to license (by selecting option 1 or 2 on the Form) /or its unwillingness to license (by selecting option 3 on the Form), according to the Patent Policy, Patents held by it and whose licence would be required to practice or implement part(s) or all of a specific Recommendation | Deliverable." InterDigital further admits that the 2012 Guidelines and the 2015 Guidelines at 2 define "Patent" as "those claims contained in and identified by patents, utility models and other similar statutory rights based on inventions (including applications for any of these) solely to the extent that any such claims are essential to the implementation of a Recommendation | Deliverable." InterDigital denies all remaining allegations contained in Paragraph 37.

38.     InterDigital admits that the 2012 Guidelines at 4 and the 2015 Guidelines at 3-4 state the "licensing declaration contained in the Declaration Form remains in force unless it is superseded by another Declaration Form containing more favourable licensing terms and conditions from a licensee's perspective." InterDigital denies all remaining allegations contained in Paragraph 38.

39.     InterDigital admits that the 2012 Guidelines at 5 state "if the Patent Holder specifically identified patents to ITU/ISO/IEC, then the Patent Holder shall have the assignee or transferee agree to be bound by the same licensing commitment as the Patent Holder for the same patent." InterDigital denies all remaining allegations contained in Paragraph 39.

40.     InterDigital admits that the Declaration Form could create a contractual basis for a third-party beneficiary, but only for those that meet the requirements of the SSO declaration. InterDigital denies all remaining allegations contained in Paragraph 40.

### InterDigital's [Alleged] RAND Obligations

41.     InterDigital denies the allegations contained in Paragraph 41. The

McKool Smith, P.C.
Los Angeles, CA

Asserted Claims are all encoder claims, which are not subject to a RAND commitment.

*This Action*

42.      InterDigital denies the allegations contained in Paragraph 42. The Asserted Claims are all encoder claims, which are not subject to a RAND commitment.

43.      InterDigital admits that the '301, '610, and '818 Patents were previously assigned to Thomson Licensing.

44.      InterDigital admits that David W. Herring, Director, Licensing, on behalf of Thomson Licensing, signed a "Patent Statement and Licensing Declaration for ITU-T or ITU-R Recommendation | ISO or IEC Deliverable" on June 19, 2014. InterDigital further admits that Thomson Licensing submitted this Declaration Form to the ITU, ISO, and IEC. InterDigital denies all remaining allegations contained in Paragraph 44, and specifically denies that the encoder claims asserted against Disney are subject to RAND terms.

45.      InterDigital admits that David W. Herring, Director, Licensing, on behalf of Thomson Licensing, signed a "Patent Statement and Licensing Declaration for ITU-T or ITU-R Recommendation | ISO or IEC Deliverable" on December 18, 2012. InterDigital further admits that Thomson Licensing submitted this Declaration Form to the ITU, ISO, and IEC. InterDigital denies all remaining allegations contained in Paragraph 45, and specifically denies that the encoder claims asserted against Disney are subject to RAND terms.

46.      InterDigital admits that David W. Herring, Director of Licensing and Patent Strategy, Intellectual Property & Licensing, on behalf of Thomson Licensing, signed a "Patent Statement and Licensing Declaration for ITU-T or ITU-R Recommendation | ISO or IEC Deliverable" on June 7, 2016. InterDigital further admits that Thomson Licensing submitted this Declaration Form to the ITU, ISO, and IEC. InterDigital denies all remaining allegations contained in Paragraph 46, and specifically denies that the encoder claims asserted against Disney are subject to RAND terms.

47.      To the extent that any claim of any of the Asserted Patents is found to be

McKool Smith, P.C.
Los Angeles, CA

subject to a RAND commitment, InterDigital admits that it is bound by the commitments Thomson Licensing made to offer licenses on RAND terms for any patent claims that are actually essential to implementing the H.264 and H.265 standards. InterDigital denies all remaining allegations contained in Paragraph 47.

48.     InterDigital admits that Bradley Ditty, Vice President, Patents, on behalf of InterDigital Video Technologies, Inc., signed a "Patent Statement and Licensing Declaration for ITU-T or ITU-R Recommendation | ISO or IEC Deliverable" on August 24, 2020. InterDigital further admits that InterDigital submitted this Declaration Form to the ITU, ISO, and IEC. InterDigital denies all remaining allegations contained in Paragraph 48, and specifically denies that the encoder claims asserted against Disney are subject to RAND terms.

49.     InterDigital denies the allegations contained in Paragraph 49.

*The Brazilian Action*

50.     InterDigital admits that on February 3, 2025, InterDigital VC Holdings, Inc. filed a patent infringement action against Disney in Brazil asserting Brazilian patents PI0305519-1 and PI0318825-6 (collectively, the "Brazilian Patents"). InterDigital admits that the Brazilian Patents are in the same patent family as the '301 Patent. InterDigital denies all remaining allegations contained in Paragraph 50.

51.     InterDigital admits that David W. Herring, Director of Licensing, on behalf of Thomson Licensing, signed a "Patent Statement and Licensing Declaration for ITU-T or ITU-R Recommendation | ISO or IEC Deliverable" on December 18, 2012. InterDigital further admits that Thomson Licensing submitted this Declaration Form to the ITU, ISO, and IEC. InterDigital denies all remaining allegations contained in Paragraph 51, and specifically denies that the encoder claims asserted against Disney are subject to RAND terms.

