| | |
|---|---|
| 1 | RYAN K. YAGURA (S.B. #197619) |
| | ryagura@omm.com |
| 2 | NICHOLAS J. WHILT (S.B. #247738) |
| | nwhilt@omm.com |
| 3 | XIN-YI ZHOU (S.B. #251969) |
| 4 | vzhou@omm.com |
| | O'MELVENY & MYERS LLP |
| 5 | 400 South Hope Street, Suite 1900 |
| | Los Angeles, CA 90071 |
| 6 | Telephone: 213-430-6000 |
| | Facsimile: 213-430-6407 |
| 7 | |
| 8 | *Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.* |

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION AT LOS ANGELES**

| | | |
|---|---|---|
| | INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS, | Case No. 2:25-cv-895-WLH-BFM |
| | Plaintiffs and Counterclaim-Defendants, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' UNOPPOSED *EX PARTE* APPLICATION FOR ISSUANCE OF LETTERS OF REQUEST PURSUANT TO HAGUE CONVENTION** |
| | v. | |
| | THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC., | Judge: Hon. Wesley L. Hsu<br>Magistrate: Hon. Brianna F. Mircheff |
| | Defendants and Counterclaim-Plaintiffs. | |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech, LLC, Hulu, LLC, and ESPN, Inc. (collectively, "Defendants") respectfully request the issuance of Letters of Request seeking evidence in the form of documents and testimony from eight non-parties located abroad: in Switzerland, the International Telecommunication Union, the International Organization for Standardization, and the International Electrotechnical Commission; in France, Technicolor Group, Thomson Licensing SAS, and Jurgen Stauder; and in Germany, Harald Schiller and Ingo Tobias Doser. Defendants' unopposed *ex parte* application for issuance of Letters of Request pursuant to the Hague Convention (the "Application") is made following a conference of the parties on July 24, 2025, pursuant to Local Rule 7-3, during which counsel for Plaintiffs InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS (collectively, "Plaintiffs") indicated that Plaintiffs do not oppose Defendants' Application.

## I. INTRODUCTION AND BACKGROUND

This case involves two central and interconnected issues—Plaintiffs' allegations that Defendants' streaming services infringe Plaintiffs' Asserted Patents,[1] and Defendants' counterclaims alleging Plaintiffs failed to honor its contractual obligation to offer licenses to three of the Asserted Patents on reasonable and non-discriminatory ("RAND") terms prior to bringing this suit against Defendants. International discovery in this case is indispensable to resolving both of these central issues.

---

[1] U.S. Patent Nos. 8,406,301, 10,805,610, 11,381,818, 9,185,268 (the "'268 Patent"), and 8,085,297 (the "'297 Patent") (collectively, the "Asserted Patents").

### *Harald Schiller, Ingo Tobias Doser, and Jurgen Stauder*

To the best of Defendants' knowledge, several of the named inventors of certain of the Asserted Patents reside in France and Germany. The cover page of the '297 Patent names Harald Schiller as an inventor and indicates that he is a resident of Germany. The cover page of the '268 Patent names Ingo Tobias Doser and Jurgen Stauder as inventors, and indicates that they reside in Germany and France, respectively. These individuals' LinkedIn profiles corroborate that they still reside in the same countries noted above. *See* Declaration of Laura Burson ("Burson Decl."), Ex. A. Their LinkedIn profiles also indicate that they were previously employed by "Thomson" and/or "Technicolor" entities during a key time period—between 1993 and 2013, when the H.264 and H.265 video coding standards (the "Compression Standards") at issue in this case were under active development and when the Asserted Patents were either filed or <u>their underlying priority patent applications were filed</u>. *See id.*

### *Thomson and Technicolor*

Publicly available information and documents produced in this litigation indicate that "Thomson" and/or "Technicolor" entities (1) are located in France, (2) were previous assignees of the Asserted Patents before they were purportedly assigned to Plaintiffs, (3) were parties to or had significant involvement in transactions purporting to transfer rights in the Asserted Patents to Plaintiffs, (4) may have had significant involvement in developing the Compression Standards at issue in this case; and (5) committed to license patents on RAND terms.

