UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**Case No.:** 2:25-cv-00895-WLH-BFM     **Date:** August 8, 2025

**Title:** *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

===================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  (In Chambers) Order Granting Defendants' Ex Parte Application for Issuance of Letters of Request (ECF 87)

Pending before the Court is Defendants' Ex Parte Application for Issuance of Letters of Request. (ECF 87.) For the reasons stated below, the unopposed Application is **granted.**

**A.  Background**

This is a patent case. Plaintiffs allege that Defendants' streaming services infringe their patents. (ECF 1.) Defendants have counterclaimed, alleging that Plaintiffs failed to honor commitments they or predecessor owners of the relevant patents made to international standardization entities, agreeing to offer licenses to the relevant patents on reasonable and non-discriminatory terms. (ECF 42 at 84.[1])

---

[1] All page numbers refer to the number in the ECF-generated header.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:25-cv-00895-WLH-BFM               **Date:** August 8, 2025

**Title:** *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

================================================================

In the instant Application, Defendants ask this Court to issue letters of request for the purpose of obtaining discovery from three groups of individuals and entities outside the United States. (ECF 87.)

First, Defendants seek to obtain and authenticate documents from three individuals who are named inventors on the relevant patents. (App. at 3; *see also* ECF 88 (Burson Decl.) at ¶ 5 & Exs. 2-4.) Defendants provide reason to believe, based on LinkedIn profiles, that all three individuals live in France or Germany. (App. at 3; *see also* Burson Decl. Ex. 1.) Defendants seek documents relating to the applications for the relevant patents; agreements between the individuals and InterDigital and predecessor owners of the patents; and documents relating to the development of the compression standards that are at the heart of Defendants' counterclaims. (ECF 90 (Supp. Burson Decl.) Ex. 12.)

Second, Defendants seek documents from Thomson Licensing and from Technicolor, entities that owned the relevant patents before they were assigned to Plaintiffs. (Burson Decl. Exs. 8-9.) Defendants assert that both entities are located in France and that they held the relevant patents at times relevant to this case. (App. at 3.) They further allege that Thomson and Technicolor were involved in communication with the entities developing the compression standards at issue here. (App. at 3.) Defendants seek documents relevant to the patent and its ownership, and to the development of the compression standards. (Supp. Burson Decl. Ex. 11.)

Finally, Defendants seek documents from the International Telecommunications Union, the International Organization for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:25-cv-00895-WLH-BFM                **Date:**  August 8, 2025

**Title:**   *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

======================================================================

Standardization, and the International Electrotechnical Commission, three entities that were involved in the development of the relevant compression standards. (Burson Decl. Exs. 5-7.) Defendants state that all three entities are located in Switzerland. (App. at 4.) Defendants seek to obtain documents concerning development of the compression standards, and communications between those three entities and Thomson, Technicolor, or the inventors, as well as documents concerning the patents at issue. (Supp. Burson Decl. Ex. 10.)

**B.    Legal Standard**

Defendants seek letters of request pursuant to the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Aug. 8, 1972, 23 U.S.T. 2555, 847 U.N.T.S. 231 ("Hague Evidence Convention"). The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. Of Iowa,* 482 U.S. 522, 524 (1987). The procedures of the Convention procedures are available to litigants "whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Id.* at 541. Use of the Hague Evidence Convention "is particularly appropriate when . . . a litigant seeks to depose a foreign non-party who is not subject to the court's jurisdiction." *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010); *see also Tulip Computs. Intern. B.V. v. Dell Comput. Corp.,* 254 F. Supp. 2d 469, 474 (D. Del. 2003) (use of the Hague Convention was appropriate where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

**Case No.:**  2:25-cv-00895-WLH-BFM  **Date:** August 8, 2025

**Title:** *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

========================================================================

non-parties had not volunteered discovery responses, were citizens of the Netherlands, and were not otherwise subject to district court jurisdiction).[2]

The Hague Evidence Convention contemplates issuance of letters of request by a judicial authority in a contracting State. *See Hague Evidence Convention*, Art. 3.[3] A letter of request is a "request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004).

Federal district courts have inherent authority to issue letters of request. *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). Whether to exercise that authority is left to the issuing court's discretion. *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *2 (S.D. Cal. Jan. 14, 2013). Motions requesting issuance of a letter of request or letter rogatory "should generally be granted" absent a showing of good cause by the opposing party. *Zoho Corp. Pvt. v. Freshworks, Inc.*, Case No. 20-cv-01869-VC (TSH), 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021) (citation omitted).

---

[2] All countries relevant to this Application—the United States, Germany, France, and Switzerland—are signatories to the Hague Evidence Convention. *See* Hague Conference on Private International Law, *Status Table: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (July 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:25-cv-00895-WLH-BFM            **Date:**   August 8, 2025

**Title:**   *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

======================================================================

In determining whether comity warrants use of the Hague Convention procedures in a particular case, courts may consider: (1) the importance to the litigation of the information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means to secure the information; and (5) the extent to which noncompliance would undermine important interests of the United States or of the State where the information is located. *Aérospatiale*, 482 U.S. at 544 n.28.

**C.    Discussion**

In this case, the factors counsel in favor of granting Defendants' requests. Defendants have described the requested documents with particularity. (*See* Supp. Burson Decl.) They have established that the information sought is relevant to the claims being litigated. As the targets of the requests are not parties to this litigation and are located overseas, no alternative to Hague Evidence Convention is apparent. *See WebPros Int'l, LLC v. Asli*, No. 3:22-CV-01963-IM, 2024 WL 3064985, at *3 (D. Or. June 20, 2024) (quoting 3 Ved P. Nanda et al., Litigation of International Disputes in U.S. Courts § 17:16 (Dec. 2023 update)) ("When discovery is sought from a non-party to the litigation then, more frequently, the Hague Convention has been the exclusive remedy if the person from whom discovery is sought is a citizen of a signatory nation.").

Pursuant to the Convention, the relevant foreign authorities ultimately will determine whether Defendants' requests comply with the laws of those countries. *See Aérospatiale*, 482 U.S. at 542. That fact greatly mitigates any potential risk to international comity. *WebPros Int'l*, 2024 WL 3064985, at *3;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

**Case No.:**   2:25-cv-00895-WLH-BFM                **Date:**  August 8, 2025

**Title:**   *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

====================================================================

*see also Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2014 WL 202102, at *2 (W.D. Wash. Jan. 17, 2014) (finding it appropriate for foreign tribunals to determine whether letters rogatory would be executed given those states' Article 23 reservations).

    For all these reasons, the Court concludes that the Application should be granted. The Court will sign the proposed Letters of Request (Burson Decl. Exs. 2-9). The Court instructs the Deputy Clerk to affix the seal of the Court to the Letters and provide the signed and sealed Letters to Defendants. Defendants are ordered to convey the issued Letter of Request to the respective French, German, and Swiss authorities.

    **IT IS SO ORDERED.**

cc:   Counsel of Record

Initials of Preparer:   ch