# RECHTSHILFEERSUCHEN
# LETTER OF REQUEST
# COMMISSION ROGATOIRE

Haager Übereinkommen vom 18. März 1970 über
die Beweisaufnahme im Ausland in Zivil- oder Handelssachen
Hague Convention of 18 March 1970 on the
Taking of Evidence Abroad in Civil or Commercial Matters
Convention de La Haye du 18 mars 1970 sur
l'obtention des preuves à l'étranger en matière civile ou commerciale

| | | |
|---|---|---|
| 1. | **Absender** <br> Sender <br> *Expéditeur* | Ryan K. Yagura   (ryagura@omm.com) <br> O'Melveny & Myers LLP <br> 400 South Hope Street, Suite 1900 <br> Los Angeles, CA 90071  USA |
| 2. | **Zentrale Behörde des ersuchten Staates** <br> Central Authority of the Requested State <br> *Autorité centrale de l'État requis* | Niedersächsisches Justiz-ministerium <br> Am Waterlooplatz 1 <br> 30169 Hannover <br> GERMANY |
| 3. | **Person an welche die Schriftstücke zurückzusenden sind, aus denen sich die Erledigung des Rechtshilfeersuchens ergibt,** <br> Person to whom the executed request is to be returned <br> *Personne à qui les pièces constatant l'exécution de la demande doivent être renvoyées* | Ryan K. Yagura   (ryagura@omm.com) <br> O'Melveny & Myers LLP <br> 400 South Hope Street, Suite 1900 <br> Los Angeles, CA 90071  USA |
| 4. | **Zeitpunkt, bis zu welchem die ersuchende Behörde eine Antwort auf das Rechtshilfeersuchen erbittet** <br> Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request <br> *Indiquer la date limite à laquelle l'autorité requérante désire recevoir la réponse à la commission rogatoire* | |
| | **Datum** <br> Date <br> *Date limite* | It is respectfully asked that this request be executed as soon as practical and possible. |
| | **Grund für die Dringlichkeit** <br> Reason for urgency* <br> *Raison de l'urgence* | N/A |

Der unterzeichnende Antragsteller beehrt sich, nach Artikel 3 des Übereinkommens das folgende Ersuchen zu stellen:
In conformity with Article 3 of the Convention, the undersigned applicant has the honour to submit the following request:
*En conformité de l'article 3 de la Convention, le requérant soussigné a l'honneur de présenter la demande suivante :*

| | | |
|---|---|---|
| 5. a | **Ersuchende Behörde (Art. 3 Buchstabe a)** <br> Requesting authority (Art. 3(a)) <br> *Autorité requérante (art. 3(a))* | Honorable Brianna Fuller Mircheff <br> Magistrate Judge <br> U.S. District Court for the Central District of California <br> Roybal Federal Building and U.S. Courthouse <br> 255 E. Temple Street <br> Los Angeles, California 90012 USA |

| | | |
|---|---|---|
| | | Courtroom 780, 7th Floor |
| b | An die zuständige Behörde von (Art. 3 Buchstabe a)<br>To the Competent Authority of (Art. 3(a))<br>À l'Autorité compétente de (art. 3(a)) | Niedersachsen, Germany |
| c | Bezeichnung und Aktenzeichen der Rechtssache<br>Names of the case and any identifying number<br>Nom de l'affaire et numéro d'identification de l'affaire | InterDigital Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, InterDigital CE Patent Holdings, SAS v. The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc.,, Bamtech, LLC, Hulu, LLC and ESPN, Inc.<br><br>Case No. 2:25-CV-00895-WLH-BFM |

