1  RYAN K. YAGURA (S.B. #197619)
   ryagura@omm.com
2  NICHOLAS J. WHILT (S.B. #247738)
   nwhilt@omm.com
3  XIN-YI ZHOU (S.B. #251969)
   vzhou@omm.com
4  O'MELVENY & MYERS LLP
   400 South Hope Street, Suite 1900
5  Los Angeles, CA 90071
   Telephone:  213-430-6000
6  Facsimile:  213-430-6407

7

8  *Attorneys for Defendants The Walt Disney
   Company, Disney Media and Entertainment
9  Distribution LLC, Disney DTC LLC, Disney
   Streaming Services LLC, Disney Entertainment &
10 Sports LLC, Disney Platform Distribution, Inc.,
   BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

11            **IN THE UNITED STATES DISTRICT COURT**
12              **CENTRAL DISTRICT OF CALIFORNIA**
                **WESTERN DIVISION AT LOS ANGELES**
13

14 INTERDIGITAL INC.,                        Case No. 2:25-cv-895-WLH-BFM
   INTERDIGITAL VC HOLDINGS,
15 INC., INTERDIGITAL MADISON                **DEFENDANTS' STATUS**
   PATENT HOLDINGS, SAS, AND                 **UPDATE ON LETTERS**
16 INTERDIGITAL CE PATENT                     **ROGATORY ISSUED**
   HOLDINGS, SAS,                            **PURSUANT TO COURT'S**
17                                           **AUGUST 8, 2025 ORDER [ECF**
              Plaintiffs and                 **No. 91]**
18            Counterclaim-
              Defendants,                    Judge: Hon. Wesley L. Hsu
19                                           Magistrate: Hon. Brianna F.
        v.                                   Mircheff
20
   THE WALT DISNEY COMPANY,
21 DISNEY MEDIA AND
   ENTERTAINMENT DISTRIBUTION
22 LLC, DISNEY DTC LLC, DISNEY
   STREAMING SERVICES LLC,
23 DISNEY ENTERTAINMENT &
   SPORTS LLC, DISNEY PLATFORM
24 DISTRIBUTION, INC., BAMTECH,
   LLC, HULU, LLC, AND ESPN, INC.,
25
              Defendants and
26            Counterclaim-
              Plaintiffs.
27

28

                              1

PLEASE TAKE NOTICE that pursuant to the Court's August 8, 2025 Order Granting Defendants' Ex Parte Application for Issuance of Letters of Request (Dkt. No. 91), Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech, LLC, Hulu, LLC, and ESPN, Inc. ("Defendants") hereby provide the Court an update on the status of the eight letters rogatory issued by this Court on August 12, 2025 (Dkt Nos. 92-99) and served by Defendants pursuant to the provisions of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").

Following the Court's Order, Defendants caused the letters rogatory to be delivered to the respective French, German, and Swiss authorities to be authorized and issued to the following entities and individuals:

**Switzerland**

1. International Telecommunication Union ("ITU")

2. International Electrotechnical Commission ("IEC")

3. International Organization for Standardization ("ISO")

**France**

1. Technicolor Group

2. Thomson Licensing SAS

3. Jurgen Stauder

**Germany**

1. Ingo Tobias Doser

2. Harald Schiller

### Status of Swiss Requests

On November 21, 2025 Defendants' counsel received a mailed letter from the Geneva Civil Court of First Instance, dated November 5, 2025. *See* Ex. A; Ex. B (certified translation). The letter confirmed that the Geneva court received the requests to the ITU, ISO, and IEC on September 12, 2025. *Id.* The Geneva court wrote that under Swiss law, other third-parties affected by the discovery requests (*i.e.*, Technicolor and Thomson) must have an opportunity to be heard in the U.S. Court before the requests for assistance may be granted. *Id.* The letter asked this Court to indicate by December 21, 2025 if Technicolor and Thomson have had the opportunity to be heard here. *Id.*

On December 19, 2025 Defendants' local counsel in Switzerland submitted a letter to the Geneva court respectfully explaining that its conclusion that third-parties must be heard before judicial assistance requests may be granted is incorrect as a matter of Swiss law. *See* Ex. C. As a courtesy, however, Defendants served all three sets of Swiss discovery requests on Thomson and Technicolor's U.S. counsel on December 17, 2025 so that they may make themselves heard in this Court if they so choose. *See* Ex. D.

On December 4, 2025, Defendants received another letter from the Geneva court, also dated November 5, 2025, addressed to the Permanent Mission of Switzerland in Geneva. *See* Ex. E; Ex. F (certified translation).. The letter stated that because the ITU holds "diplomatic privileges and immunities," the Geneva court was sending the original application directly to the ITU. Defendants are working with their Swiss local counsel to write to the ITU to request that they waive their diplomatic immunity and voluntarily agree to Defendants' discovery requests, as they concern non-confidential documents that are otherwise not publicly accessible.

Defendants have not received any updates on the status of service of the ISO and IEC requests.

### Status of French Requests

On November 3, 2025, a letter was filed to this Court's docket from the French Ministry of Justice. *See* Dkt. No. 121. The letter is dated October 14, 2025 and confirmed that on October 11, 2025, the Department of Judicial Cooperation, European and Private International Law of the French Ministry of Justice had received the letter of request issued to Thomson Licensing, and had authorized and forwarded it for execution to the public prosecutor at the First Instance Court of Rennes. *Id.*

On November 24, 2025, two letters (both dated October 13, 2025) were filed to this Court's docket from the French Ministry of Justice. *See* Dkt. No. 122. The first letter confirms receipt of the request to Jurgen Stauder, and that it has also been authorized and forwarded for execution to the public prosecutor at the First Instance Court of Rennes. *Id.* The second letter confirms receipt of the letter of request to Technicolor Group, which has been authorized and forwarded for execution to the public prosecutor at the First Instance Court of Paris. *Id.*

### Status of German Requests

As of the date of this filing, Defendants have not received any communications from the German courts regarding the requests to the two individuals (Ingo Tobias Doser and Harald Schiller) residing there. On December 19, 2025, Defendants' local counsel in Germany were able to inquire with the courts to confirm that the request to Mr. Schiller was at the Hannover County Court—which as of October 1, 2025, took over for the Ministry of Justice for the state of Lower Saxony for processes under the Hague Convention.  The Hannover County Court confirmed that Mr. Schiller's request was in process, but could not provide further details. The court had no information or status update to provide regarding the request to Mr. Doser.

***

In light of the slow progress of the above requests (none having been completed and several not having been acted on yet by the respective courts) and the April 13, 2026 close of fact discovery in this matter, Defendants anticipate that an extension of that deadline with respect to this international discovery may be necessary in order to allow sufficient time for the letters rogatory to be successfully served and answered. Further, Defendants will then need time to schedule depositions in order to authenticate any documents received in response to the requests.  Defendants intend to provide the Court with an additional update in early 2026.

DATED: December 19, 2025                    Respectfully submitted,

                                            By:    */s/ Ryan K. Yagura*
                                                    Ryan K. Yagura

                                            RYAN K. YAGURA
                                            NICHOLAS J. WHILT
                                            XIN-YI ZHOU
                                            O'MELVENY & MYERS LLP

                                            *Attorneys for Defendants The
                                            Walt Disney Company, Disney
                                            Media and Entertainment
                                            Distribution LLC, Disney DTC
                                            LLC, Disney Streaming Services
                                            LLC, Disney Entertainment &
                                            Sports LLC, Disney Platform
                                            Distribution, Inc., BAMTech
                                            LLC, Hulu, LLC, and ESPN, Inc.*

5

# EXHIBIT A

POUVOIR JUDICIAIRE
Tribunal civil

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
1211 GENEVE 3

Réf : **CR/30/2025 - XCR - 14**
à rappeler lors de toute communication

## DECISION DU  − 5 NOV. 2025

Rendue dans le cadre de l'entraide judiciaire internationale CR/30/2025

requise par le Tribunal fédéral de première instance du district central de Californie à Los Angeles aux Etats-Unis.

Vu la procédure opposant INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS INC., INTERDIGITAL MADISON PATENT HOLDINGS SAS, INTERDIGITIAL CE PATENT HOLDINGS SAS à THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION INC., BAMTECH LLC, HULU LLC et ESPN INC, par-devant le Tribunal fédéral de première instance du district central de Californie à Los Angeles aux Etats-Unis.

Vu la demande d'entraide judiciaire formée par le Tribunal précité le 11 août 2025, reçue par le Tribunal de Première Instance le 12 septembre 2025.

Attendu que, brièvement résumé, il ressort de la requête d'entraide judiciaire que les demandeurs font valoir une violation de divers brevets par les défendeurs.

Que les défendeurs font quant à eux valoir, notamment, que les demandeurs leur auraient indûment refusé l'octroi d'une licence pour l'utilisation de ces brevets alors qu'ils en avaient l'obligation.

Que cette obligation découlerait de déclarations que l'ancienne détentrice des brevets, THOMSON LICENSING SAS, filiale de TECHNICOLOR SA, aurait faites à l'Union internationale des télécommunications (UIT), à l'Organisation internationale de normalisation (ISO) et à la Commission électrotechnique internationale (CEI), en lien avec le développement de « normes de codages » H.264 et H.265.

Que la demande d'entraide vise ainsi, d'une part, à ce que le Tribunal de première instance interpelle l'UIT, l'ISO et la CEI, dont les sièges sont situés à Genève, afin qu'elles fournissent

République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

des documents en leur possession relatifs aux déclarations que TECHNICOLOR SA et/ou THOMSON LICENSING SAS leur auraient faites au sujet des brevets concernés par la procédure, et, d'autre part, à ce que Jaroslaw K. PONDER ou toute autre personne désignée par l'UIT, Antoine MORIN ou toute autre personne désignée par l'ISO et Stéphane SHERRER ou toute autre personne désignée par la CEI, soient entendus par le Tribunal de céans en qualité de témoins, au sujet de ces mêmes faits.

Considérant que l'entraide judiciaire demandée en l'espèce est régie par la Convention de La Haye du 18 mars 1970 sur l'obtention de preuves à l'étranger en matière civile ou commerciale (CLaH 70), à laquelle la Suisse et les Etats-Unis ont adhéré.

Que, partant, le Tribunal requérant est légitimé à solliciter les renseignements qui entrent dans le cadre des actes d'instruction prévus à l'article 1er CLaH 70.

Que la commission rogatoire n'est pas exécutée si la personne qu'elle vise invoque une dispense ou une interdiction de déposer, établies soit par la loi de l'Etat requis soit par la loi de l'Etat requérant (art. 11 CLaH 70).

Que l'autorité judiciaire qui procède à l'exécution d'une commission rogatoire applique les lois de son pays en ce qui concerne les formes à suivre (article 9 al. 1 CLaH 70).

Qu'en Suisse, l'article 160 al. 1 du Code de procédure civile (CPC) dispose que les parties et les tiers à une procédure sont tenus de collaborer à l'administration des preuves, notamment de de produire les documents requis, l'article 167 CPC prévoyant des sanctions en cas de refus injustifié de collaborer de tiers.

