UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| INTERDIGITAL, INC., *et al.*,<br>    Plaintiffs,<br>    v.<br>THE WALT DISNEY COMPANY, *et al.*,<br>    Defendants. | Case No. 2:25-cv-00895-WLH-BFM<br><br>**[PROPOSED] STIPULATED SUPPLEMENTAL PROTECTIVE ORDER RE DOLBY SOURCE CODE**<br><br>**DISCOVERY MATTER**<br><br>Magistrate: Brianna F. Mircheff |
|---|---|

WHEREAS, the Court's Standing Protective Order ("Original Protective Order") entered in the above-captioned action styled *Interdigital, Inc., et al. v. The Walt Disney Company, et al.*, Case No. 2:25-cv-00895-WLH-BFM (the "Action") on February 6, 2025, shall govern discovery unless the Court enters a different protective order, which may be entered by the assigned Magistrate Judge without further order from the District Judge (Dkt. No. 18, 2:19–23);

WHEREAS, Plaintiffs InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS (collectively, "Plaintiffs" or "InterDigital"), Defendants The Walt Disney Company; Disney Media and Entertainment Distribution LLC; Disney DTC LLC; Disney Streaming Services LLC; Disney Entertainment & Sports LLC; Disney Platform Distribution, Inc.; BAMTech, LLC; Hulu, LLC; and ESPN, Inc. (collectively, "Disney" or "Defendants"), and Non-Parties Dolby Laboratories, Inc. ("DLI") and Dolby Laboratories Licensing Corp. ("DLLC") (collectively, "Dolby" or "Third Parties") enter into the following supplemental joint stipulated protective order concerning Dolby source code ("Supplemental Protective Order Re Dolby Source Code") in the above-captioned action styled *Interdigital, Inc., et al. v. The Walt Disney Company, et al.*, Case No. 2:25-cv-00895-WLH-BFM (the "Action");

WHEREAS, InterDigital contends that on September 30, 2025, it served a subpoena on Dolby Laboratories, Inc. (the "DLI Subpoena") containing a number of document requests and topics for deposition testimony, including requests implicating source code production;

WHEREAS, InterDigital contends that on October 6, 2025, it served a subpoena on Dolby Laboratories Licensing Corp. (the "DLLC Subpoena") containing a number of document requests and topics for deposition testimony, including requests implicating source code production;

WHEREAS, DLI responded to the DLI Subpoena on October 6, 2025;

WHEREAS, DLLC responded to the DLLC Subpoena on November 3, 2025;

WHEREAS, Dolby has agreed that it may produce or make available (according to the terms of this Supplemental Protective Order Re Dolby Source Code) certain Dolby source code files in response to the DLI and/or DLLC Subpoenas; and

WHEREAS, the Parties agree that any source code that Dolby produces in the above-captioned case, does and will contain or reflect confidential, proprietary, trade secret, and/or commercially sensitive information, including trade secret technical details, that warrant special protection from public disclosure and from use for any purpose other than prosecuting this litigation, and request that the Court enter this Supplemental Protective Order Re Dolby Source Code setting forth the conditions for treating, obtaining, and using such information;

NOW, THEREFORE, in order to protect source code and source code information (defined below) produced by Dolby in this Action, the Parties enter into this Supplemental Protective Order Re Dolby Source Code, which supplements the Original Protective Order for source code and source code information produced by Dolby and in no way replaces or invalidates any terms of the Original Protective Order. Through their respective counsel and subject to the approval of the Court, the Parties and non-party Dolby hereby agree as follows:

## I. GENERAL

**(a)** **Purposes and Limitations**. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Supplemental Stipulated Protective Order Re Dolby Source Code. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Supplemental Stipulated Protective Order Re

Dolby Source Code does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**(b)     Good Cause Statement**.  This action is likely to involve Source Code that the Parties agree does and will contain or reflect confidential, proprietary, trade secret, and/or commercially sensitive information, including trade secret technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action, as detail below, is warranted.  Such confidential and proprietary source code consists of, among other things, information otherwise generally unavailable to the public.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information and/or source code will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II.     SUPPLEMENTAL PROVISIONS REGARDING DISCLOSURE AND REVIEW OF SOURCE CODE

**(a)     Designation of Source Code**. If production of source code is necessary, a party or non-party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret source code.

