1  RYAN K. YAGURA (S.B. #197619)
   ryagura@omm.com
2  NICHOLAS J. WHILT (S.B. #247738)
   nwhilt@omm.com
3  XIN-YI ZHOU (S.B. #251969)
   vzhou@omm.com
4  O'MELVENY & MYERS LLP
   400 South Hope Street, Suite 1900
5  Los Angeles, CA 90071
   Telephone:  213-430-6000
6  Facsimile:   213-430-6407
7
8  *Attorneys for Defendants The Walt Disney
   Company, Disney Media and Entertainment
9  Distribution LLC, Disney DTC LLC, Disney
   Streaming Services LLC, Disney Entertainment &
10 Sports LLC, Disney Platform Distribution, Inc.,
   BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

11

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION AT LOS ANGELES**

| | |
|---|---|
| INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS, | Case No. 2:25-cv-895-WLH-BFM **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |
| Plaintiffs and Counterclaim-Defendants, | Judge: Hon. Wesley L. Hsu Magistrate: Hon. Brianna F. Mircheff Hearing: February 26, 2026 at 10:30 am |
| v. | |
| THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC., | |
| Defendants and Counterclaim-Plaintiffs. | |

1

**TABLE OF CONTENTS**

2
                                                                                    **Page**

3   I.     INTRODUCTION ............................................................................5

4   II.    ARGUMENT .................................................................................6

5          A.    The Common Interest Agreement with Amazon Is Not Relevant
                 and, at Most, *In Camera* Review, Not Production, Would Be
6                Appropriate. ......................................................................6

7                1.    Defendants' Common Interest Agreement with Amazon
                       Is Not Relevant to Any Claim or Defense. ...............................6
8

9                2.    At Most, *In Camera* Review of the Agreement, Rather
                       Than Production, Would Be Appropriate. ...............................10

10         B.    InterDigital's Request for a Narrative Response Seeks
                 Privileged Information and Amounts to an End Run Around the
11               Parties' Stipulated Agreements in this Case. .....................................10

12  III.   CONCLUSION ..............................................................................14

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PL.'S
                                                    MOTION TO COMPEL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Centerline Hous. P'ship I, L.P.-Series 2 v. Palm Communities*,
  2021 WL 4895746 (C.D. Cal. Sept. 2, 2021)........................................................6

*Collaboration Props., Inc. v. Polycom, Inc.*,
  224 F.R.D. 473 (N.D. Cal. 2004) .......................................................................7

*Continental Oil Co. v. United States*,
  330 F.2d 347 (9th Cir.1964).............................................................................11

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  2016 WL 1258989 (N.D. Cal. Mar. 31, 2016) ....................................................8

*Eurick v. Pemco Ins. Co.*,
  108 Wash. 2d 338, 738 P.2d 251 (1987) .............................................................9

*Exxon Mobil Corp. v. Schneiderman*,
  316 F. Supp. 3d 679 (S.D.N.Y. 2018)................................................................7

*Ford Motor Co. v. Edgewood Props., Inc.*,
  257 F.R.D. 418 (D.N.J. 2009) ...........................................................................7

*G+ Commc'ns, LLC v. Samsung Electronics Co. Ltd.*,
  2024 WL 233222 (E.D. Tex. Jan. 22, 2024) .......................................................8

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  2019 WL 4734950 (E.D. Tex. May 22, 2019) .....................................................9

*In re Grand Jury Witness*,
  695 F.2d 359 (9th Cir. 1982).............................................................................11

*In re Pac. Pictures Corp.*,
  679 F.3d 1121 (9th Cir. 2012)...........................................................................11

*In re Regents of Univ. of California*,
  101 F.3d 1386 (Fed. Cir. 1996)..........................................................................11

*In re Takata Airbag Prods. Liab. Litig.*,
  2020 WL 13310564 (S.D. Fla. Mar. 7, 2020) .....................................................7

*In Schertzer v. Bank of America, NA*,
  109 F.4th 1200 (9th Cir. 2024)..........................................................................13

*Johnson v. Couturier*,
  261 F.R.D. 188 (E.D. Cal. 2009).......................................................................14

DEFENDANTS' OPPOSITION TO PL.'S
MOTION TO COMPEL

*Microsoft Corp. v. Motorola, Inc.*,
    864 F. Supp. 2d 1023 (W.D. Wash. 2012) ........................................................... 8

