UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 2:25-cv-00895-WLH-BFM | **Date:** | March 5, 2026 |

**Title:** InterDigital, Inc., et al. v. The Walt Disney Co., et al.

================================================================

**Present:** The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) Order on Motion to Compel (ECF 134)

Pending before the Court is InterDigital, Inc.'s motion to compel a further response to two disputed discovery requests. Both disputed requests relate to InterDigital's belief that The Walt Disney Co. has colluded with Amazon—and, InterDigital suspects, with other companies—to "hold out" and thereby drive up the price of license for InterDigital technology. InterDigital knows that there is a common interest agreement between Disney and Amazon, and it wants a copy of that agreement, and a "narrative" response describing "at a high level" the communications between Disney and third parties, including Amazon, concerning InterDigital or this case. (ECF 134 ("Mot.") at 7-14.)[1]

For the reasons stated here, the Motion is **denied**.

---

[1] For ease of reference, the Court uses the ECF-generated page numbers found in the header of electronically filed documents.

Page **1** of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 2:25-cv-00895-WLH-BFM | **Date:** | March 5, 2026 |
| **Title:** | InterDigital, Inc., et al. v. The Walt Disney Co., et al. | | |

====================================================================

## A.   Background

This is a patent case. In the Complaint, InterDigital alleged that Disney's streaming services infringe its patents. (ECF 1.) Disney counterclaimed, alleging that InterDigital failed to honor commitments that they or predecessor owners of the relevant patents made to international standardization entities, agreeing to offer licenses under the relevant patents on reasonable and non-discriminatory (RAND) terms. (ECF 42 at 84.) This action is not the only lawsuit in the mix. Disney filed an antitrust suit in the District of Delaware in August 2025. Shortly thereafter, Amazon.com sued InterDigital in both the U.K. and in Brazil. (ECF 134-1 ("Budwin Decl.") ¶¶ 6-9) Several other lawsuits involving InterDigital and Amazon soon followed. (Budwin Decl. ¶ 9.) All these cases generally involve the same topic—claims relating to the use of InterDigital's patents.

In January 2026, counsel for InterDigital learned that Amazon and Disney had entered a written agreement relating to InterDigital. (Budwin Decl. ¶ 5.) Counsel for Disney confirmed the existence of the agreement, stating under penalty of perjury that their agreement is "a standard, boilerplate, common interest agreement." (ECF 144-1 ("Burson Decl.") ¶ 5.) InterDigital tried to get a copy of the agreement from Amazon and from Disney. Amazon refused to produce the agreement pursuant to InterDigital's subpoena, stating that it understood Disney was withholding the agreement on privilege grounds and that motion practice was forthcoming. (Budwin Decl. ¶ 5.) Disney's refusal to produce the agreement or related communications is the subject of this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**Case No.:** 2:25-cv-00895-WLH-BFM      **Date:** March 5, 2026

**Title:** InterDigital, Inc., et al. v. The Walt Disney Co., et al.

====================================================================

This Motion involves two disputes. The first dispute relates to InterDigital's Requests for Production Nos. 113-114, which ask for joint defense agreements and common interest agreements between Disney and third parties, including Amazon and other streaming entities. (ECF 134-4 at 21-22.) Disney lodged numerous objections, but in this Court, primarily presses its relevance objection. (ECF 144 at 6-10.)

The second dispute concerns Interrogatory No. 15, which seeks a description of "each communication" Disney had with Amazon (and other streaming services) concerning InterDigital, the asserted patents, or this action. (ECF 134-2 at 9.) Though Interrogatory No. 15 is worded broadly, InterDigital has indicated its willingness to accept a narrower response—one that identified the individuals at Disney who have been talking to Amazon, provided a date range for those communications, and gave some general information about the subject of the communications. (ECF 146 at 7.) Disney objects on the grounds that the information is privileged and would violate the parties' ESI agreement. (ECF 144 at 10-14.)

The Court heard argument on the Motion on February 27, 2026. The matter is fully briefed and ready for decision.

**B.  Analysis**

As to the first dispute, the Motion is denied. InterDigital's hypothesis is that Disney and Amazon are working together to try to drive down the licensing rate for InterDigital's patent. Whatever merit there may be to that claim, the common interest agreement will not shed light on it. A common interest agreement reflects the parties' perception that they have a shared

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 2:25-cv-00895-WLH-BFM | **Date:** | March 5, 2026 |
| **Title:** | InterDigital, Inc., et al. v. The Walt Disney Co., et al. | | |

====================================================================

*legal* interest. *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012). Disney and Amazon do appear to have a shared legal interest right now, in that they are both engaged in actions—either affirmatively or defensively—with InterDigital with respect to the patents at issue here. But acknowledging the existence of a shared legal interest "does not come close to supporting an inference that there was an unlawful conspiracy to stifle competition." *In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class*, 868 F.3d 132, 154 (3d Cir. 2017); *Exxon Mobil Corp. v. Schneiderman*, 316 F. Supp. 3d 679, 710 (S.D.N.Y. 2018) (rejecting as not plausible any attempt to convert "a mine-run common-interest agreement into evidence of an improper motive"). Because the existence of a boilerplate common interest agreement is irrelevant to any claim or defense, the Court denies InterDigital's motion insofar as it seeks production of such a document.

