RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
NICHOLAS J. WHILT (S.B. #247738)
nwhilt@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone:  213-430-6000
Facsimile:   213-430-6407

*Attorneys for Defendants The Walt Disney
Company, Disney Media and Entertainment
Distribution LLC, Disney DTC LLC, Disney
Streaming Services LLC, Disney Entertainment &
Sports LLC, Disney Platform Distribution, Inc.,
BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS, <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC., <br><br> Defendants and Counterclaim-Plaintiffs. | Case No. 2:25-cv-895-WLH-BFM <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' UNOPPOSED *EX PARTE* APPLICATION FOR ISSUANCE OF RENEWED LETTER OF REQUEST PURSUANT TO HAGUE CONVENTION** <br><br> Judge: Hon. Wesley L. Hsu <br> Magistrate: Hon. Brianna F. Mircheff |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech, LLC, Hulu, LLC, and ESPN, Inc. (collectively, "Defendants") respectfully renew their request for the issuance of only one of the previously issued Letters of Request seeking evidence in the form of deposition testimony from one individual located in Germany: Ingo Tobias Doser, a named inventor of one of the Asserted Patents, U.S. Patent No. 9,185,268 (the '268 Patent).[1] Defendants' unopposed *ex parte* application for issuance of a renewed Letter of Request pursuant to the Hague Convention (the "Renewed Application") is made following a conference of the parties on March 13, 2026, pursuant to Local Rule 7-3, after which on March 17, 2026, counsel for Plaintiffs InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS (collectively, "Plaintiffs") informed Defendants that Plaintiffs do not oppose Defendants' Renewed Application. Declaration of Laura Burson ("Burson Decl."), ¶ 2.

## I.   <u>INTRODUCTION AND BACKGROUND</u>

Defendants previously moved this Court for the issuance of eight letters of request seeking evidence in the form of documents and testimony from the two above-named individuals in Germany, as well as three entities in Switzerland (the International Telecommunication Union, the International Organization for Standardization, and the International Electrotechnical Commission) and two companies in France (Technicolor Group and Thomson Licensing SAS). Dkt. No.

---

[1] Defendants also previously moved for a letter of request directed at another individual located in Germany: Harald Schiller, a named inventor of another of the Asserted Patents, U.S. Patent No. 8,085,297 (the '297 Patent), but are no longer pursuing testimony from this individual in light of the Court's Tentative Order re Claim Construction.

DEFS.' RENEWED APP.. FOR LETTER OF REQUEST
NO. 2:25-CV-895-WLH-BFM

87. The Court issued the eight requested letters on August 12, 2025. Dkt. Nos. 92-99. The French and Swiss authorities granted the requests, which have progressed to varying stages. *See* Dkt. Nos. 121-122, 149-154. The German court denied the requests, however, and, with respect to the depositions of the two inventors, denied them on the basis that "it is not permissible for the lawyer of one party to conduct the [deposition] examination of witnesses. *See* Burson Decl. Exs. 1-2.[2]

Deposition testimony from Mr. Doser remains highly relevant to this case, as the cover page of the '268 Patent names him as an inventor. His LinkedIn profile corroborates that he still resides in Germany. Burson Decl. ¶ 7; Burson Decl, Ex. 3. His LinkedIn profile also indicates that he was previously employed by Thomson entities during a key time period—between 1993 and 2010, when the Asserted Patents were either filed or their underlying priority patent applications were filed. *See id.* Accordingly, Defendants believe Mr. Doser exclusively possesses information that is highly relevant to Defendants' claims and defenses, particularly those pertaining to the infringement, invalidity, and enforceability of the '268 Patent.

Defendants understand from their German counsel that a renewed letter of request limited to deposition testimony is appropriate in light of the German court's prior ruling. Burson Decl. ¶ 6; *see* Burson Decl., Ex. 4.

## II.    <u>LEGAL STANDARDS</u>

"Obtaining discovery from foreign entities in United States federal courts is governed by two sets of rules: the Federal Rules of Civil Procedure and the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Aug. 8, 1972, 23 U.S.T. 2555, 847 U.N.T.S. 231 ('Hague Evidence Convention')." *MGI Digital Tech. S.A. v. Duplo U.S.A.*, No. 8:22CV00979, 2023 WL 6814579, at *2 (C.D. Cal. Aug. 24, 2023). A letter of request or letter rogatory "is the request by a domestic

---

[2] Although the order is dated December 30, 2025, Defendants did not receive a copy of or become aware of the order until March 9, 2026, after Defendants' German counsel followed up with the Hanover court several times. Burson Decl. ¶ 5.

