UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00895-WLH-BFM | | Date | March 27, 2026 |
|---|---|---|---|---|
| Title | *InterDigital, Inc. et al v. The Walt Disney Company et al* | | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO CONTINUE CASE SCHEDULE [135]**

The Court is in receipt of Defendants' Motion to Continue Case Schedule (the "Motion"). (Mot., Dkt. No. 135). Defendants specifically seek a four-month continuance of the case schedule due to delays in obtaining foreign discovery relevant to their counterclaim. (Mot. at 1). Plaintiffs oppose the Motion, citing a lack of diligence on Defendants' part in seeking foreign discovery, the improbability of receiving the requested discovery in a timely manner and undue prejudice. (*See generally* Opp'n, Dkt. No. 143).

*First*, the Court finds Plaintiff's diligence arguments unpersuasive in light of Defendants' justifications for their extended timeline for preparing and serving foreign discovery. The Court recognizes the time-intensive nature of retaining foreign discovery firms and foreign counsel, preparing the requisite documentation to the Hague with appropriate translation and identifying the proper targets of their discovery requests. (*See* Mot. at 8-9). The Court does not question Defendants' diligence, particularly given the fact that this is Defendants' first request to continue the case schedule. *Second*, Plaintiffs concern with the low likelihood of receiving foreign discovery before the close of fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

discovery is purely speculative.  The Court can address at a later point *if* it arises.  *Third*, Plaintiffs assertions of undue prejudice ring hollow, considering the modest nature of this continuance and the monetary compensability of Plaintiffs' damages should they be successful.  *Limestone v. Micron Tech.*, 2016 WL 3598109, at \*5 (C.D. Cal. Jan. 12, 2016) ("[B]ecause [Plaintiff] is a non-practicing entity, the Court finds that any damages it may ultimately prove will likely be compensable."); *see also Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, 2017 WL 8220599 (C.D. Cal. June 27, 2017) at \*3 ("any possible prejudice the Court could deduce from [Plaintiff's assertions of prejudice] is adequately compensable monetarily in light of [Plaintiff's] non-practicing status").

At bottom, it is clear that the parties require a continuance of *some* kind to complete essential depositions.  (*See* Stipulation, Dkt. No. 164 (seeking an extension of one month to the case schedule)).  The Court finds a four-month continuance reasonable under these circumstances.  *See Avila v. Willits Envtl. Remediation Trust,* 633 F.3d 828, 833 (9th Cir. 2011) (District courts have "broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.").

For the foregoing reasons, the Court **GRANTS** Defendants' Motion and **CONTINUES** the case schedule as follows:

| Event | Deadline |
|---|---|
| Fact Discovery Cutoff | August 13, 2026 |
| Initial Expert Reports | August 27, 2026 |
| Rebuttal Expert Reports | September 17, 2026 |
| Expert Discovery Cutoff | October 2, 2026 |
| Last Date to File Dispositive Motions | October 16, 2026 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| (including *Daubert* motions) | |
|---|---|
| Last Date to Hear Dispositive Motions (including *Daubert* motions) | December 4, 2026 |
| Settlement Conference Deadline | December 4, 2026 |
| Trial Filings (first round) | December 21, 2026 |
| Trial Filings (second round) | January 8, 2027 |
| Final Pre-Trial Conference (FPTC) | January 22, 2027 |
| Trial | February 8, 2027 |

The Court expects the parties to negotiate in good faith regarding any further continuances.  The parties' Stipulation to Modify Interim Deadlines to Accommodate Certain Depositions (Dkt. No. 164) is **DENIED** as moot.

**IT IS SO ORDERED.**