RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
NICHOLAS J. WHILT (S.B. #247738)
nwhilt@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone:  213-430-6000
Facsimile:   213-430-6407

*Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION AT LOS ANGELES**

| | |
|---|---|
| INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS, <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC., <br><br> Defendants and Counterclaim-Plaintiffs. | **Case No. 2:25-cv-895-WLH-BFM** <br><br> **DECLARATION OF RYAN K. YAGURA IN SUPPORT OF PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF MOTION TO COMPEL** <br><br> Judge: Hon. Wesley L. Hsu <br> Magistrate: Hon. Brianna Fuller Mircheff <br> Hearing: June 9, 2026 |

1

I, Ryan K. Yagura, declare as follows:

1.    I am a member of the Bar of the State of California and an attorney with the law firm O'Melveny & Myers LLP, counsel of record for The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc. (collectively, "Defendants") in the above-captioned action. I make this declaration in support of the Application For Leave To File Under Seal Portions Of Motion To Compel ("Application") filed by Plaintiffs InterDigital Inc., Interdigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS (collectively, "InterDigital").

2.    Unless otherwise noted, I have personal knowledge of the matters stated herein, and I could and would testify to them if called as a witness.

3.    On May 5, 2026, Defendants received an email from InterDigital indicating that InterDigital intended to attach the transcript of Timothy Lee's deposition as an exhibit to its Motion to Compel ("Motion"). In response, Defendants requested that InterDigital identify the pages it intended to attach to its Motion. InterDigital subsequently identified pages 10, 56-58, 67-78, 87-88, and 100-127 of Mr. Lee's deposition transcript.

4.    The parties exchanged additional email correspondence and also met and conferred via videoconference on May 8, 2026, during which Defendants informed InterDigital that Defendants were preparing their proposed redactions for the identified page numbers and that the deposition transcript would need to be filed under seal. Also on May 8, 2026, Defendants provided their proposed redactions and informed InterDigital that the basis for filing the deposition transcript under seal was that the redacted portions of Tim Lee's deposition testimony referenced information regarding Defendants' confidential business and licensing practices and related information.

5. InterDigital filed its Motion and Application on May 11, 2026. The Application included Defendants' basis for filing the deposition transcript under seal.

6. As prefaced in InterDigital's Application and above, there is good cause for sealing portions of the Mr. Lee's deposition transcript, as public disclosure of such commercially sensitive information would cause Defendants significant competitive harm.

7. Specifically, the redacted portions of Mr. Lee's deposition transcript include discussions about the terms of Defendants' license agreements with third parties,  Defendants' past and present licensing negotiations with third parties, Defendants' financial and business information, Defendants' internal business strategy, and Disney's business discussions with third parties. This is highly sensitive commercial information and could therefore significantly harm Defendants if publicly disclosed. *See Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (noting that courts in the Ninth Circuit have sealed documents containing information about proprietary business operations and other internal documents); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal documents containing "confidential business material," as "[p]ublic disclosure ... could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies"); *Rich v. Shrader*, 2013 WL 6028305, at *4 (S.D. Cal. Nov. 13, 2013) (finding compelling reasons to seal "business strategies and secrets," as "[s]uch information may be utilized by business competitors seeking to gain an advantage by circumventing the time and resources necessary to develop their own business strategies and models"); *In re Qualcomm Litig.*, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) (granting motions to seal "confidential business

information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed on May 14, 2026 in Los Angeles, California.

/s/ Ryan K. Yagura
Ryan K. Yagura

4