RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
NICHOLAS J. WHILT (S.B. #247738)
nwhilt@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone:   213-430-6000
Facsimile:   213-430-6407

*Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION AT LOS ANGELES**

| | |
|---|---|
| INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC.,<br><br>Defendants and Counterclaim-Plaintiffs. | **Case No. 2:25-cv-895-WLH-BFM**<br><br>**DECLARATION OF LAURA BURSON IN SUPPORT OF PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF OPPOSITION TO MOTION FOR STAY PENDING RESOLUTION OF RELATED PROCEEDINGS**<br><br>Judge: Hon. Wesley L. Hsu<br>Magistrate: Hon. Brianna Fuller Mircheff<br>Hearing: June 25, 2026 |

1

I, Laura Burson, declare as follows:

1.      I am a member of the Bar of the State of California and an attorney with the law firm O'Melveny & Myers LLP, counsel of record for The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc. (collectively, "Defendants") in the above-captioned action. I make this declaration in support of the Application For Leave To File Under Seal Portions Of Opposition to Motion for Stay Pending Resolution of Related Proceedings ("Application") filed by Plaintiffs InterDigital Inc., Interdigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS (collectively, "InterDigital").

2.      Unless otherwise noted, I have personal knowledge of the matters stated herein, and I could and would testify to them if called as a witness.

3.      On May 12, 2026, Defendants received an email from InterDigital indicating that InterDigital intended to reference its Final Infringement Contentions served on May 5, 2026 in its Opposition to Defendants' Motion to Stay, and asked Defendants to meet and confer. The parties conferred via videoconference on May 13, 2026, following which Plaintiffs sent Defendants an excerpt of the Final Infringement Contentions with proposed redactions of Defendants' confidential information within the excerpted pages.

4.      On May 14, 2026, Defendants sent Plaintiffs their additional proposed redactions of information that should remain under seal within the excerpted pages, and informed Plaintiffs of their basis for filing the document under seal.

5.      Plaintiffs filed their Opposition and Application on May 15, 2026. The Application included Defendants' basis for filing Exhibit 1 under seal.

6.      As prefaced in Plaintiffs' Application and above, there is good cause for sealing portions of Exhibit 1, as public disclosure of such commercially sensitive information would cause Defendants significant competitive harm.

7.      The redacted portions of Exhibit 1 include sensitive information regarding Defendants' confidential production workflows, quality-control practices, and related information. Defendants have a compelling interest in keeping this information sealed because it is highly sensitive commercial information and could significantly harm Defendants if publicly disclosed. *See Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (noting that courts in the Ninth Circuit have sealed documents containing information about proprietary business operations and other internal documents); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal documents containing "confidential business material," as "[p]ublic disclosure ... could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies"); *Rich v. Shrader*, 2013 WL 6028305, at *4 (S.D. Cal. Nov. 13, 2013) (finding compelling reasons to seal "business strategies and secrets," as "[s]uch information may be utilized by business competitors seeking to gain an advantage by circumventing the time and resources necessary to develop their own business strategies and models"); *In re Qualcomm Litig.*, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) (granting motions to seal "confidential business information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

3

Executed on May 19, 2026 in Los Angeles, California.

*/s/ Laura Burson*
Laura Burson