Richard A. Kamprath (admitted *pro hac vice*)
rkamprath@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Nancy Olson (SBN 260303)
nolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Additional Counsel in signature block
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| INTERDIGITAL, INC., *et al.*, | **Case No. 2:25-cv-00895-WLH-BFM** |
| Plaintiffs, | |
| v. | **[DISCOVERY MATTER]** |
| THE WALT DISNEY COMPANY, *et al.*, | **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL** |
| Defendants. | |
| | **Hearing Date:** June 9, 2026 |
| | Judge: Hon. Wesley L. Hsu |
| | Magistrate Judge: Hon. Brianna F. Mircheff |
| | **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

**TABLE OF CONTENTS**

I.    ARGUMENT..................................................................................................1

    A.    The Negotiation Documents Are Highly Relevant...............................1

    B.    The ESI Order Does Not Shield This Information From Discovery...................................................................................................2

    C.    Mr. Lee Was Not Fully Prepared As a Corporate Representative........3

    D.    Mr. Lee Improperly Asserted Privilege ...............................................5

II.    CONCLUSION.............................................................................................5

# TABLE OF AUTHORITIES

**CASES**                                                                                      **Page(s)**

*Clark v. Cap. Credit & Collection Servs., Inc.*,
    460 F.3d 1162 (9th Cir. 2006) ..................................................................................3

*In Re: Kia Hyundai Vehicle Theft Litig.*,
    No. 8:22-ML-03052-JVS-KES, 2026 WL 791603 (C.D. Cal. Feb. 27,
    2026) ...........................................................................................................................4

*Microsoft Corp. v. Motorola, Inc.*,
    2013 WL 2111217 (W.D. Wash. Apr. 25, 2013) .................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 30(b)(6)..................................................................................................5

P's Reply ISO MTC                                             Case No. 2:25-cv-00895-WLH-BFM

# I.    ARGUMENT

## A.    The Negotiation Documents Are Highly Relevant

Just two days after arguing that this information is not relevant (Opp. at 7), Disney served a third party subpoena on ███ requesting, among other things, deposition testimony on "[t]he royalty rates You offer to . . . licensees for a license to the ███████ streaming patents and the manner in which those rates are calculated." Ex. A at 12. Likely after realizing that this was inconsistent with its relevance arguments, Disney subsequently served an amended subpoena revising its requests. *See* Ex. B. Disney's subpoena confirms the relevance of this information.

The documents exchanged between Disney and ████████████ related to the ████████████████████████████ are relevant. Mot. at 3-5. For example, Disney counterclaims that the value InterDigital places on its video coding patents is unreasonable. ████████ between Disney and others about ████████████ (even if ████████████), and the ████████████ ████████, go to the very heart of the claims and defenses in this case.

Disney cannot demand discovery about InterDigital's negotiations with third parties related to unexecuted potential licenses, on the one hand, while disputing the relevance—and refusing to produce—Disney's ████████████ ████████████████, on the other. Disney's suggestion that discussions before a final agreement are irrelevant (Opp. at 7-8), ignores that negotiations involving ████████████████████ are at least relevant discovery. Given Disney's counterclaim that InterDigital's offered rates for video coding patents are not reasonable, Disney's views on the ████████████████ ████████████████████████ are highly relevant. That some of this information is publicly available does not mean that the requested discovery "add[s] nothing" (Opp. at 9), because, for example, ████████ can involve deviations from the ████████, as well as admissions regarding ████████████████████ .

P's Reply ISO MTC                                         Case No. 2:25-cv-00895-WLH-BFM

**B.    The ESI Order Does Not Shield This Information From Discovery**

Disney's attempt to use the ESI Order as a shield to avoid producing relevant non-email documents—that ████████████████—is improper. Disney cannot advance claims that the licensing offers InterDigital made to Disney are unreasonable while simultaneously withholding evidence on reasonableness.

To be clear, InterDigital is *not* asking Disney to collect emails. Rather, InterDigital seeks non-email ████████████████ that—contrary to Disney's assertion—Mr. Lee testified under oath ████████████ ████████████████. Mot. at 3; Dkt. 181-2 at 122:13-123:15, 125:10-126:6. Disney crops the quoted deposition testimony to make it seem like ██ ████████████████ (Opp. at 6), but a review of the complete portion of the transcript confirms that Mr. Lee ████████████████ ████████████████. Dkt. 181-2 at 122:13-123:22.

