RYAN K. YAGURA (S.B. #197619)
ryagura@omm.com
NICHOLAS J. WHILT (S.B. #247738)
nwhilt@omm.com
XIN-YI ZHOU (S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone:  213-430-6000
Facsimile:   213-430-6407

*Attorneys for Defendants The Walt
Disney Company, Disney Media and
Entertainment Distribution LLC,
Disney DTC LLC, Disney Streaming
Services LLC, Disney Entertainment
& Sports LLC, Disney Platform
Distribution, Inc., BAMTech LLC,
Hulu, LLC, and ESPN, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, AND INTERDIGITAL CE PATENT HOLDINGS, SAS, <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC., <br><br> Defendants and Counterclaim-Plaintiffs. | Case No. 2:25-cv-895-WLH-BFM <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER RE CLAIM CONSTRUCTION** <br><br> Judge: Hon. Wesley L. Hsu <br> Magistrate: Hon. Brianna F. Mircheff <br><br> Date:    June 26, 2026 <br> Time:    1:30 p.m. <br> Crtrm.:   9B |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................... 1

II.  LEGAL STANDARD ............................................................................... 1

III.  ARGUMENT ........................................................................................... 2

    A.  InterDigital Reargues Claim Construction Theories the Court Already Considered and Rejected. .......................................................... 2

    B.  The Court Correctly Construed "Side Information Components for Modifying …" as a Means-Plus-Function Term. ............................. 4

    C.  There Is No Inconsistency In the Court's Analysis. ............................ 6

IV.  CONCLUSION ........................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*,
521 F.3d 1328 (Fed. Cir. 2008) ................................................................... 7

*Evans v. DSW, Inc.*,
No. CV 16-03791, 2019 U.S. Dist. LEXIS 150612 (C.D. Cal. Jan.
2, 2019) ......................................................................................................... 2

*Genetic Sys., N.V. v. DeKalb Genetics Corp.*,
315 F.3d 1335 (Fed. Cir. 2003) ................................................................... 3

*Kona Enters., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) ....................................................................... 1

*Medtronic, Inc. v. Daig Corp.*,
789 F.2d 903 (Fed. Cir. 1986) ..................................................................... 3

*NG Imports, Inc. v. Createdhair Designs, LLC*,
No. LA CV21-08086 JAK (RAOX), 2022 WL 19571751 (C.D.
Cal. Nov. 30, 2022) ...................................................................................... 2

*Sound View Innovations, LLC v. Hulu, LLC*,
No. LACV1704146JAKPLAX, 2020 WL 5356698, at *2 (C.D.
Cal. June 18, 2020) ...................................................................................... 1

*Triton Tech of Tex., LLC v. Nintendo of Am., Inc.*,
753 F.3d 1375 (Fed. Cir. 2014) ................................................................... 5

## I.    <u>INTRODUCTION</u>

InterDigital identifies no intervening change in law, no new facts, no previously unavailable evidence, and no manifest failure by the Court to consider material facts. That alone forecloses reconsideration. Yet InterDigital seeks the extraordinary remedy of reconsideration by recycling the same arguments and the same expert evidence the parties already briefed and debated.

InterDigital's Motion for Reconsideration ("Motion") therefore violates Local Rule 7-18. It offers no permissible basis for reconsideration and instead repackages prior arguments under the guise of addressing an alleged "inconsistency" in the Court's Claim Construction Order ("Order"). But that supposed inconsistency exists only in InterDigital's misreading of the Order—not in the Court's analysis. The Court's construction correctly applied settled law to the claim language and specification. InterDigital's Motion does nothing more than express its disagreement with the Court's ruling, which is not a basis for reconsideration.  Accordingly, InterDigital's Motion should be denied.

## II.    <u>LEGAL STANDARD</u>

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Sound View Innovations, LLC v. Hulu, LLC*, No. LACV1704146JAKPLAX, 2020 WL 5356698, at *2 (C.D. Cal. June 18, 2020). Consistent with that principle, Central District of California Local Rule 7-18 limits reconsideration to three narrow circumstances: (1) a material difference in fact or law that reasonable diligence could not have uncovered before the order was entered; (2) new material facts or a change of law arising after the order was entered; or (3) a manifest showing of a failure to consider material facts presented to the court before the order was entered. L.R. 7-18.

