Richard A. Kamprath (admitted *pro hac vice)*
rkamprath@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Nancy Olson (SBN 260303)
nsolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Additional Counsel on signature block
Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| INTERDIGITAL, INC., *et al.,* | **Case No. 2:25-cv-00895-WLH-BFM** |
| Plaintiffs, | |
| v. | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER RE CLAIM CONSTRUCTION** |
| THE WALT DISNEY COMPANY, *et al.,* | |
| Defendants. | Judge: Hon. Wesley L. Hsu |
| | Courtroom: 9B |
| | Hearing Date: June 26, 2026 |
| | Hearing Time: 1:30 p.m. |

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................1

II.     ARGUMENT.............................................................................................1

     A.     InterDigital Does Not Reargue Its Prior Positions; It Seeks to Correct an Internal Inconsistency in the Court's Claim Construction Order. ...................................................................................1

     B.     The Court Improperly Construed "Side Information Components for Modifying . . ." As a Means-Plus-Function Term. ..........................3

     C.     The Court's Plain-Meaning Construction of "Using Said Stored Side Information Components" Is Irreconcilable with Treating "Side Information Components" As a § 112, ¶ 6 Limitation. ...............5

III.    CONCLUSION ........................................................................................6

ii

# TABLE OF AUTHORITIES

**Cases**                                                                            **Page(s)**

*Baldwin Graphic Sys., Inc. v. Siebert, Inc.*,
    512 F.3d 1338 (Fed. Cir. 2008) ........................................................................5

*Egenera, Inc. v. Cisco Sys., Inc.*,
    972 F.3d 1367 (Fed. Cir. 2020) ........................................................................4

*Gamevice, Inc. v. Nintendo Co., Ltd.*,
    677 F. Supp. 3d 1069 (N.D. Cal. 2023) ...........................................................3

*Huawei Techs. Co. v. Samsung Elecs. Co.*,
    No. 3:16-cv-02787, 2018 WL 1116738 (N.D. Cal. Mar. 1, 2018).....................2

*Kruse Tech. P'ship v. DMAX, Ltd.*,
    SACV 09-00458-JVS (JCx), 2010 WL 11519252 (C.D. Cal. Sept. 21, 2010) ...1

*Medtronic Vascular Inc. v. Advanced Cardiovascular Sys., Inc.*,
    No. C 06-1066 PJH, 2008 WL 276379 (N.D. Cal. Jan. 31, 2008).....................2

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
    778 F.3d 1021 (Fed. Cir. 2015) ........................................................................2

*In re Papst Licensing Digital Camera Patent Litig.*,
    778 F.3d 1255 (Fed. Cir. 2015) ........................................................................1

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) ........................................................................5

*Rexnord Corp. v. Laitram Corp.*,
    274 F.3d 1336 (Fed. Cir. 2001) ........................................................................5

*Williamson v. Citrix Online, LLC*,
    792 F.3d 1339 (Fed. Cir. 2015) ........................................................................4

**Statutes**

35 U.S.C. § 112, ¶ 6 ........................................................................3, 4, 5, 6

**Other Authorities**

Local Rule 7-18.............................................................................1, 5

iii

## I.    INTRODUCTION

Disney's opposition does not resolve the central inconsistency with the Claim Construction Order (ECF 170 (the "Order")). The Order construes the same term—"side information components"—as stored data in one limitation and as a means for performing a function in the adjacent limitation of the same claim. Disney dismisses this inconsistency as "reargument" and not a basis for reconsideration, but Disney is dead wrong: this internal inconsistency within the Court's Order is not something InterDigital could have raised before the Order was entered. That is precisely the kind of "manifest showing of a failure to consider material facts" that Local Rule 7-18(c) contemplates and that justifies reconsideration. *See Kruse Tech. P'ship v. DMAX, Ltd.*, SACV 09-00458-JVS (JCx), 2010 WL 11519252, at *1 (C.D. Cal. Sept. 21, 2010) (granting motion to reconsider to correct a "demonstrably wrong" claim construction).

## II.   ARGUMENT

### A.    InterDigital Does Not 'Reargue' Anything; It Seeks to Correct an Internal Inconsistency in the Court's Claim Construction Order.

Disney's threshold argument is procedural: that InterDigital is "recycling the same arguments" in violation of Local Rule 7-18. ECF 206 ("Opp.") at 1–3. Disney is wrong. InterDigital's motion is not directed at arguments the Court considered and rejected. Rather, it is directed at an internal inconsistency *within the Order itself* that could not possibly have been identified until the final Order issued. Before the Order, InterDigital had no way of knowing that the Court would construe "side information components" as stored data in the adjacent limitation and simultaneously treat the same "side information components" as a means for performing a function. *Compare* ECF 170 at 20–21 *with id.* at 22–23. That inconsistency—not any previously rejected argument—is the basis for reconsideration.

