UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00895-WLH-BFM | Date | July 28, 2026 |
|---|---|---|---|
| Title | ***InterDigital Inc., et al v. The Walt Disney Company et al*** | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR
RECONSIDERATION [174]**

The Court is in receipt of Plaintiff's Motion for Reconsideration of the Court's
Claim Construction Order (the "Motion").  (Mot., Dkt. No. 174).  The Court heard oral
argument from the parties on June 26, 2026.  For the reasons explained herein, the Court
**GRANTS** in part and **DENIES** in part the Motion.

**I.    BACKGROUND**

Plaintiff InterDigital, Inc. ("InterDigital") initiated this action in this Court on
February 2, 2025, against Defendants The Walt Disney Company, Disney Media and
Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC,
Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., Bamtech, LLC,
Hulu, LLC, and ESPN, Inc. (collectively, the "Defendants" or "Disney").  (*See generally*
Complaint, Dkt. No. 1).  Plaintiff asserted five claims of patent infringement related to
the following United States Patents:  U.S. Patent No. 8,406,301 (the "'301 Patent"); U.S.
Patent No. 10,805,610 (the "'610 Patent"); U.S. Patent No. 11,381,818 (the "'818
Patent"); U.S. Patent No. 9,185,268 (the "'268 Patent"); and U.S. Patent No. 8,085,297
(the "'297 Patent").  (*Id*. ¶ 1).  On April 7, 2026, this Court issued its claim construction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

order, holding that the disputed claim terms of the '610 Patent, '297 Patent and a subset of the claims in the '301 Patent are indefinite, and thus no longer at issue. (*See* Claim Construction Order, Dkt. No. 170 at 14, 19). The Court incorporates herein the additional factual background from its Claim Construction Order.

On April 22, 2026, InterDigital filed the instant Motion, asking this Court to reconsider portions of its Claim Construction Order related to the construction of "side information components for modifying a functionality of said user interface" in the '297 Patent. (*See generally* Mot.). InterDigital contends the Court construed the "side information components" term in two different and inconsistent ways within its Order. (Mot. at 1). Disney opposed the Motion on June 5, 2026. (Opp'n, Dkt. No. 206). InterDigital timely replied on June 12, 2026. (Reply, Dkt. No. 214).

## II.    DISCUSSION

### A.    Legal Standard

Generally, a motion for reconsideration in the Ninth Circuit is appropriate "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Moreover, under Local Rule 7-18, reconsideration may be granted only on grounds of

(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

(L.R. 7-18).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); s*ee also Sound View Innovations, LLC v. Hulu, LLC*, No. LACV1704146JAKPLAX, 2020 WL 5356698, at *2 (C.D. Cal. June 18, 2020).

    **B.**    <u>**Analysis**</u>

        *1.*    *The Court's Means-Plus-Function Determination*

In its Motion, InterDigital recycles some of the same arguments from its claim construction briefing to persuade the Court away from its original means-plus-function determination related to the '297 Patent.  (*See* Mot. at 5 (citing InterDigital's opening claim construction brief and testimony from Dr. Sprenger's expert testimony included therein)).  A motion for reconsideration may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  (L.R. 7-18).  This is because a "mere attempt" by the moving party to reargue its position by directing the court to case law and arguments that it could have made earlier, but did not, is not consistent with the limited scope of an appropriate motion for reconsideration. *Mays v. Wal-Mart Stores, Inc.*, No. 18-cv-02318-AB, 2018 WL 6264991, at *2 (C.D. Cal. Oct 11. 2018) (quoting *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal. 1999)).

Having considered InterDigital's briefing, the Court declines to reconsider its determination that the term "side information components for modifying . . ."  is a means-plus-function term subject to 35 U.S.C. § 112 ¶ 6.  "Rather than directing this Court to evidence from the Patent specification to shed light on the purpose of 'side information components' in Claim 1, InterDigital relies on expert testimony to claim that these components are merely data and serve no functional purpose."  (Claim Construction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Order at 21).  As Disney's counsel underscored at oral argument, the critical inquiry is *how* the side information is transformed from its input to the end result that is the user interface modification.  (*See* Mot., Ex. A ("Hearing Tr.") at 59:12-22).  Although InterDigital includes a laundry list of citations to the Patent's specification to overcome these already-identified deficiencies in intrinsic evidence (*see* Mot. at 4-6), these do not alter the Court's conclusion that insufficient structure exists to explain how user interface modification actually occurs.  Take as one example the Patent's specification that side information is "supplied to an extractor 1" and that "a second buffer 9, a modification unit 10 and a control unit 11 are implemented for the purpose of modifying the UI according to the invention."  ('297 Patent at 2:8–10, 2:33–36).  As Disney correctly asserts, these general references to computer-implemented functionality are insufficient to demonstrate how these generic computer devices perform the claimed modification function.  *See Triton Tech of Tex., LLC v. Nintendo of Am., Inc.*, 753 F.3d 1375, 1378 (Fed. Cir. 2014) (for claims with computer-implemented functionality, "the specification must also disclose the algorithm that the computer performs to accomplish that function").[1]  As it held in its Claim Construction Order, the Court continues to find that

