Richard A. Kamprath (admitted *pro hac vice*)
rkamprath@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Nancy Olson (SBN 260303)
nsolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Additional Counsel on signature block
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

INTERDIGITAL, INC., *et al.,*

               Plaintiffs,

     v.

THE WALT DISNEY COMPANY, *et al.,*

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 2:25-cv-00895-WLH-BFM**

**PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)**

Judge: Hon. Wesley L. Hsu
Courtroom: 9B
Hearing Date: September 11, 2026
Hearing Time: 1:30 p.m.

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 11, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Central District of California, before the Honorable Wesley L. Hsu, located at 350 W. First Street, Los Angeles, California 90012, in Courtroom 9B, Plaintiffs will, and hereby do, move the Court for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) (the "Motion").

This Motion is made following a conference of counsel by videoconference pursuant to Local Rule 7-3 that took place on July 30, 2026. The Parties thoroughly discussed the substance of the filed Motion, as is detailed in the accompanying L.R. 7-3 Declaration.

The Motion is based on this Notice, the Memorandum of Points and Authorities attached hereto, the complete Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this Motion.

Dated: August 10, 2026          Respectfully submitted,

*/s/ Richard A. Kamprath*
Richard A. Kamprath *(*admitted *pro hac vice)*
rkamprath@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................1

II.    FACTUAL BACKGROUND.......................................................................1

III.    LEGAL STANDARD ...............................................................................2

IV.    ARGUMENT...............................................................................................3

    A.    This Case Involves Multiple Claims for Relief...................................3

    B.    The Claim Construction Order Finally Decided InterDigital's Claims of Patent Infringement of the Adjudicated Patents...................4

    C.    There Is No Just Reason to Delay Directing Final Judgment on InterDigital's Infringement Claims. ......................................................6

        1.    The Invalidity Determinations Are Sufficiently Divisible from Other Claims.........................................................................6

        2.    An Appeal Promotes Judicial Efficiency....................................8

        3.    The Balance of Equities Favors Certification............................10

V.    CONCLUSION ........................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                **Page(s)**

*Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*,
841 F.3d 1334 (Fed. Cir. 2016) ..................................................................2

*Brightex Bio-Photonics, LLC v. L'Oreal USA, Inc.*,
2025 WL 1331622 (N.D. Cal. May 7, 2025)...............................................2, 7

*Catlin v. United States*,
324 U.S. 229 (1945).....................................................................................4

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
446 U.S. 1 (1980).................................................................................3, 5, 6

*Dolby Laboratories, Inc., et al. v. InterDigital, Inc., et al.*,
No. 2:26-cv-02269 (C.D. Cal. Mar. 3, 2026) .......................................4, 9, 10

*Fazaga v. Fed. Bureau of Investigation*,
No. 8:11-cv-00301-CJC, 2012 WL 13080337 (C.D. Cal. Dec. 3,
2012) ..........................................................................................................9

*Gelboim v. Bank of Am. Corp.*,
574 U.S. 405 (2015).....................................................................................3

*Harmon v. Lewandowski*,
No. 2:20-cv-09437-MEMF-MRWx, 2022 WL 1161142 (C.D. Cal.
Mar. 31, 2022)........................................................................................9, 10

*Intel Corp. v. Tela Innovations, Inc.*,
2021 WL 783560 (N.D. Cal. Mar. 1, 2021) ................................................8

*Intell. Ventures I LLC v. Cap. One Fin. Corp.*,
850 F.3d 1332 (Fed. Cir. 2017) ..................................................................7

*Jewel v. Nat'l Sec. Agency*,
810 F.3d 622 (9th Cir. 2015) ...................................................................3, 6

*Lexos Media IP, LLC v. eBay Inc.*,
No. 3:23-cv-06314-RFL (N.D. Cal. May 13, 2024).....................................7

*Noel v. Hall*,
568 F.3d 743 (9th Cir. 2009) ......................................................................3

*Philips N. Am. LLC v. Garmin Int'l, Inc.*,
No. 2:19-cv-06301-AB-KS, 2020 WL 13866582 (C.D. Cal. Dec. 17, 2020) ...................................................................................................................5

*Sears, Roebuck & Co. v. Mackey*,
351 U.S. 427 (1956) ...................................................................................................4

*Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*,
836 F. App'x 895 (Fed. Cir. 2020) ..............................................................2, 4, 6

*Tessera, Inc. v. Toshiba Corp.*,
2017 WL 11002227 (N.D. Cal. Mar. 6, 2017) ......................................................10