52.     InterDigital denies the allegations contained in Paragraph 52.

*The UPC Actions*

53.     InterDigital admits that on February 3, 2025, InterDigital VC Holdings,

P's Ans. to D's Counterclaims               Case No. 2:25-cv-00895-WLH-BFM

Inc. filed a patent infringement action against Disney in the Unified Patent Court's Mannheim Local Division asserting European Patent EP2465265. InterDigital further admits that on February 3, 2025, InterDigital VC Holdings, Inc. filed a patent infringement action against Disney in the Unified Patent Court's Düsseldorf Local Division asserting European Patent EP2449782. InterDigital denies all remaining allegations contained in Paragraph 53.

54.    InterDigital admits that that David W. Herring, Director of Licensing and Patent Strategy, on behalf of Thomson Licensing, signed a "Patent Statement and Licensing Declaration for ITU-T or ITU-R Recommendation | ISO or IEC Deliverable" on February 5, 2017. InterDigital further admits that Thomson Licensing submitted this Declaration Form to the ITU, ISO, and IEC. InterDigital denies all remaining allegations contained in Paragraph 54, and specifically denies that the encoder claims asserted against Disney are subject to RAND terms.

55.    InterDigital denies the allegations contained in Paragraph 55.

## InterDigital's [Alleged] Breach of Its Contractual Obligation to License Its Identified Patents on the Promised Terms

56.    InterDigital denies the allegations contained in Paragraph 56.

57.    InterDigital denies the allegations contained in Paragraph 57.

58.    InterDigital admits that it filed this Action against Disney. InterDigital further admits that InterDigital initiated patent infringement actions against Disney in Germany, Brazil, the Unified Patent Court's Düsseldorf Local Division, and the Unified Patent Court's Mannheim Local Division. InterDigital further admits that it has sought an *ex parte* injunction against Disney in the Brazilian action. InterDigital denies all remaining allegations contained in Paragraph 58.

59.    InterDigital admits that it received a letter from Disney on February 19, 2025. InterDigital further admits that the February 19, 2025 letter states on pages 1-2, "TWDC requests that InterDigital propose a license on a worldwide, non-discriminatory basis and on reasonable terms and conditions consistent with ITU

McKool Smith, P.C.
Los Angeles, CA

RAND policies and Thomson's (and InterDigital's) commitments to the ITU." InterDigital admits that none of the Asserted Claims in the U.S., German, Brazilian, and UPC cases are RAND encumbered. InterDigital admits that it made an economic offer to Disney months prior to initiating any litigation. InterDigital admits that Disney has never made a counteroffer, despite repeatedly requesting one. InterDigital denies all remaining allegations contained in Paragraph 59.

60.    InterDigital admits that none of the Asserted Claims in the U.S., German, Brazilian, and UPC cases are RAND encumbered. InterDigital admits that it made an economic offer to Disney months prior to initiating any litigation. InterDigital admits that Disney has never made a counteroffer, despite repeatedly requesting one. InterDigital admits that it sent a letter to Disney on February 28, 2025. InterDigital further admits that the February 28, 2025 letter from InterDigital to Disney states on page 2: "video encoding technology itself is not specified in the H.264/5 standards and thus it is not RAND encumbered." InterDigital denies all remaining allegations contained in Paragraph 60.

## FIRST COUNTERCLAIM

### (Breach of Contract)

61.    InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

62.    InterDigital denies the allegations contained in Paragraph 62, and specifically denies that the encoder claims asserted against Disney are subject to RAND terms.

63.    InterDigital denies the allegations contained in Paragraph 63.

64.    InterDigital denies the allegations contained in Paragraph 64, and specifically denies that the encoder claims asserted against Disney are subject to RAND terms.

65.    InterDigital denies the allegations contained in Paragraph 65.

66.    InterDigital denies the allegations contained in Paragraph 66.

McKool Smith, P.C.
Los Angeles, CA

67.     InterDigital denies the allegations contained in Paragraph 67.

## SECOND COUNTERCLAIM

### (Promissory Estoppel)

68.     InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

69.     InterDigital denies the allegations contained in Paragraph 69.

70.     InterDigital denies the allegations contained in Paragraph 70.

71.     InterDigital denies the allegations contained in Paragraph 71.

72.     InterDigital denies the allegations contained in Paragraph 72.

73.     InterDigital denies the allegations contained in Paragraph 73.

74.     InterDigital denies the allegations contained in Paragraph 74.

75.     InterDigital denies the allegations contained in Paragraph 75.

## THIRD COUNTERCLAIM

### (Breach of Duty of Good Faith)

76.     InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

77.     InterDigital denies the allegations contained in Paragraph 77.

78.     InterDigital denies the allegations contained in Paragraph 78.

79.     InterDigital denies the allegations contained in Paragraph 79.

80.     InterDigital denies the allegations contained in Paragraph 80.

81.     InterDigital denies the allegations contained in Paragraph 81.

## FOURTH COUNTERCLAIM

### (Request for Declaratory Judgment that InterDigital has Not Complied with Its Obligations)

82.     InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

83.     InterDigital denies the allegations contained in Paragraph 83.

84.     InterDigital denies the allegations contained in Paragraph 84.

McKool Smith, P.C.
Los Angeles, CA

1    85.     InterDigital denies the allegations contained in Paragraph 85.