### *ITU, ISO, and IEC*

The Compression Standards at issue in this case were standardized by the Joint Collaborative Team on Video Coding (also called the Joint Video Team or "JVT"). The JVT was a collaboration between three standard development organizations— the International Telecommunication Union ("ITU"), the International Organization for Standardization ("ISO"), and the International Electrotechnical Commission

("IEC") (collectively, "JVT SDOs"). All three JVT SDOs are located in Switzerland, and none are parties to this case. To the best of Defendants' knowledge, during the development of the Compression Standards, the JVT SDOs held meetings and conducted other standardization activities, and Thomson and/or Technicolor may have attended those meetings and participated in those standardization activities. Defendants further believe that the JVT SDOs received declarations that specifically identified or implicated certain patents that Plaintiffs now assert in this case. To the best of Defendants' knowledge, these declarations were submitted by Thomson, Technicolor, and/or Plaintiffs, and include language promising to offer to license the patents on RAND terms. Defendants therefore believe the JVT SDOs, as well as Thomson and Technicolor, possess evidence in the form of documents and testimony that directly relates to whether certain patents asserted in this case are RAND-encumbered—a threshold inquiry for Defendants' RAND-based defenses and counterclaims.

Defendants believe all of the above-noted foreign non-parties exclusively possess information that is highly relevant and critical to Defendants' defenses against Plaintiffs' claims of patent infringement, as well as to Defendants' counterclaims asserting that Plaintiffs failed to honor their contractual obligation to offer to license certain Asserted Patents on RAND terms.

## II.    LEGAL STANDARDS

"Obtaining discovery from foreign entities in United States federal courts is governed by two sets of rules: the Federal Rules of Civil Procedure and the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Aug. 8, 1972, 23 U.S.T. 2555, 847 U.N.T.S. 231 ('Hague Evidence Convention')." *MGI Digital Tech. S.A. v. Duplo U.S.A.*, No. 8:22CV00979, 2023 WL 6814579, at *2 (C.D. Cal. Aug. 24, 2023). A letter of request or letter rogatory "is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro* Devices, Inc., 542 U.S. 241, 247 n.1 (2004). Resorting to the Hague

Evidence Convention "is particularly appropriate when … a litigant seeks to depose a foreign non-party who is not subject to the court's jurisdiction." *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010). The United States, Germany, France, and Switzerland are all signatories to the Hague Evidence Convention, which permits "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner." 28 U.S.C. § 1781, *see also* 23 U.S.T. 2555.

Courts have inherent authority to issue letters rogatory. *Valcor Eng'g Corp. v. Parker Hannifin Corp.*, 2017 WL 10440084, at *1 (C.D. Cal. May 1, 2017).

"Whether to issue such a letter is a matter of discretion for the court." *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260, 2013 WL 12061801, at *2 (S.D. Cal. Jan. 14, 2013). Courts routinely issue letters of request where the evidence sought resides outside the United States and a party "makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 Civ. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005); *see also Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2014 U.S. Dist. LEXIS 21457, at *14 (N.D. Cal. Feb. 18, 2014).

### III.  ARGUMENT

Obtaining discovery pursuant to The Hague Convention is a lengthy process that may take several months to complete.[2] As a result, Defendants file this

---

[2] According to the website of The Hague Conference on Private International Law, it will take approximately six months to execute requests in Germany and France, and up to four months to execute a request in Switzerland. *See* Germany - Central Authority & Practical Information, https://www.hcch.net/en/states/authorities/details3/?aid=501 (last

1  Application now in order to allow sufficient time to obtain the discovery they seek,
2  and to avoid undue delay of the proceedings before this Court due to the inherent
3  difficulties of international discovery.
4        The information sought by Defendants' Letters of Request is within the scope
5  of discovery under the Federal Rules of Civil Procedure. The foreign non-parties of
6  interest have evidence in the form of documents, information, and testimony that is
7  highly relevant to Defendants' counterclaims because they are either inventors of
8  Asserted Patents or are believed to be directly responsible for standardizing the
9  Compression Standards at issue in this case.
10       As discussed above, several named inventors of the Asserted Patents are
11 believed to reside in Germany or France. *See* Burson Decl., Ex. A. Documentary and
12 testimonial evidence from these inventors is an essential part of discovery for
13 Defendants' case. *See, e.g., Medimmune, LLC v. PDL Biopharma, Inc.*, 2009 WL
14 1011519, at *3 (N.D. Cal. Apr. 14, 2009) (noting evidence from the inventors "will
15 be essential to the invalidity analysis"). For example, the named inventors may
16 possess important documents or information regarding the conception and reduction
17 to practice of patents asserted in this case, design choices, prior art, prosecution
18 history, scope of the patents, and meaning of claim terms, among other things.
19 Testimony from these inventors could provide additional information regarding these
20 topics and could also be used to authenticate the documents produced such that they
21 are admissible at trial in this Court. These named inventors are also believed to have
22 worked for Thomson and/or Technicolor. *See* Burson Decl., Ex. A. The time period
23 during which these inventors were working at either Thomson and/or Technicolor is