| | | |
|---|---|---|
| 6. | Namen und Anschriften der Parteien und ihrer Vertreter (einschließlich der Vertreter im ersuchten Staat) (Art. 3 Buchstabe b)<br>Names and addresses of the parties and their representatives (including representatives in the Requested State*) (Art. 3(b))<br>Identité et adresse des parties et de leurs représentants (y compris représentants dans l'État requis) (art. 3(b)) | |
| a | Kläger/Antragsteller<br>Plaintiff/claimant/applicant<br>Demandeur | InterDigital Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS |
| | Vertreter*<br>Representatives*<br>Représentants* | Alan P. Block           (ablock@mckoolsmith.com)<br>McKool Smith, P.C.<br>300 South Grand Avenue, Suite 2900<br>Los Angeles, California 90071 USA<br><br>Richard Kamprath       (rkamprath@mckoolsmith.com)<br>Alexandra Easley        (aeasley@mckoolsmith.com)<br>McKool Smith, P.C.<br>300 Crescent Court, Suite 1200<br>Dallas, Texas 75201 USA<br><br>Hannah Mirzoeff        (hmirzoeff@mckoolsmith.com)<br>McKool Smith, P.C.<br>1301 Avenue of the Americas, 32nd Floor<br>New York, New York 10019 USA<br><br>Joshua W. Budwin      (jbudwin@mckoolsmith.com)<br>McKool Smith, P.C.<br>303 Colorado Street, Suite 2100<br>Austin, Texas 78701 USA |

| | | |
|---|---|---|
| | | Kevin Burgess           (kburgess@mckoolsmith.com)<br>McKool Smith, P.C.<br>104 East Houston Street, Suite 300<br>Marshall, Texas 75670 USA<br><br>Nancy Olson (SBN 260303)   (nolson@olsonstein.com)<br>David Stein (SBN 198256)    (dstein@olsonstein.com)<br>Olson Stein LLP<br>240 Nice Lane, #301<br>Newport Beach, CA 92663 USA |
| b | **Beklagter/Antragsgegner**<br>Defendant/respondent<br>*Défendeur* | The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech, LLC, Hulu, LLC, and ESPN, Inc. |
| | **Vertreter***<br>Representatives*<br>*Représentants** | Ryan K. Yagura          (ryagura@omm.com)<br>Nicholas J. Whilt       (nwhilt@omm.com)<br>Xin-Yi (Vincent) Zhou    (vzhou@omm.com)<br>O'Melveny & Myers LLP<br>400 South Hope Street, Suite 1900<br>Los Angeles, CA 90071 USA<br><br>Leoni König           (l.koenig@taylorwessing.com)<br>Michael Schaechinger<br>                      (m.schaechinger@taylorwessing.com)<br>Verena Brusius        (v.brusius@taylorwessing.com)<br>Dr. Dietrich Kamlah   (d.kamlah@taylorwessing.com)<br>TAYLOR WESSING LLP<br>Isartorplatz 8<br>80331 Munich, GERMANY<br><br>Verena Brusius        (v.brusius@taylorwessing.com)<br>TAYLOR WESSING LLP<br>Thurn-und-Taxis-Platz 6<br>60313 Frankfurt am Main, GERMANY |
| c | **Weitere Beteiligte***<br>Other parties*<br>*Autres parties** | N/A |
| | **Vertreter***<br>Representatives*<br>*Représentants** | N/A |
| 7. a | **Art und Gegenstand der Rechtssache (z.B. Ehescheidung, Abstammung, Vertragsverletzung, Produkthaftung) (Art.3 Buchstabe c)** | Plaintiffs asserted multiple claims alleging patent infringement involving video coding technology. |

| | | |
|---|---|---|
| | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Art. 3(c))<br>Nature et objet de l'instance (divorce, filiation, rupture de contrat, responsabilité du fait des produits, etc.) (art. 3(c)) | |
| b | **Gedrängte Darstellung des Sachverhaltes**<br>Summary of complaint<br>Exposé sommaire de la demande | The complaint alleges that Defendants' streaming services (Disney+, Hulu, ESPN+) infringe various patents |
| c | **Gedrängte Darstellung des Vorbringens des Antragsgegners / Beklagten und der Widerklage***<br>Summary of defence and counterclaim*<br>Exposé sommaire de la défense ou demande reconventionnelle* | Defendants assert multiple defenses including non-infringement and invalidity of Plaintiffs' asserted patents. Defendants also assert multiple counterclaims including breach of contract, promissory estoppel, and breach of duty of good faith, all of which are based on Defendants' allegations that the asserted patents are subject to reasonable and non-discriminatory (RAND) licensing obligations with which InterDigital did not comply. Defendants specifically allege, among other things, (1) the asserted patents were previously assigned to Thomson Licensing (a subsidiary of Technicolor); (2) Thomson Licensing was involved in developing the H.264 and H.265 video coding standards; (3) Thomson Licensing submitted certain declarations to the International Telecommunication Union ("ITU"), the International Organization for Standardization ("ISO"), and/or the International Electrotechnical Commission ("IEC"); (4) submission of these declarations created binding commitments to offer to license on RAND terms certain asserted patents; (5) that as the assignee of such asserted patents, Plaintiffs are bound by their predecessor's commitments; and (6) Plaintiffs breached contractual obligations and reneged on their promises by refusing to offer Defendants a license on RAND terms to such asserted patents prior to filing this suit. |
| d | **Weitere nützliche Angaben oder Schriftstücke***<br>Other necessary information or documents*<br>Autres renseignements ou documents Utiles* | A copy of the case complaint is attached for reference as Attachment A-1, and a copy of Defendants' answer and counterclaims in the case is attached as Attachment A-2. |
| 8. a | **Beweisaufnahme oder andere gerichtliche Handlung, die vorgenommen werden soll** | Documents identified in Attachment B. |