Que les articles 165 et 166 CPC, dont le texte est joint en annexe à la présente ordonnance, énumèrent les cas dans lesquels un tiers peut refuser de collaborer.

Qu'en droit suisse, le droit d'être entendu est un droit garanti par la Constitution, soit l'art. 29 al. 2 Cst., repris en procédure civile, notamment à l'art. 53 al. 1 CPC, qui le garantit aux parties et à toutes les personnes concernées, c'est-à-dire à tous les tiers dont les droits sont atteints, de façon à  ce qu'ils puissent faire valoir à temps leurs objections avant qu'une décision ne soit prise à leur détriment (ATF 142 III 116 cons. 3.2).

Que le Tribunal fédéral a retenu dans un arrêt rendu dans le cadre d'une demande d'entraide bancaire, que le client de la banque, titulaire du compte, qui est un tiers touché par la mesure d'entraide, doit avoir eu l'occasion de s'exprimer dans le procès au fond à l'étranger et qu'à défaut, la requête d'entraide doit être refusée (ATF 142 III 116 cons. 3.2).

Qu'en l'espèce, l'autorité requérante sollicite du tribunal de céans qu'il ordonne à l'UIT, à l'ISO et à la CEI de fournir des documents relatant des discussions ayant eu lieu entre elles et

TECHNICOLOR SA et/ou THOMSON LICENSING SAS au sujet des normes de codage, afin notamment de déterminer l'étendue de l'implication de ces deux sociétés

Qu'il n'apparaît pas que TECHNICOLOR SA et THOMSON LICENSING SAS, tiers concernés par la mesure d'entraide requise, auraient été entendues dans le cadre de la procédure menée par l'autorité requérante.

Qu'en conséquence, il sied d'inviter l'autorité requérante à bien vouloir indiquer si TECHNICOLOR SA et THOMSON LICENSING SAS, visées par les mesures d'entraide sollicitées, ont été en mesure d'exercer leur droit d'être entendu dans le cadre de la procédure pendante devant elle.

Pour communication conforme
Stephan MENSAH
Greffier

République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

**Par ces motifs**

**Le Tribunal :**

1.  Invite le Tribunal fédéral de première instance du district central de Californie à Los Angeles aux Etats-Unis, dans un délai de **trente jours** dès notification de la présente ordonnance, à indiquer si TECHNICOLOR SA et THOMSON LICENSING SAS ont pu exercer leur droit d'être entendu dans le cadre de la procédure opposant INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS INC., INTERDIGITAL MADISON PATENT HOLDINGS SAS, INTERDIGITIAL CE PATENT HOLDINGS SAS à THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION INC., BAMTECH LLC, HULU LLC et ESPN INC.

Pour communication conforme
Stephen **MENSAH**
Greffier

Lucia GERMANI

Juge

**Indication des voies de recours :**

*Conformément aux articles 319 ss du Code de procédure civile (CPC), la présente décision peut faire l'objet d'un recours par devant la Cour de justice, Place du Bourg-de-Four, case postale 3108, 1211 Genève 3, dans les 10 jours qui suivent sa notification (art. 321 al. 2 CPC).*

La présente ordonnance est communiquée pour notification à l'autorité requérante et à Ryan K. YAGURA par le greffe le   **- 5 NOV. 2025**

Tribunal de première instance

**République et canton de Genève**
**POUVOIR JUDICIAIRE**
Tribunal civil

Genève, le 5 novembre 2025

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
CH - 1211 GENEVE 3
**CR/30/2025 14 GEA XCR**

R ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
R P371 87687 6 CH
**Please scan - Signature required**
**Veuillez scanner - Remise contre signature**

**A-PRIORITY**

**Avis de réception**

O'MELVENY & MYERS LLP
RYAN K. YAGURA
400 South Hope Street
Suite 1900
Los Angeles CA 90071
ÉTATS-UNIS

Réf :  **CR/30/2025** 14 GEA XCR
à rappeler lors de toute communication

Nous vous remettons ci-joint l'ordonnance dans la cause mentionnée sous rubrique.

CIV_MEM_004
Recommandé accusé recept. A5
Tribunal de première instance - Tél : +41 22 327 66 30
MSH

# EXHIBIT B



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Geneva Decision**" is, to the best of my knowledge and belief, a true and accurate translation from French into English.



_____
Jacqueline Yorke

Sworn to before me this
December 5, 2025

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public

[emblem] Republic and Canton of Geneva **JUDICIAL BRANCH**
**Civil Court**

Court of the First Instance
Rue de l'Athénée 6-8
PO Box 3736
1211 GENEVA 3

| | |
|---|---|
| Ref: | **CR/30/2025-XCR-14**<br>to be recalled during any communication |

# DECISION OF - NOVEMBER 5, 2025

Issued within the framework of international mutual legal assistance CR/30/2025

requested by the Federal Court of the First Instance for the Central District of California in Los Angeles, USA.

Having regard to the proceedings between INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS INC., INTERDIGITAL MADISON PATENT HOLDINGS SAS, INTERDIGITAL CE PATENT HOLDINGS SAS and THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION INC., BAMTECH LLC, HULU LLC and ESPN INC, before the Federal Court of the First Instance for the Central District of California in Los Angeles, USA.

Having regard to the request for mutual legal assistance made by the aforementioned Court on August 11, 2025, received by the Court of the First Instance on September 12, 2025.

Whereas, in brief summary, it appears from the request for mutual legal assistance that the plaintiffs allege a violation of various patents by the defendants.

The defendants, for their part, argue, in particular, that the plaintiffs unduly refused to grant them a license to use these patents when they had an obligation to do so.

That this obligation would stem from declarations that the former holder of the patents, THOMSON LICENSING SAS, a subsidiary of TECHNICOLOR SA, allegedly made to the International Telecommunication Union (ITU), the International Organization for Standardization (ISO), and the International Electrotechnical Commission (IEC), in connection with the development of "coding standards" H.264 and H.265.

The request for mutual assistance aims, on the one hand, to have the Court of the First Instance summon the ITU, the ISO and the IEC, whose headquarters are located in Geneva, so that they may provide documents in

Republic and Canton of Geneva **JUDICIAL**
[emblem] **BRANCH**
**Civil Court**

their possession relating to the statements that TECHNICOLOR SA and/or THOMSON LICENSING SAS may have made to them concerning the patents concerned by the proceedings, and, on the other hand, to have Jaroslaw K. PONDER or any other person designated by the ITU, Antoine MORIN, or any other person designated by the ISO, and Stéphane SHERRER, or any other person designated by the IEC, heard by this Court as witnesses, concerning these same facts.

Considering that the judicial assistance requested in this case is governed by the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Convention 70), to which Switzerland and the United States have acceded.

That, therefore, the requesting Court is entitled to request information that falls within the scope of the investigative acts provided for in Article 1 of the Hague Convention 70.

That the letter rogatory shall not be executed if the person it targets invokes a waiver or a prohibition on filing, established either by the law of the requested State or by the law of the requesting State (Art. 11 Hague Convention 70).

That the judicial authority which carries out the execution of a letter rogatory shall apply the laws of its country with regard to the forms to be followed (Article 9 paragraph 1 Hague Convention 70).

In Switzerland, Article 160 paragraph 1 of the Code of Civil Procedure (CPC, *Code de procédure civile*) provides that the parties and third parties to a procedure are required to cooperate in the administration of evidence, in particular to produce the required documents, Article 167 CPC provides for sanctions in the event of unjustified refusal to cooperate by third parties.

Articles 165 and 166 of the CPC, the text of which is attached as an annex to this order, list the cases in which a third party may refuse to cooperate.

That under Swiss law, the right to be heard is a right guaranteed by the Constitution, namely art. 29 paragraph 2 Cst, taken up in civil procedure, in particular in art. 53 paragraph 1 CPC, which guarantees it to the parties and to all persons concerned, that is to say, to all third parties whose rights are affected, so that they can raise their objections in time before a decision is taken to their detriment (ATF (*Arrêts du Tribunal fédéral* [Federal Court Ruling]) 142 III 116 cons. 3.2).

The Federal Court held in a ruling in the context of a request for banking assistance that the bank's client, the account holder, who is a third party affected by the assistance measure, must have had the opportunity to express himself in the substantive proceedings abroad and that, failing this, the request for assistance must be refused (ATF 142 III 116 cons. 3.2).

In this case, the requesting authority requests that this court order the CUIT, ISO, and IEC to provide documents relating to discussions held between them and TECHNICOLOR SA and/or THOMSON LICENSING SAS

[emblem] Republic and Canton of Geneva **JUDICIAL BRANCH**
**Civil Court**

concerning coding standards, in particular to determine the extent of the involvement of these two companies.

It does not appear that TECHNICOLOR SA and THOMSON LICENSING SAS, third parties concerned by the requested mutual assistance measure, were heard in the context of the procedure carried out by the requesting authority.

Therefore, it is appropriate to invite the requesting authority to indicate whether TECHNICOLOR SA and THOMSON LICENSING SAS, which are the subject of the requested mutual assistance measures, have been able to exercise their right to be heard in the proceedings pending before it.

Republic and Canton of Geneva **JUDICIAL**
[emblem] **BRANCH**
**Civil Court**

**On these grounds**

**The Court**:

1.  Invites the Federal Court of the First Instance for the Central District of California in Los Angeles, USA, within **thirty days** of notification of this order, to indicate whether TECHNICOLOR SA and THOMSON LICENSING SAS were able to exercise their right to be heard in the proceedings between INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS INC., INTERDIGITAL MADISON PATENT HOLDINGS SAS, INTERDIGITIAL CE PATENT HOLDINGS SAS and THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION INC., BAMTECH LLC, HULU LLC, and ESPN INC.

|  |  |
|---|---|
| [stamp:] | Lucia GERMANI |
| **Certified true copy** | |
| **Stephen MENSAH** | Judge |
| **Clerk** | |
| | [signature] |

[stamp:] REPUBLIC AND CANTON OF GENEVA * CIVIL COURT
[signature]

**Indication of methods of appeal:**

*In accordance with Articles 319 et seq. of the Code of Civil Procedure (CPC), this decision may be appealed to the Court of Justice, Place du Bourg-de-Four, PO Box 3108, 1211 Geneva 3, within 10 days of its notification (Art. 321 paragraph 2 CPC).*

This order is communicated for notification to the requesting authority and to Ryan K. YAGURA by the clerk's office on - NOV 5, 2025

[emblem] Republic and Canton of Geneva **JUDICIAL BRANCH**
**Civil Court**

Geneva, November 5, 2025

Court of the First Instance
Rue de l'Athénée 6-8
PO Box 3736
CH-1211 GENEVA 3

**CR/30/2025 14 GEA XCR**
•

**R**

[logo:]
*LA POSTE*

[QR code]
R P371 87687 6 CH
**Please scan - Signature required**
**[bilingual text]**

A-PRIORITY

**Acknowledgement of receipt**

O'MELVENY & MYERS LLP
RYAN K. YAGURA
400 South Hope Street
Suite 1900
Los Angeles CA 90071
UNITED STATES

| Ref: | **CR/30/2025-XCR-14** |
| | to be recalled during any communication |

We are enclosing the order in the case mentioned under heading.