**(b)     Use**. Documents, information, or material produced as HIGHLY

CONFIDENTIAL – SOURCE CODE shall be used by the Parties only in the litigation of this case (Case No. 2:25-cv-00895-WLH-BFM) and shall not be used for any other purpose.

**(c)  Location, Review, and Supervision of Inspection**. Any HIGHLY CONFIDENTIAL − SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location. The source code shall be made available for inspection on a secured computer in a secured room, and the inspecting party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code.  To the extent non-party Dolby produces any HIGHLY CONFIDENTIAL − SOURCE CODE, it shall make it available on two "stand-alone" computers (that is, the computer may not be linked to any network, including a local area network, an intranet or the Internet) to facilitate simultaneous review by both parties; and upon reasonable request from the receiving Party will make reasonable efforts to install reasonable search and analysis tools appropriate for the type of source code material being produced. By written agreement, Dolby may approve the use of one note taking computer for Plaintiffs and one note taking computer for Defendants. The inspecting party shall provide at least three (3) business days' advance notice to access the Source Code computer.  A list of names of persons who will inspect the source code material will be provided to the producing Party at the time of request for access. No recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, peripheral equipment, cameras, or drives of any kind, shall be permitted into the source code Review Room. No copies of all or any

portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. The receiving Party will not copy, remove, or otherwise transfer any source code from the source code computer including, without limitation, copying, removing, or transferring the source code onto any recordable media or recordable device. The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing source code. Access to the secure room or the source code computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification; the stand-alone computer(s) shall have disk encryption and be password protected. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s).  At least seven (7) business days in advance of the date upon which the Receiving Party wishes to use the source code computers, the Receiving Party shall identify the licensed software tools it wishes to have installed and available for use on the source code computers, and provide a properly licensed copy of the software it requests to be installed. The licensed software can be provided via an internet hyperlink identifying a webpage from which the software can be downloaded or via a USB storage device or other medium. Any costs associated with acquiring licenses to requested software tools shall be borne by the Receiving Party. In the event that there are issues concerning the installation or use of such tool, the Parties, and their technical staff, shall meet and confer promptly to resolve such issues. The Parties agree that the following software tools are pre-approved for the purposes of this Action; however, no Party provides any warranty or representation about the functionality or compatibility of any of the following tools with the source code

computers.[1] To the extent other tools are requested, the Producing Party should not unreasonably withhold installation of such tools. If after meeting and conferring, the Parties cannot resolve an objection to a source code tool, the receiving Party shall seek Court intervention within three (3) days:

- SlickEdit (http://www.slickedit.com)
- Understand (http://www.scitools.com)
- Beyond Compare (http://www.scootersoftware.com)
- Adobe Acrobat Pro
- Eclipse (https://www.eclipse.org/downloads/packages/release/2019-03/r/eclipse-ide-cc-developers)
- Cygwin (http://www.cygwin.com)
- Notepad++ (https://notepad-plus-plus.org/download/v7.4.2.html)
- SlickEdit Pro (https://www.slickedit.com/)
- PowerGrep (http://www.powergrep.com)
- Power Shell (https://learn.microsoft.com/en-us/powershell/scripting/install/install-powershell-on-windows?view=powershell-7.5)
- CLOC (https://sourceforge.net/projects/cloc/files/cloc/v1.64)
- Microsoft Office (https://products.office.com/en-us/compare-allmicrosoft-office-products)
- Microsoft Visual Studio Code (https://code.visualstudio.com/)
- Vim (https://www.vim.org/)
- SublimeText (https://www.sublimetext.com/)

**(d)    Paper Copies of Source Code Excerpts**. The inspecting party may

---

[1] The parties agree that the identified links and/or version numbers are for reference only, and will meet and confer if needed.