*Monster Energy Co. v. Vital Pharm., Inc.*,
    2020 WL 2405295 (C.D. Cal. Mar. 10, 2020) ................................................... 10

*O. L. v. City of El Monte*,
    2021 WL 926392 (C.D. Cal. Feb. 1, 2021) ......................................................... 6

*Rivera v. NIBCO, Inc.*,
    364 F.3d 1057 (9th Cir. 2004) ............................................................................ 10

*Smith v. Bank of Am., N.A.*,
    2019 WL 7188571 (C.D. Cal. Sept. 20, 2019) ................................................... 10

*United States v. Lacey*,
    2019 WL 258344 (D. Ariz. Jan. 17, 2019) ......................................................... 11

*United States v. Real Prop. Located in Los Angeles, California*,
    2024 WL 4474867 (C.D. Cal. June 17, 2024) .................................................... 11

*Walker v. Lakewood Condo. Owners Ass'n*,
    186 F.R.D. 584 (C.D. Cal. 1999 ......................................................................... 11

*Wendel v. Int'l Real Est.. News, LLC*,
    2020 WL 13421523 (S.D. Fla. June 29, 2020) .................................................... 9

**Other Authorities**

Common Interest Agreements, 97-MAY Mich. B.J. 44 ......................................... 7

**Rules**

Federal Rule of Civil Procedure 33(a)(1) ............................................................ 11

4

## I.    INTRODUCTION

Plaintiff InterDigital seeks production of Defendants' common interest agreement with Amazon.com, Inc. ("Amazon"), but it has failed to establish that the agreement is relevant to any issue in this case. InterDigital cites no authority for the proposition that a common interest agreement could be relevant to InterDigital's *own* failure to offer its standard essential patents ("SEPs") on fair, reasonable, and non-discriminatory ("FRAND" or "RAND") terms—the subject of Defendants' breach of contract claim. Rather, InterDigital's theory is that a common interest agreement—routine and legally permissible between parties—is somehow *per se* evidence of "holdout" or "monopsony." But "holdout" and "monopsony" are not at issue in this case. Even if they were, courts have consistently held that the existence of a common interest privilege and a corresponding written agreement are not probative of wrongdoing. The Court should deny InterDigital's motion.

InterDigital also seeks to compel a narrative summarizing communications between parties sharing a common interest in response to its Interrogatory No. 15. That request is equally improper. Common interest communications are privileged and not subject to discovery. Interrogatory No. 15 is a transparent attempt to invade the substance of those privileged communications. Moreover, as Defendants have explained to InterDigital on multiple occasions, the communications in question are emails involving counsel. The parties expressly agreed to exclude these types of communications from discovery and from privilege logging requirements. So InterDigital's motion is improper on that basis as well.

For these reasons, and as set forth more fully below, Defendants respectfully request that the Court deny InterDigital's motion to compel.

DEFENDANTS' OPPOSITION TO PL.'S
MOTION TO COMPEL

## II.   ARGUMENT

### A.   The Common Interest Agreement with Amazon Is Not Relevant and, at Most, *In Camera* Review, Not Production, Would Be Appropriate.

Although InterDigital's motion nominally seeks all of Defendants' common interest agreements, its argument focuses exclusively on Defendants' common interest agreement with Amazon. However, that agreement is not relevant to any claims or defenses in this case, and InterDigital's motion should be denied on that basis alone. Moreover, even if the common interest agreement could be relevant, courts do not routinely order production of such agreements. And if the Court has any doubt, it should first review the agreement *in camera* to determine whether it is actually relevant.

#### 1.   Defendants' Common Interest Agreement with Amazon Is Not Relevant to Any Claim or Defense.

"Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *O. L. v. City of El Monte*, 2021 WL 926392, at *2-3 (C.D. Cal. Feb. 1, 2021); *see also Centerline Hous. P'ship I, L.P.-Series 2 v. Palm Communities*, 2021 WL 4895746, at *2 (C.D. Cal. Sept. 2, 2021) ("Although relevance for discovery purposes is defined very broadly, it is not without boundaries.").[1] InterDigital has not met, and cannot meet, that burden here. The agreement at issue is a standard, boilerplate common interest agreement. Burson Decl. at ¶ 5. Such agreements are permitted between parties with a common legal interest. InterDigital offers no explanation, let alone evidence, as to how such an agreement bears on the issues here.