InterDigital's second request seeks a narrative response at a "high level" describing communications between Disney and third parties concerning the subjects of this litigation. (ECF 146 at 7.) Again, InterDigital's hypothesis is that Disney and Amazon are "hold outs," colluding to drive down the cost of any future licensing agreement. Such collusion, in InterDigital's view, would bear on whether Disney was negotiating a RAND rate in good faith. If there are communications to that effect—an email suggesting an agreement to work together to drive the license price down—InterDigital wants to depose the individuals involved in the communications.

The Court takes as given that Disney's conduct in negotiation has some bearing on whether InterDigital complied with its commitments to the ITU. The problem for InterDigital, however, is that it entered an ESI agreement that email collections would not be demanded by either side. (ECF 104.) The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 2:25-cv-00895-WLH-BFM | **Date:** | March 5, 2026 |

**Title:**   InterDigital, Inc., et al. v. The Walt Disney Co., et al.

====================================================================

Court blessed that agreement. (ECF 105.) And the Court sees no way for Disney to answer Interrogatory No. 15, even at a high level of generality, without conducting an email collection. InterDigital disputed that premise at the hearing, arguing that Disney should interview the individuals most likely to have had communications with Amazon to get the relevant information. The Court sees two problems with that response: first, it would subvert the ESI protocol to require a party to collect information that would usually be obtained via email collection through an even more burdensome process. Second, the Court took InterDigital's counsel to concede that to respond to the Interrogatory with any confidence, Disney would likely have to at least confirm the results of its interviews with an email collection.

If the Court were inclined to make that exception to the ESI protocol, it would quickly be forced to consider whether a *further* exception to the ESI protocol was required: Disney acknowledges that it has a common interest agreement with Amazon, suggesting that there probably are communications with Amazon that would be responsive to the Interrogatory. Disney would likely say that those communications are privileged. InterDigital would undoubtedly want to test that proposition as well, but the ESI protocol also relieves both parties of the burden of producing privilege logs for communications after November 2022. So InterDigital's request would require at least one, and possibly two, exceptions to the ESI protocol it entered almost a year ago.

If all this were necessary to prove a central point, it would be one thing; the ESI protocol does have a provision authorizing modification for good cause. For the ESI protocol to have any teeth, however, "good cause" must mean something more than the fact that one party has hypothesized the existence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 2:25-cv-00895-WLH-BFM | **Date:** | March 5, 2026 |

**Title:** InterDigital, Inc., et al. v. The Walt Disney Co., et al.

================================================================

arguably relevant evidence. Yet so far, that's all that has been presented to the Court with respect to InterDigital's collusion theory. InterDigital points to the common interest agreement as evidence of collusion, but, as discussed above, the common interest agreement confirms a perceived shared legal interest, nothing more.

In the end, moreover, the core question posed by Disney's counterclaims is whether *InterDigital* complied with its obligation to license its technology on RAND terms. Disney's own negotiating conduct is not irrelevant to that inquiry—at least because it would be impossible to examine one party's good faith in negotiation without considering the conduct on the other side of the bargaining table. But the best evidence of Disney's good or bad faith is its negotiations *with* InterDigital, not Disney's communications with other entities.

In sum, it is not proportional to the needs of the case to force Disney to start down the road of email collection solely to run to ground a hunch about conversations with third parties that are outside the core inquiry.

The Court is also mindful that making any exception to the ESI protocol would threaten the fabric of that agreement at a late stage of discovery.[2] Disney points out that it, too, has foregone arguably relevant evidence in acknowledgment of the ESI protocol's email collection provision. To start making exceptions now would undermine a carefully negotiated agreement that the parties entered to save themselves considerable effort and cost. Such

---

[2] At present, the discovery cutoff is just over a month away.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 2:25-cv-00895-WLH-BFM | **Date:** | March 5, 2026 |

**Title:**  InterDigital, Inc., et al. v. The Walt Disney Co., et al.

==================================================================

agreements further Rule 1 of the Federal Rules of Civil Procedure—that all rules be construed to secure "the just, speedy, and inexpensive" determination of every case—and the Court is thus loath to upset the balance at this stage.

For these reasons, the Court will not require Disney to provide a further response to Interrogatory No. 15 at this juncture. InterDigital has several forthcoming depositions at which it apparently intends to test its collusion theory, and nothing in this Order prevents it from returning with a narrower and better supported request, should circumstances warrant and time permit.

For these reasons, the Motion is **denied**.

**IT IS SO ORDERED.**

Initials of Preparer:   ch