DEFS.' RENEWED APP. FOR LETTER OF REQUEST
NO. 2:25-CV-895-WLH-BFM

court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004). Resorting to the Hague Evidence Convention "is particularly appropriate when … a litigant seeks to depose a foreign non-party who is not subject to the court's jurisdiction." *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010). The United States, Germany, France, and Switzerland are all signatories to the Hague Evidence Convention, which permits "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner." 28 U.S.C. § 1781, *see also* 23 U.S.T. 2555.

Courts have inherent authority to issue letters rogatory. *Valcor Eng'g Corp. v. Parker Hannifin Corp.*, 2017 WL 10440084, at *1 (C.D. Cal. May 1, 2017). "Whether to issue such a letter is a matter of discretion for the court." *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260, 2013 WL 12061801, at *2 (S.D. Cal. Jan. 14, 2013). Courts routinely issue letters of request where the evidence sought resides outside the United States and a party "makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 Civ. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005); *see also Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2014 U.S. Dist. LEXIS 21457, at *14 (N.D. Cal. Feb. 18, 2014).

## III.   ARGUMENT

As explained in Defendants' first Application (Dkt. No. 87), the information sought by Defendants' Letter of Request is within the scope of discovery under the Federal Rules of Civil Procedure. The foreign non-party of interest has evidence in the form of information and testimony that is highly relevant to Defendants' counterclaims because he is an inventor of one of the Asserted Patents at issue in this case.

DEFS.' RENEWED APP. FOR LETTER OF REQUEST
NO. 2:25-CV-895-WLH-BFM

As discussed above, Mr. Doser is believed to reside in Germany. *See* Burson Decl., Ex. 3. Testimonial evidence from this inventor is highly relevant for Defendants' case. *See, e.g., Medimmune, LLC v. PDL Biopharma, Inc.*, 2009 WL 1011519, at *3 (N.D. Cal. Apr. 14, 2009) (noting evidence from the inventors "will be essential to the invalidity analysis"). For example, he may possess important information regarding the conception and reduction to practice of the patent in which he is named as an inventor, the state of the art at the time of the invention, design choices, prior art, prosecution history, scope of the patent, and meaning of claim terms, among other issues relevant to this case. Testimony from Mr. Doser could provide additional information regarding these topics. Mr. Doser is also believed to have worked for Thomson. *See* Burson Decl., Ex. 3. The time period during which he was working at Thomson is commensurate with the time period during which the Asserted Patents were either filed or their underlying priority patent applications were filed. Mr. Doser can therefore provide insight into the development of the technology purportedly claimed, including internal research, development records, and technical reports generated during his tenure at Thomson that may bear on the conception, development, and prosecution of the Asserted Patents.

All of the above testimonial evidence is therefore highly relevant at least because of its potential to significantly impact the Asserted Patents' ownership, validity, or enforceability, as well as Defendants' arguments regarding non-infringement and validity. Defendants' renewed request  is highly likely "to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Defendants therefore respectfully submit that this Court should issue Defendants' renewed and limited Letter of Request seeking testimonial evidence from Ingo Tobias Doser.

## IV.    CONCLUSION

For all of the above reasons, Defendants request that the Court sign, seal and issue the attached Letter of Request (Burson Decl., Ex. 4) to the German authorities in conformity with Article 2 of the Hague Convention. Defendants request that the

DEFS.' RENEWED APP. FOR LETTER OF REQUEST
NO. 2:25-CV-895-WLH-BFM

Court provide an original of the executed Letter of Request to Defendants' undersigned counsel for forwarding to the appropriate authorities in Germany. Defendants' counsel will then transmit the executed Letter of Request to the relevant German authorities for execution.

DATED:  March 27, 2026            Respectfully submitted,

By:    */s/ Ryan K. Yagura*
                Ryan K. Yagura

RYAN K. YAGURA
NICHOLAS J. WHILT
XIN-YI ZHOU
O'MELVENY & MYERS LLP

*Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

DEFS.' RENEWED APP. FOR LETTER OF REQUEST
NO. 2:25-CV-895-WLH-BFM

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.


DATED:  March 27, 2026                    By: */s/* Ryan K. Yagura _____

DEFS.' RENEWED APP. FOR LETTER OF REQUEST
NO. 2:25-CV-895-WLH-BFM