In any event, there is a significant difference between emails and attachments to emails. Nowhere does the ESI Order provide that attaching relevant non-email documents to an email, such as the ████████████████ sought here, somehow sanitizes those documents from discovery. The ESI Order is silent as to documents that become email attachments. Dkt. 105 at 5. Further, Disney's claims of "disproportionate burden" (Opp. at 9) ring hollow—there is no burden where the requested documents ████████████ and can be readily produced.

Disney's proportionality argument also falls flat given that, in response to discovery requests from Disney, InterDigital has collected and produced negotiation documents it exchanged with third-party streaming services, including attachments to emails, and it did so anew, not only where ████████████████. Mot. at 5.[1] InterDigital is asking only for Disney to do the same (or less, for

---

[1]    Disney has served discovery requests seeking documents related to "████████" negotiations between InterDigital and third party streaming services, in addition to discovery on license agreements, and the underlying

2

████████████████████████). This is not a "self-serving statement" (Opp. at 6), but an accurate description of InterDigital's efforts to respond to Disney's 243 document requests. *See* Declaration of Richard Kamprath ("Kamprath Decl.") ¶¶ 4-5.

Disney's argument that InterDigital's request was untimely and thus waived (Opp. at 9) is without merit. InterDigital requested this discovery *over a year ago*. Mot. at 4-5. InterDigital had no idea Disney was withholding these documents until Mr. Lee's deposition, after which InterDigital promptly asked Disney to produce them. Kamprath Decl. ¶ 6. When Disney refused, InterDigital quickly moved to compel them, well within the fact discovery period. *See Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179 (9th Cir. 2006) (noting that a "motion to compel filed during the discovery period would rarely be considered untimely"). Disney claims that, in response to Request No. 63, it "did not agree to produce underlying negotiations" (Opp. at 10), but this is unsupported by the parties' written correspondence and contrary to InterDigital's recollection of the parties' meet and confers. Disney's Exhibit E (Dkt. 191-6) does not reflect any such limit, nor did Disney's response identify it was withholding information as the Rules require. Kamprath Decl. ¶ 7; Dkt. 182-2 at 3-4.

**C.    Mr. Lee Was Not Fully Prepared As A Corporate Representative**

Mr. Lee did not provide complete, knowledgeable answers as a corporate representative. Disney argues it placed unilateral scope limitations on his designated Topics (Opp. at 10-11), even if such limitations were proper, Disney only limited Topics on which InterDigital is not moving. Disney ignores that, in its responses to Topic Nos. 40 and 102-104, Disney did not impose any such limitation.

Disney's argument that Mr. Lee's position and tenure at Disney make him prepared (Opp. at 11) misses the mark. It is his ability to answer the questions that

---

negotiations, for InterDigital's Wi-Fi and cellular portfolios—licenses involving exclusively unrelated patents and technologies. Kamprath Decl. ¶¶ 4-5 & Ex. C at 30.

P's Reply ISO MTC                                    Case No. 2:25-cv-00895-WLH-BFM

matters, not his job title or experience. *See In Re: Kia Hyundai Vehicle Theft Litig.*, No. 8:22-ML-03052-JVS-KES, 2026 WL 791603, at *1 (C.D. Cal. Feb. 27, 2026). Mr. Lee was not prepared to adequately answer questions for the stated Topics.[2]

Disney also asserts that the ██████ with ████████████████ were outside the scope of Mr. Lee's designated Topics, so his testimony was limited to his personal knowledge. Opp. at 12. Not so. Topic No. 40 seeks testimony on "[t]he considerations that Disney would have relied upon in any Hypothetical Negotiation between Disney and InterDigital, including **all facts Disney would have considered in deciding whether to take a license.**" Dkt. 182-3 at 7-8 (emphasis added). Disney's ████████████████████████ ██████████ are facts the parties would consider in a hypothetical negotiation. *See Microsoft Corp. v. Motorola, Inc.*, 2013 WL 2111217, at *20 (W.D. Wash. Apr. 25, 2013) (conducting "a hypothetical negotiation" to determine a RAND royalty rate and noting that "the court considers possible comparable licensing agreements and patent pools, which could provide indications of a reasonable royalty rate"). In fact, Disney has relied on this exact information when f████████████████ ██████. Mot. at 8. InterDigital is not "entitled only to what Mr. Lee recalled" (Opp. at 12), but also to Disney's corporate knowledge regarding any ████████ ████████████████████████████████████ and how those ██████ will influence the hypothetical negotiation here. Mr. Lee did not provide knowledgeable testimony on Topic No. 40. Instead, he provided only