The Local Rules also categorically bar re-argument: "No motion for reconsideration shall in any manner repeat any oral or written argument made in

support of or in opposition to the original motion." *Id.* This prohibition is strictly enforced—a motion that repackages arguments previously raised must be denied. *See NG Imports, Inc. v. Createdhair Designs, LLC*, No. LA CV21-08086 JAK (RAOX), 2022 WL 19571751, at \*3 (C.D. Cal. Nov. 30, 2022) (denying motion for reconsideration that "repeats several of the arguments raised and considered during the claim construction process"). Nor may a party "reargue its position by directing the court to case law and arguments that it could have made earlier, but did not." *Id.* at \*2.

## III.   <u>ARGUMENT</u>

### A.   **InterDigital Reargues Claim Construction Theories the Court Already Considered and Rejected.**

InterDigital identifies no permissible basis for reconsideration under Local Rule 7-18. *See generally* Dkt. 174. Instead, it simply reasserts the same arguments— based on the same record—that it presented during claim construction. The Court already considered and rejected those arguments, and InterDigital "cannot use a motion for reconsideration to get 'a second bite at the apple.'" *Evans*, 2019 U.S. Dist. LEXIS 150612, at \*19 (citation omitted).

InterDigital's Motion repeats the same "data vs. structure" theory advanced during claim construction—that "side information components" are merely data and do not perform the claimed function. *See* Dkt 174 at 4-8. But InterDigital already presented this theory in its briefing and at the claim construction hearing. *See, e.g.*, Dkt. 103 at 20 ("'side information components' are data incapable of performing any function, including modifying the functionality of a user interface"), 21 ("'Side information components' therefore perform no function—they are acted upon when received, stored, and used in modification. This comports with the side information components being mere data, not physical structure.") (internal citations omitted), 21 ("'Side information components' are not actors; they are acted upon—being received, stored, and used to modify the user interface—but perform no function

themselves."); *see also* Dkt. 110 at 9 ("Nor is data alone capable of performing any function"), 10 ("In contrast, side information components are data that perform no function. Side information components are acted upon when received, stored, and used in modification."); Dkt. 174, Ex. A at 53:7-54:8.

InterDigital also relies on the same evidence it previously presented. For example, the Motion cites paragraphs 7-11 of Dr. Sprenger's declaration, as well as pages 77-78 and 80-81 of Dr. Mayer-Patel's deposition transcript—the same materials cited in the parties' briefing and at the hearing. *See* Dkt. 174 at 5, 7; Dkt. 103 at 20-21 (citing Sprenger Supp. Decl. at ¶¶7-11 and Mayer-Patel Depo. at pages 77-78 and 80-81); Dkt. 110 at 9-10 (citing Sprenger Supp. Decl. at ¶¶7-11 and Mayer-Patel Depo. at page 81); Dkt. 174, Ex. A at 53:11-20 (citing Mayer-Patel Depo. at page 81).

The Court has already rejected InterDigital's arguments and evidence. *See* Dkt. 170 at 21 ("Rather than directing this Court to evidence from the Patent specification to shed light on the purpose of 'side information components' in Claim 1, InterDigital relies on expert testimony to claim that these components are merely data and serve no functional purpose."); *see also* Dkt. 174, Ex. A at 60:6-10. Local Rule 7-18 provides that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." InterDigital's Motion does exactly that. It therefore violates Local Rule 7-18 and must be denied on that basis alone.

InterDigital attempts to evade the requirements of the Local Rules by arguing that the Court "omit[ted] discussion of" certain evidence. Dkt. 174 at 2; *see also id.* at 4 ("The Court's Order, however, does not appear to reflect this evidence."). That argument fails. "The fact that the district court did not in its opinion recite every piece of evidence does not mean that the evidence was not considered." *Genetic Sys., N.V. v. DeKalb Genetics Corp.*, 315 F.3d 1335, 1343 (Fed. Cir. 2003); *see also Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986) ("We presume that a fact

finder reviews all the evidence presented unless he explicitly expresses otherwise.").