Courts routinely reconsider claim construction orders to correct errors and reach the correct construction. *In re Papst Licensing Digital Camera Patent Litig.*, 778 F.3d 1255, 1261 (Fed. Cir. 2015) ("reiterating that a district court may (and sometimes must)

revisit, alter, or supplement its claim constructions . . . to the extent necessary to ensure that final constructions serve their purpose of genuinely clarifying the scope of claims for the finder of fact"). In fact, reaching the correct construction is necessary before assessing infringement, even if it takes revising an initial claim interpretation. *See, e.g.*, *Pacing Techs., LLC v. Garmin Int'l, Inc.*, 778 F.3d 1021, 1024–25 (Fed. Cir. 2015) (affirming where to resolve infringement dispute, court revisited and amended initial construction). For example, in *Huawei Technologies Co. v. Samsung Electronics. Co.*, No. 3:16-cv-02787, 2018 WL 1116738, at *2 (N.D. Cal. Mar. 1, 2018), the court granted reconsideration of its claim construction order and corrected a term to a plain-and-ordinary construction after concluding that "[its] reasoning in construing the [disputed] term was wrong," noting that "[g]iven that the overall goal of 'rolling claim construction' is to get to the 'right' construction, Huawei [ ] convinced [the court] that reconsideration of the Claim Construction Order [wa]s appropriate." Similarly, in *Medtronic Vascular Inc. v. Advanced Cardiovascular Systems, Inc.*, No. C 06-1066 PJH, 2008 WL 276379, at *2 (N.D. Cal. Jan. 31, 2008), the court granted reconsideration and amended its prior construction of a disputed term after finding it had "improperly read limitations from the [patent's] preferred or illustrated embodiments into the claim language." The same principle applies here. Like in *Medtronic Vascular Inc.*, the Court's Order effectively reads a functional attribute into a term that both the intrinsic record and the parties' experts agree denotes data—*not structure*. *See* ECF 174 ("Mot.") at 6–8.

Disney contends that the Court's failure to discuss certain evidence in reaching its construction is immaterial because the Court need not "recite every piece of evidence" it considered in the process. Opp. at 3–4 (citing *Genetic Sys., N.V. v. DeKalb Genetics Corp.*, 315 F.3d 1335, 1343 (Fed. Cir. 2003); *Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986)). True enough. But that principle applies where a court weighs competing evidence to reach a conclusion. It does not apply where, as here, the Order did not substantively engage with the intrinsic evidence InterDigital

2

presented. Here, the Court's Claim Construction Order relied on an isolated and incomplete deposition excerpt from InterDigital's own expert, Dr. Sprenger—that "side information components" are "a description of data that's being transmitted to enable . . . a receiving system to carry out certain modifications or functions." ECF 170 at 21 (quoting ECF 102-6 (Sprenger Dep. Tr.) at 123:6–15). But the Order omitted Dr. Sprenger's clarifying testimony, given in the same deposition, that "the information by itself does not execute anything . . . [t]here is another item at the receiving end that takes the information and then does something with it." ECF 102-6 (Sprenger Dep. Tr.) at 108:1–6.

Nor did the Order address the specification's disclosure of modification unit 10, second buffer 9, and control unit 11 as the structures that perform the modifying function, with "side information components" serving as data inputs to those structures—evidence InterDigital presented at the hearing. ECF 1-9 ('297 Patent) at 2:33–48; ECF 174-2 (Hr'g Tr.) at 57:8–58:20. Because the Order failed to address this material evidence to properly construe this term, reconsideration is warranted. *See Gamevice, Inc. v. Nintendo Co., Ltd.*, 677 F. Supp. 3d 1069, 1073 (N.D. Cal. 2023) (granting reconsideration where "the prior order did not meaningfully entertain the argument [plaintiff raised in its motion for reconsideration], and consequently did not engage in the mode of analysis the law requires").

**B.     The Court Improperly Construed "Side Information Components for Modifying . . ." As a Means-Plus-Function Term.**

Disney argues that the Court "correctly applied settled Federal Circuit law" in finding that "side information components for modifying . . ." is a means-plus-function term subject to 35 U.S.C. § 112, ¶ 6. Opp. at 4. But Disney never explains how "side information components"—which both experts agree are data—can perform the function of "modifying a functionality of [the] user interface." *See* ECF 103-6 (Sprenger 1st Supp. Decl.) at ¶¶ 7–11; ECF 103-2 (Mayer-Patel Dep. Tr.) at 80:23–81:17. The claim does not use the word "means." ECF 170 at 20. The absence of

3

"means" creates a rebuttable presumption that § 112, ¶ 6 does not apply. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015). To overcome that presumption, Disney must demonstrate that the term "fails to recite sufficiently definite structure or else recites function without reciting sufficient structure for performing that function." *Id.*; *Egenera, Inc. v. Cisco Sys., Inc.*, 972 F.3d 1367, 1373 (Fed. Cir. 2020).

Disney has failed to carry its burden. The intrinsic record—which the Order does not address on this point—identifies the structures that perform the modification function: "a second buffer 9, a modification unit 10 and a control unit 11 are implemented for the purpose of modifying the UI." '297 Patent at 2:33–36; *see also* ECF 174-2 (Hr'g Tr.) at 57:8–58:20. The "side information components" are data inputs to those structures—received, stored, and used by the apparatus to effect modification. '297 Patent at cl. 1, 2:8–48. The limitation does not define an element "by what it does," as with the "logic to modify" at issue in *Egenera*, but instead identifies data *used by* a disclosed structure in a subsequent claimed step. *Egenera*, 972 F.3d at 1373–74.