---

[1] At oral argument, InterDigital relied on the non-precedential opinion in *Keynetik, Inc. v. Samsung Elecs. Co.*, No. 2022-1127, 2023 WL 2003932, at *2 (Fed. Cir. Feb. 15, 2023), for the proposition that "once the function to be performed by software has been identified, writing code to achieve that function is within the skill of the art."  Although the Federal Circuit's opinion in *Fonar Corp. v. Gen. Elec. Co.*, 107 F.3d 1543, 1549 (Fed. Cir. 1997), lends authority to this principle, the Court understands it to be confined to the "best mode" requirement of 35 U.S.C. § 112(a) and not necessarily relevant to means-plus functions under U.S.C. § 112(f).  More importantly, because InterDigital declined to cite this authority in its claim construction briefing, the Court finds it inappropriate to raise in a reconsideration motion.  This authority was neither (1) "a material difference in fact or law that, in the exercise of reasonable diligence, could not have been known" to InterDigital at the time the Claim Construction Order was entered, nor a "new material fact[] or a change of law occurring after the Order was entered."  L.R. 7-18.  For these reasons, the Court finds the authority inapposite at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

the "side information components for modifying . . ." term is both a means-plus-function
subject to 35 U.S.C. §112 ¶ 6 and invalid as indefinite.  (*See* Claim Construction Order at
21).  To the extent InterDigital seeks to relitigate the claim construction process, this
Motion is not the appropriate vehicle.

        2.       *The Court's Plain Meaning Construction of "Using the Stored Side
Information Components" in Third Step of Claim 1 of '297 Patent*

InterDigital also cites the purported inconsistency between the Court's construction
of "side information components for modifying" in the first step of Claim 1 of the '297
Patent and "using said stored side information components" in the second.  (Mot. at 3-4).
More concretely, InterDigital contends that the Court's construction of the third step of
Claim 1's "by using said stored side information components" clause "confirms that
modification occurs in a later step using stored data—not performed by the stored data
components themselves."  (*Id.*).  By this logic, the "side information components for
modifying" term should not be construed as a means-plus-function as it serves as *data*
only.  In Disney's view, these constructions are entirely consistent, as the "side
information components" are tied to the same modifying function in the sequence of the
claim's steps—first received, then used to effect the modification.  (Opp'n at 6).

In its Claim Construction Order (*see* Claim Construction Order at 21-24), the
Court's construction of this third step of the claim focused primarily on whether the
"claim term should include a caveat to distinguish it from prior art known as Matsushita."
(*Id.* at 22).  On second look, the Court recognizes how a plain and ordinary construction
of this term could implicate the same issues of indefiniteness identified in the means-
plus-function usage of "modifying side information components."  The Court's means-
plus-function determination focused on the missing "how" behind the *modifying* and
*manipulative* role of side information components in the first step of the claim applies in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

equal force to its use in the second step of the claim.  The Claim Construction Order's attentiveness to the claim's distinction from prior art was to remedy the parties' dispute related to prosecution history and disclaimer—not to contradict its previous constructions.  For the avoidance of doubt, the Court is of the position that "using the stored side information components" term invokes the same means-plus-function issue as in the first step of the claim.  A patent that "claim[s] a means for performing a particular function and then . . . disclose[s] only a general purpose computer as the structure" is indefinite for "pure functional claiming."  *Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1333 (Fed. Cir. 2008).

As written, this term does not enable a "person[] of ordinary skill in the art to [understand it to have] a sufficiently definite meaning as the name for structure." *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015).  Accordingly, the Court finds reconsideration of this term's construction warranted for clarity's sake. The Claim Construction Order's analysis on the prosecution history and disclaimer stands, but the claim's means-plus-function related to the modifying function of side information components remains invalid as indefinite.  The Court's claim construction of "modifying a way in which said user can provide input into said user interface by using said stored side information components" in Claim 1 of the '297 Patent is hereby **AMENDED** to reflect this reconsideration.

### III.    CONCLUSION

In sum, upon reconsideration, the Court amends its Claim Construction Order in part, but not in a manner that favors InterDigital.   The Court accordingly **GRANTS** in part **DENIES** in part the Motion.

**IT IS SO ORDERED.**