*Texaco, Inc. v. Ponsoldt*,
939 F.2d 794 (9th Cir. 1991) .................................................................................8, 9

*Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*,
407 F. App'x 481 (Fed. Cir. 2011) .........................................................................5

*W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*,
975 F.2d 858 (Fed. Cir. 1992) ........................................................................ 2, 4, 5, 6

**Statutes**

35 U.S.C. § 101 ...............................................................................................................7

35 U.S.C. § 112 ...............................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 54(b) .................................................................................... *passim*

iii

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 54(b), InterDigital moves the Court to enter a final judgment that Claim 6 of U.S. Patent No. 10,805,610 (the "'610 Patent") and Claim 1 of U.S. Patent No. 8,085,297 (the "'297 Patent") (collectively, the "Adjudicated Patents"), which are asserted against Disney, are invalid as indefinite. This request follows the Court's Claim Construction Order (Dkt. 170), InterDigital's Motion for Reconsideration (Dkt. 174), and the Court's Order on InterDigital's Motion for Reconsideration (Dkt. 233), in which the Court declined to reconsider its determination regarding the invalidity of the '297 Patent.

## II.   FACTUAL BACKGROUND

On April 7, 2026, the Court issued its Order regarding Claim Construction in which it determined that key disputed terms of the Adjudicated Patents were invalid for indefiniteness. *See* Dkt. 170 ("Claim Construction Order") at 15-16, 19-21. Specifically, the Court held that the disputed term in Claim 6 of the '610 Patent was invalid as indefinite.[1] Dkt. 170 at 16. In addition, the Court, after determining that 35 U.S.C. § 112(f) applied to Claim 1 of the '297 Patent, also concluded that the disputed term in Claim 1 was invalid as indefinite.[2] Dkt. 170 at 21. While InterDigital had asserted additional claims for both Adjudicated Patents, the remaining claims were dependent on Claim 6 of the '610 Patent and Claim 1 of the '297 Patent. As a result of these constructions, the Adjudicated Patents were held invalid.

On April 22, 2026, InterDigital filed a Motion for Reconsideration, requesting that the Court reconsider the portion of its Claim Construction Order relating to the

---

[1] The disputed term of Claim 6 of the '610 Patent reads as follows: "intra prediction for at least one of the pixels within the second group is obtained by using pixels from neighboring pixels within the first group of pixels in blocks already coded and neighboring pixels outside the block that have already been coded." Dkt. 170 at 15.

[2] The disputed term of Claim 1 of the '297 Patent reads as follows: "side information components for modifying a functionality of said user interface." Dkt. 170 at 19.

1

"side information" terms of the '297 Patent. *See* Dkt. 174 ("Reconsideration Motion"). Disney opposed the Reconsideration Motion (Dkt. 206), and on June 26, 2026, the Court held a hearing (the "Reconsideration Hearing"). During the Reconsideration Hearing, InterDigital informed the Court of its intention to request that final judgment be entered on the Adjudicated Patents in order for InterDigital to properly exercise its right of appeal. *See* Ex. A (Reconsideration Hearing Tr.) at 10:7-18. On July 28, 2026, the Court issued an Order denying, in relevant part, InterDigital's Reconsideration Motion and declining to reconsider its decision that the asserted claims of the '297 Patent are invalid as indefinite. Dkt. 233 ("Reconsideration Order") at 3-6.

Pursuant to Local Rule 7-3, on July 30, 2026, InterDigital met and conferred with Disney regarding its intent to file this Motion. *See* Declaration of Richard Kamprath ("Kamprath Decl.") ¶ 2. Disney does not oppose this Motion. *Id.*

### III.   LEGAL STANDARD

Rule 54(b) provides that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims." Fed. R. Civ. P. 54(b). "For Rule 54(b) to apply, three prerequisites must be met: '(1) multiple claims for relief or multiple parties must be involved; (2) at least one claim or the rights and liabilities of at least one party must be finally decided; and (3) the district court must find that there is no just reason for delaying an appeal.'" *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 836 F. App'x 895, 897 (Fed. Cir. 2020) (quoting *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 841 F.3d 1334, 1347 (Fed. Cir. 2016)).