2    86.     InterDigital denies the allegations contained in Paragraph 86.

3    87.     This paragraph contains legal conclusions to which no response is

4    required. To the extent a response is required, InterDigital denies the allegations

5    contained in Paragraph 87.

6    88.     InterDigital denies the allegations contained in Paragraph 88.

7    ## FIFTH COUNTERCLAIM

8    ### (Non-Infringement of the '301 Patent)

9    89.     InterDigital restates and reincorporates by reference the entirety of the

10   foregoing paragraphs, as if fully set forth herein.

11   90.     InterDigital denies the allegations contained in Paragraph 90.

12   91.     InterDigital admits that an actual controversy exists with respect to

13   Disney's infringement of the '301 Patent. InterDigital denies the remaining allegations

14   contained in Paragraph 91.

15   92.     InterDigital denies the allegations contained in Paragraph 92.

16   93.     InterDigital denies the allegations contained in Paragraph 93.

17   ## SIXTH COUNTERCLAIM

18   ### (Non-Infringement of the '610 Patent)

19   94.     InterDigital restates and reincorporates by reference the entirety of the

20   foregoing paragraphs, as if fully set forth herein.

21   95.     InterDigital denies the allegations contained in Paragraph 95.

22   96.     InterDigital admits that an actual controversy exists with respect to

23   Disney's infringement of the '610 Patent. InterDigital denies the remaining allegations

24   contained in Paragraph 96.

25   97.     InterDigital denies the allegations contained in Paragraph 97.

26   98.     InterDigital denies the allegations contained in Paragraph 98.

27

28

McKool Smith, P.C.
Los Angeles, CA

## SEVENTH COUNTERCLAIM

### (Non-Infringement of the '818 Patent)

99.    InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

100.    InterDigital denies the allegations contained in Paragraph 100.

101.    InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '818 Patent. InterDigital denies the remaining allegations contained in Paragraph 101.

102.    InterDigital denies the allegations contained in Paragraph 102.

103.    InterDigital denies the allegations contained in Paragraph 103.

## EIGHTH COUNTERCLAIM

### (Non-Infringement of the '268 Patent)

104.    InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

105.    InterDigital denies the allegations contained in Paragraph 105.

106.    InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '268 Patent. InterDigital denies the remaining allegations contained in Paragraph 106.

107.    InterDigital denies the allegations contained in Paragraph 107.

108.    InterDigital denies the allegations contained in Paragraph 108.

## NINTH COUNTERCLAIM

### (Non-Infringement of the '297 Patent)

109.    InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

110.    InterDigital denies the allegations contained in Paragraph 110.

111.    InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '297 Patent. InterDigital denies the remaining allegations contained in Paragraph 111.

McKool Smith, P.C.
Los Angeles, CA

1    112.   InterDigital denies the allegations contained in Paragraph 112.

2    113.   InterDigital denies the allegations contained in Paragraph 113.

3    **TENTH COUNTERCLAIM**

4    **(Invalidity of the '301 Patent)**

5    114.   InterDigital restates and reincorporates by reference the entirety of the

6    foregoing paragraphs, as if fully set forth herein.

7    115.   InterDigital denies the allegations contained in Paragraph 115.

8    116.   InterDigital admits that an actual controversy exists with respect to

9    Disney's infringement of the '301 Patent. InterDigital denies the remaining allegations

10    contained in Paragraph 116.

11    117.   InterDigital denies the allegations contained in Paragraph 117.

12    118.   InterDigital denies the allegations contained in Paragraph 118.

13    **ELEVENTH COUNTERCLAIM**

14    **(Invalidity of the '610 Patent)**

15    119.   InterDigital restates and reincorporates by reference the entirety of the

16    foregoing paragraphs, as if fully set forth herein.

17    120.   InterDigital denies the allegations contained in Paragraph 120.

18    121.   InterDigital admits that an actual controversy exists with respect to

19    Disney's infringement of the '610 Patent. InterDigital denies the remaining allegations

20    contained in Paragraph 121.

21    122.   InterDigital denies the allegations contained in Paragraph 122.

22    123.   InterDigital denies the allegations contained in Paragraph 123.

23    **TWELFTH COUNTERCLAIM**

24    **(Invalidity of the '818 Patent)**

25    124.   InterDigital restates and reincorporates by reference the entirety of the

26    foregoing paragraphs, as if fully set forth herein.

27    125.   InterDigital denies the allegations contained in Paragraph 125.

28    126.   InterDigital admits that an actual controversy exists with respect to

McKool Smith, P.C.
Los Angeles, CA

1  Disney's infringement of the '818 Patent. InterDigital denies the remaining allegations

2  contained in Paragraph 126.

3      127.   InterDigital denies the allegations contained in Paragraph 127.

4      128.   InterDigital denies the allegations contained in Paragraph 128.

5                    **THIRTEENTH COUNTERCLAIM**

6                    **(Invalidity of the '268 Patent)**

7      129.   InterDigital restates and reincorporates by reference the entirety of the

8  foregoing paragraphs, as if fully set forth herein.

9      130.   InterDigital denies the allegations contained in Paragraph 130.