---

25 visited July 27, 2025); Switzerland - Central Authority & Practical Information,
26 https://www.hcch.net/en/states/authorities/details3/?aid=523 (last
27 visited July 27, 2025); France - Central Authority & Practical Information,
    https://www.hcch.net/en/states/authorities/details3/?aid=500 (last
28 visited July 27, 2025).

commensurate with the time period during which the Compression Standards were under development and during which the relevant declarations were submitted to the JVT SDOs. Also, the inventors were working at either Thomson and/or Technicolor at a time during which the Asserted Patents were either filed or their underlying priority patent applications were filed. In addition, documentary and testimonial evidence from the inventors may also therefore be relevant to Defendants' RAND-based defenses and counterclaims.

Also, based on public United States Patent Office records, purportedly Thomson and/or Technicolor were previous assignees of one or more of the Asserted Patents prior to their acquisition by Plaintiffs. Defendants further believe that Thomson and/or Technicolor may have been deeply involved in the standardization of the Compression Standards. For example, Defendants believe that Thomson/Technicolor submitted (or had significant involvement in submitting) certain declarations to the JVT SDOs that either identify or implicate certain patents that Plaintiffs have asserted against Defendants in this case. These declarations, and information surrounding their submissions, would provide compelling evidence that such patents are indeed essential to the Compression Standards at issue in Defendants' RAND-based defenses and counterclaims. Defendants further believe that Thomson and/or Technicolor may have attended JVT meetings and/or participated in other standardization activities. These corporations therefore possess key documents and information regarding, *e.g.*, the corporation's rights to the Asserted Patents; prior art disclosures; the inventors' activities, obligations, and agreements; their intent in submitting the patent-licensing declarations to the JVT SDOs; and their involvement in meetings and other standardization activities associated with developing the Compression Standards at issue in this case. Testimony from company representatives could provide key details regarding these topics and could also be used to authenticate the documents these companies produce such that they are admissible at trial in this Court.

The ITU, the ISO, and the IEC are the entities that developed the Compression Standards at issue in this case. They are the entities that received the relevant declarations described above. They organized, administered, and kept records of meetings and other standardization activities. These entities therefore have documents and information critical to the organizations' policies, meetings, communications, and practices regarding RAND commitments, particularly potential RAND-commitments of Thomson, Technicolor, and Plaintiffs that are the focus of Defendants' RAND-based defenses and counterclaims. Testimony from representatives of these entities could provide important detail regarding these topics and could be used to authenticate the documents these entities produce such that they are admissible at trial in this Court.

All of the above documentary and testimonial evidence is therefore highly relevant at least because of their potential to significantly impact the Asserted Patents' ownership, validity, or enforceability, and Defendants' RAND-based defenses and counterclaims. Defendants' requests are highly likely "to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Defendants therefore respectfully submit that this Court should issue Defendants' requested Letters of Request seeking to acquire relevant documentary and testimonial evidence from Harald Schiller, Ingo Doser, Jurgen Stauder, Thomson, Technicolor, the ITU, the ISO, and the IEC.

## IV. CONCLUSION

For all of the above reasons, Defendants request that the Court sign, seal and issue the attached Letters of Request to the appropriate authorities in conformity with Article 2 of the Hague Convention, including requests for documents and that counsel for Defendants be permitted to conduct the requested depositions. Defendants request that the Court provide an original of the executed Letters of Request to Defendants' undersigned counsel for forwarding to the appropriate authorities in Germany,

France, and Switzerland. Defendants' counsel will then transmit the executed Letters of Request to the relevant German, French, and Swiss authorities for execution.

DATED: July 29, 2025        Respectfully submitted,

By: */s/ Ryan K. Yagura*
  Ryan K. Yagura

RYAN K. YAGURA
NICHOLAS J. WHILT
XIN-YI ZHOU
O'MELVENY & MYERS LLP

*Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

DATED: July 29, 2025        By: /s/ Ryan K. Yagura