| | | (Art. 3 Buchstabe d)<br>Evidence to be obtained or other judicial act to be performed (Art. 3(d))<br>*Actes d'instruction ou autres actes judiciaires à accomplir (art. 3(d))* | |
|---|---|---|---|
| | b | **Zweck der Beweisaufnahme oder anderen gerichtlichen Handlung, die erbeten wird**<br>Purpose of the evidence or judicial act sought<br>*But des actes d'instruction ou des autres actes judiciaires à accomplir* | The purpose for the requested documents and testimony is to gather relevant evidence for use at trial or preparing for trial in this matter, and particularly to show the U.S. Court that Defendants' defenses and counterclaims are valid.<br><br>Harald Schiller is a named inventor on one of Plaintiffs' asserted patents and is believed to be a former employee of a previous assignee of such asserted patent. This named inventor is believed to have worked for Thomson and Technicolor, who are believed to have had significant involvement a transaction that may have transferred rights to the asserted patents to Plaintiffs. This named inventor has also been identified by Plaintiffs as being knowledgeable of the work and invention that led to the issuance of the asserted patent on which the inventor is named.<br><br>Moreover, three standard development organizations ("SDOs")—the International Telecommunication Union ("ITU"), the International Organization for Standardization ("ISO"), and the International Electrotechnical Commission ("IEC")—collectively guided the development and standardization of video coding standards called H.264 and H.265 (together, the "Compression Standards") that are used in video streaming. The ITU, ISO, and IEC evaluated and accepted various video coding technologies from patent owners for incorporation into these standards that, once commercially adopted by an entire industry, would facilitate interoperability across commercial video streaming products and services. The ITU, ISO, and IEC required developers to expressly agree to license any patents they believed to cover the Compression Standards on RAND terms.<br><br>InterDigital and Thomson Licensing SAS (a subsidiary of Technicolor SA) are alleged to be bound by express promises made to the ITU, ISO, and IEC to license their Compression Standards patents on RAND terms. Thomson Licensing SAS is believed to be a previous |

assignee of the asserted patents and is alleged to have submitted several declarations to the ITU, ISO, and IEC that created commitments, obligations, or promises to license certain asserted patents on RAND terms. Thomson/Technicolor are also believed to have attended meetings and participated in other standardization activities involved in standardizing the Compression Standards.

InterDigital now denies that these patents are essential to the Compression Standards or that they are encumbered by any RAND obligations. Because Harald Schiller had a technical role at Thomson and/or Technicolor while the Compression Standards were being developed, Defendants believe he may have information relevant information regarding the extent of Technicolor SA's and Thomson Licensing SAS's participation in the ITU's, ISO's, and IEC's development of the Compression Standards and the representations those corporations made to the ITU, ISO, and IEC regarding the asserted patents. Because InterDigital is unlikely to have any relevant information, Defendants must obtain discovery from the relevant parties themselves.

The evidence to be obtained consists of documents and oral testimony relevant to the parties' claims and defenses, particularly those pertaining to the infringement, validity, and enforceabilitiy of the patent on which this individual is named as an inventor.

This individual resides in Germany, and the United States District Court has not been presented with any evidence that this individual is domiciled or otherwise subject to process in the United States. Thus, the United States District Court cannot directly compel this individual to provide the requested documents and testimony.