CIV_MEM_004
Registered mail with return receipt
requested. A5

Court of the First Instance - Tel: +41 22 327 66 30

MSH

# EXHIBIT C



Lenz & Staehelin
Brandschenkestrasse 24
CH-8027 Zurich
Tel: +41 58 450 80 00
www.lenzstaehelin.com

Peter Ling

Associé
peter.ling@lenzstaehelin.com

Admis au barreau

**Recommandé (IncaMail)**

Tribunal de première instance
Tribunal civil
Rue de l'Athénée 6-8
Case postale 3736
1211 Genève 3

Zurich, le 19 décembre 2025
M210514570_1 / LINGP /

**Concerne: Réf. CR/30/2025 – XCR – 14, Décision du 5 novembre 2025**

Madame la Juge déléguée,

Nous représentons les intérêts de The Walt Disney Company, 500 South Buena Vista Street, 91521-0001 Burbank, États-Unis. La procuration correspondante est jointe.

Preuve:    -    Procuration

(Pièce 1)

Notre cliente est co-défenderesse dans la procédure no. 2:25-cv-895-WLH-BFM devant le Tribunal fédéral de première instance du district central de Californie à Los Angeles (ci-après le "**Tribunal américain**"), lequel a fait parvenir une requête d'assistance judiciaire au Tribunal civil. Dans la procédure américaine, les demanderesses InterDigital, Inc, InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS et InterDigital CE Patent Holdings, SAS ("**Demanderesses**" ou "**InterDigital**") allèguent la contrefaçon de certains brevets qu'ils ont acquis des sociétés Technicolor SA et Thomson Licensing SAS.

Notre cliente a reçu en date du 21 novembre 2025 la décision du Tribunal civil du 5 novembre 2025 dans cette affaire ("**Décision**"). La Décision invite le Tribunal américain, devant lequel le litige initié par Interdigital contre notre cliente et ses co-défenderesses est pendante, à indiquer dans un délai de 30 jours si Technicolor SA et Thomson Licensing SAS ont été entendues dans la procédure au fond.

Notre cliente prend la liberté de respectueusement répondre à la question posée au Tribunal américain par le Tribunal civil et de prendre position sur la Décision et ses motifs.

Lenz & Staehelin

GENÈVE
Route de Chêne 30
CH-1211 Genève 6

LAUSANNE
Avenue de Rhodanie 40C
CH-1007 Lausanne



Nous informons le Tribunal que ni Technicolor SA, ni Thomson Licensing SAS n'ont été entendues dans la procédure pendante devant le Tribunal américain parce qu'elles ne sont pas parties à la procédure devant le Tribunal américain. Néanmoins, les Demanderesses (qui ont acquis les brevets en question dans le cas d'espèce) ont, elles, eu l'opportunité d'être entendues et n'ont soulevé aucune objection.

En outre, bien que cela ne soit pas requis dans la procédure, ma mandante a fait parvenir une copie des requêtes d'assistance judiciaire aux sociétés Technicolor SA et Thomson Licensing SAS cette semaine avant le dépôt de la présente prise de position.

Néanmoins, **le droit suisse et en particulier la jurisprudence de l'ATF 142 III 116 n'impose pas l'audition de Technicolor SA ou de Thomson Licensing SAS dans le cas présent parce que leur position juridique n'est pas matériellement affectée par la procédure en cours** – et ne le sera pas par sa conclusion, quelle qu'elle soit (contrairement à la situation jugée dans l'ATF précité).

Enfin, une partie importante de la demande d'entraide concerne des documents se rapportant à des informations non-confidentielles de Technicolor SA et/ou Thomson Licensing SAS, en particulier leurs activités au sein d'organismes de standardisation, comme cela sera expliqué ci-après.

## 1 Introduction: Les brevets essentiels à des normes ("SEP") et les déclarations de concession de licence "FRAND"

Afin de permettre l'interconnexion de systèmes de communication fabriqués par différentes entreprises, des organismes de normalisation (comme par exemple l'UIT, l'ISO ou la CEI) élaborent et mettent en place des normes techniques standard (par exemple la 5G dans la communication mobile ou des standards de compression de vidéos comme dans le cas présent).

Un brevet est appelé "essentiel à un standard" (en anglais "standard essential patent" ou "**SEP**") lorsque l'invention qu'il protège est incontournable pour l'application d'une norme technique donnée. Les détenteurs de SEP qui ont participé à l'élaboration d'un standard sont tenus de concéder une licence sous des conditions équitables (*fair*), raisonnables (*reasonable*) et non discriminatoires (*non-discriminatory*) à toute personne qui souhaite faire usage du standard. Cette licence est aussi appelée "FRAND" pour refléter l'abréviation anglaise "Fair, Reasonable And Non-Discriminatory" (aux Etats-Unis, l'abréviation le plus souvent utilisée omet le "F" et se dit simplement "RAND", ce qui ne change pas le sens de l'expression toutefois).

Le titulaire d'un SEP soumet généralement une déclaration écrite de licence (*licensing declaration*) à l'organisme de normalisation, dans laquelle il s'engage à concéder des licences à des conditions (F)RAND[1]. Ces déclarations sont formalisées, l'UIT, l'ISO et la CEI utilisent un formulaire commun appelé "*Patent Statement and Licensing Declaration Form*" tel que soumis au Tribunal.

---

[1] Cf. le résumé sur le site internet de l'Organisation mondiale de la propriété intellectuelle (OMPI) à l'adresse https://www.wipo.int/fr/web/patents/topics/sep.



Preuve:    -    Patent Statement and Licensing Declaration Form

(Pièce 2)

Toute entreprise qui fabrique des produits ou fournit des services utilisant les brevets essentiels aux standards concernés, y compris notre cliente, est un bénéficiaire tiers potentiel des engagements contractuels du titulaire du SEP.


## 2    L'objectif de la demande d'entraide judiciaire du Tribunal américain

Comme il ressort déjà de la demande d'entraide judiciaire et également la Décision, les Demanderesses ont initié une procédure en contrefaçon de brevet contre notre cliente et ses co-défenderesses devant le Tribunal américain. Trois des brevets qui font l'objet de la procédure étaient détenus auparavant par les sociétés Thomson Licensing SAS, à l'époque une filiale de Technicolor SA.

Notre cliente et ses co-défenderesses ont notamment fait valoir l'objection et exception selon laquelle les Demanderesses sont contractuellement tenues de proposer à notre cliente (et aux co-défenderesses) une licence aux conditions RAND pour les brevets qu'elles invoquent. Cette obligation découle de plusieurs "*Patent Statements and Licensing Declarations*" soumises (pour certains brevets) par l'une des Demanderesses et (pour d'autres brevets) par Thomson Licensing SAS aux organisations de standardisation (UIT, ISO et CEI) avant qu'elles n'aliènent ces brevets aux Demanderesses.

Notre cliente a demandé au Tribunal américain d'ordonner la production de ces déclarations de licence par les organisations de standardisation et l'audition de témoins afin de prouver son objection. **Les Demanderesses ne se sont pas opposées à cette requête**, comme cela ressort de la première page de la décision et procès-verbal du Tribunal américain du 8 août 2025.

Preuve:    -    Décision et procès-verbal du Tribunal américain du 8 août 2025 (surlignage ajouté)

(Pièce 3)


## 3    Pas de droit d'être entendues des sociétés Thomson Licensing SAS et Technicolor SA dans la présente procédure

### 3.1    Seule une partie de la demande d'entraide se rapporte à des SEP anciennement détenus par Thomson Licensing

La demande déposée devant le Tribunal américain se rapporte à cinq brevets américains (US 8,085,257 ou "**US'257**"; US 8,406,301 ou "**US'301**"; US 9,185,268 ou "**US'268**"; US 10,805,610 ou "**US'610**"; US 11,381,818 ou "**US'818**"). Or, seuls US'301, US'268 et US'257 étaient autrefois détenus par Thomson Licensing SAS. Les deux



autres brevets ont été déposés à l'origine par l'une des Demanderesses du groupe Interdigital.

Preuve: - Première page des brevets US'610 et US'818 (surlignage ajouté)

(Pièce 4)

Il n'y a donc pas de raison d'entendre Thomson Licensing SAS ou Technicolor SA en ce qui concerne ces deux brevets ou des documents qui les concernent.

Il ressort en outre de l'*Attachement B* joint à la demande d'entraide judiciaire qu'un grand nombre de documents demandés aux organisations de standardisation ne concernent ni Thomson Licensing ni Technicolor, mais les organisations de standardisation elles-mêmes (UIT, ISO, CEI) ou des documents déposés par l'une des Demanderesses (cf. les documents 1 à 5, 12, 13, 20, 21, 26, 27, 32, 33, 38 à 44). Il n'y a donc pas de raison d'entendre Thomson Licensing ou Technicolor concernant cette partie de la demande d'entraide.

Par conséquent, **la demande d'entraide doit être admise en ce qui concerne les documents et questions se rapportant aux brevets US'610 et US'818, ainsi que les documents 1 à 5, 12, 13, 20, 21, 26, 27, 32, 33, 38 à 44 (selon l'Attachment B à la demande d'entraide) sans égard à la question de savoir si les sociétés Thomson Licensing SAS et Technicolor SA devaient être entendues**.

## 3.2 Les intérêts de Thomson Licensing ou de Technicolor ne sont pas affectés par la demande d'entraide

Le refus d'une demande d'entraide judiciaire selon art. 12 al. 1 let. b CLaH70 suppose que son exécution viole des principes fondamentaux reconnus par l'ordre public international, notamment le droit d'être entendu (art. 29 al. 2 Cst ; art. 53 CPC). Ce droit ne s'applique qu'aux tiers, **dont la position juridique propre et protégée matériellement est directement affectée**. Une simple atteinte indirecte ou économique ne suffit pas.[2]

Selon la jurisprudence, seuls les tiers matériellement concernés ont la possibilité de faire valoir leurs objections avant qu'une décision ne soit rendue à leur détriment. La notion déterminante est celle de l'incidence matérielle (*materielle Betroffenheit*)[3], qui suppose qu'une mesure concerne effectivement les droits propres d'une personne[4].