request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers or for deposition or trial. The designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL − SOURCE CODE" onto pre-Bates numbered and watermarked paper, which shall be provided by the producing party. Within three (3) days of request, the producing Party shall either (i) provide five (5) copy sets of such pages to the receiving Party or (ii) inform the requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, within three (3) business days, the receiving Party shall seek a Court resolution of whether the printed source code in question is reasonable and was printed for a permitted purpose. The receiving Party shall not request to print more than thirty (30) consecutive pages and no more than six hundred (600) pages in total of the producing Party's source code throughout the duration of this action, without prior written approval by the producing Party, such approval to be granted or denied within three (3) business days of the receiving Party's request and such approval not to be unreasonably requested or withheld. The receiving Party may not make photocopies of the received source code, other than as set forth below for purposes of Court filings and proceedings, expert reports, contentions, and depositions. Copies may not be made for purposes of review elsewhere in the first instance (*i.e.*, as an alternative to reviewing the source code material in the room in which the stand alone computers are located). All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use.

    **(e)**     **Access Record**. The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting party shall not convert any of the

information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the source code documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders, with any source code redacted.  To the extent portions of source code material are quoted in a source code document, either (1) all source code material will be redacted from pages containing quoted source code material and the document will be stamped and treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or (2) those pages containing quoted source code material will be separately stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE".  The receiving Party shall maintain a log of all paper copies of the source code. The log shall include the names of the reviewers and/or recipients of paper copies along with dates and locations where the paper copies are stored for all reviewers other than outside counsel for receiving Party. The receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. Such photocopies shall also be on watermarked paper. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts (*e.g.*, a hotel prior to a Court proceeding or deposition). Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual, rather, the deposition record will identify the exhibit by its production numbers, unless

otherwise agreed by the producing party.

A producing Party's source code material may only be transported by the receiving Party at the direction of a person authorized under Section D(c) of the Original Protective Order to another person authorized under that same section, on paper via hand carry, Federal Express or other similarly reliable courier. Source code material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as with respect to the transmission of contentions, expert reports, sealed court filings, or any other document, which pursuant to the Court's rules, procedures, or orders must be filed or served electronically and is at all times subject to the transport restrictions set forth herein.

**(f)     Applicability Limited to Dolby Productions**. The provisions of this Supplemental Protective Order Re Dolby Source Code only apply to source code and source code information produced by Dolby. This Supplemental Protective Order Re Dolby Source Code does not apply to productions by the Parties to this Action.

### III.    MISCELLANEOUS

**(a)     Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**(b)     Right to Assert Other Objections**.  By stipulating to the entry of this Supplemental Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Supplemental Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Supplemental Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

DATED: January 7, 2026

*/s/ Nancy M. Olson*
Nancy Olson (SBN 260303)
nolson@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

Attorneys for Plaintiffs
*InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CD Patent Holdings, SAS*

DATED: January 7, 2026

*/s/ Lauran M. Burson*
Laura M Burson (SBN 204459)
LBurson@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Attorneys for Defendants
*The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

DATED: January 7, 2026

*/s/ Madelyn S. McCormick*
Madelyn S. McCormick (SBN 320063)
Fish & Richardson
12860 El Camino Real, Ste 400

San Diego, CA 92130-2981
Telephone: 858-678-5621

Attorneys for Non-Parties
*Dolby Laboratories, Inc.* and
*Dolby Laboratories Licensing Corp.*

## L.R. 5-4.3.4 ATTESTATION

The undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated: January 7, 2026

By: */s/ Nancy M. Olson*
Nancy M. Olson (SBN 260303)
**OLSON STEIN LLP**
nolson@olsonstein.com
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 310.916.7433

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| INTERDIGITAL, INC., *et al.*,<br>    Plaintiffs,<br>v.<br>THE WALT DISNEY COMPANY, *et al.*,<br>    Defendants. | Case No. 2:25-cv-00895-WLH-BFM<br><br>**[PROPOSED] ORDER RE STIPULATED SUPPLEMENTAL PROTECTIVE ORDER REGARDING DOLBY SOURCE CODE** |

Having considered the papers, and finding that good cause exists, the Parties' Stipulated Protective Order related to Dolby source code is **granted**.

**IT IS SO ORDERED**.

DATED: _____, 2026           _____
                                            BRIANNA FULLER MIRCHEFF
                                            UNITED STATES MAGISTRATE JUDGE