Instead, InterDigital argues that a common interest agreement with Amazon is "relevant to InterDigital's defense to Defendants' breach of contract

---

[1] Unless otherwise noted, all emphasis is added and internal citations omitted.

DEFENDANTS' OPPOSITION TO PL.'S MOTION TO COMPEL

counterclaim" and "whether Disney and Amazon (or others) are colluding to hold out and thus create a monopsony, wherein they as buyers have substantial power over the terms and price of a license to the Encoding Patents." Mot. at 4-5. In other words, InterDigital argues that a common interest agreement—permissible and in fact commonplace[2]—speaks to the existence of a buyers' cartel, and the existence of a buyers' cartel would somehow speak to InterDigital's breach of its own FRAND obligations. InterDigital cites no case in support of such an extreme position, and of course, the law is to the contrary. *See Exxon Mobil Corp. v. Schneiderman*, 316 F. Supp. 3d 679, 710 (S.D.N.Y. 2018) ("The Complaint and SAC also allege that a common-interest agreement among the Green 20 is evidence of concealment of their 'political agenda.' [Plaintiff] Exxon's attempt to transform a mine-run common-interest agreement into evidence of an improper motive is not plausible."); *see also In re Takata Airbag Prods. Liab. Litig.*, 2020 WL 13310564, at *4-5 (S.D. Fla. Mar. 7, 2020) (finding the "Joint Defense Agreement…is not relevant to any claim or defense in this matter, even under the extremely broad discovery standards set forth in Rule 26" as it "contain[s] standard, boilerplate language 'that the parties typically include in joint defense agreements to protect from discovery privileged information revealed to a third party'"); *Ford Motor Co. v. Edgewood Props.*, Inc., 257 F.R.D. 418, 428-29 (D.N.J. 2009) (finding "that the agreement contains standard and boilerplate language that is not discoverable because it is not relevant to any claim or defense in this case" and rejecting the argument that "other aspects of the Agreement . . . may lead to the discovery of other admissible evidence).

Just as the existence of the attorney-client privilege is not probative of liability by a party, *see, e.g., Collaboration Props., Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 477 (N.D. Cal. 2004), the existence of the common interest privilege is

---

[2] *See, e.g.*, Common Interest Agreements, 97-MAY Mich. B.J. 44.

DEFENDANTS' OPPOSITION TO PL.'S MOTION TO COMPEL

1    not probative of liability or wrongdoing either. InterDigital attempts, without any

2    basis in the law, to insinuate an improper inference based on the existence and

3    assertion of the common interest privilege.

4        InterDigital's legal precedent does not help its cause. *Core Wireless*

5    *Licensing S.A.R.L. v. Apple Inc.*, 2016 WL 1258989, at *2 n.16 (N.D. Cal. Mar. 31,

6    2016) did not involve common interest agreements or any suggestion that an

7    implementer's relationship with a third party bears on a patent holder's compliance

8    with its FRAND obligations. *G+ Commc'ns, LLC v. Samsung Electronics Co. Ltd.*,

9    2024 WL 233222 (E.D. Tex. Jan. 22, 2024) does not help either. InterDigital cites it

10    for the proposition that "[i]t is both practical and logical that the obligations of a

11    party acting in good faith be suspended when a counterparty to a negotiation for a

12    FRAND license is acting in bad faith." Mot. at 5. But *G+ Communications* is easily

13    distinguishable as well. It did not involve RAND obligations under the ITU's patent

14    policy, the basis for the breach of RAND claim in *this* case. Moreover, like *Core*

15    *Wireless*, *G+ Communications* did not involve common interest agreements or any

16    suggestion that an implementer's relationship with a third party bears on a patent

17    holder's compliance with its FRAND obligations.[3]

18    _____

19    [3] Courts have rejected the argument advanced by InterDigital. *See Microsoft Corp.
     v. Motorola, Inc.*, 864 F. Supp. 2d 1023, 1035 (W.D. Wash. 2012) ("a finding that
20    negotiating in good faith is condition precedent to Motorola's RAND obligations to
     the implementer would run contrary to the purpose of Motorola's commitments to
21    the IEEE and the ITU. Although Motorola correctly asserts that the IEEE and ITU
     Policies contemplate that RAND licenses will be negotiated between the patent
22    holder and the implementer of the standard, it does not follow that negotiating in
     good faith is a condition precedent to Motorola's promise to grant licenses on
23    RAND terms. (See Motorola Mot. at 20–21; ITU Declarations at 2 ('Negotiations
24    of licenses are left to the parties concerned and are performed outside the ITU–T §
     ISO/IEC.').) Again, under Motorola's interpretation of its commitments to the
25    IEEE and ITU, Motorola could preemptively request exorbitant compensation for
26    its standard essential technology, and the implementer would be compelled to