_____

[2] Disney faults InterDigital for not showing Mr. Lee the ████████████ agreement with ██████ during his deposition. However, Disney has not produced any ████████████████████ documents specific to this case. Nor could Mr. Lee ████████ ████████████████████ of the agreement containing the ████████████████████, so it was not feasible for InterDigital to show him an agreement he could not identify with any particularity. Dkt. 181-2 at 115:8-116:16. After the deposition, InterDigital requested confirmation of which agreements Mr. Lee was referring to, which Disney did not provide until a meet and confer on May 8, 2026. Kamprath Decl. ¶ 8.

P's Reply ISO MTC                                    Case No. 2:25-cv-00895-WLH-BFM

the same evasive non-answer to repeated questions concerning these ███████. Mot. at 6-8. Disney should be compelled to produce Mr. Lee, or another witness, to provide complete, knowledgeable responses.

### D.    Mr. Lee Improperly Asserted Privilege

The transcript again contradicts Disney's assertions that Mr. Lee "answered all non-privileged questions put to him at his deposition." Opp. at 12. Mr. Lee could not answer the who, when, or where of the communications between Disney and ████████████, instead responding with incomplete answers or "████████████." *See* Mot. at 9-10. He could not even recall general dates, much less particulars. *See* Dkt. 181-2 at 104:22-105:7. Mr. Lee provided similarly unresponsive answers to the remaining factual questions. When asked about the substance of these communications, Mr. Lee improperly invoked privilege in response to every question, even those specifically concerning business interests, not common legal interests, which is contrary to this Court's guidance and contrary to Disney's representations to the Court at the prior hearing. Dkt. 181-2 at 102:4-111:22. In response to questions about Topics Nos. 102-104, Mr. Lee either provided vague, incomplete responses or asserted privilege. This is not the testimony of a reasonably prepared corporate representative. Rule 30(b)(6) requires more.

## II.    CONCLUSION

Information relating to Disney's ████████████████████████████████ ████████████████████, or how ██████████████████, is highly relevant to the claims and defenses in this case, including Disney's counterclaim that InterDigital's offers to Disney are not reasonable. This information is not shielded from discovery by the ESI Order, nor is it unduly burdensome to produce, especially since ████ ██████████████████. InterDigital respectfully asks the Court to order Disney to produce these highly relevant documents, and then to produce either Mr. Lee, or another corporate representative, for deposition to answer questions on these issues.

P's Reply ISO MTC                                              Case No. 2:25-cv-00895-WLH-BFM

Dated: May 26, 2026

Respectfully submitted,

*/s/ Richard A. Kamprath*

Alan P. Block (CA Bar No. 143783)
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Richard A. Kamprath *(admitted pro hac vice)*
rkamprath@mckoolsmith.com
R. Arden Seavers *(admitted pro hac vice)*
aseavers@mckoolsmith.com
Joseph Micheli *(admitted pro hac vice)*
jmicheli@mckoolsmith.com
Samuel Moore *(admitted pro hac vice)*
smoore@mckoolsmith.com
Daniel Iliasevitch *(admitted pro hac vice)*
diliasevitch@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Hannah Mirzoeff *(admitted pro hac vice)*
hmirzoeff@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Joshua W. Budwin *(admitted pro hac vice)*
jbudwin@mckoolsmith.com
George Fishback, Jr. *(admitted pro hac vice)*
gfishback@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100

6

P's Reply ISO MTC

Case No. 2:25-cv-00895-WLH-BFM

Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Kevin Burgess *(admitted pro hac vice)*
kburgess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Nancy Olson (SBN 260303)
nolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Attorneys for Plaintiffs*

7

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief does not exceed 5 pages, which complies with the Court's applicable limit.


Dated: May 26, 2026                          */s/ Richard A. Kamprath*
                                              Richard A. Kamprath

8

P's Reply ISO MTC                                    Case No. 2:25-cv-00895-WLH-BFM