InterDigital does not come close to establishing a "manifest showing of a failure to consider material facts presented to the court." L.R. 7-18. To the contrary, the Court's Order confirms that it did consider—and rejected—the very arguments and evidence InterDigital now recycles. *See* Dkt. 170 at 21 (discussing Dr. Sprenger's expert testimony). InterDigital's disagreement with that conclusion is not grounds for reconsideration.

In short, InterDigital presents no new law, no new facts, and no overlooked evidence—only repackaged arguments. That is precisely what Local Rule 7-18 forbids. Therefore, the Court should deny the Motion.

**B.      The Court Correctly Construed "Side Information Components for Modifying …" as a Means-Plus-Function Term.**

The Court correctly applied settled Federal Circuit law in concluding that the "side information components for modify …" term is a means-plus-function term subject to 35 U.S.C. §112, ¶ 6. *See* Dkt. 170 at 20-21.

The threshold inquiry under §112, ¶ 6 asks whether the claim recites a function. This Court found that claim 1 of the '297 Patent recites a function. *See id*. at 21 ("the claim term effectively recites 'function without reciting sufficient structure for performing that function'"). InterDigital offers no basis to revisit that determination. The next inquiry is whether the claim language would be understood by a person of ordinary skill in the art as naming sufficiently definite structure. Here, InterDigital does not dispute that "side information components" is not the name of any known structure. The final inquiry is whether the specification discloses adequate structure capable of performing the claimed function. InterDigital concedes that it does not, acknowledging that the specification discloses only "data incapable of performing any function." Dkt. 108 at 8-9. Thus, even if the Court were to reconsider its construction, it should reach the same conclusion.

InterDigital re-argues that it "is the consumer electronics apparatus—not the

'side information components'—that actually performs the modification to the user interface." Dkt. 174 at 5; *see also id.* at 7-8.[1] That argument misses the point. As the Court explained during the claim construction hearing, the '297 Patent provides no explanation of *how* user interface modification is performed beyond "we're going to get some stuff and we're going to modify the user interface and we're going to send it out." Dkt. 174, Ex. A at 60:6-10. In claim 1, "side information components" serve as a placeholder for whatever structure, code, instructions, or algorithm that *enables* a device to modify the user interface functionality. *See* Dkt. 102 at 19-22; Dkt. 108 at 8-9. Even InterDigital's Motion acknowledges that "side information components" must be used to perform the claimed function.  *See* Dkt. 174 at 5 ("the 'side information components are data . . . used by the consumer electronics apparatus to modify a way in which the user can provide input.'"), 6 ("'side information components' are the data those structures use to perform the modification function.").

Under established Federal Circuit law, the structure for performing a claimed function cannot refer only to a general purpose computing device. *See Triton Tech of Tex., LLC v. Nintendo of Am., Inc.*, 753 F.3d 1375, 1378 (Fed. Cir. 2014) (for computer-implemented functionality, "the specification must also disclose the algorithm that the computer performs to accomplish that function"). InterDigital cannot evade this requirement by relabeling the '297 Patent's generic computing device as a "consumer electronics apparatus." Dkt. 174 at 5. Whatever the label, the patent specification simply fails to explain *how* that generic computer device (or consumer electronics apparatus) carries out the claimed modification function.

As Defendants explained at the claim construction hearing:

> The question is *how*. Like what is the side information, what is the algorithm you take, what does the general processor do. What happens in this middle step . . . between side information coming in and user interface modification going out. And the answer is there's absolutely nothing in the patent, nothing in the block diagram, there's just a block that says UI modification. There's no

---

[1] InterDigital advanced the same argument during the claim construction hearing. *See, e.g.,* Dkt. 174, Ex. A at 61:3-8.

explanation of how that is done. And they can't just functionally claim every way the software does it in the world, they have to have a specific way, that's what means plus function means.