Disney contends that InterDigital concedes that the specification discloses only "data incapable of performing any function." Opp. at 4. That is precisely the point. If the claimed "side information components" are data incapable of performing a function, then the term does not recite "function without reciting sufficient structure for performing that function." *Williamson*, 792 F.3d at 1348. Because the data is not intended to perform a function, it need not recite a function. Thus, Disney's own logic defeats its position: a term that recites data—not function—cannot be a means-plus-function term.

Again, the Court's Order relied on a single sentence from Dr. Sprenger's deposition to conclude that the term recites "function without reciting sufficient structure." ECF 170 at 21. But the Order failed to address Dr. Sprenger's clarifying testimony, given in the same deposition, that "the information by itself does not execute anything . . . [t]here is another item at the receiving end that takes the information and

4

then does something with it." ECF 102-6 (Sprenger Dep. Tr.) at 108:1–6. This testimony is material because it distinguishes between the data (which does nothing on its own) and the structures (modification unit 10, buffer 9, control unit 11) that act upon the data to perform the claimed modification. The Order's failure to address this clarifying testimony, and the intrinsic evidence to which it refers, satisfies L.R. 7-18(c).

Disney's own expert also confirmed the same understanding. Dr. Mayer-Patel agreed that "side information components" are "just data" and, "as data," "are not capable of modifying the functionality of the user interface." ECF 103-2 (Mayer-Patel Dep. Tr.) at 80:23–81:17. With no dispute between the parties' experts that the claimed term is data incapable of performing the identified function, the presumption against § 112, ¶ 6 has not been overcome.

### C. The Court's Plain-Meaning Construction of "Using Said Stored Side Information Components" Is Irreconcilable with Treating "Side Information Components" As a § 112, ¶ 6 Limitation.

Disney's Opposition does not explain how the same words can simultaneously denote stored data and a means for performing a function. Opp. at 6–7. They cannot. Disregarding this impossibility, Disney instead argues that the two claim terms are "different" and that the Order is internally consistent because each term was analyzed independently. *Id.* But "a claim term should be construed consistently with its appearance in other places in the same claim or in other claims of the same patent." *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005).

The antecedent "said" in the subsequent limitation—"by using *said* stored side information components"—necessarily refers back to the same "side information components" in the earlier limitation. *See Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1343 (Fed. Cir. 2008) (noting "instances of 'said fabric roll' in the claim are anaphoric phrases, referring to the initial antecedent phrase"). The claim's grammar makes the connection explicit: the "side information components" are first received,

then stored, and then used by the apparatus to modify the UI. '297 Patent at cl. 1. As the Court correctly recognized in the adjacent limitation that "side information components" are stored data used to effect modification (ECF 170 at 22–23), then the earlier limitation referring to the same "side information components" must be construed consistently—as data, not as a means for performing a function.

Disney offers no textual or structural basis for treating the same term differently in the same claim. That silence speaks volumes. The two constructions cannot coexist, and the Court's correct plain-meaning construction of the adjacent term should control for both "side information components" and "using said stored side information components."

## III.    CONCLUSION

InterDigital respectfully requests that the Court grant its Motion for Reconsideration, withdraw the § 112, ¶ 6 and indefiniteness determinations for "side information components for modifying a functionality of said user interface," and construe the term according to its plain and ordinary meaning—consistent with the Court's construction of the subsequent limitation containing "using said stored side information components."

6

Dated: June 12, 2026

Respectfully submitted,

/s/ Richard A. Kamprath
Alan P. Block (CA Bar No. 143783)
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Richard A. Kamprath (admitted *pro hac vice)*
rkamprath@mckoolsmith.com
R. Arden Seavers (admitted *pro hac vice)*
aseavers@mckoolsmith.com
Samuel L. Moore (admitted *pro hac vice)*
smoore@mckoolsmith.com
Joseph W. Micheli (admitted *pro hac vice)*
jmicheli@mckoolsmith.com
Daniel Iliasevitch (admitted *pro hac vice)*
diliasevitch@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Joshua W. Budwin (admitted *pro hac vice)*
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Kevin Burgess (admitted *pro hac vice)*
kburgess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

7

Hannah Mirzoeff *(admitted pro hac vice)*
hmirzoeff@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Nancy Olson (SBN 260303)
nsolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

**Attorneys for Plaintiffs**

8

## **L.R. 11–6.2 Certification**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1,914 words, which complies with the word limit of L.R. 11-6.1, and likewise complies with the word limit set by Court Order dated February 6, 2025. *See* Dkt. 19 (WLH Standing Order for Newly Assigned Civil Cases) § G.4 (reply not to exceed 4,000 words).

Dated: June 12, 2026                    */s/ Richard A. Kamprath*
                                        Richard A. Kamprath

9