In determining the third factor, whether there is a just reason for delay, "a district court must take into account judicial administrative interests as well as the equities involved." *Brightex Bio-Photonics, LLC v. L'Oreal USA, Inc.*, 2025 WL 1331622, at *5 (N.D. Cal. May 7, 2025). The district court should consider "the separateness of the claims for relief . . . and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (quoting *W.L. Gore & Assocs., Inc. v. Int'l Med.*

Case 2:25-cv-00895-WLH-BFM    Document 235    Filed 08/10/26    Page 8 of 19    Page ID #:10563

*Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Certification under Rule 54(b) "does not require the issues raised on appeal to be completely distinct from the rest of the action, 'so long as resolving the claims would streamline the ensuing litigation.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)). Rule 54(b) was adopted "specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (cleaned up).

## IV.    **ARGUMENT**

All three prerequisites for applying Rule 54(b) are satisfied here. First, this case involves multiple claims for relief, including separate infringement allegations and counterclaims. Second, the invalidity determinations of the Adjudicated Patents are final decisions that dispose of all claims and counterclaims related to those patents. Third, there is no just reason to delay this appeal, as doing so will promote judicial efficiency, streamline the ensuing litigation, and foreclose the need for any appellate court to decide the same issue more than once.

### A.    *This Case Involves Multiple Claims for Relief.*

There should be no dispute that this case satisfies the first prerequisite for applying Rule 54(b), as it involves multiple claims and counterclaims. Apart from the Adjudicated Patents, InterDigital has asserted three additional counts of patent infringement related to the remaining patents and Disney has asserted counterclaims of invalidity and noninfringement as to each of those counts, as well as counterclaims seeking a declaratory judgment of exhaustion, implied license, and express license, for two of the three remaining patents. *See* Complaint, Dkt. 1, ¶¶ 468-86, 507-48; Counterclaims, Dkt. 42, ¶¶ 89-93, 99-108, 114-18, 124-133, 139-68, 197-224. Disney has also asserted non-patent counterclaims against InterDigital, including breach of contract, promissory estoppel, breach of duty of good faith, and a declaratory judgment

that InterDigital has not complied with its obligations, all of which concern InterDigital's alleged failure to offer a license on reasonable and non-discriminatory ("RAND") terms. *See* Dkt. 42 ¶¶ 61-88.

Of all those claims and counterclaims, only InterDigital's two counts of patent infringement for the Adjudicated Patents, and Disney's corresponding counterclaims for invalidity and non-infringement for the Adjudicated Patents, have been resolved by the Claim Construction Order. InterDigital's other three counts of patent infringement as to the remaining patents and Disney's patent and non-patent counterclaims all remain pending in this case. Thus, the first prerequisite of Rule 54(b) is satisfied.[3] *See Super-Sparkly Safety Stuff*, 836 F. App'x at 897 ("Here, all three prerequisites are met. First, the case involves multiple claims, as [defendant's] counterclaims are still pending before the district court.").

**B.      *The Claim Construction Order Finally Decided InterDigital's Claims of Patent Infringement of the Adjudicated Patents.***

The second prerequisite for Rule 54(b) is that "the judgment must be final with respect to one or more claims. A judgment is not final for Rule 54(b) purposes unless it is 'an *ultimate* disposition of an *individual* claim entered in the course of a multiple claims action.'" *W.L. Gore & Assocs.*, 975 F.2d at 861–62 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see also id.* at 863 ("[A] district court's judgment is final where it 'ends the litigation on the merits and leaves nothing for the

---

[3] InterDigital notes that the remaining claims and counterclaims are currently stayed pending resolution of *ex parte* reexaminations of the '818 Patent and '301 Patent by the U.S. Patent and Trademark Office ("USPTO"), and pending resolution of the concurrent ligation captioned *Dolby Laboratories, Inc., et al. v. InterDigital, Inc., et al.*, No. 2:26-cv-02269 (C.D. Cal. Mar. 3, 2026) (the "*Dolby* Action"), which involves the '268 Patent. *See* Dkt. 213 (Order Granting Motion to Stay) at 13. Although these proceedings are currently stayed, they are still pending claims that will proceed upon resolution of the aforementioned actions.