10     131.   InterDigital admits that an actual controversy exists with respect to

11 Disney's infringement of the '268 Patent. InterDigital denies the remaining allegations

12 contained in Paragraph 131.

13     132.   InterDigital denies the allegations contained in Paragraph 132.

14     133.   InterDigital denies the allegations contained in Paragraph 133.

15                   **FOURTEENTH COUNTERCLAIM**

16                   **(Invalidity of the '297 Patent)**

17     134.   InterDigital restates and reincorporates by reference the entirety of the

18 foregoing paragraphs, as if fully set forth herein.

19     135.   InterDigital denies the allegations contained in Paragraph 135.

20     136.   InterDigital admits that an actual controversy exists with respect to

21 Disney's infringement of the '297 Patent. InterDigital denies the remaining allegations

22 contained in Paragraph 136.

23     137.   InterDigital denies the allegations contained in Paragraph 137.

24     138.   InterDigital denies the allegations contained in Paragraph 138.

25                   **FIFTEENTH COUNTERCLAIM**

26   **(Request for Declaratory Judgment of Patent Exhaustion with Respect To The**

27                        **'301 Patent)**

28     139.   InterDigital restates and reincorporates by reference the entirety of the

McKool Smith, P.C.
Los Angeles, CA

foregoing paragraphs, as if fully set forth herein.

140.    InterDigital admits that the website https://www.apple.com/mac-studio/specs/ lists "Hardware-accelerated H.264, HEVC" on the webpage for the Mac Studio. InterDigital further admits that the website https://www.apple.com/final-cut-pro/compressor/ states "Quickly set up encoding jobs for a broad range of industry-standard formats, including MPEG-2, H.264, HEVC, QuickTime, and MXF" on the webpage for the Compressor. InterDigital denies the remaining allegations contained in Paragraph 140.

141.    InterDigital lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 141 and, on that basis, denies them.

142.    InterDigital admits it has entered into a license agreement with Apple. Disney alleges "InterDigital's patent rights regarding the '301 Patent have been exhausted," or that Disney is "expressly licensed to the '301 Patent" and/or "impliedly licensed to the '301 Patent" in its Counterclaims. Counterclaims ¶¶ 143, 149, 160. InterDigital specifically denies these allegations. Moreover, Disney has admitted that it uses open source (i.e., non-Apple) encoders with respect to each of the Accused Instrumentalities. Dkt. 64-3 at 195-96 (Disney admitting that "Disney uses x264 and x265 encoders in its Disney+ service" and that the "x264 encoder is an open-source library developed by VideoLAN"). InterDigital specifically denies that any Disney Accused Instrumentality is covered by the InterDigital/Apple license. InterDigital denies the remaining allegations contained in Paragraph 142.

143.    InterDigital lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 143 and, on that basis, denies them.

144.    InterDigital denies the allegations contained in Paragraph 144.

145.    InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '301 Patent. InterDigital denies the remaining allegations contained in Paragraph 145.

146.    InterDigital denies the allegations contained in Paragraph 146.

McKool Smith, P.C.
Los Angeles, CA

P's Ans. to D's Counterclaims                    Case No. 2:25-cv-00895-WLH-BFM

1  ## SIXTEENTH COUNTERCLAIM

2  **(Request for Declaratory Judgment of Express License with Respect To The '301**

3  **Patent)**

4       147.  InterDigital restates and reincorporates by reference the entirety of the

5  foregoing paragraphs, as if fully set forth herein.

6       148.  InterDigital admits it has entered into a license agreement with Apple.

7  Disney alleges "InterDigital's patent rights regarding the '301 Patent have been

8  exhausted," or that Disney is "expressly licensed to the '301 Patent" and/or "impliedly

9  licensed to the '301 Patent" in its Counterclaims. Counterclaims ¶¶ 143, 149, 160.

10  InterDigital specifically denies these allegations. Moreover, Disney has admitted that it

11  uses open source (i.e., non-Apple) encoders with respect to each of the Accused

12  Instrumentalities. Dkt. 64-3 at 195-96 (Disney admitting that "Disney uses x264 and

13  x265 encoders in its Disney+ service" and that the "x264 encoder is an open-source

14  library developed by VideoLAN"). InterDigital specifically denies that any Disney

15  Accused Instrumentality is covered by the InterDigital/Apple license. InterDigital

16  denies the remaining allegations contained in Paragraph 148.

17       149.  InterDigital lacks sufficient knowledge or information on which to form a

18  belief as to Disney's allegations regarding its alleged use of the Mac Studio computer

19  and/or the Compressor software and, on that basis, denies them. InterDigital denies the

20  remaining allegations contained in Paragraph 149.

21       150.  InterDigital lacks sufficient knowledge or information on which to form a

22  belief as to Disney's allegations regarding its alleged use of an Apple computer and/or

23  Apple software and, on that basis, denies them. InterDigital denies the remaining

24  allegations contained in Paragraph 150.

25       151.  InterDigital admits that an actual controversy exists with respect to

26  Disney's infringement of the '301 Patent. InterDigital denies the remaining allegations

27  contained in Paragraph 151.

28       152.  InterDigital lacks sufficient knowledge or information on which to form a

McKool Smith, P.C.
Los Angeles, CA

belief as to Disney's allegations regarding its alleged use of the Mac Studio computer and/or the Compressor software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 152.

153. InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '301 Patent" and/or "impliedly licensed to the '301 Patent" in its Counterclaims. Counterclaims ¶¶ 154, 165. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 153.

154. InterDigital admits that the website https://www.samsung.com/ca/support/tv-audio-video/tv-watch-disney-plus/ opens to a webpage titled "How to watch Disney+ on your Samsung Smart TV." InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '301 Patent" and/or "impliedly licensed to the '301 Patent" in its Counterclaims. Counterclaims ¶¶ 154, 165. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 154.

155. InterDigital denies the allegations contained in Paragraph 155.

156. InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '301 Patent. InterDigital denies the remaining allegations contained in Paragraph 156.

157. InterDigital denies the allegations contained in Paragraph 157.

1    **SEVENTEENTH COUNTERCLAIM**

2    **(Request for Declaratory Judgment of Implied License with Respect To The '301**

3    **Patent)**

4    158.    InterDigital restates and reincorporates by reference the entirety of the

5    foregoing paragraphs, as if fully set forth herein.

6    159.    InterDigital admits it has entered into a license agreement with Apple.

7    Disney alleges "InterDigital's patent rights regarding the '301 Patent have been

8    exhausted," or that Disney is "expressly licensed to the '301 Patent" and/or "impliedly

9    licensed to the '301 Patent" in its Counterclaims. Counterclaims ¶¶ 143, 149, 160.

10   InterDigital specifically denies these allegations. Moreover, Disney has admitted that it

11   uses open source (i.e., non-Apple) encoders with respect to each of the Accused

12   Instrumentalities. Dkt. 64-3 at 195-96 (Disney admitting that "Disney uses x264 and

13   x265 encoders in its Disney+ service" and that the "x264 encoder is an open-source

14   library developed by VideoLAN"). InterDigital specifically denies that any Disney

15   Accused Instrumentality is covered by the InterDigital/Apple license. InterDigital

16   denies the remaining allegations contained in Paragraph 159.

17   160.    InterDigital lacks sufficient knowledge or information on which to form a

18   belief as to Disney's allegations regarding its alleged use of the Mac Studio computer

19   and/or the Compressor software and, on that basis, denies them. InterDigital denies the

20   remaining allegations contained in Paragraph 160.

21   161.    InterDigital lacks sufficient knowledge or information on which to form a

22   belief as to Disney's allegations regarding its alleged use of an Apple computer and/or

23   Apple software and, on that basis, denies them. InterDigital denies the remaining

24   allegations contained in Paragraph 161.

25   162.    InterDigital admits that an actual controversy exists with respect to

26   Disney's infringement of the '301 Patent. InterDigital denies the remaining allegations

27   contained in Paragraph 162.

28   163.    InterDigital lacks sufficient knowledge or information on which to form a

McKool Smith, P.C.
Los Angeles, CA

belief as to Disney's allegations regarding its alleged use of the Mac Studio computer and/or the Compressor software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 163.

164.    InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '301 Patent" and/or "impliedly licensed to the '301 Patent" in its Counterclaims. Counterclaims ¶¶ 154, 165. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 164.

165.    InterDigital admits that the website https://www.samsung.com/ca/support/tv-audio-video/tv-watch-disney-plus/ opens to a webpage titled "How to watch Disney+ on your Samsung Smart TV." InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '301 Patent" and/or "impliedly licensed to the '301 Patent" in its Counterclaims. Counterclaims ¶¶ 154, 165. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 165.

166.    InterDigital denies the allegations contained in Paragraph 166.

167.    InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '301 Patent. InterDigital denies the remaining allegations contained in Paragraph 167.

168.    InterDigital denies the allegations contained in Paragraph 168.

P's Ans. to D's Counterclaims                          Case No. 2:25-cv-00895-WLH-BFM

McKool Smith, P.C.
Los Angeles, CA

# EIGHTEENTH COUNTERCLAIM

## (Request for Declaratory Judgment of Patent Exhaustion with Respect To The '610 Patent)

169.   InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

170.   InterDigital admits it has entered into a license agreement with Apple. Disney alleges "InterDigital's patent rights regarding the '610 Patent have been exhausted," or that Disney is "expressly licensed to the '610 Patent" and/or "impliedly licensed to the '610 Patent" in its Counterclaims. Counterclaims ¶¶ 171, 177, 188. InterDigital specifically denies these allegations. Moreover, Disney has admitted that it uses open source (i.e., non-Apple) encoders with respect to each of the Accused Instrumentalities. Dkt. 64-3 at 195-96 (Disney admitting that "Disney uses x264 and x265 encoders in its Disney+ service" and that the "x264 encoder is an open-source library developed by VideoLAN"). InterDigital specifically denies that any Disney Accused Instrumentality is covered by the InterDigital/Apple license. InterDigital denies the remaining allegations contained in Paragraph 170.

171.   InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of the Mac Studio computer and/or the Compressor software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 171.

172.   InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of an Apple computer and/or Apple software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 172.

173.   InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '610 Patent. InterDigital denies the remaining allegations contained in Paragraph 173.

174.   InterDigital lacks sufficient knowledge or information on which to form a

belief as to Disney's allegations regarding its alleged use of an Apple computer and/or Apple software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 174.