This Court therefore respectfully asks that the applicable judicial authority for the Requested State compel this individual to produce documents responsive to the requests for production set forth in Attachment B to this Letter of Request, to the extent that they are in the individual's possession, custody, or control, and are not privileged under the applicable laws of Germany or the United States. This Court also respectfully asks that the

| | | |
|---|---|---|
| | | applicable judicial authority for the Requested State compel the appearance of this individual to testify under oath. |
| 9. | **Namen und Anschriften der zu vernehmenden Personen (Art. 3 Buchstabe e)*** Identity and address of any person to be examined (Art. 3(e))* Identité et adresse des personnes à entendre (art. 3(e))* | Harald Schiller Apfelgarten 11 D-30539 Hannover, Germany  Harald Schiller is a citizen of Germany. |
| 10. | **Fragen, welche an die zu vernehmende(n) Person(en) gerichtet werden sollen, oder Angabe von Tatsachen, über die sie vernommen werden soll(en) (Art. 3 Buchstabe f)*** Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Art. 3(f))* Questions à poser ou faits sur lesquels les personnes susvisées doivent être entendues (art. 3(f))* | Should the applicable judicial authority for Germany permit Defendants' German counsel identified in item 6(b) to question the deponent, topics for counsel's questioning of deponent for purposes of authenticating produced documents are listed in Attachment C. Should the applicable judicial authority for Germany prohibit Defendants' German counsel identified in item 6(b) from questioning the deponent, specific questions are provided for purposes of authenticating produced documents are listed in Attachment D. |
| 11. | **Urkunden oder andere Gegenstände, die geprüft werden sollen (Art. 3 Buchstabe g)*** Documents or other property to be inspected (Art. 3(g))* Documents ou objets à examiner (art. 3(g))* | N/A |
| 12. | **Antrag, die Vernehmung unter Eid oder Bekräftigung durchzuführen, und ggf. die dabei zu verwendende Formel (Art. 3 Buchstabe h)*** Any requirement that the evidence be given on oath or affirmation and any special form to be used (Art. 3(h))* Demande de recevoir la déposition sous serment ou avec affirmation et, le cas échéant, indication de la formule à utiliser (art. 3(h))* | 1. It is requested that all testimony be obtained under legal oath pursuant to the applicable rules of court of Germany. It is further requested that should the witness be allowed to refuse to answer any questions, that the Defendants' representatives in item 6(b) above be notified of the applicable rules allowing such refusal. 2. It is requested that should any documents be withheld or redacted, that a statement be provided indicating what documents are withheld or redacted and the associated grounds or privilege claimed. 3. It is requested that should any portion of this request be denied, that the Defendants' representatives in Item 6(b) above be immediately notified of the associated legal grounds. 4. It is requested, and in accordance with Article 9 of |

| | | |
|---|---|---|
| | | Hague Convention No. 20, that the judicial authorities for Germany provide to this Court and the authorized representative named above, as soon as convenient, all information regarding decisions made relating to the acquisition of the requested evidence. |
| 13. | Antrag, eine besondere Form gemäß Artikel 9 einzuhalten (z.B. mündliche oder schriftliche Form, wörtliche Niederschrift, Protokoll oder Zusammenfassung, Kreuzverhör, usw.) (Art. 3 Buchstabe i)*<br>Special methods or procedure to be followed (e.g., oral or in writing, verbatim transcript or summary, cross-examination, etc.) (Arts 3(i) and 9)*<br>Formes spéciales demandées (déposition orale ou écrite, procès-verbal sommaire ou intégral, "cross-examination", etc.) (art. 3(i) et 9)* | 1. It is requested that all testimony be reduced to written verbatim transcript and authenticated in accordance with applicable rules of the courts of Germany.<br>2. It is requested that Defendant's German counsel identified in Item 6(b) be permitted to question and cross-examine the deponent.<br>3. It is requested that should any portion of this request be denied, that the Defendants' representatives in Item 6(b) above be immediately notified of the associated rule(s) of the German court.<br>4. This Court requests that any documents produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, Germany. Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of the Authorized Representative in this matter.<br>5. It is requested that the following interpreter be permitted to attend and provide interpreting services during the deposition:<br>Susanne Hingerleitner<br>ASSOCIATION INTERNATIONALE DES INTERPRETES DE CONFERENCE<br>Katzbachstrabe 14<br>81476 Munchen<br>GERMANY<br>s.hinterleitner@aiic.net<br>6. It is requested that the following professional stenographer be permitted to be present and provide independent verbatim written transcripts of the deposition:<br>Petra Dischinger<br>Hopfengarten 8<br>55116 Mainz GERMANY<br>Alternative address:<br>Nestorastrabe 58 |