Il est rare que les tribunaux admettent une telle incidence matérielle. La jurisprudence a considéré par exemple que les droits de l'épouse sont affectés par une requête du mari en changement du nom de famille commun[5]. En revanche, la jurisprudence a considéré

---

[2]   ATF 139 II 279 consid. 2.2; Sogo Miguel, Gestaltungsklagen und Gestaltungsurteile des materiellen Rechts und ihre Auswirkungen auf das Verfahren, ZStV – Zürcher Studien zum Verfahrensrecht Band/Nr. 152, p. 275 ss., p. 276 s. avec réf.; Ritter Thomas, Einheitliche Entscheidung gesellschaftsrechtlicher Beschlussanfechtungsklagen vor Schiedsgerichten unter Berücksichtigung der staatlichen Gerichtsbarkeit und statutarischer Schiedsklauseln, ZStV – Zürcher Studien zum Verfahrensrecht Band/Nr. 181, p. 60 ss., p. 62 ss. avec réf.

[3]   TAF du 10 juillet 2019, C-668/2018, consid. 5.4.

[4]   ATF 143 III 65 consid. 3.2.

[5]   ATF 127 III 193, consid. 3.



que le changement de curateur d'un enfant ne concernait pas les droits propres des parents nourriciers qui n'avaient donc pas de droit d'être entendus[6], ni un producteur de médicaments génériques dans la procédure concernant la fixation du prix d'un médicament innovant (qui aura des incidences sur le prix du générique)[7], ni un pharmacien économiquement affecté par une autorisation de distribution de médicaments remise à un médecin[8], ni le client d'une banque dans la procédure administrative contre la banque, même si la plainte administrative émanait de lui[9].

Dans l'ATF 142 III 116, le Tribunal fédéral devait décider si le titulaire et l'ayant droit économique d'un compte en banque (qui étaient deux personnes différentes) ont le droit d'être entendus dans une procédure d'entraide concernant leur compte et à laquelle seule la banque était partie. Tant le titulaire du compte que l'ayant droit économique s'étaient opposés à la demande d'entraide et ont formulé un recours. Le Tribunal fédéral a admis le recours, en ligne avec la jurisprudence précédente. Il a considéré que l'ayant droit économique était matériellement touché par la requête d'entraide parce qu'elle visait à dévoiler son identité, encore inconnue des parties au procès étranger (consid. 3.4.4). Le titulaire du compte était considéré matériellement touché parce qu'il était un client de la banque (consid. 3.4.4), protégé par le secret bancaire auquel il a refusé de renoncer (consid. A.b).

Si le raisonnement de l'ATF 142 III 116 a lieu d'être appliqué ici, il s'agit d'examiner si Technicolor SA et Thomson Licensing SAS doivent être considérées comme des tiers matériellement concernés.

Thomson Licensing SAS est l'ancien titulaire de trois (sur un total de cinq) brevets pertinents dans la présente procédure. Elle a transféré ces brevets à InterDigital Inc. il y a plusieurs années déjà. Elle n'a donc plus de droits ou positions protégées affectés par la présente procédure.

Technicolor SA est l'ancienne société-mère de Thomson Licensing SAS. Elle n'a jamais détenu aucun des brevets pertinents dans la procédure. On ne peut toutefois exclure que certaines des déclarations de licence ont pu être faites directement par Technicolor SA. Pour cette raison, la demande d'entraide concerne aussi des documents potentiellement déposés par cette entité qui était à l'époque la société-mère de Thomson Licensing SAS.

Les documents concernés par la demande d'entraide qui sont en rapport avec Thomson Licensing SAS et/ou Technicolor SA sont (1) les "*Patent Statements and Licensing Declarations*" (<u>Pièce 2</u>) comme cela ressort des documents 6 à 9, 11, 14, 15, 16 à 19 (cf. *Attachement B* à la demande d'entraide), ou (2) d'autres documents qui concernent les standards H.264 et H.265.

Le "*Patent Statement and Licensing Declaration*"est par définition un document destiné à être consulté par tout preneur de licence potentiel. Ce document indique typiquement que le titulaire du brevet est disposé à concéder une licence à quiconque souhaite faire usage de la norme technique standardisée et prêt à payer une redevance RAND. En

---

[6]  ATF 143 III 65 consid. 3.2.

[7]  TAF du 10 juillet 2019, C-668/2018, consid. 5.4

[8]  Arrêt du Tribunal administratif du canton de Zurich du 8 mai 2012, VB.2012.00191, consid. 5.2.

[9]  ATF 139 II 279 consid. 2.2.



droit des obligations, il s'agit d'un appel d'offre à un nombre indéterminé de personnes. De tels documents sont expressément destinés à être facilement accessibles.

La position de Thomson Licensing SAS et de Technicolor SA n'est pas comparable à celle du titulaire d'un compte en banque. Les documents rédigés par Thomson Licensing SAS et de Technicolor SA ne bénéficient d'aucune prétention de confidentialité et encore moins d'une position protégée par la loi. Il ne s'agit ni de secrets commerciaux, ni de données personnelles, ni d'informations confidentielles ou sensibles, ou permettant d'obtenir des informations sur des valeurs patrimoniales – au contraire, il s'agit d'informations que l'ancien titulaire des brevets aurait souhaité communiquer publiquement à tout intéressé qui voulait faire usage du brevet.

La communication de ces documents ne porterait donc pas atteinte aux droits matériels de Technicolor SA ou Thomson Licensing SAS qui, en tout état, ne sont plus les titulaires des brevets en question depuis plusieurs années déjà.

Le jugement final dans la procédure devant le Tribunal américain, quelle qu'en soit l'issue, n'aura aucun effet défavorable sur ces entités, puisque ces entités se sont défaites des brevets en question. Elles n'ont donc ni intérêt ni droit d'être entendues à ce sujet.

**Pour ces motifs, nous vous prions, Madame la Juge déléguée, d'admettre la requête d'assistance judiciaire formulée par le Tribunal américain.**

Nous vous prions d'agréer, Madame la Juge déléguée, l'expression de notre haute considération.



Digitally signed by

Peter Ling, 19.12.2025 14:15

Peter Ling

6



**Bordereau des moyens de preuve**

à la prise de position de The Walt Disney Company
du 19 décembre 2025

dans l'affaire Réf. CR/30/2025 – XCR – 14

au Tribunal civil du Tribunal de première instance

**Pièces**

Pièce 1:        Procuration

Pièce 2:        Patent Statement and Licensing Declaration Form

Pièce 3:        Décision et procès-verbal du Tribunal américain du 8 août 2025
               (surlignage ajouté)

Pièce 4:        Première page des brevets US'610 et US'818 (surlignage ajouté)

7

# L&S

Lenz & Staehelin
Brandschenkestrasse 24
CH-8027 Zurich
Tel  +41 58 450 80 00
www.lenzstaehelin.com

Peter Ling

Partner
peter.ling@lenzstaehelin.com

Admitted to the bar

**Registered mail (IncaMail)**

Court of first instance
Civil court
6-8 Rue de l'Athénée
P.O. Box 3736
1211 Geneva 3

**TRANSLATION**

Zurich, December 19, 2025
10231403_1 / LINGP /

**Re: Ref. CR/30/2025 – XCR – 14, Decision of November 5, 2025**

Your Honor,

We represent the interests of The Walt Disney Company, 500 South Buena Vista Street, 91521-0001 Burbank, United States. The corresponding power of attorney is attached.

Evidence:   -     Power of attorney

(Exhibit 1)

Our client is a co-defendant in case no. 2:25-cv-895-WLH-BFM before the United States District Court for the Central District of California in Los Angeles (hereinafter the "**U.S. Court**"), which has sent a request for legal assistance to the Civil Court.  In the U.S. Court action, Plaintiffs InterDigital, Inc, InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS ("**Plaintiffs**" or "**InterDigital**") assert infringement of a number of patents they purchased from Technicolor SA and Thomson Licensing SAS.

On November 21, 2025, our client received the Civil Court's decision of November 5, 2025 in this case ("**Decision**"). The Decision invites the U.S. Court, before which the litigation initiated by Interdigital against our client and its co-defendants is pending, to indicate within 30 days whether Technicolor SA and Thomson Licensing SAS were heard in the proceedings on the merits.

Respectfully, we take the liberty of answering the question posed to the U.S. Court and on commenting on the Decision and its grounds.

We inform the Court that neither Technicolor SA nor Thomson Licensing SAS were heard in the proceedings pending before the US Court because they are not parties to

GENEVA
Route de Chêne 30
CH-1211 Geneva 6

LAUSANNE
Avenue de Rhodanie 40C
CH-1007 Lausanne



the U.S. Court action but the Plaintiffs (who purchased the patents at issue in this case) *did* have an opportunity to be heard and did not raise any objection.

Further, though not required to do so as part of the proceeding, our client sent courtesy copies of the requests to Technicolor SA and Thomson Licensing SAS this week in advance of this submission.

Additionally, **Swiss law, and in particular the case law of ATF 142 III 116, does not require Technicolor SA or Thomson Licensing SAS to be heard in the present case because their legal position is not materially affected by the proceedings in progress** – and will not be affected by their conclusion, whatever it may be (unlike the situation ruled on in the aforementioned ATF).

Finally, a significant part of the request for assistance concern documents relating to Technicolor SA or Thomson Licensing SAS's non-confidential, public involvement in standardization bodies. Further details follow.

# 1     Background on Standard essential patents ("SEPs") and "FRAND" licensing declarations

In order to enable the interconnection of communication systems manufactured by different companies, standardization bodies (such as the ITU, ISO, or IEC) develop and implement technical standards (e.g., 5G in mobile communications or video compression standards, as in the present case).

A patent is referred to as "standard essential" (or "**SEP**") when the invention it protects is essential for the application of a given technical standard. SEP holders who have participated in the development of a standard are required to grant a license on *fair*, *reasonable*, and *non*-discriminatory terms to anyone who wishes to use the standard. This license is also known as "FRAND" to reflect the abbreviation "Fair, Reasonable And Non-Discriminatory" (in the United States, the most commonly used abbreviation omits the "F" and is simply "RAND," which does not change the meaning of the expression).

The SEP holder generally submits a written *licensing declaration* to the standardization body, in which it undertakes to grant licenses on (F)RAND terms[1]. These declarations are formalized, with the ITU, ISO, and IEC using a common form called the "*Patent Statement and Licensing Declaration Form*" as submitted to the Court.

Evidence:   -   Patent Statement and Licensing Declaration Form

(Exhibit 2)

Any company that manufactures products or provides services using patents essential to the relevant standards, including our client, is a potential third-party beneficiary of the SEP holder's contractual commitments.

---

[1]   See the summary on the World Intellectual Property Organization (WIPO) website at https://www.wipo.int/fr/web/patents/topics/sep .

2



## 2      The purpose of the US Court's request for mutual legal assistance

As already apparent from the request for mutual legal assistance and also from the Decision, Interdigital has initiated patent infringement proceedings against our client and its co-defendants before the US Court. Three of the patents that are the subject of the proceedings were previously owned by Thomson Licensing SAS, at the time a subsidiary of Technicolor SA.

Our client and its co-defendants have raised the objection and defense that the Plaintiffs are contractually obliged to offer our client (and the co-defendants) a license on RAND terms for the patents they are invoking. This obligation arises from several "*Patent Statements and Licensing Declarations*" submitted (for some patents) by one of the plaintiffs and (for other patents) by Thomson Licensing SAS to standardization organizations (ITU, ISO, and IEC) before they sold these patents to the Plaintiffs.