27

28

DEFENDANTS' OPPOSITION TO PL.'S
                                                MOTION TO COMPEL

1    InterDigital's argument further confounds logic because, as InterDigital

2    concedes, InterDigital's negotiations with Defendants which form the basis for

3    Defendants' breach claim began in July 2022—more than three years *before* the

4    filing of this lawsuit. Mot. at 5. Even assuming *arguendo* that InterDigital is correct

5    that "Disney's own actions during the negotiations are now necessarily at issue" in

6    this case (Mot. at 4), InterDigital provides no explanation as to how a common

7    interest agreement with a third-party can speak to negotiations between Defendant

8    and InterDigital that began *more than three years prior to the filing of this lawsuit*.

9    *See Wendel v. Int'l Real Est. News, LLC*, 2020 WL 13421523, at *4 (S.D. Fla. June

10   29, 2020) ("The Court finds that the mere fact that Plaintiff and [a third-party

11   defendant] entered into a common interest agreement after the alleged events in this

12   action is simply not relevant to [the third-party defendant's] or Plaintiff's actions at

13   the time of their alleged misconduct.")

14   Ultimately, InterDigital's motion boils down to a request for the production

15   of an irrelevant agreement based on bare speculation "that Disney and Amazon may

16   be working together in their dual refusals to take licenses to InterDigital's patents."

17   Mot. at 2. Despite having no basis in law or fact, InterDigital continues to pursue its

18   fishing expedition, an approach that the Ninth Circuit and Central District have

19   roundly rejected. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004)

20

21   negotiate in good faith in response to the exorbitant demand. This cannot be the
     result envisioned by the IEEE and the ITU with respect to Motorola's commitments

22   to them to grant licenses on RAND terms. *See Eurick v. Pemco Ins. Co.*, 108

23   Wash.2d 338, 738 P.2d 251, 252 (1987) (contract interpretation should not produce
     an absurd result). In sum, *the court concludes that Motorola's contracts with the*

24   *IEEE and the ITU do not condition Motorola's RAND obligations on the*

25   *implementer first applying for a license and then negotiating in good faith*."). *See*
     *also HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 2019 WL 4734950, at *10

26   (E.D. Tex. May 22, 2019) (finding that the SEP holder "cannot seek equitable relief

27   based on [the implementer's] failure to exercise good faith in negotiations when the
     jury found that [the SEP holder] itself engaged in bad faith during those same

28   negotiations").

9                                          DEFENDANTS' OPPOSITION TO PL.'S
                                                     MOTION TO COMPEL

1    ("District courts need not condone the use of discovery to engage in 'fishing

2    expedition[s].'"); *Smith v. Bank of Am., N.A.*, 2019 WL 7188571, at *6 (C.D. Cal.

3    Sept. 20, 2019) ("The Court will not countenance what amounts to a fishing

4    expedition into documents and information with little to no probative value and an

5    accompanying burden that is not proportional to the needs of the case."); *Monster*

6    *Energy Co. v. Vital Pharm., Inc.*, 2020 WL 2405295, at *12 (C.D. Cal. Mar. 10,

7    2020) (granting motion to quash where the "only justification for this request was

8    to pursue an 'unclean hands' defense, and to which the current requested

9    information appears to have no relation").

10        Because InterDigital has not met its burden of showing, as it must, that the

11   common interest agreement is relevant to any claim or defense, the Court should

12   deny its motion to compel.

13        **2.    At Most, *In Camera* Review of the Agreement, Rather Than
                Production, Would Be Appropriate.**
14

15        InterDigital is also wrong that "the production of the joint defense agreement

16   is the necessary first step in assessing Disney's claim of common interest privilege,

17   [and therefore] Disney should be ordered to produce the agreement(s)." Mot. at 6.

18   Courts routinely hold that, where the relevance of a common interest agreement is

19   disputed, the proper procedure is *in camera* review first and not wholesale

20   production. *See, e.g., United States v. Lacey*, 2019 WL 258344, at *2 (D. Ariz. Jan.