Dkt. 174, Ex. A at 59:12-22 (emphasis added). The Court agreed. As the Court found, InterDigital never identified any portion of the '297 Patent specification that supplies the missing structure—because none exists. *See* Dkt. 170 at 21 ("Rather than directing this Court to evidence from the Patent specification to shed light on the purpose of 'side information components' in Claim 1, InterDigital relies on expert testimony to claim that these components are merely data and serve no functional purpose."). That failure confirms that the specification does not disclose sufficient corresponding structure for the claimed function.

### C.    There Is No Inconsistency In the Court's Analysis.

InterDigital purports to identify an "inconsistency" in the Court's constructions of two claim limitations that both recite the phrase "side information components." Dkt. 174 at 1. That argument fails because the two limitations address different steps of the same process and are fully consistent with one another.

Specifically, the first step of claim 1 recites "receiving side information comprising *side information components for modifying* a functionality of said user interface," while the third step recites "*modifying* a way in which said user can provide input into said user interface *by using said stored side information components*." '297 Patent at claim 1. In both steps, the "side information components" are tied to the same modifying function—first received, then used to effect the modification.

InterDigital cannot manufacture an "inconsistency" by mischaracterizing the Court's analysis. The Court addressed two distinct disputes: (1) whether "side information components for modifying" invokes 35 U.S.C. § 112, ¶ 6 (Dkt. 170 at 19-21), and (2) whether the scope of "modifying" is limited by prosecution disclaimer (*id.* at 21-24). *See also* Dkt. 102 at 19 ("This term invokes 35 U.S.C. §112, ¶ 6 because it recites only a function without describing any structure."), 22 ("During

prosecution, the patentee relied on this term to distinguish prior art that disclosed modifying the appearance and functionality of a user interface.").

Those are separate inquiries, and the Court's resolution of one dispute does not conflict with its resolution of the other. With respect to the first dispute, the Court's analysis focused on whether the "side information components" term is governed by 35 U.S.C. § 112, ¶ 6. *See* Dkt. 170 at 19-21. With respect to the second dispute, the Court considered whether the way in which the user interface was modified was limited to a particular modification dictated by the prosecution history. *See* Dkt. 170 at 21-24. In the context of the second dispute, the Court's "plain and ordinary meaning" construction (*id.* at 24) simply indicates that the Court did not find any explicit prosecution disclaimer. That determination is independent of—and does not undermine—the Court's conclusion that "side information components" invokes § 112, ¶ 6. *See id.*

As the Court recognized, "[t]he '297 Patent includes references to 'side information components' in nearly every claim, but nowhere does it detail how these components actually serve to 'modify[] a functionality of [the] user interface.'" *Id.* at 20-21. A patent that "claim[s] a means for performing a particular function and then … disclose[s] only a general purpose computer as the structure" is indefinite for "pure functional claiming." *Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1333 (Fed. Cir. 2008); Dkt. 102 at 20-21. Accordingly, the Court properly treated "side information components for modifying . . ." as an indefinite means-plus-function limitation governed by 35 U.S.C. §112, ¶ 6. That conclusion does not conflict with any aspect of the Court's prosecution disclaimer analysis.

**IV.   <u>CONCLUSION</u>**

For the foregoing reasons, InterDigital's Motion should be denied.

- 7 -

DATED: June 5, 2026                    Respectfully submitted,

                                       By:  */s/ Ryan K. Yagura*
                                             Ryan K. Yagura

                                       RYAN K. YAGURA
                                       NICHOLAS J. WHILT
                                       XIN-YI ZHOU
                                       O'MELVENY & MYERS LLP

                                       *Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,289 words, which complies with the word limit of the Standing Order for Newly Assigned Civil Cases (Dkt. 19), § 4.  Counsel relies on the word count word-processing application used to prepare the brief.

DATED: June 5, 2026                                  Respectfully submitted,

By:     /s/ Ryan K. Yagura
        Ryan K. Yagura

RYAN K. YAGURA
NICHOLAS J. WHILT
XIN-YI ZHOU
O'MELVENY & MYERS LLP

*Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech LLC, Hulu, LLC, and ESPN, Inc.*

- 1 -