P'S MOTION FOR FINAL JUDGMENT                                    Case No. 2:25-cv-895-WLH(BFM)

court to do but execute the judgment.'") (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

The Federal Circuit's analysis of this prerequisite in *Gore* is instructive here. In *Gore*, the district court entered judgment against the patentee, finding that the defendant did not infringe the patent and, *inter alia*, that the patent was invalid. *W.L. Gore & Assocs.*, 975 F.2d at 860. At the patentee's request, the district court certified the judgment pursuant to Rule 54(b) and the accused infringer appealed, arguing that the pending affirmative defenses and counterclaims rendered the judgment non-final. *Id.* The Federal Circuit rejected this argument, holding that "[b]ecause the infringement claim and several dispositive defenses were ruled upon, the district court's judgment was final" as to the patent infringement claim. *Id.* at 863. The Federal Circuit further held that "Rule 54(b) certification [was] proper because the infringement claim was finally adjudicated and there [was] more than one claim for relief." *Id.* at 864.

The same is true here. The Court's Claim Construction Order finding that the Adjudicated Patents are invalid for indefiniteness is an ultimate disposition of InterDigital's patent infringement claims and ends the litigation of the Adjudicated Patents on the merits. *See Philips N. Am. LLC v. Garmin Int'l, Inc.*, No. 2:19-cv-06301-AB-KS, 2020 WL 13866582, at *1 (C.D. Cal. Dec. 17, 2020) ("The Court and parties agree that this Court's Claim Construction Order is a final judgment that can be certified for a Rule 54(b) appeal. Indeed, the Construction Order is an 'ultimate disposition of an individual claim in the course of a multiple claims action.'") (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005)); *see also Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*, 407 F. App'x 481, 482 (Fed. Cir. 2011) ("Here, it is clear that . . . the District Court's grant of summary judgment of invalidity ended the litigation on the merits of [plaintiff's] claim for patent infringement."). Thus, the second prerequisite of Rule 54(b) is satisfied.

**C.** ***There Is No Just Reason to Delay Directing Final Judgment on InterDigital's Infringement Claims.***

In order to direct entry of final judgment under Rule 54(b), the "court must make an express determination that there is no just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 3. This determination is a matter of the Court's discretion. *W.L. Gore & Assocs.*, 975 F.2d at 862; *see also Curtiss-Wright*, 446 U.S. at 8 ("It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'") (internal citations omitted); *Super-Sparkly Safety Stuff*, 836 F. App'x at 897 (finding that abuse of discretion is the standard of review for the district court's determination of whether there was no just reason for delay).

"[T]he task of weighing and balancing the contending factors is peculiarly one for the trial judge, who can explore all the facets of a case." *Curtiss-Wright*, 446 U.S. at 12. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Id.* at 8. A district court can "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 8.

         1.    *The Invalidity Determinations Are Sufficiently Divisible from Other Claims.*

There is no just reason to delay entering final judgment under Rule 54(b) on the Court's determination that the Adjudicated Patents are invalid as indefinite. In conducting this analysis, the court considers "whether the certified order is sufficiently divisible from the other claims such that the 'case would not inevitably come back to this court on the same set of facts.'" *Jewel*, 810 F.3d at 628 (quoting *Wood*, 422 F.3d at

879). Here, the Court's invalidity determinations are sufficiently distinct legal issues, which were based on the claim language specific to each Adjudicated Patent and do not involve overlapping questions of law or facts with the remaining asserted patents. While there may be minimal overlap in the facts relevant to Disney's RAND counterclaims, the fundamental questions of whether the Adjudicated Patents are invalid is a distinct analysis from the remaining patents and counterclaims. *See Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1336 (Fed. Cir. 2017) (affirming the district court's entry of a final judgment pursuant to Rule 54(b) and noting "the mere existence of some factual overlap between the parties' claims and counterclaims does not necessarily lead to the conclusion that the district court abused its discretion"). Thus, the invalidity determinations are divisible, supporting the entry of final judgment under Rule 54(b).

In determining that the Adjudicated Patents are invalid, the Court performed distinct analyses of the disputed claims for each of the patents-in-suit. *See generally* Dkt. 170. For each of the Adjudicated Patents, the Court evaluated the claim terms and concluded that each was invalid for indefiniteness. Dkt. 170 at 15-16, 19-21. These invalidity determinations are discrete legal opinions confined to their respective patents. Courts in this circuit often consider invalidity determinations to be sufficiently divisible from other claims.