## NINETEENTH COUNTERCLAIM

### (Request for Declaratory Judgment of Express License with Respect To The '610 Patent)

175.  InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

176.  InterDigital admits it has entered into a license agreement with Apple. Disney alleges "InterDigital's patent rights regarding the '610 Patent have been exhausted," or that Disney is "expressly licensed to the '610 Patent" and/or "impliedly licensed to the '610 Patent" in its Counterclaims. Counterclaims ¶¶ 171, 177, 188. InterDigital specifically denies these allegations. Moreover, Disney has admitted that it uses open source (i.e., non-Apple) encoders with respect to each of the Accused Instrumentalities. Dkt. 64-3 at 195-96 (Disney admitting that "Disney uses x264 and x265 encoders in its Disney+ service" and that the "x264 encoder is an open-source library developed by VideoLAN"). InterDigital specifically denies that any Disney Accused Instrumentality is covered by the InterDigital/Apple license. InterDigital denies the remaining allegations contained in Paragraph 176.

177.  InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of the Mac Studio Computer and/or the Compressor software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 177.

178.  InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of an Apple computer and/or Apple software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 178.

179.  InterDigital admits that an actual controversy exists with respect to

McKool Smith, P.C.
Los Angeles, CA

Disney's infringement of the '610 Patent. InterDigital denies the remaining allegations contained in Paragraph 179.

180.   InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of the Mac Studio computer and/or the Compressor software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 180.

181.   InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '610 Patent" and/or "impliedly licensed to the '610 Patent" in its Counterclaims. Counterclaims ¶¶ 182, 193. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 181.

182.   InterDigital admits that the website https://www.samsung.com/ca/support/tv-audio-video/tv-watch-disney-plus/ opens to a webpage titled "How to watch Disney+ on your Samsung Smart TV." InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '610 Patent" and/or "impliedly licensed to the '610 Patent" in its Counterclaims. Counterclaims ¶¶ 182, 193. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 182.

183.   InterDigital denies the allegations contained in Paragraph 183.

184.   InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '610 Patent. InterDigital denies the remaining allegations

McKool Smith, P.C.
Los Angeles, CA

1  contained in Paragraph 184.

2      185.   InterDigital denies the allegations contained in Paragraph 185.

3  **TWENTIETH COUNTERCLAIM**

4  **(Request for Declaratory Judgment of Implied License with Respect To The '610**

5  **Patent)**

6      186.   InterDigital restates and reincorporates by reference the entirety of the

7  foregoing paragraphs, as if fully set forth herein.

8      187.   InterDigital admits it has entered into a license agreement with Apple.

9  Disney alleges "InterDigital's patent rights regarding the '610 Patent have been

10 exhausted," or that Disney is "expressly licensed to the '610 Patent" and/or "impliedly

11 licensed to the '610 Patent" in its Counterclaims. Counterclaims ¶¶ 171, 177, 188.

12 InterDigital specifically denies these allegations. Moreover, Disney has admitted that it

13 uses open source (i.e., non-Apple) encoders with respect to each of the Accused

14 Instrumentalities. Dkt. 64-3 at 195-96 (Disney admitting that "Disney uses x264 and

15 x265 encoders in its Disney+ service" and that the "x264 encoder is an open-source

16 library developed by VideoLAN"). InterDigital specifically denies that any Disney

17 Accused Instrumentality is covered by the InterDigital/Apple license. InterDigital

18 denies the remaining allegations contained in Paragraph 187.

19     188.   InterDigital lacks sufficient knowledge or information on which to form a

20 belief as to Disney's allegations regarding its alleged use of the Mac Studio computer

21 and/or the Compressor software and, on that basis, denies them. InterDigital denies the

22 remaining allegations contained in Paragraph 188.

23     189.   InterDigital lacks sufficient knowledge or information on which to form a

24 belief as to Disney's allegations regarding its alleged use of an Apple computer and/or

25 Apple software and, on that basis, denies them. InterDigital denies the remaining

26 allegations contained in Paragraph 189.

27     190.   InterDigital admits that an actual controversy exists with respect to

28 Disney's infringement of the '610 Patent. InterDigital denies the remaining allegations

McKool Smith, P.C.
Los Angeles, CA

1  contained in Paragraph 190.

2      191.   InterDigital lacks sufficient knowledge or information on which to form a

3  belief as to Disney's allegations regarding its alleged use of the Mac Studio computer

4  and/or the Compressor software and, on that basis, denies them. InterDigital denies the

5  remaining allegations contained in Paragraph 191.

6      192.   InterDigital admits it has entered into license agreements with third

7  parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that

8  "Disney is expressly licensed to the '610 Patent" and/or "impliedly licensed to the '610

9  Patent" in its Counterclaims. Counterclaims ¶¶ 182, 193. InterDigital specifically

10  denies these allegations. Moreover, InterDigital specifically denies that any Disney

11  Accused Instrumentality is covered by InterDigital's license agreements with Samsung,

12  Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations

13  contained in Paragraph 192.