| | | |
|---|---|---|
| | | 10711 Berlin GERMANY<br>p.dischinger@stenografieren.de |
| 14. | Ersuchen um Benachrichtigung über Zeitpunkt und Ort der vorzunehmenden Handlung, sowie Namen und Anschriften der zu benachrichtigenden Personen (Art. 7)*<br>Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Art. 7)*<br>Demande de notification de la date et du lieu de l'exécution de la requête, de l'identité et de l'adresse de la ou des personnes à informer (art. 7)* | Ryan K. Yagura   (ryagura@omm.com)<br>O'Melveny & Myers LLP<br>400 South Hope Street, Suite 1900<br>Los Angeles, CA 90071  USA<br>Additionally, it is requested that all representatives listed in Items 6(a) and 6(b) be notififed of the date, time and place.<br>It is requested that, if necessary, attendance also be permitted at deposition via electronic transmission such as Zoom. If this is permitted, please notify the requesting counsel, and representatives in Item 6, of the date and time and any application details (Zoom or other platform). |
| 15. | Ersuchen um Genehmigung der Anwesenheit von Mitgliedern der ersuchenden gerichtlichen Behörde bei der Erledigung des Ersuchens (Art. 8)*<br>Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Art. 8)*<br>Demande d'assistance ou de participation des magistrats de l'autorité requérante à l'exécution de la commission rogatoire (art. 8)* | It is requested that all representatives identified in Item 6(b) above be provided any information relating to the execution of this Request. In addition, it is requested that any of the following attorneys with Defendants' counsel's office in Item 6(b) above be permitted to attend:<br><br>Ryan Yagura                Raj Paul<br>Nick Whilt                   Laura Burson<br>Vincent Zhou              Sara Pahlavan<br>Miao Liu                      Abigail McFee<br>Shawnna Yashar        Brian Quinn<br>James Donegan |
| 16. | Angaben zu einem Aussageverweigerungsrecht oder einem Aussageverbot der betroffenen Person nach dem Recht des ersuchenden Staates (Art. 11 Buchstabe b)*<br>Specification of privilege or duty to refuse to give evidence under the law of the Requesting State (Art. 11(b))*<br>Spécification des dispenses ou interdictions de déposer prévues par la loi de l'État requérant (art. 11(b))* | The witnesses shall be given the privilege of refusing if giving such evidence would<br>(1) subject them to a real and appreciable danger of criminal liability in the United States or Germany<br>(2) disclose a confidential and priviledged communication between them and their respective attorneys.<br><br>A protective order in the underlying U.S. matter protects confidential information. |
| 17. | Die entstandenen Kosten, die nach Art. 14 Abs. 2 oder Art. 26 des Übereinkommens zu | O'Melveny & Myers LLP<br>Ryan K. Yagura            (ryagura@omm.com) |

Case 2:25-cv-00895-WLH-BFM    Document 88    Filed 07/29/25    Page 26 of 98    Page ID
Case 2:25-cv-00895-WLH-BFM    Document 92    Filed 08/11/25    Page 10 of 10    Page ID
 #:5324
 #:5651

| | | |
|---|---|---|
| | **erstatten sind, werden bezahlt von:*** <br> The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:* <br> *Les taxes et frais donnant lieu à remboursement en vertu de l'article 14, alinéa 2 et de l'article 26 seront réglés par:** | 400 South Hope Street, Suite 1900 <br> Los Angeles, CA 90071  USA |
| | **Datum des Ersuchens** <br> Date of request <br> *Date de la requête* | 8/11/25 |
| | **Unterschrift und Stempel der ersuchenden Behörde** <br> Signature and seal of the requesting authority <br> *Signature et sceau de l'autorité requérante* | [signature] <br> BRIANNA FULLER MIRCHEFF |

* Soweit zutreffend/if applicable/le cas échéant

160