Our client asked the US court to order the production of these licensing declarations by the standardization organizations and the hearing of witnesses in order to prove its defense. **The Plaintiffs did not oppose this request**, as can be seen from the US court's decision and minutes of August 8, 2025.

Evidence:   -   Decision and minutes of the US court's decision dated August 8, 2025 (emphasis added)

(Exhibit 3)

## 3      No right to be heard for Thomson Licensing SAS and Technicolor SA in the present proceedings

### 3.1    Only part of the request for mutual assistance relates to SEPs formerly held by Thomson Licensing

The request filed with the US court relates to five US patents (US 8,085,257 or "**US'257**"; US 8,406,301 or "**US'301**"; US 9,185,268 or "**US'268**"; US 10,805,610 or "**US'610**"; US 11,381,818 or "**US'818**"). However, only US'301, US'268 and US'257 were formerly owned by Thomson Licensing SAS. The other two patents were originally filed by one of the plaintiffs in the Interdigital group.

Evidence:   -   Front page of the US'610 and US'818 patents (emphasis added)

(Exhibit 4)

There is therefore no reason to hear Thomson Licensing SAS or Technicolor SA with regard to these two patents or the documents relating to them.

Furthermore, it is clear from Attachment B to the request for mutual legal assistance that a large number of the documents requested from the standardization organizations do not concern Thomson Licensing SAS or Technicolor SA at all, but pertain only to the standardization organizations themselves (ITU, ISO, IEC) or documents filed by one of



the plaintiffs (see documents 1 to 5, 12, 13, 20, 21, 26, 27, 32, 33, 38 to 44). There is thus no reason to hear Thomson Licensing SAS or Technicolor SA regarding this part of the request for mutual assistance.

Consequently, **the request for mutual assistance, respectfully, should be granted with regard to the documents and questions relating to patents US'610 and US'818, as well as documents 1 to 5, 12, 13, 20, 21, 26, 27, 32, 33, 38 to 44 (according to Attachment B to the request for mutual assistance) without even needing to decide whether Thomson Licensing SAS and Technicolor SA must be heard**.

**3.2    The interests of Thomson Licensing or Technicolor are not affected by the request for mutual assistance.**

The refusal of a request for mutual assistance under Article 12(1)(b) of the CLaH70 presupposes that its execution violates fundamental principles recognized by international public policy, in particular the right to be heard (Article 29(2) of the Constitution; Article 53 of the CPC). This right applies only to third parties **whose own legally protected position is directly affected**. A mere indirect or economic harm is not sufficient.[2]

According to case law, only materially affected third parties have the opportunity to raise their objections before a decision is made to their detriment. The decisive concept is that of material impact (*materielle Betroffenheit*)[3] , which assumes that a measure actually affects a person's own rights[4] .

It is rare for courts to recognize such material impact. Case law has considered, for example, that a wife's rights are affected by her husband's request to change their common surname[5]. On the other hand, case law has held that a change in a child's guardian *did not* affect the specific rights of the foster parents, who therefore had no right to be heard[6], nor did it affect a generic drug manufacturer in proceedings concerning the pricing of an innovative drug (which will have an impact on the price of the generic drug)[7], nor a pharmacist economically affected by a drug distribution authorization granted to a doctor[8], nor a bank customer in administrative proceedings against the bank, even if the administrative complaint originated from him[9].

---

[2]    ATF 139 II 279 consid. 2.2; Sᴏɢᴏ Miguel, Gestaltungsklagen und Gestaltungsurteile des materiellen Rechts und ihre Auswirkungen auf das Verfahren, ZStV – Zürcher Studien zum Verfahrensrecht Band/Nr. 152, p. 275 ff., p. 276 f. with ref.; Rɪᴛᴛᴇʀ Thomas, Uniform decisions on corporate resolution challenges before arbitration tribunals, taking into account state jurisdiction and statutory arbitration clauses, ZStV – Zurich Studies on Procedural Law Volume/No. 181, p. 60 ff., p. 62 ff. with ref.

[3]    TAF of July 10, 2019, C-668/2018, consid. 5.4.

[4]    ATF 143 III 65 consid. 3.2.

[5]    ATF 127 III 193, consid. 3.

[6]    ATF 143 III 65 consid. 3.2.

[7]    TAF of July 10, 2019, C-668/2018, consid. 5.4

[8]    Judgment of the Administrative Court of the Canton of Zurich of May 8, 2012, VB.2012.00191, consid. 5.2.

[9]    ATF 139 II 279, consid. 2.2.



In ATF 142 III 116, the Federal Supreme Court had to decide whether the account holder and the beneficial owner of a bank account (who were two different persons) had the right to be heard in mutual assistance proceedings concerning their account, to which only the bank was a party. Both the account holder and the beneficial owner had opposed the request for mutual assistance and lodged an appeal. The Federal Supreme Court upheld the appeal, in line with previous case law. It considered that the beneficial owner was materially affected by the request for mutual assistance because the request sought to reveal his identity, which was still unknown to the parties to the foreign proceedings (consideration 3.4.4). The account holder was considered to be materially affected because he was a customer of the bank (consideration 3.4.4), protected by banking secrecy, which he refused to waive (consideration A.b).

If the reasoning in ATF 142 III 116 applies here, it must be examined whether Technicolor SA and Thomson Licensing SAS should be considered to be materially affected third parties.

Thomson Licensing SAS is the former owner of three (out of a total of five) patents relevant to the present proceedings. Several years ago it transferred these patents to InterDigital Inc. It therefore no longer has any rights or protected positions affected by the present proceedings.

Technicolor SA is the former parent company of Thomson Licensing SAS. It has never held any of the patents relevant to the proceedings. However, we cannot rule out the possibility that some of the license declarations may have been made directly by Technicolor SA. For this reason, the request for assistance also concerns documents potentially filed by the parent entity.

The documents covered by the request for assistance that relate to Thomson Licensing SAS and/or Technicolor SA are (1) "*Patent Statements and Licensing Declarations*" (Exhibit 2) as shown in documents 6 to 9, 11, 14, 15, 16 to 19 (see Attachment B to the request for mutual assistance), or (2) other documents relating to the H.264 and H.265 standards.

The "*Patent Statement and Licensing Declaration*" is by definition a document intended to be consulted by all potential licensees. This document typically indicates that the patent holder is willing to grant a license to anyone who wishes to use the standardized technical standard and is prepared to pay a RAND royalty. In contract law, this constitutes a call for tenders to an indeterminate number of persons. Such documents are expressly intended to be easily accessible.

The position of Thomson Licensing SAS and Technicolor SA is not comparable to that of a bank account holder. The documents drafted by Thomson Licensing SAS and Technicolor SA do not claim confidentiality, let alone a position protected by statutory law. They are not trade secrets, personal data, confidential or sensitive information, or information that could be used to obtain information about assets—on the contrary, they are information that the former patent holder would have wished to communicate publicly to any interested party who wanted to make use of the patent.

The disclosure of these documents would therefore not infringe the substantive rights of Technicolor SA or Thomson Licensing SAS whatsoever, who in any event, have not been the owners of the patents for several years.

5



The final judgment in the proceedings before the US court, whatever the outcome, will have no adverse effect on these entities, since they have disposed of the patents in question. They therefore have no interest or right to be heard on this matter.

**For these reasons, we respectfully request Your Honor to accept the request for judicial assistance of the US court.**

Respectfully submitted,


Peter Ling



**List of Evidence**

to the brief filed by The Walt Disney Company
on December 19, 2025

in the matter Réf. CR/30/2025 – XCR – 14

to the Civil Court of the Court of First Instance


**Exhibits**

Exhibit 1:         Power of Attorney

Exhibit 2:         Patent Statement and Licensing Declaration Form

Exhibit 3:         Decision and minutes of the US court's decision dated August 8,
                   2025 (emphasis added)

Exhibit 4:         Front page of the US'610 and US'818 patents (emphasis added)

# IncaMail



# Delivery receipt

This receipt can be used to prove that the message in question has been delivered. It is issued as soon as the message arrives on IncaMail.

| Sender | Recipient (eGov) |
|---|---|
| peter.ling@lenzstaehelin.com ID Level 3 | tpi.securise@justice.ge.ch ID Level 3 |
| Peter Ling Lenz & Staehelin Brandschenkestrasse 24 8027 Zurich | tpi.securise@justice.ge.ch Republic and Canton of Geneva P.O. Box 2285 Rue du Grand-Pré 64-66 1211 Geneva 2 |

# Message

| | |
|---|---|
| Time of submission | December 19, 2025 2:41 p.m. Registered |
| Method of delivery | mail |
| Subject | CR/30/2025 - XCR - 14 - Position statement by The Walt Disney Company [eGov-R] (Secured by IncaMail) |
| Status | Accepted on submission platform |
| MsgID | <04824425-2a44-4802-a1a1-8f767ca7523b@im.post.ch >: 581f0cdf-3ab4-4c35-9111-a920b018346d |
| Hash | SHA-256: 72cdf794eaeccb3c13c02e2144d24865f1ac69e8736f389f113a4267285ba6d2 |

# Attachments

| | |
|---|---|
| Attachment Hash: | Piece 04 - Pages de garde US610 et US818.pdf, application/pdf (1.4 MB) SHA-256: 7de65d61e4750d2d7b4f2473ceaf4fe096749bf9b7ec5cfa2b8a025ddbf6a5d5 |

| | |
|---|---|
| Appendix Hash: | Piece 03 - Decision and minutes of August 8, 2025.pdf, application/pdf (246.7 KB) SHA-256: 289cee349a5c52fe250b2802c8c0ffbff1a40c9323f17bd469fa6a8439d22099 |

| Appendix | Piece 02 - Patent Statement and Licensing Declaration.pdf, application/pdf (244.2 KB) |
|---|---|
| Hash: | SHA-256: 2d2f1b48d843a2cb6551ba3908caad9a165459e4c78700b4ca2eea10d4c8d189 |

| Appendix | Piece 01 - Procuration.pdf, application/pdf (708.9 KB) SHA-256: |
|---|---|
| Hash: | bce586d3a49ed46da92b41c6731c1e2f3c55d051cd2d6c6078494c298c4e360c |

| Appendix | 251219 CR-30-2025-XCR-14 - Ecriture Disney assistance judiciaire SIGNED.pdf, application/pdf (242.0 KB) |
|---|---|
| Hash: | SHA-256: 4efb995bece9b159e76cb0713aea393308ccda76d691eaec3bebe9b4669da35b |



Die Richtigkeit dieser Quittung bezeugt:

**Die Schweizerische Post**

# IncaMail



# Abgabequittung

Mit dieser Quittung kann die Abgabe der entsprechenden Nachricht nachgewiesen werden. Sie wird ausgestellt, sobald die Nachricht auf IncaMail angekommen ist.