21   17, 2019) (holding the proper procedure is to submit documents *in camera* for the

22   Court's inspection); *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982).

23        **B.    InterDigital's Request for a Narrative Response Seeks Privileged
                Information and Amounts to an End Run Around the Parties'
24               Stipulated Agreements in this Case.**

25

26        InterDigital's motion to compel a narrative response to Interrogatory No. 15

27   should be denied because (i) the underlying communications that the interrogatory

28   seeks a narrative about are privileged, and even if they were not, (ii) the parties

DEFENDANTS' OPPOSITION TO PL.'S
                                                 MOTION TO COMPEL

1  entered multiple, stipulated agreements (which are incorporated into Orders in this

2  case) in which they agreed that such information would be off-limits in discovery.[4]

3  Now, with this motion, InterDigital seeks to renege on those agreements.

4      It is a well-recognized principle that communications between parties who

5  have a common legal interest are protected from discovery by the common-interest

6  privilege. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012)

7  (citing *Continental Oil Co. v. United States*, 330 F.2d 347, 350 (9th Cir.1964)); *see*

8  *also In re Regents of Univ. of California*, 101 F.3d 1386, 1391 (Fed. Cir. 1996).

9  InterDigital incorrectly argues that Interrogatory No. 15 does not seek privileged

10  information. Mot. at 7. Interrogatory No. 15 does precisely that. It asks that

11  Defendants "[i]dentify and describe the contents" of each communication with third

12  parties, including Amazon, concerning the Asserted Patents, this Action, or the two

13  lawsuits filed by Amazon in foreign jurisdictions. *See* Mot. Ex. A at 0008. These

14  are the same third parties that InterDigital has sued for patent infringement. In their

15  response, Defendants clearly explained that they "have no non-privileged

16  information that is responsive to this Interrogatory" and objected to disclosure of

17  privileged information, including on the basis of the common interest privilege. *See*

18  Mot. Ex. B at 015-016. Defendants further explained in the response that they were

19  not even aware of the two suits filed by Amazon before they were filed. *Id.*

20  _____

21  [4] InterDigital's motion can also be denied for the independent reason that
InterDigital has far exceeded the limit of permitted interrogatories. Under Federal

22  Rule of Civil Procedure 33(a)(1), "a party may serve on any other party no more
than 25 written interrogatories, ***including all discrete subparts***." *See also United*

23  *States v. Real Prop. Located in Los Angeles, California*, 2024 WL 4474867, at *7

24  (C.D. Cal. June 17, 2024) (*quoting Walker v. Lakewood Condo. Owners Ass'n*, 186
F.R.D. 584, 586 (C.D. Cal. 1999) (holding every interrogatory served, including

25  discrete subparts, counts against the numerical limit). Prior to serving Interrogatory

26  No. 15, InterDigital's fourteen interrogatories included over *forty* sub-parts,
exceeding the permissible limit. *See* Objections to Interrogatory No. 15, Mot. Ex. B

27  at 014-015; Burson Decl. at ¶ 4; *see also* Burson Decl. Exs. 1-2. Interrogatory No.

28  15 itself contains multiple sub-parts.

DEFENDANTS' OPPOSITION TO PL.'S
                                                    MOTION TO COMPEL

1    InterDigital complains that Defendants' "response provides no information or

2    ability for InterDigital to evaluate the privilege claim," and that it needs "a

3    description of these communications, including the participant(s), the date(s), and a

4    description of the communication(s)." Mot. at 7. However, not only is the substance

5    of these communications privileged and not-discoverable (as noted above), but

6    InterDigital's request amounts to an end-run around the parties' stipulated

7    discovery agreements.  In both the Joint 26(f) Report (Dkt. No. 53) and

8    Electronically Stored Information ("ESI") Order (Dkt. No. 105), the parties agreed

9    to exclude from discovery (including to exclude from the logging requirement) any

10   email communications and communications with counsel after November 2022.

11       *First*, the Joint 26(f) Report provides that "[t]he parties agree that discovery

12   *will not include e-mail collections*, absent a showing of good cause." Dkt. No. 53 at

13   12. The ESI Order further provides that "[e]-mails and other forms of electronic

14   correspondence are protected from discovery pursuant to the parties' agreement."