For example, in *Brightex*, the court dismissed with prejudice one of two patents-in-suit as invalid as ineligible under 35 U.S.C. § 101. 2025 WL 1331622, at *1. It went on to find that "there [was] no just reason for delay" of the patentee's appeal because "the issues on the [remaining] patent [did] not hinge on the Court's decision on the [invalid] patent." *Id.* at *7. Rather, the invalidity determination "turn[ed] on a discrete analysis of the claims and specification of the [invalid] patent." *Id.* In so holding, the *Brightex* court relied upon a similar holding from *Lexos Media IP, LLC v. eBay Inc.*, No. 3:23-cv-06314-RFL, Dkt. 138 (N.D. Cal. May 13, 2024). *Brightex*, 2025 WL 1331622, at *6. The *Lexos* court, in entering a final judgment pursuant to Rule 54(b)

for one of three patents-in-suit, which the court previously deemed invalid, found that there was "no just reason for delay," reasoning that "[w]hile the asserted patents all share common subject matter, the dispositive priority claim issue is unique to the [invalid] patent[;] . . . the Court did not decide whether the [invalid] patent, if valid, would have been infringed, and thus no 'appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* (internal citations omitted).

The same is true here. The infringement and validity of the remaining patents are distinct legal issues that do not overlap with the invalidity determinations of the Adjudicated Patents. As such, there is no risk that the Federal Circuit, or other appellate court, would be tasked with considering the invalidity issues more than once, regardless of the outcome of the appeal.

### 2. *An Appeal Promotes Judicial Efficiency.*

Next, permitting InterDigital to appeal the invalidity of the Adjudicated Patents under Rule 54(b) would promote judicial efficiency by streamlining the litigation. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) ("Although the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation."). Early appellate review of patent validity relating to two counts of infringement and the corresponding affirmative defenses and counterclaims will provide "certainty on [this] issue," as well as "on the host of issues that accompany infringement." *Intel Corp. v. Tela Innovations, Inc.*, 2021 WL 783560, at *10 (N.D. Cal. Mar. 1, 2021). Further, if the invalidity finding is upheld, "the parties will have certainty on that issue and the numerous issues that wait in the wings. If that ruling is reversed, the case will be remanded and proceed to trial sooner than it would have if the appeal were delayed pending resolution of the other issues." *Id.*

In certifying the holding on noninfringement, the *Intel* court noted that "both parties support" the certification, which is also true here. *Id.*; *see* Kamprath Decl. ¶ 2.

Early appellate resolution of this Court's invalidity determinations will help ascertain the scope of this litigation, thus streamlining the next stages of litigation. If the Federal Circuit were to reverse the invalidity determinations, then the litigation will proceed with all patents-in-suit, which will conserve both the parties' and judicial resources. In the alternative, if InterDigital is required to wait for trial on the remaining patents and counterclaims before appealing the invalidity determination of the Adjudicated Patents, a successful appeal by InterDigital would necessitate a *second trial* involving overlapping fact and expert witnesses. If InterDigital does not prevail in its appeal of the Claim Construction Order, the scope of litigation will remain the same as it is now, precluding prejudice to either party.

Lastly, proceedings in this case are already subject to a stay, pending resolution of the *Dolby* Action and *ex parte* reexaminations before the USPTO. *See* Dkt. 213 at 13-14. This situation further supports permitting early appellate resolution, as the existing stay of proceedings allows the Federal Circuit to make progress on the appeal regarding the invalidity determinations while this action is inactive. *See Fazaga v. Fed. Bureau of Investigation*, No. 8:11-cv-00301-CJC, 2012 WL 13080337, at *2 (C.D. Cal. Dec. 3, 2012) ("Practical considerations counsel in favor of granting Plaintiffs' [Rule 54(b)] motion, as this case has already been stayed pending the resolution of the [defendants'] qualified immunity appeal. Judicial efficiency will be served by allowing the Ninth Circuit to resolve the related appeals simultaneously, and any additional delay imposed by a grant of partial final judgment is not likely to substantially prejudice any party.").

A final determination of invalidity by the Federal Circuit will promote efficient judicial administration by streamlining the scope of this litigation, which is already otherwise stayed pending the resolution of various other actions. This further supports the conclusion that there is no just reason for delay.

P's Motion for Final Judgment                                    Case No. 2:25-cv-895-WLH(BFM)

### 3. *The Balance of Equities Favors Certification.*

Finally, a reasonable assessment of the balance of equities also favors Rule 54(b) certification. "As the Ninth Circuit has held, 'Rule 54(b) certification is proper if it will aid "expeditious decision" of the case.'" *Harmon v. Lewandowski*, No. 2:20-cv-09437-MEMF-MRWx, 2022 WL 1161142, at *2 (C.D. Cal. Mar. 31, 2022) (quoting *Texaco*, 939 F.2d at 797). The interests of the parties and the judicial system are best served by minimizing further delay, especially considering that Disney does not oppose the certification and given the current stage of the litigation.