14      193.   InterDigital          admits         that         the         website

15  https://www.samsung.com/ca/support/tv-audio-video/tv-watch-disney-plus/ opens to a

16  webpage titled "How to watch Disney+ on your Samsung Smart TV." InterDigital

17  admits it has entered into license agreements with third parties, including Apple,

18  Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly

19  licensed to the '610 Patent" and/or "impliedly licensed to the '610 Patent" in its

20  Counterclaims. Counterclaims ¶¶ 182, 193. InterDigital specifically denies these

21  allegations. Moreover, InterDigital specifically denies that any Disney Accused

22  Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo,

23  LG Electronics, or Apple. InterDigital denies the remaining allegations contained in

24  Paragraph 193.

25      194.   InterDigital denies the allegations contained in Paragraph 194.

26      195.   InterDigital admits that an actual controversy exists with respect to

27  Disney's infringement of the '610 Patent. InterDigital denies the remaining allegations

28  contained in Paragraph 195.

McKool Smith, P.C.
Los Angeles, CA

26

1    196.    InterDigital denies the allegations contained in Paragraph 196.

2                    **TWENTY-FIRST COUNTERCLAIM**

3    **(Request for Declaratory Judgment of Patent Exhaustion with Respect To The**

4                                    **'818 Patent)**

5    197.    InterDigital restates and reincorporates by reference the entirety of the

6    foregoing paragraphs, as if fully set forth herein.

7    198.    InterDigital admits it has entered into a license agreement with Apple.

8    Disney alleges "InterDigital's patent rights regarding the '818 Patent have been

9    exhausted," or that Disney is "expressly licensed to the '818 Patent" and/or "impliedly

10   licensed to the '818 Patent" in its Counterclaims. Counterclaims ¶¶ 199, 205, 215.

11   InterDigital specifically denies these allegations. Moreover, Disney has admitted that it

12   uses open source (i.e., non-Apple) encoders with respect to each of the Accused

13   Instrumentalities. Dkt. 64-3 at 195-96 (Disney admitting that "Disney uses x264 and

14   x265 encoders in its Disney+ service" and that the "x264 encoder is an open-source

15   library developed by VideoLAN"). InterDigital specifically denies that any Disney

16   Accused Instrumentality is covered by the InterDigital/Apple license. InterDigital

17   denies the remaining allegations contained in Paragraph 198.

18   199.    InterDigital lacks sufficient knowledge or information on which to form a

19   belief as to Disney's allegations regarding its alleged use of the Mac Studio computer

20   and/or the Compressor software and, on that basis, denies them. InterDigital denies the

21   remaining allegations contained in Paragraph 199.

22   200.    InterDigital lacks sufficient knowledge or information on which to form a

23   belief as to Disney's allegations regarding its alleged use of an Apple computer and/or

24   Apple software and, on that basis, denies them. InterDigital denies the remaining

25   allegations contained in Paragraph 200.

26   201.    InterDigital admits that an actual controversy exists with respect to

27   Disney's infringement of the '818 Patent. InterDigital denies the remaining allegations

28   contained in Paragraph 201.

McKool Smith, P.C.
Los Angeles, CA

202.   InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of an Apple computer and/or Apple software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 202.

## TWENTY-SECOND COUNTERCLAIM

### (Request for Declaratory Judgment of Express License with Respect To The '818 Patent)

203.   InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

204.   InterDigital admits it has entered into a license agreement with Apple. Disney alleges "InterDigital's patent rights regarding the '818 Patent have been exhausted," or that Disney is "expressly licensed to the '818 Patent" and/or "impliedly licensed to the '818 Patent" in its Counterclaims. Counterclaims ¶¶ 199, 205, 215. InterDigital specifically denies these allegations. Moreover, Disney has admitted that it uses open source (i.e., non-Apple) encoders with respect to each of the Accused Instrumentalities. Dkt. 64-3 at 195-96 (Disney admitting that "Disney uses x264 and x265 encoders in its Disney+ service" and that the "x264 encoder is an open-source library developed by VideoLAN"). InterDigital specifically denies that any Disney Accused Instrumentality is covered by the InterDigital/Apple license. InterDigital denies the remaining allegations contained in Paragraph 204.

205.   InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of the Mac Studio computer and/or the Compressor software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 205.

206.   InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of an Apple computer and/or Apple software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 206.

McKool Smith, P.C.
Los Angeles, CA

207. InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '818 Patent. InterDigital denies the remaining allegations contained in Paragraph 207.

208. InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of an Apple computer and/or Apple software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 208.

209. InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '818 Patent" and/or "impliedly licensed to the '818 Patent" in its Counterclaims. Counterclaims ¶¶ 210, 221. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 209.

210. InterDigital admits that the website https://www.samsung.com/ca/support/tv-audio-video/tv-watch-disney-plus/ opens to a webpage titled "How to watch Disney+ on your Samsung Smart TV." InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '818 Patent" and/or "impliedly licensed to the '818 Patent" in its Counterclaims. Counterclaims ¶¶ 210, 221. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 210.

211. InterDigital denies the allegations contained in Paragraph 211.

212. InterDigital admits that an actual controversy exists with respect to

McKool Smith, P.C.
Los Angeles, CA

1    Disney's infringement of the '818 Patent. InterDigital denies the remaining allegations
2    contained in Paragraph 212.

3        213.    InterDigital denies the allegations contained in Paragraph 213.

4                    **TWENTY-THIRD COUNTERCLAIM**

5    **(Request for Declaratory Judgment of Implied License with Respect To The '818**
6                            **Patent)**

7        214.    InterDigital restates and reincorporates by reference the entirety of the
8    foregoing paragraphs, as if fully set forth herein.