| Sender | Empfänger (eGov) |
|---|---|
| peter.ling@lenzstaehelin.com | tpi.securise@justice.ge.ch |
| ID-Level 3 | ID-Level 3 |
| | |
| Peter Ling | tpi.securise@justice.ge.ch |
| Lenz & Staehelin | République et Canton de Genève |
| Brandschenkestrasse 24 | Case postale 2285 |
| 8027 Zürich | Rue du Grand-Pré 64-66 |
| | 1211 Genève 2 |

# Nachricht

| | |
|---|---|
| Abgabezeitpunkt | 19. Dezember 2025 14:41 |
| Versandart | Einschreiben |
| Betreff | CR/30/2025 - XCR - 14 - Prise de position de The Walt Disney Company [eGov-R] (Secured by IncaMail) |
| Status | Angenommen auf Abgabeplattform |
| MsgID | <04824425-2a44-4802-a1a1-8f767ca7523b@im.post.ch>: 581f0cdf-3ab4-4c35-9111-a920b018346d |
| Hash | SHA-256: 72cdf794eaeccb3c13c02e2144d24865f1ac69e8736f389f113a4267285ba6d2 |

# Anhänge

| | |
|---|---|
| Anhang | Piece 04 - Pages de garde US610 et US818.pdf, application/pdf (1.4 MB) |
| Hash: | SHA-256: 7de65d61e4750d2d7b4f2473ceaf4fe096749bf9b7ec5cfa2b8a025ddbf6a5d5 |

| | |
|---|---|
| Anhang | Piece 03 - Decision et PV du 08.08.2025.pdf, application/pdf (246.7 KB) |
| Hash: | SHA-256: 289cee349a5c52fe250b2802c8c0ffbff1a40c9323f17bd469fa6a8439d22099 |

| Anhang | Piece 02 - Patent Statement and Licensing Declaration.pdf, application/pdf (244.2 KB) |
|---|---|
| Hash: | SHA-256: 2d2f1b48d843a2cb6551ba3908caad9a165459e4c78700b4ca2eea10d4c8d189 |

| Anhang | Piece 01 - Procuration.pdf, application/pdf (708.9 KB) |
|---|---|
| Hash: | SHA-256: bce586d3a49ed46da92b41c6731c1e2f3c55d051cd2d6c6078494c298c4e360c |

| Anhang | 251219 CR-30-2025-XCR-14 - Ecriture Disney assistance judiciaire SIGNED.pdf, application/pdf (242.0 KB) |
|---|---|
| Hash: | SHA-256: 4efb995bece9b159e76cb0713aea393308ccda76d691eaec3bebe9b4669da35b |



Die Richtigkeit dieser Quittung bezeugt:

**Die Schweizerische Post**

**Pièce 01**
présenté par
LENZ & STAEHELIN
Zurich

# Power of Attorney

I/We hereby appoint as my/our attorneys in fact the attorneys of the law office of Lenz & Staehelin, Zurich

| | | |
|---|---|---|
| Robert Heberlein | Roland Fischer | Nicolas Lehmann |
| Rudolf Tschäni | Fadri Lenggenhager | Martina Pavicic |
| Stefan Breitenstein | Stephan Brandner | Arnold Romero Zenker |
| Patrick Hünerwadel | Alexandra Hirt | Gina Meerholz |
| Martin Burkhardt | Tatanja Vlk | Raphael Fries |
| Matthias Oertle | Barbara Abegg | Vivienne Madders*** |
| Heini Rüdisühli | Alexander Wintsch | Remo Schmidlin |
| Marcel Meinhardt | Florence Hediger | Anna Züst |
| Patrick Schleiffer | Lukas Held | Tizia Scharf |
| Thierry Calame | Patrick Sattler | Kaan Saritas |
| Beat Kühni | Sinem Süslü | Nico Ravazzolo |
| Lukas Morscher | Lukas Stephan Staub | Julia Clara Wepfer |
| Tanja Luginbühl-Hossmann | Ueli Weber | Jil Eichenberger |
| Jürg Simon | David Hitz | Joël Rupp |
| Matthias Wolf | Sandro Travaglini | Nicola Bucher |
| Pascal Hinny | Gian Riz à Porta | Tim Isler |
| Harold Frey | Isabel Guth-Wanner | Philip Lengacher |
| Marcel Tranchet | Elena Nauer | Marius Meier |
| Tino Gaberthüel | Susanne Brütsch | Noemi Rizza |
| Astrid Waser | Rebecca Khan | Angela Graf |
| Stephan Erni | Norman Walczak*** | Jannick Koller |
| Dominique Müller | Joshua Lehmann | Laura Berinde** |
| Alexander Greter | Xavier Grivel | Jan Küng |
| Peter Ling | Christian Grahlmann** | Julia van Heusden** |
| Simone Ehrsam | Nick Mezger | Francesco Tassini |
| Patrick Schärli | Simona Baselgia | Andreas Daniel Gschwend |
| Anja Affolter Marino | Anna Pellizzari | Loïc Stucki |
| Severin Christen | Katerina Strataridaki** | Louis Probst |
| Lukas Aebi | Helin Dalla Palma | Linda Bergauer |
| Flavio Delli Colli | Cécile Christen | Ariane Legler |
| Franziska Stadtherr* | Natalia Muradova** | Floreana Hug |
| Martin Aebi | Sven Infanger | Eliane Kunz |

regarding      International judicial assistance in matter CR/30/2025 relating to document and deposition requests

authorizing, each of them individually, to represent me/us to take all legal actions as an attorney in connection with the discovery issues pending in CR/30/2025, including addressing and responding to requests relating to document requests and defending/taking depositions in this matter.

This Power of Attorney terminates and replaces all previous powers of attorney with the attorneys of the law office of Lenz & Staehelin, Zurich.

This client attorney relationship is governed by Swiss law; the courts of Zurich have exclusive jurisdiction.

Place and Date:                Signature:

*The Walt Disney Company*

Burbank, California
December 18, 2025          Name:  Jon Y. Chow

* Not admitted to the bar
** List of lawyers according to Art. 28 BGFA
***Not admitted as a lawyer in Switzerland

**Pièce 02**
présenté par
LENZ & STAEHELIN
Zurich

PATENT STATEMENT AND LICENSING DECLARATION FORM FOR
ITU-T OR ITU-R RECOMMENDATION | ISO OR IEC DELIVERABLE

  

**Patent Statement and Licensing Declaration
for ITU-T or ITU-R Recommendation │ ISO or IEC Deliverable**

*This declaration does not represent an actual grant of a license*

Please return to the relevant organization(s) as instructed below per document type:

| | | | |
|---|---|---|---|
| Director<br>Telecommunication<br>Standardization Bureau<br>International Telecommunication<br>Union<br>Place des Nations<br>CH-1211 Geneva 20,<br>Switzerland<br>Fax: +41 22 730 5853<br>Email: tsbdir@itu.int | Director<br>Radiocommunication Bureau<br>International Telecommunication<br>Union<br>Place des Nations<br>CH-1211 Geneva 20,<br>Switzerland<br>Fax: +41 22 730 5785<br>Email: brmail@itu.int | Secretary-General<br>International Organization for<br>Standardization<br>8 Chemin de Blandonnet<br>CP 401<br>1214 Vernier, Geneva<br>Switzerland<br>Fax: +41 22 733 3430<br>Email:<br>patent.statements@iso.org | General Secretary<br>International Electrotechnical<br>Commission<br>3 rue de Varembé<br>CH-1211 Geneva 20<br>Switzerland<br>Fax: +41 22 919 0300<br>Email:<br>inmail@iec.ch |

**Patent Holder**:
Legal Name _____

**Contact for license application:**
Name &
Department _____
Address _____
_____

Tel. _____
Fax _____
E-mail _____
URL (optional) _____

**Document type:**

☐ **ITU-T Rec. (\*)**   ☐ **ITU-R Rec. (\*)**   ☐ **ISO Deliverable (\*)**   ☐ **IEC Deliverable (\*)**
(please return the form to the relevant Organization)

☐ **Common text or twin text (ITU-T Rec. | ISO/IEC Deliverable (\*))** (for common text or twin text, please return the form to each of the three Organizations: ITU-T, ISO, IEC)

☐ **ISO/IEC Deliverable (\*)** (for ISO/IEC Deliverables, please return the form to both ISO and IEC)

**(\*)**Number _____

**(\*)**Title _____

**Licensing declaration:**

The Patent Holder believes that it holds granted and/or pending applications for Patents, the use of which would be required to implement the above document and hereby declares, in accordance with the Common Patent Policy for ITU-T/ITU-R/ISO/IEC, that (check one box only):

☐    1.    The Patent Holder is prepared to grant a <u>Free of Charge</u> license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and under other reasonable terms and conditions to make, use, and sell implementations of the above document.

Negotiations are left to the parties concerned and are performed outside the ITU-T, ITU-R, ISO or IEC.

*Also mark here __ if the Patent Holder's willingness to license is conditioned on <u>Reciprocity</u> for the above document.*

*Also mark here __ if the Patent Holder reserves the right to license on reasonable terms and conditions (but not <u>Free of Charge</u>) to applicants who are only willing to license their Patent, whose use would be required to implement the above document, on reasonable terms and conditions (but not <u>Free of Charge</u>).*

☐    2.    The Patent Holder is prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to make, use and sell implementations of the above document.

Negotiations are left to the parties concerned and are performed outside the ITU-T, ITU-R, ISO, or IEC.

*Also mark here __ if the Patent Holder's willingness to license is conditioned on <u>Reciprocity</u> for the above document.*

☐    3.    The Patent Holder is unwilling to grant licenses in accordance with provisions of either 1 or 2 above.

In this case, the following information must be provided to ITU, ISO and/or IEC as part of this declaration:

-    granted patent number or patent application number (if pending);
-    an indication of which portions of the above document are affected;
-    a description of the Patents covering the above document.

<u>Free of Charge</u>: The words "Free of Charge" do not mean that the Patent Holder is waiving all of its rights with respect to the Patent. Rather, "Free of Charge" refers to the issue of monetary compensation; *i.e.*, that the Patent Holder will not seek any monetary compensation as part of the licensing arrangement (whether such compensation is called a royalty, a one-time licensing fee, etc.). However, while the Patent Holder in this situation is committing to not charging any monetary amount, the Patent Holder is still entitled to require that the implementer of the same above document sign a license agreement that contains other reasonable terms and conditions such as those relating to governing law, field of use, warranties, etc.

<u>Reciprocity</u>:    The word "Reciprocity" means that the Patent Holder shall only be required to license any prospective licensee if such prospective licensee will commit to license its Patent(s) for implementation of the same above document Free of Charge or under reasonable terms and conditions.

<u>Patent</u>: The word "Patent" means those claims contained in and identified by patents, utility models and other similar statutory rights based on inventions (including applications for any of these) solely to the extent that any such claims are essential to the implementation of the same above document. Essential patents are patents that would be required to implement a specific Recommendation | Deliverable.