15   Dkt. No. 105 at 4, ¶ 7(b).

16       InterDigital argues that its request for a narrative summarizing these

17   communications does not violate the Joint Report and ESI Order because

18   "InterDigital is only requesting a general description of what communications exist

19   and is not requesting that [Defendants] undertake any 'email collections' to respond

20   to Interrogatory No. 15." Mot. at 8. InterDigital's argument is a distinction without

21   a difference. It plainly ignores the practicality: in order for Defendants to draft a

22   narrative response about the only documents that exist—emails—they will

23   necessarily need to collect and review them. Defendants' counsel explained to

24   InterDigital's counsel on multiple occasions that the documents in questions are

25   emails involving counsel. Burson Decl. at ¶ 6. Yet, InterDigital continues to seek

26   access to the content of the very emails that the parties agreed would be off-limits,

27   frustrating the purpose of their agreements. *See Schertzer v. Bank of America, NA*,

28   109 F.4th 1200 (9th Cir. 2024) (holding that interpretations that would frustrate the

12                              DEFENDANTS' OPPOSITION TO PL.'S
                                      MOTION TO COMPEL

1  purpose of contractual terms are not allowed and cautioning that courts must

2  consider whether a proffered interpretation would nullify the agreement's purpose).

3       *Second*, InterDigital's request that Defendants supplement their response to

4  Interrogatory No. 15 to provide what amounts to a privilege log for each responsive

5  communication violates the provisions of the ESI Order in this case. The ESI Order

6  provides that "Documents identified as being protected from discovery in

7  Paragraph 7 [e.g., emails]…[and] [c]ommunications or documents involving

8  counsel…that post-date November 11, 2022 *need not be placed on a privilege log*."

9  Dkt. No. 105 at 5, ¶ 8(c).

10       InterDigital has no answer as to why its request does not violate the parties'

11  agreement that the parties would not log emails. But it attempts to read a non-

12  existent carve-out into the plain language of the provision dealing with

13  communications with counsel after November 2022, arguing that while "[t]his

14  clause relieves the parties of the burden of logging every communication with their

15  counsel about this Action, [i]t was not meant to shield communications with a third

16  party." Mot. at 9. The provision is crystal clear: communications "involving

17  counsel…that post-date November 11, 2022 need not be placed on a privilege log."

18  Indeed, the parties deliberately chose the November 2022 date,[5] which is well

19  before this lawsuit was filed in 2025 and before there could be any counsel in this

20  case.  InterDigital cannot read a qualification into the agreement that would

21  contravene its plain language.

22       Moreover, to the extent that InterDigital seeks to compel a narrative response

23  summarizing non-written (verbal) communications, verbal communications are not

24  readily the subject of privilege logs in the first instance due to the practical

25  difficulties in preparing such a document. *See Johnson v. Couturier*, 261 F.R.D.

26

27

28  [5] It is common for parties to place date restrictions on privilege logging requirements for effective management of the case.

DEFENDANTS' OPPOSITION TO PL.'S
MOTION TO COMPEL

1   188, 191 n.5 (E.D. Cal. 2009) ("[P]reparing a privilege log for verbal conversations

2   attempting to parcel out what is privileged, or not, is generally uninformative and

3   logistically awkward[.]"). The Court should reject InterDigital's attempt to foist this

4   lopsided and unnecessary burden on Defendants.

5        In sum, InterDigital's transparent attempt to circumvent the parties' express

6   agreements not to collect or log email communications and not to log privileged

7   communications involving counsel after November 2022 should be denied.

8   **III.    CONCLUSION**

9        For the reasons stated above, Defendants respectfully request that the Court

10  deny InterDigital's motion to compel.

11

12

13  DATED: February 9, 2026              Respectfully submitted,

14

15                                       By:    */s/ Ryan K. Yagura*
                                                Ryan K. Yagura

16

17                                       RYAN K. YAGURA
                                         NICHOLAS J. WHILT

18                                       XIN-YI ZHOU
                                         O'MELVENY & MYERS LLP

19

20                                       *Attorneys for Defendants The Walt Disney*
                                         *Company, Disney Media and*

21                                       *Entertainment Distribution LLC, Disney*
                                         *DTC LLC, Disney Streaming Services LLC,*

22                                       *Disney Entertainment & Sports LLC,*
                                         *Disney Platform Distribution, Inc.,*

23                                       *BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PL.'S
                                                                 MOTION TO COMPEL

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,056 words, which complies with the word limit of L.R. 11-6.1 and Judge Hsu's Standing Order for Newly Assigned Cases.


Date:  February 9, 2026                    /s/ Ryan K. Yagura
                                            Ryan K. Yagura

DEFENDANTS' OPPOSITION TO PL.'S
MOTION TO COMPEL