First, important work remains to be done between the current stage of the litigation and trial. Before granting the stay, the Court granted a continuance, which extended all fact and expert discovery deadlines by four months. *See* Dkt. 166. At the time the of the stay, the parties were approaching the end of fact discovery, but had not yet completed expert discovery, nor submitted any summary judgment briefing. *See* Dkt. 166 at 2 (continuing the fact discovery cutoff to August 13, 2026); Dkt. 213 at 1 (granting a stay of proceedings on June 10, 2026). This procedural posture weighs in favor of certification because the earlier an appeal is certified, the less likely it is to deprive a nonmovant of an otherwise impending result. *See, e.g.*, *Tessera, Inc. v. Toshiba Corp.*, 2017 WL 11002227, at *6-7 (N.D. Cal. Mar. 6, 2017) (finding that there was "no just reason for delay" where "there still remain[ed] a substantial amount of work to be done," including "expert depositions, motions *in limine*, witness preparation, exhibit preparation, pre-trial logistics, trial motions and presentations, and post-trial motions," noting that "even if certification creates some sunk cost, it still promises substantial savings in a significant portion of this case").

Even further favoring certification, the current stay is dependent on a concurrent litigation with no set trial date. *See* Dkt. 213 at 13 ("The Court **GRANTS** Defendants' Motion accordingly and **STAYS** proceedings in this case pending the resolution of the *Dolby* action."). This uncertainty further supports certification, as this time can be used for early appellate resolution of highly contested issues in this case. *See Harmon*, 2022

WL 1161142, at *2 (noting that "the equities weigh in favor of entry of judgment" where immediate appeal "would aid 'expeditious decision' of the case"). Otherwise, InterDigital must wait for the *Dolby* Action to conclude, for the stay to be lifted, a new schedule to be entered, and the remainder of both fact and expert discovery, summary judgment briefing, and the conclusion of trial, before filing an appeal and receiving a final decision on the invalidity of the Adjudicated Patents. Such an extended delay will prejudice InterDigital and waste judicial time and resources. On the other hand, early guidance from the Federal Circuit on the Court's invalidity determinations will provide the parties with greater certainty moving forward on the scope of litigation and prospects for settlement.

Considering that the invalidity determinations are sufficiently divisible from the remaining claims, combined with the judicial efficiency gained, and the balance of equities in this case, it is clear that there is "no just reason to delay" Rule 54(b) certification. Entering final judgment under Rule 54(b) as to the invalidity determinations, so that InterDigital can seek early appellate review while the case is otherwise stayed, is the most efficient way to proceed for both the Court and the parties.

## V.    CONCLUSION

For the reasons set forth above, InterDigital's unopposed motion for final judgment under Fed. R. Civ. P. 54(b) should be granted.

Dated: August 10, 2026

Respectfully submitted,

*/s/ Richard A. Kamprath*
Alan P. Block (CA Bar No. 143783)
ablock@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Richard A. Kamprath *(admitted pro hac vice)*
rkamprath@mckoolsmith.com
R. Arden Seavers *(admitted pro hac vice)*
aseavers@mckoolsmith.com
Samuel L. Moore *(admitted pro hac vice)*
smoore@mckoolsmith.com
Joseph W. Micheli *(admitted pro hac vice)*
jmicheli@mckoolsmith.com
Daniel Iliasevitch *(admitted pro hac vice)*
diliasevitch@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Hannah Mirzoeff *(admitted pro hac vice)*
hmirzoeff@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Joshua W. Budwin *(admitted pro hac vice)*
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

12

Kevin Burgess *(admitted pro hac vice)*
kburgess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Nancy Olson (SBN 260303)
nsolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Attorneys for Plaintiffs Interdigital, Inc., Interdigital VC Holdings, Inc., Interdigital Madison Patent Holdings, SAS, and Interdigital CE Patent Holdings, SAS*

13

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,680 words, which complies with the word limit of L.R. 11-6.1, and likewise complies with the word limit set by Court Order dated February 6, 2025. *See* Dkt. 19 (WLH Standing Order for Newly Assigned Civil Cases) § G.4.


Dated: August 10, 2026                                        */s/ Richard A. Kamprath*
                                                                        Richard A. Kamprath

P'S MOTION FOR FINAL JUDGMENT                                Case No. 2:25-cv-895-WLH(BFM)