9        215.    InterDigital admits it has entered into a license agreement with Apple.
10   Disney alleges "InterDigital's patent rights regarding the '818 Patent have been
11   exhausted," or that Disney is "expressly licensed to the '818 Patent" and/or "impliedly
12   licensed to the '818 Patent" in its Counterclaims. Counterclaims ¶¶ 199, 205, 215.
13   InterDigital specifically denies these allegations. Moreover, Disney has admitted that it
14   uses open source (i.e., non-Apple) encoders with respect to each of the Accused
15   Instrumentalities. Dkt. 64-3 at 195-96 (Disney admitting that "Disney uses x264 and
16   x265 encoders in its Disney+ service" and that the "x264 encoder is an open-source
17   library developed by VideoLAN"). InterDigital specifically denies that any Disney
18   Accused Instrumentality is covered by the InterDigital/Apple license. InterDigital
19   denies the remaining allegations contained in Paragraph 215.

20       216.    InterDigital lacks sufficient knowledge or information on which to form a
21   belief as to Disney's allegations regarding its alleged use of the Mac Studio computer
22   and/or the Compressor software and, on that basis, denies them. InterDigital denies the
23   remaining allegations contained in Paragraph 216.

24       217.    InterDigital lacks sufficient knowledge or information on which to form a
25   belief as to Disney's allegations regarding its alleged use of an Apple computer and/or
26   Apple software and, on that basis, denies them. InterDigital denies the remaining
27   allegations contained in Paragraph 217.

28       218.    InterDigital admits that an actual controversy exists with respect to

McKool Smith, P.C.
Los Angeles, CA

Disney's infringement of the '818 Patent. InterDigital denies the remaining allegations contained in Paragraph 218.

219.    InterDigital lacks sufficient knowledge or information on which to form a belief as to Disney's allegations regarding its alleged use of an Apple computer and/or Apple software and, on that basis, denies them. InterDigital denies the remaining allegations contained in Paragraph 219.

220.    InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '818 Patent" and/or "impliedly licensed to the '818 Patent" in its Counterclaims. Counterclaims ¶¶ 210, 221. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 220.

221.    InterDigital            admits            that            the            website https://www.samsung.com/ca/support/tv-audio-video/tv-watch-disney-plus/ opens to a webpage titled "How to watch Disney+ on your Samsung Smart TV." InterDigital admits it has entered into license agreements with third parties, including Apple, Samsung, LG Electronics, and Lenovo. Disney alleges that "Disney is expressly licensed to the '818 Patent" and/or "impliedly licensed to the '818 Patent" in its Counterclaims. Counterclaims ¶¶ 210, 221. InterDigital specifically denies these allegations. Moreover, InterDigital specifically denies that any Disney Accused Instrumentality is covered by InterDigital's license agreements with Samsung, Lenovo, LG Electronics, or Apple. InterDigital denies the remaining allegations contained in Paragraph 221.

222.    InterDigital denies the allegations contained in Paragraph 222.

223.    InterDigital admits that an actual controversy exists with respect to Disney's infringement of the '818 Patent. InterDigital denies the remaining allegations

McKool Smith, P.C.
Los Angeles, CA

contained in Paragraph 223.

224.    InterDigital denies the allegations contained in Paragraph 224.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Disney to which no response is required. InterDigital denies that Disney is entitled to any relief and specifically denies all allegations contained in Disney's prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATIONS

To the extent that any specific allegations are not admitted or denied herein, InterDigital denies any remaining allegations in Disney's Counterclaims.


Dated: June 11, 2025                    Respectfully submitted,

                                        */s/ Richard A. Kamprath*
                                        Richard A. Kamprath *(admitted pro hac vice)*
                                        rkamprath@mckoolsmith.com
                                        Alexandra Easley *(admitted pro hac vice)*
                                        aeasley@mckoolsmith.com
                                        R. Arden Seavers (*admitted pro hac vice*)
                                        aseavers@mckoolsmith.com
                                        **MCKOOL SMITH, P.C.**
                                        300 Crescent Court, Suite 1200
                                        Dallas, Texas 75201
                                        Telephone: (214) 978-4000
                                        Facsimile: (214) 978-4044


                                        Alan P. Block (CA Bar No. 143783)
                                        ablock@mckoolsmith.com
                                        **MCKOOL SMITH, P.C.**
                                        300 South Grand Avenue, Suite 2900
                                        Los Angeles, California 90071
                                        Telephone: (213) 694-1200
                                        Facsimile: (213) 694-1234


                                        Hannah Mirzoeff *(admitted pro hac vice)*
                                        hmirzoeff@mckoolsmith.com
                                        **MCKOOL SMITH, P.C.**
                                        1301 Avenue of the Americas, 32nd Floor

McKool Smith, P.C.
Los Angeles, CA

New York, New York 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Joshua W. Budwin *(admitted pro hac vice)*
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Kevin Burgess *(admitted pro hac vice)*
kburgess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Nancy Olson (SBN 260303)
nolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Attorneys for Plaintiffs InterDigital, Inc.,*
*InterDigital VC Holdings, Inc., InterDigital*
*Madison Patent Holdings, SAS, and*
*InterDigital CE Patent Holdings, SAS*