<u>Assignment/transfer of Patent rights</u>: Licensing declarations made pursuant to Clause 2.1 or 2.2 of the Common Patent Policy for ITU-T/ITU-R/ISO/IEC shall be interpreted as encumbrances that bind all successors-in-interest as to the transferred Patents. Recognizing that this interpretation may not apply in all jurisdictions, any Patent Holder who has submitted a licensing declaration according to the Common Patent Policy - be it selected as option 1 or 2 on the Patent Declaration form - who transfers ownership of a Patent that is subject to such licensing declaration shall include appropriate provisions in the relevant transfer documents to ensure that, as to such transferred Patent, the licensing declaration is binding on the transferee and that the transferee will similarly include appropriate provisions in the event of future transfers with the goal of binding all successors-in-interest.

**Patent Information** (desired but not required for options 1 and 2; required in ITU, ISO and IEC for option 3 (NOTE))

| No. | Status<br><br>[granted/ pending] | Country | Granted Patent Number<br>or<br>Application Number (if pending) | Title |
|-----|------|---------|-------------------|-------|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |

☐   Check here if additional patent information is provided on additional pages.

NOTE: For option 3, the additional minimum information that shall also be provided is listed in the option 3 box above.

**Signature (include on final page only):**
Patent Holder
Name of authorized person   _____
Title of authorized person   _____
Signature   _____
Place, Date   _____

FORM version: 2 November 2018

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Pièce 03**
présenté par
LENZ & STAEHELIN
Zurich

## CIVIL MINUTES – GENERAL

**Case No.:**    2:25-cv-00895-WLH-BFM                **Date:**  August 8, 2025

**Title:**    *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

==============================================================

Present:  The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    **(In Chambers) Order Granting Defendants' Ex Parte Application for Issuance of Letters of Request (ECF 87)**

Pending before the Court is Defendants' Ex Parte Application for Issuance of Letters of Request. (ECF 87.) For the reasons stated below, the ==unopposed Application== is **granted.**

### A.    Background

This is a patent case. Plaintiffs allege that Defendants' streaming services infringe their patents. (ECF 1.) Defendants have counterclaimed, alleging that Plaintiffs failed to honor commitments they or predecessor owners of the relevant patents made to international standardization entities, agreeing to offer licenses to the relevant patents on reasonable and non-discriminatory terms. (ECF 42 at 84.[1])

_____

[1] All page numbers refer to the number in the ECF-generated header.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    2:25-cv-00895-WLH-BFM                    Date:    August 8, 2025

Title:    *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

===========================================================

In the instant Application, Defendants ask this Court to issue letters of request for the purpose of obtaining discovery from three groups of individuals and entities outside the United States. (ECF 87.)

First, Defendants seek to obtain and authenticate documents from three individuals who are named inventors on the relevant patents. (App. at 3; *see also* ECF 88 (Burson Decl.) at ¶ 5 & Exs. 2-4.) Defendants provide reason to believe, based on LinkedIn profiles, that all three individuals live in France or Germany. (App. at 3; *see also* Burson Decl. Ex. 1.) Defendants seek documents relating to the applications for the relevant patents; agreements between the individuals and InterDigital and predecessor owners of the patents; and documents relating to the development of the compression standards that are at the heart of Defendants' counterclaims. (ECF 90 (Supp. Burson Decl.) Ex. 12.)

Second, Defendants seek documents from Thomson Licensing and from Technicolor, entities that owned the relevant patents before they were assigned to Plaintiffs. (Burson Decl. Exs. 8-9.) Defendants assert that both entities are located in France and that they held the relevant patents at times relevant to this case. (App. at 3.) They further allege that Thomson and Technicolor were involved in communication with the entities developing the compression standards at issue here. (App. at 3.) Defendants seek documents relevant to the patent and its ownership, and to the development of the compression standards. (Supp. Burson Decl. Ex. 11.)

Finally, Defendants seek documents from the International Telecommunications Union, the International Organization for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    2:25-cv-00895-WLH-BFM                    Date:    August 8, 2025

Title:    *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

============================================================

Standardization, and the International Electrotechnical Commission, three entities that were involved in the development of the relevant compression standards. (Burson Decl. Exs. 5-7.) Defendants state that all three entities are located in Switzerland. (App. at 4.) Defendants seek to obtain documents concerning development of the compression standards, and communications between those three entities and Thomson, Technicolor, or the inventors, as well as documents concerning the patents at issue. (Supp. Burson Decl. Ex. 10.)

## B.    Legal Standard

Defendants seek letters of request pursuant to the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Aug. 8, 1972, 23 U.S.T. 2555, 847 U.N.T.S. 231 ("Hague Evidence Convention"). The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. Of Iowa,* 482 U.S. 522, 524 (1987). The procedures of the Convention procedures are available to litigants "whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Id.* at 541. Use of the Hague Evidence Convention "is particularly appropriate when . . . a litigant seeks to depose a foreign non-party who is not subject to the court's jurisdiction." *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010); *see also Tulip Computs. Intern. B.V. v. Dell Comput. Corp.,* 254 F. Supp. 2d 469, 474 (D. Del. 2003) (use of the Hague Convention was appropriate where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:25-cv-00895-WLH-BFM                    Date:   August 8, 2025

Title:   *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

================================================================

non-parties had not volunteered discovery responses, were citizens of the Netherlands, and were not otherwise subject to district court jurisdiction).[2]

The Hague Evidence Convention contemplates issuance of letters of request by a judicial authority in a contracting State. *See Hague Evidence Convention*, Art. 3.[3] A letter of request is a "request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004).

Federal district courts have inherent authority to issue letters of request. *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). Whether to exercise that authority is left to the issuing court's discretion. *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *2 (S.D. Cal. Jan. 14, 2013). Motions requesting issuance of a letter of request or letter rogatory "should generally be granted" absent a showing of good cause by the opposing party. *Zoho Corp. Pvt. v. Freshworks, Inc.*, Case No. 20-cv-01869-VC (TSH), 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021) (citation omitted).

––––––––––––––––––––

[2] All countries relevant to this Application—the United States, Germany, France, and Switzerland—are signatories to the Hague Evidence Convention. *See* Hague Conference on Private International Law, *Status Table: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (July 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:25-cv-00895-WLH-BFM          **Date:**  August 8, 2025

**Title:**   *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

===========================================================

    In determining whether comity warrants use of the Hague Convention procedures in a particular case, courts may consider: (1) the importance to the litigation of the information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means to secure the information; and (5) the extent to which noncompliance would undermine important interests of the United States or of the State where the information is located. *Aérospatiale*, 482 U.S. at 544 n.28.

**C.   Discussion**

    In this case, the factors counsel in favor of granting Defendants' requests. Defendants have described the requested documents with particularity. (*See* Supp. Burson Decl.) They have established that the information sought is relevant to the claims being litigated. As the targets of the requests are not parties to this litigation and are located overseas, no alternative to Hague Evidence Convention is apparent. *See WebPros Int'l, LLC v. Asli*, No. 3:22-CV-01963-IM, 2024 WL 3064985, at *3 (D. Or. June 20, 2024) (quoting 3 Ved P. Nanda et al., Litigation of International Disputes in U.S. Courts § 17:16 (Dec. 2023 update)) ("When discovery is sought from a non-party to the litigation then, more frequently, the Hague Convention has been the exclusive remedy if the person from whom discovery is sought is a citizen of a signatory nation.").

    Pursuant to the Convention, the relevant foreign authorities ultimately will determine whether Defendants' requests comply with the laws of those countries. *See Aérospatiale*, 482 U.S. at 542. That fact greatly mitigates any potential risk to international comity. *WebPros Int'l*, 2024 WL 3064985, at *3;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:25-cv-00895-WLH-BFM               **Date:**  August 8, 2025

**Title:**   *InterDigital, Inc., et al. v. Walt Disney Company, et al.*

==================================================================

*see also Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2014 WL 202102, at *2 (W.D. Wash. Jan. 17, 2014) (finding it appropriate for foreign tribunals to determine whether letters rogatory would be executed given those states' Article 23 reservations).

For all these reasons, the Court concludes that the Application should be granted. The Court will sign the proposed Letters of Request (Burson Decl. Exs. 2-9). The Court instructs the Deputy Clerk to affix the seal of the Court to the Letters and provide the signed and sealed Letters to Defendants. Defendants are ordered to convey the issued Letter of Request to the respective French, German, and Swiss authorities.

**IT IS SO ORDERED.**

cc:   Counsel of Record

Initials of Preparer:    ch

**Pièce 01**
présenté par
LENZ & STAEHELIN
Zurich

US010805610B2

(12) **United States Patent**
Xu et al.

(10) Patent No.: **US 10,805,610 B2**
(45) Date of Patent: **Oct. 13, 2020**

(54) **METHODS AND APPARATUS FOR INTRA CODING A BLOCK HAVING PIXELS ASSIGNED TO GROUPS**

(71) Applicant: **InterDigital VC Holdings, Inc.**, Wilmington, DE (US)

(72) Inventors: **Qian Xu**, Folsom, CA (US); **Joel Sole**, San Diego, CA (US); **Peng Yin**, Ithaca, NY (US); **Yunfei Zheng**, San Jose, CA (US); **Xiaoan Lu**, Yardley, PA (US)

(73) Assignee: **INTERDIGITAL VC HOLDINGS, INC.**, Wilmington, DE (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **16/106,125**

(22) Filed: **Aug. 21, 2018**

(65) **Prior Publication Data**
US 2019/0052888 A1    Feb. 14, 2019

**Related U.S. Application Data**

(63) Continuation of application No. 13/697,562, filed as application No. PCT/US2011/000856 on May 13, 2011, now Pat. No. 10,080,024.
(Continued)

(51) **Int. Cl.**
*H04N 19/157*      (2014.01)
*H04N 19/105*      (2014.01)
(Continued)

(52) **U.S. Cl.**
CPC ......... *H04N 19/157* (2014.11); *H04N 19/105* (2014.11); *H04N 19/12* (2014.11);
(Continued)

(58) **Field of Classification Search**
CPC ... H04N 19/119; H04N 19/102; H04N 19/159
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

2005/0008232 A1    1/2005    Shen et al.
2005/0190977 A1    9/2005    Jeon et al.
(Continued)

FOREIGN PATENT DOCUMENTS

EP        1720358        11/2006
EP        1761063        3/2007
(Continued)

OTHER PUBLICATIONS

Chang et al., "Direction-Adaptive Partitioned Block Transform for Image Coding", Image Processing, 2008, ICIP 2008, 15th IEEE Interntional Conference, Oct. 12-15, 2008, pp. 145-148.—* cited in parent application.
(Continued)

*Primary Examiner* — Jared Walker
(74) *Attorney, Agent, or Firm* — Ronald Kolczynski

(57) **ABSTRACT**

Methods and apparatus are provided for intra coding a block having pixels assigned to groups. An apparatus includes a video encoder for encoding a block in a picture using intra prediction by dividing pixels within the block into at least a first group and a second group and encoding the pixels in the first group prior to encoding the pixels in the second group. A prediction for at least one of the pixels within the second group is obtained by evaluating the pixels within the first group and the second group.

**21 Claims, 10 Drawing Sheets**





US011381818B2

(12) **United States Patent**
Lu et al.

(10) Patent No.: **US 11,381,818 B2**
(45) Date of Patent: *Jul. 5, 2022

(54) **METHODS AND APPARATUS FOR DETERMINING QUANTIZATION PARAMETER PREDICTORS FROM A PLURALITY OF NEIGHBORING QUANTIZATION PARAMETERS**

(71) Applicant: **INTERDIGITAL VC HOLDINGS, INC.**, Wilmington, DE (US)

(72) Inventors: **Xiaoan Lu**, Princeton, NJ (US); **Joel Sole**, San Diego, CA (US); **Peng Yin**, Ithaca, NY (US); **Qian Xu**, Folsom, CA (US); **Yunfei Zheng**, San Jose, CA (US)

(73) Assignee: **INTERDIGITAL VC HOLDINGS, INC.**, Wilmington, DE (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **16/918,069**

(22) Filed: **Jul. 1, 2020**

(65) **Prior Publication Data**

US 2020/0396456 A1    Dec. 17, 2020

**Related U.S. Application Data**

(63) Continuation of application No. 16/720,609, filed on Dec. 19, 2019, now Pat. No. 10,742,981, which is a
(Continued)

(51) **Int. Cl.**
**G06V 10/20** (2022.01)
**G06V 10/46** (2022.01)
(Continued)

(52) **U.S. Cl.**
CPC .......... **H04N 19/124** (2014.11); **G06V 10/20** (2022.01); **G06V 10/469** (2022.01);
(Continued)

(58) **Field of Classification Search**
CPC .. H04N 19/124; H04N 19/197; H04N 19/513; H04N 19/196; H04N 19/174;
(Continued)

(56) **References Cited**

U.S. PATENT DOCUMENTS

8,542,730 B2    9/2013   Ye et al.
8,588,297 B2   11/2013   Kishore et al.
(Continued)

FOREIGN PATENT DOCUMENTS

CN      1767656    5/2006
CN    101112101    1/2008
(Continued)

OTHER PUBLICATIONS

Lee et al.; "Improved Loseless Intra Coding for H.264/MPEG-4 AVC" IEEE Transactions on Image Processing, vol. 15, No. 9, Sep. 2006, pp. 2610-2615.
(Continued)

*Primary Examiner* — Amandeep Saini
(74) *Attorney, Agent, or Firm* — Ronald Kolczynski

(57)       **ABSTRACT**

Methods and apparatus are provided for determining quantization parameter predictors from a plurality of neighboring quantization parameters. An apparatus includes an encoder for encoding image data for at least a portion of a picture using a quantization parameter predictor for a current quantization parameter to be applied to the image data. The quantization parameter predictor is determined using multiple quantization parameters from previously coded neighboring portions. A difference between the current quantization parameter and the quantization parameter predictor is encoded for signaling to a corresponding decoder.

**17 Claims, 11 Drawing Sheets**



# EXHIBIT D

**Treggs, Brian**

---

| | |
|---|---|
| **From:** | Russell, Alexandra <arussell@goodwinlaw.com> |
| **Sent:** | Thursday, December 18, 2025 12:31 PM |
| **To:** | Burson, Laura; Genovese Bova, Jacqueline; Cross, David D.; Schuman, Brett |
| **Cc:** | Whilt, Nicholas; Zhou, Vincent; Yagura, Ryan K.; Treggs, Brian; Pahlavan, Sara N. |
| **Subject:** | RE: Disney/InterDigital (CDCA): Requests for Mutual Assistance |

Got it – thank you!

---

**From:** Burson, Laura <lburson@omm.com>
**Sent:** Thursday, December 18, 2025 3:18 PM
**To:** Russell, Alexandra <arussell@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Cross, David D. <dcross@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>
**Cc:** Whilt, Nicholas <nwhilt@omm.com>; Zhou, Vincent <vzhou@omm.com>; Yagura, Ryan K. <ryagura@omm.com>; Treggs, Brian <btreggs@omm.com>; Pahlavan, Sara N. <spahlavan@omm.com>
**Subject:** RE: Disney/InterDigital (CDCA): Requests for Mutual Assistance

***EXTERNAL***
Hi Alex,

Sara Pahlavan just re-sent the link directly to you.  Let us know if you have any further issues accessing.

Best,

Laura

Laura M. Burson
O: +1-213-430-6334
C: +1-714-287-2467
LBurson@omm.com

---

**From:** Russell, Alexandra <arussell@goodwinlaw.com>
**Sent:** Thursday, December 18, 2025 5:52 AM
**To:** Burson, Laura <lburson@omm.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Cross, David D. <dcross@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>
**Cc:** Whilt, Nicholas <nwhilt@omm.com>; Zhou, Vincent <vzhou@omm.com>; Yagura, Ryan K. <ryagura@omm.com>
**Subject:** RE: Disney/InterDigital (CDCA): Requests for Mutual Assistance

Laura – We are unable to access the link and are getting an error message saying we need permission to access the file.  Can you please resend?  Thank you.

Alex

---

**From:** Burson, Laura <lburson@omm.com>
**Sent:** Thursday, December 18, 2025 2:32 AM
**To:** Russell, Alexandra <arussell@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Cross, David D. <dcross@goodwinlaw.com>; Schuman, Brett <BSchuman@goodwinlaw.com>

**Cc:** Whilt, Nicholas <nwhilt@omm.com>; Zhou, Vincent <vzhou@omm.com>; Yagura, Ryan K. <ryagura@omm.com>
**Subject:** Disney/InterDigital (CDCA): Requests for Mutual Assistance

***EXTERNAL***

Counsel,

We represent Disney in case no. 2:25-cv-895-WLH-BFM pending before the United States District Court for the Central District of California (CDCA) brought by InterDigital.  In this case, Disney has requested discovery, inter alia, via the Hague Convention from the ITU, ISO, and IEC relating to (1) Thomson Licensing SAS and/or Technicolor SA's "*Patent Statements and Licensing Declarations*" (see Attachment B to the request for mutual assistance), and (2) other documents relating to the H.264 and H.265 standards.

We understand that you are counsel for Thomson Licensing SAS and/or Technicolor SA.  Accordingly, we are providing in the link below courtesy copies of these requests for mutual assistance via the Hague Convention.

Best,

 Laura

Laura M. Burson
O: +1-213-430-6334
C: +1-714-287-2467
LBurson@omm.com



btreggs@omm.com sent you a secure message

Access message

⏱ Attachments expire on Dec 24, 2025

 **3 PDFs**
IEC full packet.pdf, ITU full packet.pdf, ISO full packet.pdf

This message requires that you sign in to access the message and any file attachments.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT E

République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

Genève, le 5 novembre 2025

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
CH - 1211 GENEVE 3
CR/30/2025 14 GEA XCR

**R**  R P371 87691 6 CH
Please scan - Signature required
Veuillez scanner - Remise contre signature

*LA POSTE*

**A-PRIORITY**

**Avis de
réception**

O'MELVENY & MYERS LLP
RYAN K. YAGURA
400 South Hope Street
Suite 1900
Los Angeles CA 90071
ÉTATS-UNIS

Réf : **CR/30/2025** 14 GEA XCR
à rappeler lors de toute communication

CIV_MEM_004
Recommandé accusé recept. A5

Tribunal de première instance - Tél : +41 22 327 66 30

MSH



République et canton de Genève
**POUVOIR JUDICIAIRE**
**Tribunal civil**

Genève, le    – 5 NOV. 2025

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
1211 GENEVE 3

Madame Danielle WERTHMULLER
MISSION PERMANENTE DE LA SUISSE
Près les Organisations Internationales
Rue de Varembé 9 – 11
Case postale 194
1211 GENEVE 20

Réf    **CR/30/2025 TPI/14.GEA**

à rappeler lors de toute communication



Madame,

Nous nous référons à la demande d'entraide émanant du Tribunal fédéral de première instance du district central de Californie à Los Angeles aux États-Unis, reçue le 12 septembre 2025 par le Tribunal de première instance et visant à obtenir des documents et des informations de l'Union internationale des télécommunications (UIT) en lien avec la procédure opposant INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS INC., INTERDIGITIAL MADISON PATENT HOLDINGS SAS, INTERDIGITIAL CE PATENT HOLDINGS SAS à THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION INC., BAMTECH LLC, HULU LLC et ESPN INC, pendante par-devant le Tribunal américain susmentionné.

L'UIT bénéficiant de privilèges et immunités diplomatiques, nous vous transmettons l'original de la demande.

Nous vous prions d'agréer, Madame, nos salutations distinguées.

Diane Rebord

Greffière-juriste

Annexe : ment.

# EXHIBIT F



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**2025-11-05 Document Received by Mail - Geneva Tribunal**" is, to the best of my knowledge and belief, a true and accurate translation from French into English.

_____
Jacqueline Yorke

Sworn to before me this
December 8, 2025

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.400.8840  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



Republic and Canton of Geneva
**JUDICIARY POWER**
Civil Court

Geneva, November 5, 2025

Court of the First Instance
Rue de l'Athénée 6-8
PO Box 3736
CH - 1211 GENEVA 3
**CR/30/2025 14 GEA XCR**

**R**  ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖  A-PRIORITY

**R P371 87691 6 CH**

Please scan - Signature required
[bilingual text]

**Acknowledgement of receipt**

*LA POSTE*

O'MELVENY & MYERS LLP
RYAN K. YAGURA
400 South Hope Street
Suite 1900
Los Angeles CA 90071
UNITED STATES

| Ref.: | **CR/30/2025 14 GEA XCR** |
|---|---|
| | to be recalled during any communication |



Republic and Canton of Geneva
**JUDICIARY POWER**
Civil Court

Geneva, on [stamp:] - NOV. 5, 2025

Court of the First Instance
Rue de l'Athénée 6-8
PO Box 3736
1211 GENEVA 3

Ms. Danielle WERTHMULLER
PERMANENT MISSION OF
SWITZERLAND
to the International Organizations
Rue de Varembé 9 - 11
PO Box 194
1211 GENEVA 20

Ref.:    **CR/30/2025** TPI/14.GEA

to be recalled during any communication

[stamp:] COPY

Dear Madam,

We refer to the request for assistance from the United States District Court for the Central District of California in Los Angeles, received by the Court of First Instance on September 12, 2025, seeking documents and information from the International Telecommunication Union (ITU) in connection with the proceedings between INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS INC., INTERDIGITAL MADISON PATENT HOLDINGS SAS, INTERDIGITAL CE PATENT HOLDINGS SAS and THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION INC., BAMTECH LLC, HULU LLC and ESPN INC, pending before the above-mentioned US court.

Since ITU enjoys diplomatic privileges and immunities, we are sending you the original application.

Yours sincerely,

[signature]
Diane Rebord

Court Clerk

Appendix: ment.